**IN THE CIRCUIT COURT OF**
**MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| STATE OF ALABAMA, | : | |
| Plaintiff, | : | CV 2005-219 |
| v. | : | |
| ABBOTT LABORATORIES, INC., et al., | : | |
| Defendants. | : | |

**ASTRAZENECA DEFENDANTS' MOTION TO DISMISS**
**OR, IN THE ALTERNATIVE,**
**MOTION FOR MORE DEFINITE STATEMENT**

Pursuant to Rules 9(b), 12(b)(6) and 12(b)(7) of the Alabama Rules of Civil Procedure, Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively, "AstraZeneca"), by their undersigned counsel, move to dismiss Plaintiff's First Amended Complaint because it fails to state a claim against AstraZeneca upon which relief can be granted. In the alternative, AstraZeneca respectfully moves the Court to enter an order requiring a more definite statement of Plaintiff's claims, pursuant to Rule 12(e) of the Alabama Rules of Civil Procedure, on the ground that the First Amended Complaint is so vague or ambiguous with respect to the allegations against AstraZeneca that it cannot reasonably be required to frame a responsive pleading. As further grounds for this motion, AstraZeneca states the following:

1. Plaintiff's First Amended Complaint and each count asserted therein fail to state a claim against AstraZeneca upon which relief can be granted.

2. The First Amended Complaint -- which purports to assert various claims for relief labeled as fraudulent misrepresentation (Count One), fraudulent suppression (Count Two), wantonness (Count Three) and unjust enrichment (Count Four) -- all of which are predicated on the same alleged misrepresentation or suppression of pricing information, provides only a general description of AstraZeneca's business, but fails to identify and plead the essential elements of the date, time, circumstance and means of any alleged misrepresentation or suppression by AstraZeneca; in fact, the First Amended Complaint makes no particular or specific allegations against AstraZeneca that would constitute misrepresentation or suppression. Consequently, the First Amended Complaint fails to plead the purported fraud by AstraZeneca that underlies all of the claims in the First Amended Complaint with the particularity required by Rule 9(b) of the Alabama Rules of Civil Procedure, and should be dismissed pursuant to Rule 12(b)(6).

3. Count One of the First Amended Complaint fails to plead a claim for fraudulent misrepresentation with the particularity required by Rule 9(b) and therefore fails to state a claim because it fails to identify:

a. The specific products or transactions as to which AstraZeneca allegedly made fraudulent representations;

b. The representations AstraZeneca allegedly made;

c. How such representations were allegedly made by AstraZeneca to Plaintiff;

d. Why or how such representations were false and misleading;

e. Whether and how Plaintiff claims to have reasonably relied upon each such misrepresentation to its detriment;

f. The nature and extent of any injury to Plaintiff that it alleges to have suffered as a result of such representations.

4. Count Two fails to state a claim for fraudulent suppression because it fails to plead the existence of a confidential relationship or other circumstances which would give rise to an obligation on the part of AstraZeneca to communicate or disclose pricing information of the type the First Amended Complaint purports to assert was "suppressed," and fails to plead such a claim with the particularity required by Rule 9(b) because it fails to identify:

a. The specific products or transactions as to which AstraZeneca allegedly fraudulently suppressed information;

b. The specific information AstraZeneca allegedly suppressed;

c. Why or how the allegedly suppressed information was necessary to Plaintiff;

d. Whether and how Plaintiff would have acted differently in the event the allegedly suppressed information had been made available to it;

e. The nature and extent of any injury to Plaintiff that it alleges to have suffered as a result of not having access to the allegedly suppressed information.

5. Count Three, which purports to assert a claim for wantonness predicated on the alleged fraud purportedly set forth in Count One, fails to plead such claim with the particularity required by Rule 9(b) of the Alabama Rules of Civil Procedure, and should be dismissed pursuant to Rule 12(b)(6).

6. Count Three of the First Amended Complaint fails to state a claim for wantonness upon which relief can be granted under Alabama law, even in the unlikely event that the underlying allegations of fraud were deemed acceptable under Rule 9(b).

7. Count Four, which purports to assert a claim for unjust enrichment predicated on the alleged fraud purportedly set forth in Count One, fails to plead such claim with the particularity required by Rule 9(b) of the Alabama Rules of Civil Procedure, and should be dismissed pursuant to Rule 12(b)(6).

8. Count Four of the First Amended Complaint fails to state a claim for unjust enrichment upon which relief can be granted under Alabama law, even in the unlikely event that the underlying allegations of fraud were deemed acceptable under Rule 9(b). Plaintiff does not allege that AstraZeneca received Plaintiff's alleged overpayment(s).

9. Some or all of Plaintiff's claims in the First Amended Complaint are barred and/or have been released by a binding settlement agreement entered into between AstraZeneca and the State of Alabama.

10. The First Amended Complaint fails to allege any plausible proximate causal link between any alleged misconduct by AstraZeneca and any injury to Plaintiff.

11. The allegations of the First Amended Complaint facially show that each of Plaintiff's claims is barred by the applicable statute of limitations, and, therefore, the First Amended Complaint fails to state a claim upon which relief could be granted, and is due to be dismissed pursuant to Rule 12(b)(6). The First Amended Complaint describes numerous lawsuits, claims and investigations that predate Plaintiff's filing of the original Complaint by more than two years. Thus, Plaintiff knew or through the exercise of reasonable diligence should have known of the facts allegedly supporting its potential claims more than two years prior to the filing of the First Amended Complaint.

12. The First Amended Complaint fails to join indispensable parties as required by Rule 19, Alabama Rules of Civil Procedure, and is due to be dismissed pursuant to Rule 12(b)(7).

WHEREFORE, AstraZeneca moves to dismiss the First Amended Complaint with prejudice; or, in the alternative, AstraZeneca moves the Court to enter an order requiring Plaintiff to file a more definite statement of its claims, pursuant to Rule 12(e) of the Alabama Rules of Civil Procedure.

AstraZeneca seeks leave to file a brief in support, or to join in and adopt the brief or briefs of other Defendants, on such schedule as the Court shall set, and requests oral argument on this matter.

Respectfully submitted this the 29th day of April, 2005.

THOMAS W. CHRISTIAN
SHARON D. STUART

CHRISTIAN & SMALL LLP
1800 Financial Center
505 North 20th Street
Birmingham, AL 35203
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

Attorneys for Defendants
AstraZeneca Pharmaceuticals LP and
AstraZeneca LP

**OF COUNSEL:**

D. Scott Wise
Kimberley D. Harris
Carlos M. Pelayo
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3800