**IN THE CIRCUIT COURT OF**
**MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **STATE OF ALABAMA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CV 2005-219** |
| | ) | |
| **ABBOTT LABORATORIES, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ENDO PHARMACEUTICALS INC.'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

## INTRODUCTION

Defendant Endo Pharmaceuticals Inc. ("Endo") respectfully submits this Supplemental Memorandum of Law in support of its previously filed Motion to Dismiss[1] the First Amended Complaint[2] ("Complaint"). For the reasons set forth in that Motion and in the Defendants' Joint Memorandum of Law,[3] the Complaint is deficient as to all of the defendants charged, including Endo. By this Supplemental Memorandum, Endo respectfully submits that those deficiencies are particularly egregious with respect to Endo specifically, and the Complaint should therefore be dismissed.

---

[1] On April 29, 2005, Endo filed and served Defendant Endo Pharmaceuticals, Inc.'s Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement ("Motion to Dismiss").

[2] On April 13, 2005, the State of Alabama filed and served its First Amended Complaint in this matter. That Complaint charges seventy-nine defendants, including Endo Pharmaceuticals, Inc. ("Endo"), with Fraudulent Misrepresentation, Fraudulent Suppression, Wantonness, and Unjust Enrichment.

[3] On June 28, 2005, Endo and other defendants filed and served Defendants' Joint Memorandum of Law in Support of Their Motion[s] to Dismiss the First Amended Complaint ("Defendants' Joint Memorandum of Law"). That Memorandum was filed on behalf of Endo, and Endo here respectfully incorporates by reference the points and authorities submitted in the Defendants' Joint Memorandum of Law.

With respect to the Complaint as a whole:

- the Complaint fails to make specific allegations with respect to the separate Defendants and in particular with respect to Endo.

With respect to the fraudulent misrepresentation claim:

- the Complaint fails to make any specific allegations against Endo in particular;
- the Complaint fails to allege the time, place, contents and substance of the false representations allegedly made by Endo;
- the Complaint fails to identify what has allegedly been obtained by Endo as result of the claimed fraud.

With respect to the fraudulent suppression claim:

- the Complaint fails to allege the particulars of Endo's alleged duty to disclose;
- the Complaint fails to allege the particulars of the plaintiff's purported reasonable reliance on any alleged omission by Endo.

## I. THE FRAUDULENT MISREPRESENTATION CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE THAT CLAIM WITH THE REQUISITE PARTICULARITY AS TO ENDO

### A. The Complaint Does Not Make Any Specific Allegations Against Endo

Because this is a codefendant case – involving seventy-nine separate defendants – the Complaint must make "specific allegations with respect to the separate Defendants," and "'inform each defendant [(including Endo)] of the specific fraudulent acts that constitute the basis of the action against the particular defendant.'"[4] The Complaint is completely deficient in this regard – nowhere in the entire Complaint does the plaintiff allege specifically that Endo committed any fraud.

---

[4] *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (quoting *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994) (citing and parenthetically quoting *Balabanos v. N. Am. Inv. Group, Ltd.*, 708 F. Supp. 1488, 1493 (N.D. Ill. 1988))). *See Cutler v. Orkin Exterminating Co.*, 770 So. 2d 67, 70 n.2 (Ala. 2000) ("Because the Alabama Rules of Civil Procedure

Indeed, Endo is referred to by name in but one lone paragraph of the plaintiff's 152-paragraph Complaint. That paragraph alleges only that Endo is a pharmaceutical company and that there are Endo products reimbursed by Alabama Medicaid. (Compl. ¶ 41). Four such products are identified by name, but the Complaint nowhere alleges that any of these four products is related to the fraud charged against Endo.[5]

Nor does the plaintiff specifically allege – either in that paragraph or anywhere else in the Complaint – that Endo in particular made any material false statement upon which the plaintiff reasonably relied to its detriment, let alone what that false statement is alleged to have been. Instead, the plaintiff has "simply 'lumped together' all of the Defendants in [its] allegations of fraud,"[6] and the Complaint "is devoid of specific allegations with respect to the separate Defendants."[7] For that reason alone, the fraud claim "fall[s] short of th[e] [9(b)] standard"[8] and should therefore be dismissed.

### B. The Complaint Fails to Allege the Time, Place, Contents and Substance of the Alleged False Representations Allegedly Made by Endo

Wholly apart from the failure to make specific allegations against Endo, the Complaint fails to state the fraud claims with the requisite particularity. The Complaint alleges generally that "the Defendants . . . provided or caused to be provided false and inflated AWP, WAC, and/or Direct Price information for their drugs to various nationally

---

were patterned after the Federal Rules of Civil Procedure, cases construing the federal rules are considered authority in construing the Alabama rules") (citation omitted).

[5] *See Commonwealth v. TAP Pharm. Prods., Inc.*, 868 A.2d 624, 636 (Pa. Commw. Ct. 2005) (observing in drug pricing case that "[a]lthough the Complaint does list the drugs that each manufacturer produces, the parts of the Complaint addressing the fraud simply aver that the Defendants fraudulently developed the scheme to increase the market for their drugs" and dismissing complaint in part for failure to "state which drugs manufactured by the Defendants are involved with the allegedly fraudulent scheme").

[6] *Brooks*, 116 F.3d at 1381 (quoting *Vicom*, 20 F.3d at 778).

[7] *Brooks*, 116 F.3d at 1381.

known drug industry reporting services." (Compl. ¶ 111). The Complaint is absolutely silent, however, as to whether the "false and inflated" information allegedly provided by Endo related to AWP, WAC, Direct Price, or all three. The Complaint also fails to identify the reporting service (or services) to whom Endo allegedly reported the claimed "false and inflated" information.

The most glaring defect of all is the failure of the Complaint to provide any notice regarding the particulars of the allegedly false statements that underlie the fraud claim against Endo. Beyond asserting in the broadest possible terms that "Defendants misrepresented the pricing information," (Compl. ¶ 136), the Complaint makes no factual allegations whatsoever regarding the false representations allegedly made by Endo, let alone allegations that would satisfy the Alabama Rules of Civil Procedure. The Complaint does not even purport to state – as it must – "the time, the place, [and] the contents or substance of the false representations"[9] allegedly made by Endo, nor does the Complaint anywhere "identify the individual who actually is alleged to have misrepresented the fact[s]."[10]

Most significantly, the Complaint nowhere states the allegedly fraudulent price (or prices) reported by Endo, a failure that in and of itself warrants dismissal of the Complaint.[11] Indeed, in the very cases claimed by the plaintiff to "lend corroborative support" (Compl. ¶ 121) to the allegations here, the courts have consistently ruled that the

---

[8] *Brooks*, 116 F.3d at 1381.

[9] *Robinson v. Allstate Ins. Co.*, 399 So. 2d 288, 289-290 (Ala. 1981).

[10] *Robinson*, 399 So. 2d at 289.

[11] *See, e.g.*, *Robinson*, 399 So.2d at 289-290 (Rule 9(b) requires, *inter alia*, that the "pleader must state ... the contents or substance of the false representations [and] the fact misrepresented....")

failure to state with specificity the alleged fraudulent price is a fatal defect requiring dismissal.[12]

Finally, the Complaint also fails to identify "what [if anything] has been obtained"[13] by Endo as a consequence of the alleged fraud. According to the plaintiff's allegations, the pricing "spread" resulted in higher Medicaid reimbursement payments. The Complaint alleges on its face, however, that those allegedly "excessive" reimbursements were made not to Endo (or to any entity affiliated with Endo), but rather were paid by Alabama Medicaid "to the medical or pharmacy providers who provide the drugs to patients." (Compl. ¶ 111).

### C. The Allegations Regarding the Alleged "Spread" Are Deficient as to Endo

The Complaint is also deficient for failure to provide any particulars with respect to Endo regarding the alleged "spread." The Complaint alleges – again in the most general terms and again without specifying Endo's alleged conduct – that the "Defendants" "created . . . and used the 'spread' [i.e. the difference between the allegedly fraudulent reported price and the purported actual price] to increase their sales." (Compl. ¶ 116). As other courts have found however, these sorts of conclusory allegations about "the spread" do not pass muster under Rule 9(b).[14] Rather, the plaintiff is required to allege either a specific "spread" for each Endo drug charged, or the plaintiff is required to allege other specific facts, "such as government investigations concerning [Endo],

---

[12] *See, e.g., In Re Pharm. Indus. Average Wholesale Price Litig.*, 263 F. Supp. 2d 172, 194 (D. Mass. 2003) (holding that failure to "specify[] the fraudulent published AWP" requires dismissal of fraud claims).

[13] *Robinson*, 399 So. 2d at 289.

[14] *In Re Pharm. Indus. Average Wholesale Price Litig.*, 307 F. Supp. 2d 196, 209 (D. Mass. 2004). *See In Re Pharm. Indus. Average Wholesale Price Litig.*, No. 1456, 2004 WL 2387125, at *2-3 (D. Mass. Oct. 26, 2004).

internal company documents, specific alleged fraudulent spreads on other drugs manufactured by [Endo] and the like."[15]

The Complaint here is "devoid of [any such] specific allegations" against Endo.[16] While the Complaint does aver that various defendants have been the subject of various government investigations and federal criminal actions relating to drug pricing fraud, (Compl. ¶¶ 122-132), Endo is not one of those defendants, having never been the subject of any such investigation or action. The Complaint also purports to list alleged specific "spreads" for products of ten pharmaceutical companies, (Compl. ¶ 131), but Endo is not one of those companies.

The Complaint further refers to lawsuits filed by eighteen other cities and states (Compl. ¶ 120 n.5) and to "actions around the country," involving claims similar to those alleged here. (Compl. ¶ 134). Endo however, has not been sued by any state other than Alabama, and the only other actions pending against Endo are suits filed by city and county governments in the State of New York, all but one of which have been consolidated into a single matter. In any event, none of the complaints pending against Endo in New York have been tested by motions to dismiss.[17]

In sum, the Complaint here does not allege any of the facts that would particularize the otherwise conclusory and deficient allegations against Endo regarding either the alleged false representation or the claimed "spread," and the fraudulent misrepresentation count should therefore be dismissed.

---

[15] *In Re Pharm. Indus. Average Wholesale Price Litig.*, 307 F. Supp. 2d at 209. *See In Re Pharm. Indus. Average Wholesale Price Litig.*, 2004 WL 2387125, at *2-3.

[16] *Brooks*, 116 F.3d at 1381.

[17] In fact, the court presiding over the New York consolidated matters has already dismissed claims virtually identical to those pending against Endo in New York, including fraud claims dismissed on 9(b) grounds. *See, e.g., In Re Pharm. Indus. Average Wholesale Price Litig.*, 2004 WL 2387125 at *2-3.

## II. THE FRAUDULENT SUPPRESSION CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE THAT CLAIM WITH THE REQUISITE PARTICULARITY AS TO ENDO

The plaintiff has likewise failed to plead the fraudulent suppression claim with the requisite particularity as to Endo and that claim should also be dismissed.[18]

For the reasons set forth above, the Court should conclude that the plaintiff has failed to specify the material fact that Endo has allegedly failed to disclose. In addition, the plaintiff has failed to allege as to Endo either the particulars of the alleged "duty to disclose," or the particulars of the plaintiff's "reasonable reliance."[19] With respect to the latter element, the plaintiff in pertinent part alleges only that "Defendants [again not specifying Endo] voluntarily undertook to report or cause to be reported AWP, WAC, and Direct Price for their products" and that defendants "had a duty under the particular circumstances to provide accurate and complete AWP, WAC, and Direct Price information." (Compl. ¶ 140). The Complaint does not allege, either with specificity or otherwise, what it is about "the particular circumstances" that would create a duty for Endo to disclose any fact to the private, proprietary reporting services referred to in the Complaint.[20]

---

[18] The requirements of Alabama Rule of Civil Procedure 9(b) apply to the plaintiff's claim of fraudulent suppression. *See Applin v. Consumers Life Ins. Co. of N.C.*, 623 So. 2d 1094, 1098 (Ala. 1993) (holding that allegation in complaint did "not allege . . . suppression of [a] material fact with sufficient particularity to give a defendant fair notice of a claim or to withstand a motion to dismiss"), *overruled on other grounds by Boswell v. Liberty Nat'l Life Ins.*, 643 So. 2d 580, 582 (Ala. 1994); *see also Mixon v. Cason*, 622 So. 2d 918, 920 (Ala. 1993) (complaint properly dismissed as time-barred where "[t]he plaintiff did not plead with the specificity required by [Alabama Rule of Civil Procedure] Rule 9(b) to allege a cause of action for fraudulent concealment under [section 6-2-3 of the Code of Alabama]"); *Smith v. Nat'l Sec. Ins. Co.*, 860 So. 2d 343, 346-347 (Ala. 2003) (holding generalized allegations insufficient to support a claim for fraudulent concealment).

[19] "Although the term 'inducement' has often been used in the description of [the elements] of suppression, it is clear that a plaintiff's 'justifiable reliance' (or, today, 'reasonable reliance') is an essential element of a suppression claim." *Allstate Ins. Co. v. Ware*, 824 So. 2d 739, 744-745 (Ala. 2002).

[20] *See Brushwitz v. Ezell*, 757 So. 2d 423, 431 (Ala. 2000) ("Silence on the part of the defendant regarding [even] a material fact is not considered suppression unless the defendant has an obligation to communicate that fact.") (citation omitted).

Moreover, the Complaint does not assert – nor could it – that the plaintiff acted in "reasonable reliance" on pricing information provided to the reporting services. Nor does the Complaint allege that but for some disclosure by Endo, the plaintiff would somehow have acted or refrained from acting. Even assuming arguendo that the Complaint can be read to allege some form of reliance, there are no assertions in the Complaint that any such reliance was or could have been "reasonable."

## CONCLUSION

For the reasons set forth above, and for the reasons set forth in Endo's Motion to Dismiss and the Defendants' Joint Memorandum of Law, undersigned counsel respectfully urge this Honorable Court to enter the attached proposed Order granting Endo's Motion to Dismiss.[21]

Lawrence B. Clark
Robert D. Eckinger
Gilbert C. Steindorff, IV
ADAMS AND REESE LLP
2100 3rd Avenue North, Suite 1100
Birmingham, AL 35203-3367
Tel: 205.250.5000
Fax: 205.250.5034

*Attorneys for Defendant Endo Pharmaceuticals Inc.*

OF COUNSEL:
Jonathan L. Stern
David D. Fauvre
ARNOLD & PORTER LLP
555 12th Street, NW
Washington, DC 20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

[21] As set forth in the Defendants' Joint Memorandum of Law, the Wantonness and Unjust Enrichment counts are derivative of the fraud counts and should therefore be dismissed on the same grounds.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been duly served on the following counsel for Plaintiff by placing same in the United States Mail, properly addressed and postage prepaid as First Class Mail, this 27th day of June, 2005:

Troy King, Attorney General
State of Alabama
300 State House
11 South Union Street
Montgomery, AL 36130

Roger L. Bates
Hand, Arendall, L.L.C.
1200 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

Caine O'Rear III
Windy C. Bitzer
Hand Arendall, L.L.C.
P.O. Box 123
Mobile, AL 36601

Jere L. Beasley
W. Daniel Miles, III
Clinton C. Carter
Beasley, Allen, Crow, Methvin, Portis & Miles, PC
P.O. Box 4160
Montgomery, AL 36103

I further certify that, in accordance with an agreement among all Defense counsel, I have served a copy of the above and foregoing via electronic mail upon counsel for each of the remaining parties listed below on the same date.

OF COUNSEL

**Abbott Laboratories, Inc.**
Toni Ann Citera

Jones Day
222 East 41st Street

New York, New York 10017-6702

James R. Daly
J. Ryan Mitchell
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601

Betsy Collins
Leah Poynter
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

**Alcon Laboratories, Inc.**
Edward S. Sledge, III
Archibald Reeves, IV
McDowell Knight Roedder & Sledge, L.L.C.
63 South Royal Street
Suite 900
Mobile, Alabama 36602

**Allergan, Inc.**
Richard Raskin
Michael Doss
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

F.M. Haston, III
Bradley Arant LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Alpharma, Inc.**
**PurePac Pharmaceutical Co.**
John R. Fleder
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, D.C. 20005

Steven F. Casey
Balch & Bingham LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

**Amgen Inc.**
Joseph H. Young
Steven F. Barley
Hogan & Hartson, LLP
111 S. Calvert Street, Suite 1600
Baltimore, Maryland 21202

Anthony A. Joseph
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

**Andrx Corporation**
**Andrx Pharmaceuticals, Inc.**
Robert J. Muldoon, Jr.
James W. Matthews
Katy E. Koski
Sherin Lodgen LLP
101 Federal Street
Boston, MA 02110

James H. Anderson
Beers, Anderson, Jackson, Patty
& Van Heest, P.C.
P.O. Box 1988
Montgomery, AL 36102

**AstraZeneca Pharmaceuticals LP**
**AstraZeneca LP**
D. Scott Wise
Michael Flynn
Kim Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

Tom Christian
Sharon Stuart
Christian & Small
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203

**Barr Laboratories, Inc.**
Karen Walker
Pamela Auerbach
Sean Trende
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005

Bruce F. Rogers
Bainbridge, Mims, Rogers & Smith LLP
600 Luckie Drive
Post Office Box 530886
Birmingham, Alabama 35253

**Baxter International**
**Baxter Healthcare Corporation**
Merle DeLancey
Tina Reynolds
Jason D. Wallach
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC 20037-1526

Rushton McClees
Sirote & Permutt, P.C.
2311 Highland Avenue
Birmingham, Alabama 35205

**Bayer Corporation**
**Bayer Pharmaceuticals Corporation**
**Bayer Healthcare, LLC**
Richard Raskin
Michael Doss
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

F.M. Haston, III
Bradley Arant LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Biovail Pharmaceuticals, Inc.**
F.M. Haston, III
Bradley Arant LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Boehringer Ingelheim Corporation**
**Boehringer Ingelheim Pharmaceuticals**
**Roxane Labs, Inc.**
Paul Coval
Douglas L. Rogers
Darrell A. H. Miller
Vorys Sater Seymour & Pease LLP
52 East Gay Street
Post Office Box 1008
Columbus, Ohio 43216-1008

Sandy Robinson
Cabaniss, Johnston, Gardner, Dumas & O'Neal
Post Office Box 2906
Mobile, Alabama 36652

**Bristol-Myers Squibb Co.**
Lyndon M. Tretter
Steven M. Edwards
James Zucker
Hogan & Hartson L.L.P.
875 Third Avenue
New York, New York 10022

Harlan I. Prater, IV
Lightfoot, Franklin & White, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200

**Dey, L.P.**
Paul F. Doyle
Christopher C. Palermo
Neil Merkl
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

Joseph W. Letzer

Gary M. London
Burr & Forman LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203

**Eisai, Inc.**
Brien T. O'Connor
E. Abim Thomas
Ropes & Gray LLP
One International Place
Boston, MA 02110

Julia Boaz Cooper
BRADLEY, ARANT, ROSE & WHITE, LLP
1819 5th Avenue North
Birmingham, Alabama 35203-2104

**Eli Lilly and Company**
William Davis
Mitz, Levin, Cohen, Ferris
Glovsky & Popeo
701 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004

Tabor R. Novak, Jr.
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

**ETHEX Corporation**
Robert S. Litt
Justin Antonipillai
Michael Rinaldi
Arnold & Porter
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Lawrence Clark
Robert Eckinger
Gilbert C. Steindorff, IV
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

**Forest Laboratories, Inc.**
**Forest Pharmaceuticals, Inc.**
Peter Venaglia
Brian Rafferty
Dornbush Schaeffer, Strongin & Weinstein, LLP
747 Third Avenue
New York, New York 10017

William Hardie
Johnstone Adams
Post Office Box 1988
Mobile, Alabama 36633-1988

**Fujisawa Healthcare, Inc.**
**Fujisawa USA, Inc.**
Kathleen McGuan
Andrew Hurst
Reed Smith LLP
1301 K Street, N.W.
Suite 1100, East Tower
Washington, DC 20005

Richard L. Sharff, Jr.
Bradley, Arant, Rose & White
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

**Genzyme Corporation**
Brien T. O'Connor
Eric Christofferson
Ropes & Gray LLP
One International Place
Boston, MA 02110

Julia Boaz Cooper
BRADLEY, ARANT, ROSE & WHITE, LLP
1819 5th Avenue North
Birmingham, Alabama 35203-2104

**Gilead Sciences, Inc.**
Robert S. Litt
Jessica Medina
Rebecca Dubin
Arnold & Porter LLP
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Lawrence Clark
Robert Eckinger
Gilbert C. Steindorff, IV
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

**Hoffmann-La Roche Inc.**
Kevin Sullivan
Grace Rodriguez
John Shakow
King & Spalding LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006-4706

Edward S. Sledge, III
Archibald T. Reeves, IV
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama 36601

**Immunex Corporation**
David J. Burman
Kathleen M. O'Sullivan
Zoe Philippides
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099

W. Stancil Starnes
Starnes & Atchison LLP
7th Floor
100 Brookwood Place
Post Office Box 598512
Birmingham, AL 35259-8512

**IVAX Corporation**
**IVAX Pharmaceuticals, Inc.**
Bruce Wessel
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, California 90067-4276

George W. Walker, III
Copeland, Franco, Screws & Gill, P.A.
Montgomery, AL 36101-0347

**Johnson & Johnson**
**ALZA Corporation**
**Janssen Pharmaceutica Products, L.P.**
**McNeil-PPC, Inc.**
**Ortho Biotech Products, L.P.**
**Ortho-McNeil Pharmaceutical, Inc.**
William F. Cavanaugh
Andrew D. Schau
Erik Haas
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710

Robert F. Northcutt
James H. McLemore
Capell & Howard, P.C.
150 South Perry Street [36104]
Post Office Box 2069
Montgomery, Alabama 36102-2069

**K-V Pharmaceutical Company**
Robert S. Litt
Justin Antonipillai
Michael Rinaldi
Arnold & Porter
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Lawrence Clark
Robert Eckinger
Gilbert C. Steindorff, IV

Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

**King Pharmaceuticals, Inc.**
**Monarch Pharmaceuticals, Inc.**
Gary Greenberg
Louis J. Scerra, Jr.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

Lisa Borden
Baker Donelson Bearman Caldwell & Berkowitz, P.C.
1600 SouthTrust Tower, 420 20th Street
Birmingham, Alabama 35203

Sam Blair
John Starnes
Baker Donelson Bearman Caldwell & Berkowitz, P.C.
165 Madison Avenue
Suite 2000
Memphis, TN 38103

**Merck & Co., Inc.**
John Townsend
Robert Reznick
Robert Funkhouser
Hughes Hubbard & Reed LLP
1775 I Street N.W.
Washington, DC 20006-2401

Robert C. Brock
Robert Huffaker
Rushton, Stakely, Johnson & Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101-0270

**Mylan Laboratories Inc.**
**Mylan Pharmaceuticals Inc.**
**UDL Laboratories, Inc.**
Gary Greenberg
Louis J. Scerra, Jr.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

David Long-Daniels
Greenberg Traurig, LLP
3290 Northside Parkway, Suite 400
Atlanta, Georgia 30327

**Novo Nordisk**
Richard Raskin
Michael Doss
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

F.M. Haston, III
Bradly, Arant LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Organon Pharmaceuticals USA**
William Campos
David Covey
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street
New York, New York 10004

Edward S. Sledge, III
Archibald T. Reeves, IV
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama 36601

**Par Pharmaceutical, Inc.**
Richard Cooper
Paul K. Dueffert
Thomas J. Roberts
Catherine Levy
Williams & Connolly LLP
725 12th Street, NW

Washington, DC 20005

George W. Walker
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, Alabama 36101-0347

**Pfizer Inc.**
**Agouron Pharmaceuticals, Inc.**
**Pharmacia Corporation**
**Pharmacia & Upjohn Company**
**G.D. Searle, LLC**
Scott Stempel
Morgan Lewis & Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

John C. Dodds
Kimberly K. Heuer
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, Pennsylvania 19103

Philip H. Butler
George R. Parker
Bradley, Arant, Rose & White LLP
Alabama Center for Commerce Bldg.
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104

**Purdue Pharma, L.P.**
Lori A. Schechter
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482

Harlan Prater
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200

**Roche Laboratories, Inc.**
Kevin Sullivan
Grace Rodriguez
John Shakow

King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006-4706

Edward S. Sledge, III
Archibald T. Reeves, IV
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama 36601

**Sandoz, Inc.**
Wayne Cross
Michael Gallagher
Brendan Woodard
White & Case
1155 Avenue of the Americas
New York, New York 10036-2787

C. Clay Torbert, III
Capell & Howard, P.C.
150 South Perry Street
Montgomery, Alabama 36104

**Schering-Plough Corporation**
**Warrick Pharmaceuticals Corporation**
Brien T. O'Connor
John T. Montgomery
Ropes & Gray LLP
One International Place
Boston, MA 02110

J. Steven Baughman
Christopher May
Ropes & Gray LLP
One Metro Center
700 12th Street N.W., Suite 900
Washington, D.C. 20005
John A. Henig, Jr.
Copeland, Franco, Screws & Gill, P.A.
P.O. Box 347
Montgomery, AL 36101-0347

**SmithKline Beecham Corporation**
**d/b/a GlaxoSmithKline**

Joseph P. Babington
HELMSING LEACH HERLONG
NEWMAN & ROUSE
150 Government St.
Suite 2000
Mobile, Alabama 36602

Mark H. Lynch
Geoffrey E. Hobart
Ronald G. Dove, Jr.
COVINGTON & BURLING
1201 Pennsylvania Avenue NW
Washington, D.C. 20004

Frederick G. Herold
DECHERT LLP
1117 California Avenue
Palo Alto, CA 94304

Thomas H. Lee II
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793

Mark D. Seltzer
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116

**Takeda Pharmaceuticals North America, Inc.**
Robert Stauffer
Anthony C. Porcelli
Jenner & Block LLP
1 IBM Plaza
Suite 4200
Chicago, Illinois 60611

Joseph C. Espy, III
Melton, Espy & Williams
Post Office Drawer 5130
Montgomery, Alabama 36103

**TAP Pharmaceutical Products, Inc.**
Toni Ann Citera

Jones Day
222 East 41st Street
New York, New York 10017-6702

James R. Daly
J. Ryan Mitchell
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601

Betsy Collins
Leah Poyntner
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

**TEVA Pharmaceutical Industries LTD.**
Elizabeth I. Hack
Elizabeth Finberg
Sonnenschein Nath & Rosenthal LLP
1301 K Street, NW
Suite 1600 East Tower
Washington, DC 20005

W. Joseph McCorkle, Jr.
Balch & Bingham, LLP
2 Dexter Avenue
Montgomery, AL 36104

F. Inge Johnstone
Balch & Bingham LLP
1710 6th Avenue North
P.O. Box 306
Birmingham, AL 35201-0306

**Watson Pharmaceuticals, Inc.**
**Watson Laboratories, Inc.**
**Watson Pharma, Inc.**
Douglas B. Farquhar
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005

Steven F. Casey

Balch & Bingham LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

**Wyeth Pharmaceuticals, Inc.**
**Wyeth, Inc.**
Craig Holden
Kelly Davidson
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, Maryland 21202-1643

Maibeth J. Porter
Lee E. Bains, Jr.
Maynard, Cooper & Gale, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

Peck Fox
Maynard, Cooper & Gale, P.C.
201 Monroe Street
Suite 1650
Montgomery, Alabama 36104-3720