**COPY**

**IN THE CIRCUIT COURT OF**
**MONTGOMERY COUNTY, ALABAMA**

| | |
|---|---|
| **STATE OF ALABAMA,**<br>**Plaintiff,**<br>**v.**<br>**ABBOTT LABORATORIES, INC., et al.,**<br>**Defendants.** | **Case No.: CV 2005-219**<br><br>**DEFENDANT ETHEX CORPORATION AND DEFENDANT KV PHARMACEUTICAL COMPANY'S MEMORANDUM IN SUPPORT OF THEIR MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, MOTIONS FOR A MORE DEFINITE STATEMENT** |

Lawrence B. Clark
Robert Eckinger
Gilbert C. Steindorff IV
ADAMS & REESE LLP
Concord Center
2100 Third Avenue North, Suite 1100
Birmingham, Alabama 35203
Phone: (205) 250-5000
Fax: (205) 250-5034

*Of counsel:*
Robert S. Litt
Steven S. Diamond
Justin S. Antonipillai
Michael J. Rinaldi
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
Phone: (202) 942-5000
Fax: (202) 942-5999

This Court should dismiss this Complaint against ETHEX Corporation ("ETHEX").[1] Among other things, the First Amended Complaint (the "Complaint") does not state a claim upon which relief can be granted, and certainly does not do so with the required particularity.[2]

Plaintiff's claims against ETHEX Corporation are fundamentally fraud claims, and under the Alabama Rules of Civil Procedure, plaintiff must state these claims with particularity. Ala. R. Civ. P. 9(b). Plaintiff must "state the place, the time, the contents of the false misrepresentations, the fact misrepresented, and an identification of what has been obtained." *Lyde v. United Ins. Co. of Am.*, 628 So. 2d 665, 670 (Ala. Civ. App. 1993) (citing *Robinson v. Allstate Ins. Co.*, 399 So. 2d 288 (Ala. 1981)). And where, as here, a complaint includes more that one defendant, the complaint must include these details for *each* defendant: the complaint must make "specific allegations with respect to the separate Defendants" and "'inform each defendant of the specific fraudulent acts that constitute the basis of the action against the particular defendant.'" *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (quoting *Balabanos v.*

---

[1] KV Pharmaceutical Company ("KV") joins in and adopts Defendant ETHEX Corporation's Memorandum in Support of Its Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement, along with Defendants' Joint Memorandum of Law in Support of Their Motion to Dismiss the First Amended Complaint and the individual memoranda filed by other defendants, to the extent not inconsistent herewith. This Court also lacks personal jurisdiction over KV, and KV expressly reserves and does not waive its objection to personal jurisdiction. KV is the parent company of ETHEX, and this Court lacks personal jurisdiction over KV because KV lacks the minimum contacts with the State of Alabama.

[2] For the reasons stated in the Defendants' Joint Memorandum of Law in Support of Their Motion to Dismiss the First Amended Complaint, which ETHEX joins, Plaintiff's Complaint is also barred by the applicable statute of limitations and fails to join indispensable parties. ETHEX also incorporates the arguments made in the other individual motions to dismiss, to the extent applicable to ETHEX and not inconsistent with the arguments here.

*N. Am. Inv. Group, Ltd.*, 708 F. Supp. 1488, 1493 (N.D. Ill. 1988)).[3] In this context, this Court should dismiss the Complaint for several reasons:

*First*, the Complaint does not make any specific allegations of misstatements by ETHEX; indeed, the Complaint only mentions ETHEX twice. The first mention is that ETHEX is a Missouri corporation with its principal place of business in St. Louis. Am. Compl. ¶ 63. The second reference is that ETHEX is a "diversified healthcare compan[y]" that sells certain pharmaceuticals, ten of which are specifically identified. Am. Compl. ¶ 64. The Complaint does not identify any misstatement with respect to these drugs, when any such misstatement was made, and who made the misstatement. This is insufficient to state a claim under the Alabama Rules.

*Second*, the Complaint does not even explain what pricing information the State believes ETHEX misstated. The Complaint states that the "Defendants" "provided or caused to be provided false and inflated AWP, WAC, and/or Direct Price information." Am. Compl. ¶ 111. This bald allegation leaves ETHEX guessing as to what this case is even about — WAC, AWP, or Direct Price — something that is inappropriate under the Alabama Rules.[4]

*Third*, essentially conceding that its Complaint does not state a claim or provide the required details, the State attempts to create an impression that some kind of

---

[3] "Because the Alabama Rules of Civil Procedure were patterned after the Federal Rules of Civil Procedure, cases construing the federal rules are considered authority in construing the Alabama rules." *Cutler v. Orkin Exterminating Co.*, 770 So. 2d 67, 70 n.2 (Ala. 2000).

[4] Similarly, in paragraph 115 of the Complaint, the plaintiff alleges that "Defendants employed secret agreements to conceal the lowest prices charged for their pharmaceutical products." But such an allegation falls far short of what is required by Rule 9(b) in that, *inter alia*, the State has not alleged who specifically made these "secret agreements," which defendants were parties to them, and when the agreements were made.

misconduct must have occurred based on allegations that are entirely irrelevant to its claims. For example, plaintiff notes that New York City has sued certain of these defendants, Am. Compl. ¶ 121, apparently believing that will convince this Court to permit this Complaint to proceed. This is inappropriate for several reasons. For instance, if the State wishes to rely on the complaint filed by New York City, it should, in fairness to this Court, point out that New York City's pharmaceutical pricing complaint has never been tested by a motion to dismiss. Rather, New York City essentially stayed its complaint while the Honorable Patti B. Saris of District of Massachusetts (who is handling the federal drug pricing multidistrict litigation) considered motions to dismiss other similar complaints, and Judge Saris ultimately **dismissed** the relevant portions of those other complaints under Fed. R. Civ. P. 9(b).[5] This reliance on the New York City complaint is also inappropriate because, as a matter of law, one plaintiff cannot rely on the allegations in another complaint to state a claim or provide Rule 9(b) particularity. *See Shields v. Amoskeag Bank Shares, Inc.*, 766 F. Supp. 32, 39 (D.N.H. 1991) ("Each complaint must stand or fall on what is contained within its own four corners. To hold otherwise would circumvent Rules 8 and 9, which require the complaint to provide notice of a plaintiff's claim and to particularize all allegations of fraud."); *Three Crown Ltd. P'ship v. Caxton Corp.*, 817 F. Supp. 1033, 1041 n.13 (S.D.N.Y. 1993) (declining to consider complaint before another judge when reviewing complaint under Rule 9(b)).[6] In

[5] *See In re Pharm. Indus. Average Wholesale Price Litig.*, MDL No. 1456, Civ. A. No. 01-12257-PBS, slip op. at 2 (D. Mass. Apr. 8, 2005) (Ex. A); *Massachusetts v. Mylan Labs.*, Civ. A. No. 03-11865-PBS, slip op. at 2-3 (D. Mass. Apr. 5, 2005) (Ex. B).

[6] One of the reasons the plaintiff's "pleading by reference" is particularly problematic is that it effectively bypasses the requirement of Ala. R. Civ. P. 11 that an attorney certify "that to the best of the attorney's knowledge, information, and belief there is good ground to support [the pleading]."

short, Judge Saris — before whom the New York City complaint is pending — has consistently been requiring much more specificity than what is alleged here, and the New York City complaint provides this Court with no basis to sustain this Complaint.

In another attempt to create a sense that some kind of misdeed must have occurred, plaintiff notes that several defendants have been the subjects of subpoenas or investigations. Even if accurate, this establishes nothing. Indeed, it is inappropriate to rely on government investigations or subpoenas to state a claim for fraud, especially where, as here, there has been no governmental action taken against the defendant. *See, e.g.*, *In re Tableware Antitrust Litig.*, 363 F. Supp. 2d 1203, 1205 (N.D. Cal. 2005) ("The court must reject out-of-hand the significance plaintiffs attach to the fact that their complaint is directed toward the subject of the Attorney General of New York's investigation of . . . some of defendants. Plaintiffs argue in essence that an invocation of this prior investigation provides defendants with all the notice required by FRCP 8. This cannot be so, for if it were, mere knowledge of a government investigation would suffice . . . to expose the targets of such investigations to free-ranging civil discovery.").

Obviously concerned that this Court will see through these attempts to plead fraud in this inappropriate manner, plaintiff finally pleads that "each Defendant should know without further allegation from the State exactly how its reported prices compare to its true prices and whether it has engaged in an inflated pricing scheme regarding prescription drugs." Am. Compl. ¶ 134. This is an admission that the Complaint does not state a claim or provide the necessary particularity. And, it is no different than

attempting to plead fraud by *res ipsa loquitur*, something that is unquestionably inappropriate.[7]

## CONCLUSION

Put simply, the State does not state a claim against ETHEX, or provide *any* of the required details. And, for the reasons stated in this supplemental memorandum, as well as the Defendants' Joint Memorandum of Law in Support of Their Motion to Dismiss the First Amended Complaint and the supplemental memoranda of the other defendants, this Court should dismiss the First Amended Complaint as to ETHEX, pursuant to Alabama Rules of Civil Procedure 9(b), 12(b)(6), and 12(b)(7).

Lawrence B. Clark
Robert Eckinger
Gilbert C. Steindorff IV
ADAMS & REESE LLP
Concord Center
2100 Third Avenue North, Suite 1100
Birmingham, Alabama 35203
Phone: (205) 250-5000
Fax: (205) 250-5034

*Of counsel:*
Robert S. Litt
Steven S. Diamond
Justin S. Antonipillai
Michael J. Rinaldi
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
Phone: (202) 942-5000
Fax: (202) 942-5999

Dated: June 28, 2005

[7] *See, e.g.*, *United States ex rel. Waris v. Staff Builders, Inc.*, No. CIV. A. 96-1969, 1999 WL 788766, at *5 n.3 (E.D. Pa. Oct. 4, 1999) ("[P]laintiff has argued that the mere existence of a false invoice is sufficient to create an inference of fraud. . . . This reasoning, roughly analogous to the tort law doctrine of *res ipsa loquitur*, in inappropriate when allegations of fraud are being made."); *Conan Props., Inc. v. Mattel, Inc.*, 601 F. Supp. 1179, 1183 (S.D.N.Y. 1984) ("Simply concluding . . . that [defendant] must have made misrepresentations at some time . . . is clearly insufficient under Rule 9(b).")

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been duly served on the following counsel for Plaintiff by placing same in the United States Mail, properly addressed and postage prepaid as First Class Mail, this 27th day of June, 2005:

Troy King, Attorney General
State of Alabama
300 State House
11 South Union Street
Montgomery, AL 36130

Roger L. Bates
Hand, Arendall, L.L.C.
1200 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

Caine O'Rear III
Windy C. Bitzer
Hand Arendall, L.L.C.
P.O. Box 123
Mobile, AL 36601

Jere L. Beasley
W. Daniel Miles, III
Clinton C. Carter
Beasley, Allen, Crow, Methvin, Portis & Miles, PC
P.O. Box 4160
Montgomery, AL 36103

I further certify that, in accordance with an agreement among all Defense counsel, I have served a copy of the above and foregoing via electronic mail upon counsel for each of the remaining parties listed below on the same date.

OF COUNSEL

**Abbott Laboratories, Inc.**
Toni Ann Citera
Jones Day
222 East 41st Street
New York, New York 10017-6702

James R. Daly
J. Ryan Mitchell
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601

Betsy Collins
Leah Poynter
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

**Alcon Laboratories, Inc.**
Edward S. Sledge, III
Archibald Reeves, IV
McDowell Knight Roedder & Sledge, L.L.C.
63 South Royal Street
Suite 900
Mobile, Alabama 36602

**Allergan, Inc.**
Richard Raskin
Michael Doss
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

F.M. Haston, III
Bradley Arant LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Alpharma, Inc.**
**PurePac Pharmaceutical Co.**
John R. Fleder
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, D.C. 20005

Steven F. Casey
Balch & Bingham LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

**Amgen Inc.**
Joseph H. Young
Steven F. Barley
Hogan & Hartson, LLP
111 S. Calvert Street, Suite 1600
Baltimore, Maryland 21202

Anthony A. Joseph
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

**Andrx Corporation**
**Andrx Pharmaceuticals, Inc.**
Robert J. Muldoon, Jr.
James W. Matthews
Katy E. Koski
Sherin Lodgen LLP
101 Federal Street
Boston, MA 02110

James H. Anderson
Beers, Anderson, Jackson, Patty
& Van Heest, P.C.
P.O. Box 1988
Montgomery, AL 36102

**AstraZeneca Pharmaceuticals LP**
**AstraZeneca LP**
D. Scott Wise
Michael Flynn
Kim Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

Tom Christian
Sharon Stuart

Christian & Small
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203

**Barr Laboratories, Inc.**
Karen Walker
Pamela Auerbach
Sean Trende
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005

Bruce F. Rogers
Bainbridge, Mims, Rogers & Smith LLP
600 Luckie Drive
Post Office Box 530886
Birmingham, Alabama 35253

**Baxter International**
**Baxter Healthcare Corporation**
Merle DeLancey
Tina Reynolds
Jason D. Wallach
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC 20037-1526

Rushton McClees
Sirote & Permutt, P.C.
2311 Highland Avenue
Birmingham, Alabama 35205

**Bayer Corporation**
**Bayer Pharmaceuticals Corporation**
**Bayer Healthcare, LLC**
Richard Raskin
Michael Doss
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

F.M. Haston, III
Bradley Arant LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Biovail Pharmaceuticals, Inc.**
F.M. Haston, III
Bradley Arant LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Boehringer Ingelheim Corporation**
**Boehringer Ingelheim Pharmaceuticals**
**Roxane Labs, Inc.**
Paul Coval
Douglas L. Rogers
Darrell A. H. Miller
Vorys Sater Seymour & Pease LLP
52 East Gay Street
Post Office Box 1008
Columbus, Ohio 43216-1008

Sandy Robinson
Cabaniss, Johnston, Gardner, Dumas & O'Neal
Post Office Box 2906
Mobile, Alabama 36652

**Bristol-Myers Squibb Co.**
Lyndon M. Tretter
Steven M. Edwards
James Zucker
Hogan & Hartson L.L.P.
875 Third Avenue
New York, New York 10022

Harlan I. Prater, IV
Lightfoot, Franklin & White, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200

**Dey, L.P.**
Paul F. Doyle
Christopher C. Palermo
Neil Merkl
Kelley Drye & Warren LLP
101 Park Avenue

New York, New York 10178

Joseph W. Letzer
Gary M. London
Burr & Forman LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203

**Eisai, Inc.**
Brien T. O'Connor
E. Abim Thomas
Ropes & Gray LLP
One International Place
Boston, MA 02110

Julia Boaz Cooper
BRADLEY, ARANT, ROSE & WHITE, LLP
1819 5th Avenue North
Birmingham, Alabama 35203-2104

**Eli Lilly and Company**
William Davis
Mitz, Levin, Cohen, Ferris
Glovsky & Popeo
701 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004

Tabor R. Novak, Jr.
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

**Endo Pharmaceuticals, Inc.**
Jonathan L. Stern
David D. Fauvre
Arnold & Porter LLP
555 12th Street, NW
Washington, DC 20004

Lawrence B. Clark
Robert D. Eckinger
Gilbert C. Steindorff, IV
Adams & Reese LLP
2100 3rd Avenue North, Suite 1100
Birmingham, AL 35203-3367

**Forest Laboratories, Inc.**
**Forest Pharmaceuticals, Inc.**
Peter Venaglia
Brian Rafferty
Dornbush Schaeffer, Strongin & Weinstein, LLP
747 Third Avenue
New York, New York 10017

William Hardie
Johnstone Adams
Post Office Box 1988
Mobile, Alabama 36633-1988

**Fujisawa Healthcare, Inc.**
**Fujisawa USA, Inc.**
Kathleen McGuan
Andrew Hurst
Reed Smith LLP
1301 K Street, N.W.
Suite 1100, East Tower
Washington, DC 20005

Richard L. Sharff, Jr.
Bradley, Arant, Rose & White
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

**Genzyme Corporation**
Brien T. O'Connor
Eric Christofferson
Ropes & Gray LLP
One International Place
Boston, MA 02110

Julia Boaz Cooper
BRADLEY, ARANT, ROSE & WHITE, LLP
1819 5th Avenue North
Birmingham, Alabama 35203-2104

**Gilead Sciences, Inc.**
Robert S. Litt

Jessica Medina
Rebecca Dubin
Arnold & Porter LLP
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Lawrence Clark
Robert Eckinger
Gilbert C. Steindorff, IV
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

**Hoffmann-La Roche Inc.**
Kevin Sullivan
Grace Rodriguez
John Shakow
King & Spalding LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006-4706

Edward S. Sledge, III
Archibald T. Reeves, IV
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama 36601

**Immunex Corporation**
David J. Burman
Kathleen M. O'Sullivan
Zoe Philippides
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099

W. Stancil Starnes
Starnes & Atchison LLP
7th Floor
100 Brookwood Place
Post Office Box 598512
Birmingham, AL 35259-8512

**IVAX Corporation**
**IVAX Pharmaceuticals, Inc.**
Bruce Wessel
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, California 90067-4276

George W. Walker, III
Copeland, Franco, Screws & Gill, P.A.
Montgomery, AL 36101-0347

**Johnson & Johnson**
**ALZA Corporation**
**Janssen Pharmaceutica Products, L.P.**
**McNeil-PPC, Inc.**
**Ortho Biotech Products, L.P.**
**Ortho-McNeil Pharmaceutical, Inc.**
William F. Cavanaugh
Andrew D. Schau
Erik Haas
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710

Robert F. Northcutt
James H. McLemore
Capell & Howard, P.C.
150 South Perry Street [36104]
Post Office Box 2069
Montgomery, Alabama 36102-2069

**K-V Pharmaceutical Company**
Robert S. Litt
Justin Antonipillai
Michael Rinaldi
Arnold & Porter
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Lawrence Clark
Robert Eckinger
Gilbert C. Steindorff, IV
Adams & Reese LLP
Concord Center
2100 Third Avenue North

Suite 1100
Birmingham, Alabama 35203

**King Pharmaceuticals, Inc.**
**Monarch Pharmaceuticals, Inc.**
Gary Greenberg
Louis J. Scerra, Jr.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

Lisa Borden
Baker Donelson Bearman Caldwell & Berkowitz, P.C.
1600 SouthTrust Tower, 420 20th Street
Birmingham, Alabama 35203

Sam Blair
John Starnes
Baker Donelson Bearman Caldwell & Berkowitz, P.C.
165 Madison Avenue
Suite 2000
Memphis, TN 38103

**Merck & Co., Inc.**
John Townsend
Robert Reznick
Robert Funkhouser
Hughes Hubbard & Reed LLP
1775 I Street N.W.
Washington, DC 20006-2401

Robert C. Brock
Robert Huffaker
Rushton, Stakely, Johnson & Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101-0270

**Mylan Laboratories Inc.**
**Mylan Pharmaceuticals Inc.**
**UDL Laboratories, Inc.**
Gary Greenberg
Louis J. Scerra, Jr.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

David Long-Daniels
Greenberg Traurig, LLP
3290 Northside Parkway, Suite 400
Atlanta, Georgia 30327

**Novo Nordisk**
Richard Raskin
Michael Doss
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

F.M. Haston, III
Bradly, Arant LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Organon Pharmaceuticals USA**
William Campos
David Covey
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street
New York, New York 10004

Edward S. Sledge, III
Archibald T. Reeves, IV
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama 36601

**Par Pharmaceutical, Inc.**
Richard Cooper
Paul K. Dueffert
Thomas J. Roberts
Catherine Levy
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005

George W. Walker
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347

Montgomery, Alabama 36101-0347

**Pfizer Inc.**
**Agouron Pharmaceuticals, Inc.**
**Pharmacia Corporation**
**Pharmacia & Upjohn Company**
**G.D. Searle, LLC**
Scott Stempel
Morgan Lewis & Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

John C. Dodds
Kimberly K. Heuer
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, Pennsylvania 19103

Philip H. Butler
George R. Parker
Bradley, Arant, Rose & White LLP
Alabama Center for Commerce Bldg.
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104

**Purdue Pharma, L.P.**
Lori A. Schechter
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482

Harlan Prater
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200

**Roche Laboratories, Inc.**
Kevin Sullivan
Grace Rodriguez
John Shakow
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006-4706

Edward S. Sledge, III

Archibald T. Reeves, IV
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama 36601

**Sandoz, Inc.**
Wayne Cross
Michael Gallagher
Brendan Woodard
White & Case
1155 Avenue of the Americas
New York, New York 10036-2787

C. Clay Torbert, III
Capell & Howard, P.C.
150 South Perry Street
Montgomery, Alabama 36104

**Schering-Plough Corporation**
**Warrick Pharmaceuticals Corporation**
Brien T. O'Connor
John T. Montgomery
Ropes & Gray LLP
One International Place
Boston, MA 02110

J. Steven Baughman
Christopher May
Ropes & Gray LLP
One Metro Center
700 12th Street N.W., Suite 900
Washington, D.C. 20005
John A. Henig, Jr.
Copeland, Franco, Screws & Gill, P.A.
P.O. Box 347
Montgomery, AL 36101-0347

**SmithKline Beecham Corporation**
**d/b/a GlaxoSmithKline**
Joseph P. Babington
HELMSING LEACH HERLONG
NEWMAN & ROUSE
150 Government St.
Suite 2000
Mobile, Alabama 36602

Mark H. Lynch
Geoffrey E. Hobart
Ronald G. Dove, Jr.
COVINGTON & BURLING
1201 Pennsylvania Avenue NW
Washington, D.C. 20004

Frederick G. Herold
DECHERT LLP
1117 California Avenue
Palo Alto, CA 94304

Thomas H. Lee II
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793

Mark D. Seltzer
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116

**Takeda Pharmaceuticals North America, Inc.**
Robert Stauffer
Anthony C. Porcelli
Jenner & Block LLP
1 IBM Plaza
Suite 4200
Chicago, Illinois 60611

Joseph C. Espy, III
Melton, Espy & Williams
Post Office Drawer 5130
Montgomery, Alabama 36103

**TAP Pharmaceutical Products, Inc.**
Toni Ann Citera
Jones Day
222 East 41st Street
New York, New York 10017-6702

James R. Daly
J. Ryan Mitchell
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601

Betsy Collins
Leah Poyntner
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

**TEVA Pharmaceutical Industries LTD.**
Elizabeth I. Hack
Elizabeth Finberg
Sonnenschein Nath & Rosenthal LLP
1301 K Street, NW
Suite 1600 East Tower
Washington, DC 20005

W. Joseph McCorkle, Jr.
Balch & Bingham, LLP
2 Dexter Avenue
Montgomery, AL 36104

F. Inge Johnstone
Balch & Bingham LLP
1710 6th Avenue North
P.O. Box 306
Birmingham, AL 35201-0306

**Watson Pharmaceuticals, Inc.**
**Watson Laboratories, Inc.**
**Watson Pharma, Inc.**
Douglas B. Farquhar
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005

Steven F. Casey
Balch & Bingham LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

**Wyeth Pharmaceuticals, Inc.**
**Wyeth, Inc.**
Craig Holden
Kelly Davidson

Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, Maryland 21202-1643

Maibeth J. Porter
Lee E. Bains, Jr.
Maynard, Cooper & Gale, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

Peck Fox
Maynard, Cooper & Gale, P.C.
201 Monroe Street
Suite 1650
Montgomery, Alabama 36104-3720

[redacted]

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | |
| **THIS DOCUMENT RELATES TO:**<br><br>County of Suffolk v. Abbott Laboratories, et al.<br>Civ. Action No. 1:03-cv-10643 | **MDL NO. 1456**<br>**CIVIL ACTION NO. 01-12257-PBS** |

**<u>MEMORANDUM AND ORDER</u>**

April 8, 2005

Saris, U.S.D.J.

In ruling on the Defendants' motions to dismiss, the Court required Suffolk to present more particular information about its allegation that the published Average Wholesale Price ("AWP") for each drug was fraudulent. Specifically, Suffolk was asked to provide its basis for calculating a spread between the published AWP and the actual average price at which the drug is sold by wholesalers. <u>See In re Pharm. Indus. Average Wholesale Price Litig.</u>, No. 01-12257, 2004 WL 2387125, at *2 (D. Mass. Oct. 26, 2004).

Suffolk presented the affidavit of Aaron Hovan, an associate at Kirby McInerney & Squire LLP, who explained that his technique for calculating the spread was to compare the published AWP with what he calculated as an actual average wholesale price for each drug. He first obtained a sampling of retail prices from four

online drug stores. Relying on a statement in an article comparing the Canadian and American drug systems, he assumed that retail prices for American drugs are on average 1.27 times their wholesale prices. See John R. Graham & Beverly A. Robson, Prescription Drug Prices in Canada and the United States - Part 1: A Comparative Survey, n.1, at http://oldfraser.lexi.net/publications/pps/42/s7_notes.html#FN_03 (last modified Aug. 23, 2000). He confirmed the reasonableness of this ratio with several of Suffolk's industry experts. He then used this average difference between actual wholesale and retail prices to obtain the estimated actual sale prices found in the Complaint. Suffolk compared this "actual sale price" to AWP minus 10%, the rate contained in New York's reimbursement formula, to obtain the alleged spread.

This method is not sufficient to plead allegations of fraud with particularity. In light of the fact that there are approximately 60,000 prescription drugs in the United States, the use of the purported average difference between wholesale and retail, 1.27, to calculate the actual wholesale prices for each drug is inadequate.

**ORDER**

The motion to dismiss the remaining AWP claims against the "Suffolk 13" and Defendants Amgen, Inc., Chiron Corporation, Fujisawa Pharmaceutical Company, Ltd., Johnson & Johnson, Warrick Pharmaceuticals, and Wyeth for failure to comply with Rule 9(b) is **ALLOWED**.

S/PATTI B. SARIS
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE COMMONWEALTH OF MASSACHUSETTS,<br>Plaintiff,<br>v.<br>MYLAN LABORATORIES, et al.,<br>Defendants. | CIVIL ACTION NO. 03-11865-PBS |

**MEMORANDUM AND ORDER**

April 5, 2005

Saris, U.S.D.J.

Defendant pharmaceutical manufacturers filed a consolidated motion to dismiss the Complaint, backed by a consolidated memorandum and four individual memoranda, by Par Pharmaceutical, Inc., Warrick Pharmaceuticals, Inc., Watson Pharmaceuticals, Inc., and Teva Pharmaceuticals USA, Inc. The Court addressed the cross-cutting issues raised by the consolidated memorandum in Massachusetts v. Mylan Labs., __ F. Supp. 2d __ (D. Mass. February 4, 2005). Now I address the individual motions and the issues raised in the consolidated memorandum relating to Fed. R. Civ. P. 9(b).[1]

---

[1] The Court recently addressed the requirements for Rule 9(b) in In re Pharm. Indus. Average Wholesale Price Litig., 321 F. Supp. 2d 187, 207-08 (D. Mass. 2004) and in In re Pharm. Indus. Average Wholesale Price Litig., No. 01-12257, 2004 WL 2387125, at *1 - *3 (D. Mass. Oct. 26, 2004).

(1) The Court dismisses without prejudice the Best Prices claims against those drugs for which the AMP is listed as $0.

(2) In the consolidated reply, Defendants point out that Massachusetts has failed to state whether AWP or WAC was communicated for each drug, and to whom it was communicated. Warrick and Par argue that they never stated WACs to anyone, and Par further argues that First Data Bank never published a WAC for its drugs. Massachusetts responds that Defendants released either WACs, or AWPs from which WACs were calculated. (See ¶ 30.) However, Massachusetts provides no other details about how or by whom the allegedly fraudulent WACs were calculated if the Defendant did not state WACs. Thus, the Complaint is not sufficient to meet the requirements that Massachusetts plead the "time, place, and content of the alleged false or fraudulent representations." United States *ex rel.* Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 226 (1st Cir. 2004). The Complaint may be amended to state, drug-by-drug, the allegedly false representations. Absent amendment, it will be dismissed for failure to comply with Fed. R. Civ. P. 9(b).

(3) Pointing to Exhibit FF, Teva argues that Massachusetts has not explained how it separated its dispensing fees from its overall reimbursements in its revised exhibits to the Complaint in order to show the discrepancy between WACs and AMPs. Any amendment shall state with particularity the methods by which the

data in the exhibits were derived.

(4) The remainder of the arguments were either addressed in the decision issued on February 4, 2005 or without merit.

(5) The Commonwealth shall file any amended complaint and/or amended exhibits to the Complaint in thirty (30) days or the Complaint will be dismissed. Any additional motions to dismiss shall be filed within two weeks of the filing of an amended complaint, and will be limited to three pages apiece addressing only issues raised by any amendments in response to this Order. The government's opposition will be limited to three pages per Defendant. No reply or sur-reply shall be filed.

S/PATTI B. SARIS
United States District Judge