IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,

Plaintiff,

v.

CV – 05-219

ABBOTT LABORATORIES, et al.,

Defendants.

**DEFENDANTS' JOINT MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

## INTRODUCTION

The Court has before it Motions to Dismiss filed by seventy-nine defendant manufacturers of brand-name pharmaceuticals, generic pharmaceuticals, biological agents and solutions. All of these diverse companies have been sued by the State of Alabama in a single civil action.

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 JUN 28 PM 3:59

### A. The Complaint

The Amended Complaint, in the most general terms, asserts that the "defendants" have, at least for some undisclosed period of time going back more than ten years, sold a variety of named and unnamed brand-name drugs, or generics or biologicals, directly or indirectly, to health care providers – such as pharmacies, hospitals and physicians – who have in turn received reimbursement from the Alabama Medicaid system when those providers sold or administered drugs to Medicaid patients. In the same general way, the Amended Complaint alleges that the reimbursements by the State to the pharmacies and physicians for drugs dispensed to Medicaid recipients were determined by various formulas based on several benchmark prices (described as

"average wholesale price" ("AWP"), "wholesale acquisition cost" ("WAC") and "Direct Price" ("DIR")). Yet the State does not allege *how* these benchmarks affected its calculation of reimbursements; further, the State does not allege (and could not correctly allege) that *any* defendant, much less every defendant, was paid anything at all by the State under the Medicaid Program.

Again, in the most general sense, the Amended Complaint appears to allege that the actual costs of drugs to the pharmacies and physicians were less than one or the other of the benchmarks, and that the Medicaid reimbursements to them were thus "too high." The Amended Complaint is based on various versions of Alabama's fraud causes of action, but nowhere pleads any particulars of the alleged fraud or frauds. Instead, the State has improperly chosen to "group" plead with respect to all 79 defendants and to make no attempt to differentiate among the defendants as to their products, their pricing, their distribution systems, their reporting or their dealings, at any time, with the State of Alabama. Moreover, the State fails to allege which of the several Medicaid reimbursement formulas it uses were used to reimburse any particular product at any particular time. Thus, each defendant is left to guess as to how each element of the fraud claims the State purports to assert might apply to its product(s) and its independent conduct.

The Amended Complaint contains four counts: Count I – Fraudulent Misrepresentation; Count II – Fraudulent Suppression (the reverse claim of Count I); Count III – Wantonness in combination with the Count I fraudulent misrepresentation; and Count IV – Unjust Enrichment, seeking a different remedy for the frauds supposedly set out in Counts I and II[1]. All of these are subject to dismissal under Rules 9(b) and 12(b)(6), Ala.R.Civ.P. At a

---

[1] Under Alabama law, "unjust enrichment" is merely a derivative version of a fraud claim, *Dickinson v. Cosmos Broadcasting Co.*, 782 So.2d 260, 266 (Ala. 2000), and exists to seek the remedy of

minimum, the frauds must be re-pled so as to set out a more definite statement of the required elements. Ala.R.Civ. P. Rule 12(e).

The Motions before the Court also raise the application of the statute of limitations apparent from the face of the Amended Complaint and, finally, the failure of the State to join as indispensable parties the actual recipients of the Medicaid reimbursements; *i.e.*, the providers, including pharmacies and physicians, whose reimbursements are at issue here.

**B. The Medicaid System**

Medicaid is a joint state and federal program under which the State operates a system of payment for medical services to low income people (Am. Compl. ¶ 106). Under the system, the State reimburses the actual providers (*i.e.*, pharmacies, hospitals or doctors) of drugs to Medicaid patients at a rate higher than the cost at which the providers buy the drugs from wholesalers (none of which is named as a defendant), who, in turn, buy them from manufacturers. (Am. Compl. ¶ 107). The reimbursement has to be high enough to induce a pharmacy to fill prescriptions for Medicaid recipients, *see* 42 U.S.C. § 1396a(a)(30)(A), but not so high as to make the whole program unaffordable for the State. It is critical to note, however, that the program does not provide for payment of any kind by the State to the manufacturers, who are the only defendants here, and the Amended Complaint, although very difficult to follow, does not allege that the named defendants have received any "overpayment" above some "true

---

disgorgement when a "defendant *holds* money which, in equity and good conscience, belongs to plaintiff or *holds* money which was improperly *paid to* defendant because of mistake or fraud," *id.*, quoting *Hancock-Hazlett General Construction Co. v. Trane Co.*, 499 So.2d 1385 (Ala. 1986). The concept does not arise or occur absent mistake of fact, fraud or abuse of a confidential relationship. *See Jordan v. Mitchell*, 705 So.2d 453 (Ala. 1997). Since the State did not pay - and does not claim to have paid - the defendants any Medicaid reimbursement, and the defendants do not hold any money which is claimed to belong to the State (the money is held by pharmacies, hospitals and physicians), there is no basis for Count IV, and its analysis is, in any event, the same as that for the frauds alleged in Counts I and II.

price."[2] The Amended Complaint provides no particulars whatsoever - by reference either to a statute, regulation, or industry understanding and usage - to support its claims that AWP, WAC and/or DIR are understood by anyone to represent the actual acquisition cost or "true price" of a drug.

Each Count of the Amended Complaint incorporates and is based on the State's core allegation that all Defendants fraudulently reported "false and inflated" AWPs, WACs and DIRs, and concealed the "true price" of their drugs. No further information is provided as to the alleged actions of any of the seventy-nine individual, independent manufacturers, despite the fact that each of the defendants differs from the others in what products it makes, how it prices these products, what prices it reports, how long its drugs have been part of the Medicaid system, and through what channels of trade it sells (that is, does it sell only to wholesalers, or direct to doctors, etc.). Plaintiff has essentially alleged a "one size fits all" fraud that in fact fits no one.

The pending Motions arise under Rules 9(b), 12(b), 12(e) and 19(a) of the Alabama Rules of Civil Procedure.

## ARGUMENT

### I. THE COMPLAINT FAILS TO COMPLY WITH THE PLEADING REQUIREMENTS OF RULES 9(b) AND 12(e).

Plaintiff's failure to comply with the requirements of Alabama Civil Rule 9(b) highlights the need for dismissal or, at a minimum, a more definite statement specifying the conduct of each individual defendant that allegedly amounts to fraud by that defendant. Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Ala.R.Civ.P. 9(b). That rule "serves an important

---

[2] In fact, under the Medicaid program, the manufacturers pay rebates to the State on every product used by a Medicaid recipient, thus lowering the net cost to the state of reimbursing those purchases. *See* 42 U.S.C. § 1396r-8 As a result, not only does the State pay nothing to the defendants, the money flows the other way, from the defendants to the State.

purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (internal citations omitted) (decided under identical federal rule); *cf. Caron v. Teagle*, 345 So.2d 1331, 1333 (Ala. 1977). To satisfy Rule 9(b), Plaintiff must allege "[i] the place, the time, the contents of the misrepresentations, [ii] the facts misrepresented, and [iii] an identification of what has been obtained." *Anderson v. Clark*, 775 So.2d 749, 752 n.5 (Ala. 1999) (citations omitted) (emphasis added).

Rule 12(e) authorizes the Court to require a more definite statement whenever a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Ala.R.Civ.P. 12(e). Where, as is the case here, the complaint is so vague and ambiguous that none of the defendants has been given adequate notice of the claims against it and none can formulate a proper responsive pleading, courts require the plaintiff to provide a more definite statement of its claims. *See Selma Foundry & Supply Co. v. Peoples Bank & Trust Co.*, 598 So.2d 844, 849 (Ala. 1992) (requiring plaintiffs to make a more definite statement under Rule 12(e)); *Savage v. Swift*, 596 So.2d 937, 938 (Ala.Civ.App. 1992) (affirming dismissal of complaint where defendant could not reasonably frame a responsive pleading and plaintiff failed to comply with the court's order for more definite statement); *see also Anderson-Free v. Steptoe*, 970 F.Supp. 945, 956 (M.D.Ala. 1997) (requiring a more definite statement to provide defendants with suitable notice as to plaintiff's theories underlying her claim); *Anguilar v. New York Convention Ctr. Operating Corp.*, 174 F.Supp.2d 49, 56 (S.D.N.Y. 2001) (granting motion for more definite statement under identical federal Rule 12(e)[3] when lack of specificity as to

---

[3] When the Alabama Civil Rule is identical to (and derived from) the federal rule, federal case authority is proper for the Court to consider. *City of Birmingham v. City of Fairchild*, 396 So.2d 692, 696 (Ala.

alleged harm renders it "impossible for defendants even to formulate an answer"). Indeed, when faced with such a jumbled pleading, "the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." *Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 366 (11th Cir. 1996) (decided under identical federal rule) (emphasis added).

Here, to the extent that plaintiff's theory can be understood, it appears to be a claim that each of the seventy-nine defendants individually, and independently, committed a fraud on the plaintiff. As noted above, the seventy-nine companies sued here vary considerably in the types of products they sell, the pricing and marketing policies they have adopted and the entities to which they sell them. In such a case, it is particularly necessary for plaintiff to specify how, and when, each defendant did so. A plaintiff may not rely on general allegations that "defendants" did something. Yet, such general allegations are all that the plaintiff offers here.

**A. The Amended Complaint Fails to Identify the Nature of the Alleged Fraud.**

The State fails to allege that any Defendant made *any* representations regarding AWP, WAC, or DIR, or their relationship to pharmacies' and physicians' actual acquisition cost for drugs. The State vaguely asserts that AWP, WAC, and DIR are "commonly understood as the average price[s] charged . . . for prescription drugs." However, the State does not claim that any such representation was made to the State by - or on behalf of - any of the seventy-nine manufacturers named in this action, nor does it identify what "average price" means, the customers who supposedly paid the "average price[s] charged," who had the alleged understanding as to the meaning of the pricing benchmarks or where that understanding came from.

---

1981): "Since the Alabama Rules of Civil Procedure are modeled on the Federal Rules of Civil Procedure, federal decisions are highly persuasive" when the Alabama courts are called on to construe the Alabama Rules; *see also Wilson v. First Union Nat'l Bank*, 715 So.2d 722 (Ala.Civ.App. 1998).

The vagueness of the Amended Complaint leaves the State's core fraud averment - that Defendants' AWPs, WACs, and DIRs are somehow "false and inflated" (*Id.* ¶¶ 111, 113, 119) - undefined and confused. The State does not point to any substantive statutory or regulatory definition, or any definition provided by any Defendant, for any of these key terms. Nor does it provide any particulars about how or to what extent any of these benchmarks have been "inflated," how plaintiff determined that they were inflated or, for that matter, what makes a particular AWP "fraudulent." In fact the State nowhere alleges which drugs were priced by which benchmark or how any benchmark was inflated, or at what point in the chain of sale the inflation occurred.[4]

Several other courts have been confronted with this same sort of broad-brush pleading of similar claims, and have found it to be insufficient. *See, e.g., Ohio v. Dey, Inc.*, Civ. No. A0402047, Decision at 8 (Ohio Ct. Comm. Pleas, June 13, 2005) (holding complaint failed to satisfy fraud pleading requirements, reasoning that the State did "not specify whether it paid for any Defendant's drugs based on the AWP or WAC for those drugs, as opposed to other amounts, such as FUL [federal upper limit], the MAC, or the providers' usual and customary charges, that are unrelated to any Defendant AWP or WAC.") [copy attached at Ex. B1]; *Commonwealth of Massachusetts v. Mylan Laboratories*, Civ. A. No. 03-11865-PBS, (D. Mass. Apr. 5, 2005) (finding complaint insufficient and ordering plaintiff "to state, drug-by-drug, the allegedly false representations.") [copy attached at Ex. B2]; *In re Pharm. Indus. Average Wholesale Price Litig.*, MDL No. 1456, Memorandum and Order at 1 (D. Mass., Apr. 8, 2005) (holding that the plaintiff must "provide its basis for calculating a spread between the published

---

4 The Amended Complaint conspicuously fails to mention that Alabama's Medicaid reimbursement scheme requires the State to make payments based on the lowest of several different amounts, including measures that are not based on AWP, WAC or DIR. *See* Ala. Admin Code 560-x-16.06(2), (3).

AWP and the actual average price at which the drug is sold by wholesalers.") [copy attached at Ex. B3]; *Commonwealth v. TAP Pharm. Prods., Inc.*, 868 A.2d 624, 636 (Pa. Commw. Ct. 2005) (finding insufficient "broad language suggesting that all Defendants manipulated the AWP or provided free samples with regard to drugs they manufacture or distribute is not enough."). In sum, there is simply no way one can tell from the Amended Complaint – at even the most basic fundamental level – what each defendant allegedly did wrong with respect to the pricing of its products.

**B. The State Indiscriminately Lumps All Defendants Together Into A Generic Allegation Of Fraud Instead Of Identifying *Each* Individual Defendant's Alleged Independent Fraudulent Conduct, as is Required by the Civil Rules.**

The Amended Complaint generally alleges that Defendants separately committed completely independent acts of fraud but fails to identify any individual Defendant's fraudulent conduct. Thus, the Amended Complaint alleges that:

- "Defendants knowingly, willfully, wantonly, and/or intentionally provided or caused to be provided false and inflated AWP, WAC, and/or Direct Price information for their drugs . . .." (Am. Compl. ¶ 111);
- "Defendants knowingly, willfully, wantonly, and/or intentionally concealed the true AWP, WAC, and/or Direct Price information for their respective drugs from Alabama Medicaid." (*Id.* ¶ 114); and
- "Defendants used undisclosed discounts, rebates and other inducements which had the effect of lowering the actual wholesale or sales prices charged to their customers as compared to the reported prices." (*Id.* ¶ 115).

There are no specific allegations of what any defendant actually did, or when or how, nor are there specific allegations as to how or to what degree any identified false representation resulted in injury to the State. The State ignores the fact that many Defendants (i) are in different businesses (branded drugs, generic drugs, biologicals, solutions); (ii) employ different pricing and price reporting practices; and (iii) have each acted differently in dealing

with the State, pharmacists, and physicians, and over different periods of time. As a result, no Defendant can tell what it is alleged to have done, or when, or how. For example, companies that do not issue lists of AWPs or WACs have no way of knowing how they allegedly "provided or caused to be provided false and inflated" AWP or WAC information to anyone, let alone to Plaintiff. (Am. Compl. ¶ 111.) No defendant can tell what part of the alleged time is supposed to apply to it.

This is precisely the type of generic pleading that Rule 9(b) is intended to preclude. In cases involving multiple defendants, Rule 9(b) requires the plaintiff to "'inform each defendant of the nature of his alleged participation in the fraud.'" *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (requiring "specific allegations with respect to the separate Defendants" under identical federal Rule 9(b)) (citation omitted); *United States ex rel. Atkins v. McInteer*, 345 F. Supp. 2d 1302, 1303-04 & 1305 (N.D. Ala. 2004) ("The repetition . . . of largely conclusory allegations aimed at [multiple] distinct and geographically separated defendants . . . cannot substitute for the precision necessary to provide each defendant with allegations of fact that he must either confess or deny, because to confess them would be to concede liability."); *In re Envoy Cor. Sec. Litig.*, 133 F.Supp.2d 647, 659 (M.D.Tenn. 2001) (observing that under Rule 9(b), "where the fraud claims involve multiple defendants, the alleged fraudulent conduct of each defendant must be set forth separately") (emphasis added). Thus, plaintiff "may not rely upon blanket references to acts or omissions by all of the defendants, for each defendant named in the complaint is entitled to be apprised of the circumstances surrounding the fraudulent conduct with which he individually stands charged." *Benoay v. Decker*, 517 F.Supp. 490, 493 (E.D.Mich. 1981) (internal quotation marks omitted), *aff'd*, 735 F.2d 1363 (6th Cir. 1984); *see also Lubin v. Sybedon Corp.*, 688 F.Supp. 1425, 1442

(S.D.Cal. 1988) ("In large and complicated . . . fraud actions . . . courts must be especially attentive to a plaintiff's 'dragnet' tactic of indiscriminately grouping all of the individual defendants into one wrongdoing monolith."). Accordingly, the Court is "obliged to go through the complaint allegation by allegation in order to determine if claims are specifically alleged against each named defendant." *Weber v. Contempo Colours, Inc.*, 105 F.Supp.2d 769, 772 (W.D.Mich. 2000).

Settled Alabama and federal law under Rule 9(b) thus requires plaintiff to specifically allege what each company did to defraud it. Its failure to do so here as to any defendant argues strongly for dismissal under Rule 9(b).

**C. The State Does Not Identify Which Specific Drugs Are At Issue Or Explain Why It Has Named Certain Drugs But Not Others.**

Central to the State's obligation to plead fraud with particularity is to identify each drug as to which it claims it was defrauded and to explain <u>how</u> it was defrauded. While the State names a few drugs made by each Defendant, it fails to explain why those particular drugs were included or in what way it was allegedly defrauded with respect to them. Plaintiff makes the problem worse when it also alleges that it "intends for this complaint to cover <u>all</u> [Defendants'] drugs . . . which are subject to the fraudulent pricing scheme herein." (Am. Compl. ¶ 102) (emphasis added). The allegation provides no useful information about the alleged fraud's application or scope. To the contrary, this allegation exposes the arbitrariness of its undisclosed methodology for selecting those few drugs that it named. Indeed, this type of open-ended pleading does not allow any Defendant - individually or collectively - to determine what specific drugs are at issue in the litigation. It is, essentially, an attempt to justify wholesale investigative discovery, not a fraud claim.

* * *

The State has thus failed to provide the particularity required by Rule 9(b) with respect to any of the essential elements of its fraud claims. Indeed, it does not even pretend to; instead, it attempts to excuse its failure by alleging that "Defendants are and have been on notice of the claims asserted herein as a result of the many investigations and actions undertaken around the country on this same subject." (Am. Compl. 133.) Such a blanket reference to *other* investigations and lawsuits cannot satisfy Rule 9(b). *Cooper v. Blue Cross & Blue Shield of Fla.*, 19 F.3d 562, 566-7 (11th Cir. 1994) (Rule 9(b) insures that companies are not sued solely based on rumors of widespread fraud in their industry). Rule 9(b) does not permit one to plead fraud by assumption and any *other* matters pending in *other* jurisdictions are not relevant or informative here. They were brought by or on behalf of *other* parties; they involve only some of the defendants in this case and different sets of drugs; and, perhaps most importantly, they involve *different drug reimbursement structures*. Rule 9(b) does not permit a plaintiff to maintain a case by claiming only that it was defrauded and the defendant knows how. If plaintiff here believes that it has a claim of fraud against any defendant in this case, Rule 9(b) requires plaintiff to plead it with particularity. It has failed to do so.

## II. THE AMENDED COMPLAINT IS ON ITS FACE BARRED BY THE STATUTE OF LIMITATIONS

Related to the deficiencies in the Amended Complaint is the issue of the statute of limitations raised in the pending motions. The Amended Complaint alleges that "the defendants," all seventy-nine of them, collectively and without distinction, have done whatever it is they are supposed to have done for "over ten years" (Am. Compl. ¶ 132). Thus, on the face of the Amended Complaint, the Alabama statute of limitations of two years on fraud and wantonness claims of whatever kind they may be -- if the pleadings set out a fraud -- has expired.

Code of Alabama 1975, § 6-2-38(l). When the bar of the statute of limitations is apparent from the face of the Amended Complaint, no other facts need to be developed.

The potential exception to this is that if the plaintiff pleads the savings provisions of § 6-2-3, which allows a plaintiff to plead (with the particularity required by Rule 9) that it did not discover the fraud until within two years of the suit, and was unable, through the exercise of ordinary diligence, to discover the fraud within the statute. Such pleading must set out, with particularity, the facts and circumstances by which the cause of action was concealed. The Alabama Supreme Court, has held:

> When, as in this case, the plaintiff's complaint on its face is barred by the statute of limitations, the complainant must also show that he or she falls within the savings clause of § 6-2-3 . . .. Rule 9 of the Alabama Rules of Civil Procedure requires that fraud be alleged 'with particularity.'

*Smith v. National Security Ins. Co.*, 860 So.2d 343, 346 (Ala. 2003), *quoting Miller v. Mobile County Bd. of Health*, 409 So.2d 420 (Ala. 1981).

The particularity, as is true of the basic pleading, "must show time, place and the contents or substance" of the alleged concealment. This requirement extends to pleading what prevented plaintiff from discovering facts surrounding the fraud. *Id.* at 347; *Johnson v. Shenandoah Life Ins. Co.*, 281 So.2d 636, 642 (Ala. 1973); *Boros v. Palmer*, 472 So.2d 1020, 1023-24 (Ala. 1985). A general reference to the fraud being of a continuing nature "is wholly lacking in specificity and equally deficient as a means of saving the action from the bar of the statute of limitations appearing on the face of the complaint." *Smith*, 860 So.2d at 347. Yet, there are no allegations in the State's Amended Complaint which even make an effort to plead the provisions of Section 6-2-3. Given that circumstance, the application of the statute of limitations to all claims accruing prior to January 26, 2003 is mandatory. Moreover, given that

the State has carried out its Medicaid reimbursement program, with full knowledge of how it has determined its own levels of reimbursement, for more than a decade, it cannot now claim to have been defrauded in the past two years without offering a single allegation of fact showing that it only recently discovered the alleged "fraud."

## III. THE AMENDED COMPLAINT FAILS TO JOIN INDISPENSABLE PARTIES

Plaintiff appears to be seeking to recover from the defendants for "overpayments" it allegedly made to pharmacists, physicians and, perhaps, others, and to lower the reimbursements it pays to such providers in the future, yet it has sued none of them. Because (i) these providers have a legally protected interest in their reimbursements under the State's approved Medicaid Plan and would, as a practical matter, be impeded in protecting that interest if the State prevailed here, and because (ii) an outcome favorable to the State (and thus unfavorable to the providers) would be subject to relitigation by the providers, risking inconsistent outcomes and a further waste of judicial resources, the State cannot properly maintain this suit without joining each of these providers under Rule 19(a).[5] *See generally Liberty Nat'l Life Ins. Co.* v. *University of Ala. Health Svcs. Found.*, 881 So. 2d 1013 (Ala. 2003, *as amended* May 26, 2004).

According to the Amended Complaint, "Alabama Medicaid reimburses medical providers, including physicians and pharmacists, for drugs prescribed for, and dispensed to, Alabama Medicaid recipients pursuant to statutory and administrative formulas" that are "based

---

[5] Alabama Rule of Civil Procedure 19(a) requires that:

> [a] person who is subject to the jurisdiction of the court *shall be joined as a party in the action* if ... (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. *If the person has not been so joined, the court shall order that the person be made a party.* (Emphasis added).

on information supplied by Defendants to industry reporting services . . . includ[ing] the following price indices: (i) Average Wholesale Price ('AWP')..., (ii) Wholesale Acquisition Cost ('WAC') ..., and (iii) on occasion (but prior to 2003), Direct Price..." (Am. Compl. ¶¶ 107, 108) (emphasis added). Alabama alleges that Defendants provided erroneous "inflated" figures, and that the State, reimbursing on the basis of this information, paid *providers* "grossly excessive amounts for Defendants' prescription drugs." (*E.g.*, *id.* at ¶¶ 111, 113, 136.) Alabama asks this Court to enjoin Defendants from their alleged inflation of these benchmarks, (*see id.* at 43), and thereby to *lower* the amounts Alabama pays its Medicaid providers.[6] Yet, as noted above, it has failed to include any of those providers in this suit, essentially asking this Court to decide how much they will be paid to provide drugs to Medicaid patients without their participation. Under Rule 19(a), that is not permitted.

The situation presented in this case is nearly identical to one recently addressed by the Alabama Supreme Court in *Liberty National*, cited above. Liberty, a supplemental insurance company, sued UAB Health Services Foundation and related defendants, complaining that UAB was reporting charges to cancer patients (Liberty's policyholders) that exceeded what UAB would actually accept as payment in full from certain payors. *See* 881 So. 2d at 1016-17. According to Liberty, these policyholders would, in turn, report the higher charges to Liberty, causing the insurer to pay the policyholders more than the "actual charges" or "expenses incurred," as those terms were used in the underlying policies. *See id.* The Supreme Court determined that Liberty's affected policyholders were all indispensable parties under Rule 19, for two reasons. First, they each had, by virtue of their contracts, a legally protected interest (not merely a "secondary financial interest") in the manner in which the insurer paid their benefits,

---

[6] Notably, the State does not (because it cannot) seek to lower the actual acquisition cost of the drugs to the providers (e.g., the price paid for the drug by pharmacists to wholesalers).

which could be adversely impacted by the outcome of the insurer's suit against UAB. *Id.* at 1023. Second, in the event of an outcome favorable to the insurer (and thus unfavorable to the policyholders), the result could be subject to relitigation by policyholders, risking inconsistent outcomes. *Id.*[7]

Here, like the insurer in *Liberty*, the State asserts that the Defendants (like UAB in *Liberty*) are reporting erroneously inflated prices charged to a group of non-parties (the providers here, like the *Liberty* policyholders), and that plaintiff is using those reports to make overpayments in reimbursing the non-parties on terms plaintiff has established with the non-parties. Here, as in *Liberty*, plaintiff's suit aims to lower its payments to those non-parties, and here, like the *Liberty* policyholders, the Alabama providers are indispensable parties under Rule 19.

Because all providers who receive reimbursement from Alabama Medicaid for Defendants' drugs are indispensable parties to this action, Rule 19(a) requires this Court to order the State to join them if this action is to proceed.[8]

## CONCLUSION

---

[7] Indeed, if the State were ultimately to prevail in this litigation and redefine the terms of its reimbursement formulas, it would likely find itself in litigation with providers. As non-parties, these providers would not be bound by a ruling in this case, *e.g.*, *Stewart* v. *Brinley*, No. 1020925, 2004 Ala. LEXIS 205, at *16-17 (Aug. 20, 2004) [copy attached at Ex. B4], and they might well choose to challenge the State's alteration of its Medicaid pharmaceutical reimbursement scheme. This specter of continuing litigation – wasting judicial resources and generating potentially contradictory rulings – is one of the harms Rule 19 was designed to prevent. *See Liberty Nat'l*, 881 So. 2d at 1021-1023.

[8] Providers claiming reimbursement for Defendants' drugs do so by contract with Alabama Medicaid, *see* Ala. Admin. Code 560-x-1-.13(b) ("Each claim filed constitutes a contract with Medicaid, embodying by reference all applicable provisions of the State Plan, this Code, and federal and state regulations"), and are thus subject to this Court's jurisdiction. *See* Ala. R. Civ. P. 4.2. It is therefore "feasible" to join them under Rule 19. *See Liberty Nat'l*, 881 So. 2d at 1024 ("In order to make a determination as to the feasibility of joinder under Rule 19, Ala. R. Civ. P., a court must consider whether the absentee party is subject to service of process, whether the absentee party's joinder will deprive the trial court of subject-matter jurisdiction, or whether the absentee party makes a valid objection to the court's venue after joinder"). For that matter, even if plaintiff were to demonstrate that some provider could not be joined, "the court must then determine, by analyzing the factors described in Rule 19(b) whether to proceed without him or dismiss the action." *See Liberty National*, 881 So. 2d at 1022 (quoting *Britnell v. Alabama State Bd. of Educ.*, 374 So. 2d 282, 285 (Ala. 1979)).

The Court can – and should – dismiss the Amended Complaint because it fails to state a claim with the required particularity and is barred by the statute of limitations. The Rule 9(b), 12(b) and 12(e) motions require, as a minimum alternative, that the State re-plead in a more definite statement as to each defendant the essential elements of the time, place, means and content of the alleged fraud, together with the proximate connection of those particulars to the injury alleged. Because the Amended Complaint also fails to join indispensable parties, Rule 19(a) requires that they be joined or, if they cannot be, that the case be dismissed.

Dated: Montgomery, Alabama
June 28, 2005

Respectfully submitted,

[signature]

Richard H. Gill (GIL007)
COPELAND, FRANCO, SCREWS & GILL, P.A.
P. O. Box 347
Montgomery, AL 6101-0347
Telephone: (334) 834-1180
Facsimile: (334) 834-3172

Attorneys for Defendant
Aventis Pharmaceuticals, Inc.

Of counsel:

Carlos Provencio
SHOOK HARDY & BACON L.L.P.
Hamilton Square
600 14th Street, N.W.
Suite 800
Washington, D.C. 20005-2004
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

Michael Koon
Joseph Matye
Nicola Heskett
SHOOK HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

[signature]

Richard H. Gill (GIL007)
COPELAND, FRANCO, SCREWS & GILL, P.A.
P. O. Box 347
Montgomery, AL 6101-0347
Telephone: (334) 834-1180
Facsimile: (334) 834-3172

Attorneys for Defendant
Sanofi-Synthelabo, Inc.

Of counsel:

Kevin R. Sullivan
Grace M. Rodriguez
John D. Shakow
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, D.C. 20006-4706
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

Of counsel:

Steven M. Umin
James V. Hayes
WILLIAMS & CONNOLLY, LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Lee H. Copeland (COP004)
COPELAND, FRANCO, SCREWS & GILL, P.A.
P. O. Box 347
Montgomery, AL 36101-0347
Telephone: (334) 834-1180
Facsimile: (334) 834-3172

Attorneys for Defendant
MedImmune, Inc.

Of counsel:

Jane W. Parver
Saul P. Morgenstern
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022-3598
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

William D. Coleman (COL030)
James N. Walter, Jr. (WAL021)
CAPELL & HOWARD, P.C.
P. O. Box 206
Montgomery, AL 36102-2069
Telephone: (334) 241-8000
Facsimile: (334) 323-8888

Attorneys for Defendant
Novartis Pharmaceuticals Corporation

And on behalf of all other Defendants, see Exhibit A attached hereto.

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing *Defendants' Joint Memorandum of Law in Support of Their Motion to Dismiss* (the "Memorandum") upon Plaintiff's counsel by placing a copy in the United States Mail, postage prepaid, and properly addressed to them on this the 28th day of June, 2005. I further certify that, in accordance with an agreement among defense counsel, I have served a copy of the Motion by electronic mail upon counsel for each of the remaining parties listed below on the same date.

Of Counsel

**Abbott Laboratories, Inc.**
Toni Ann Citera
Jones Day
222 East 41st Street
New York, New York 10017-6702

James R. Daly
J. Ryan Mitchell
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601

Betsy Collins
Leah Poynter
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

**Alcon Laboratories, Inc.**
Edward S. Sledge, III
Archibald Reeves, IV
McDowell Knight Roedder & Sledge, L.L.C.
63 South Royal Street
Suite 900
Mobile, Alabama 36602

**Allergan, Inc.**
Richard Raskin
Michael Doss
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

F.M. Haston, III
Bradley Arant LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Alpharma, Inc.**
**PurePac Pharmaceutical Co.**
John R. Fleder
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, D.C. 20005

Steven F. Casey
Balch & Bingham LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

**Amgen Inc.**
Joseph H. Young
Steven F. Barley
Hogan & Hartson, LLP
111 S. Calvert Street, Suite 1600
Baltimore, Maryland 21202

Anthony A. Joseph
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

**Andrx Corporation**
**Andrx Pharmaceuticals, Inc.**
Robert J. Muldoon, Jr.
James W. Matthews
Katy E. Koski
Sherin Lodgen LLP
101 Federal Street
Boston, MA 02110

James H. Anderson
Beers, Anderson, Jackson, Patty
& Van Heest, P.C.
P.O. Box 1988
Montgomery, AL 36102

**AstraZeneca Pharmaceuticals LP**
**AstraZeneca LP**
D. Scott Wise
Michael Flynn
Kim Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

Tom Christian
Sharon Stuart
Christian & Small
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203

**Aventis Pharmaceuticals Inc.**
Carlos Provencio
Shook Hardy & Bacon L.L.P.
Hamilton Square
600 14th Street, N.W.
Suite 800
Washington, D.C. 20005-2004

Michael Koon
Joseph Matye
Nicola Heskett
Shook Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108

Richard H. Gill
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
Post Office Box 347
Montgomery, Alabama 36101-0347

**Aventis Behring, LLC**
**ZLB Behring, LLC**
William D. Nussbaum
Jonathan T. Rees
Gregory Petouvis
Hogan & Hartson, LLP
555 Thirteenth Street, NW
Washington, DC 20004

Richard H. Gill
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
Post Office Box 347
Montgomery, Alabama 36101-0347

**Barr Laboratories, Inc.**
Karen Walker
Pamela Auerbach
Sean Trende
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005

Bruce F. Rogers
Bainbridge, Mims, Rogers & Smith LLP
600 Luckie Drive
Post Office Box 530886
Birmingham, Alabama 35253

**Baxter International**
**Baxter Healthcare Corporation**
Merle DeLancey
Tina Reynolds
Jason D. Wallach
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC 20037-1526

Rushton McClees
Sirote & Permutt, P.C.
2311 Highland Avenue
Birmingham, Alabama 35205

**Bayer Corporation**
**Bayer Pharmaceuticals Corporation**
**Bayer Healthcare, LLC**
Richard Raskin
Michael Doss
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

F.M. Haston, III
Bradley Arant LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Biovail Pharmaceuticals, Inc.**
F.M. Haston, III
Bradley Arant LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Boehringer Ingelheim Corporation**
**Boehringer Ingelheim Pharmaceuticals**
**Roxane Labs, Inc.**
Paul Coval
Douglas L. Rogers
Darrell A. H. Miller
Vorys Sater Seymour & Pease LLP
52 East Gay Street
Post Office Box 1008
Columbus, Ohio 43216-1008

Sandy Robinson
Cabaniss, Johnston, Gardner, Dumas & O'Neal
Post Office Box 2906
Mobile, Alabama 36652

**Bristol-Myers Squibb Co.**
Lyndon M. Tretter
Steven M. Edwards
James Zucker

Hogan & Hartson L.L.P.
875 Third Avenue
New York, New York 10022

Harlan I. Prater, IV
Lightfoot, Franklin & White, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200

**Dey, L.P.**
Paul F. Doyle
Christopher C. Palermo
Neil Merkl
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

Joseph W. Letzer
Gary M. London
Burr & Forman LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203

**Eisai, Inc.**
Brien T. O'Connor
E. Abim Thomas
Ropes & Gray LLP
One International Place
Boston, MA 02110

Julia Boaz Cooper
BRADLEY, ARANT, ROSE & WHITE, LLP
1819 5th Avenue North
Birmingham, Alabama 35203-2104

**Eli Lilly and Company**
William Davis
Mitz, Levin, Cohen, Ferris
Glovsky & Popeo
701 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004

Tabor R. Novak, Jr.
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

**Endo Pharmaceuticals, Inc.**
Jonathan Stern
Nathan Cortez
David Fauvre
Arnold & Porter
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Lawrence Clark
Robert Eckinger
Michael Wade
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

**ETHEX Corporation**
Robert S. Litt
Justin Antonipillai
Michael Rinaldi
Arnold & Porter
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Lawrence Clark
Robert Eckinger
Michael Wade
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

**Forest Laboratories, Inc.**
**Forest Pharmaceuticals, Inc.**
Peter Venaglia
Brian Rafferty
Dornbush Schaeffer, Strongin
& Weinstein, LLP
747 Third Avenue
New York, New York 10017

William Hardie
Johnstone Adams
Post Office Box 1988
Mobile, Alabama 36633-1988

**Fujisawa Healthcare, Inc.**
**Fujisawa USA, Inc.**
Kathleen McGuan
Andrew Hurst
Reed Smith LLP
1301 K Street, N.W.
Suite 1100, East Tower
Washington, DC 20005

Richard L. Sharff, Jr.
Bradley, Arant, Rose & White
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

**Genzyme Corporation**
Brien T. O'Connor
Eric Christofferson
Ropes & Gray LLP
One International Place
Boston, MA 02110

Julia Boaz Cooper
BRADLEY, ARANT, ROSE & WHITE, LLP
1819 5th Avenue North
Birmingham, Alabama 35203-2104

**Gilead Sciences, Inc.**
Robert S. Litt
Jessica Medina
Rebecca Dubin
Arnold & Porter LLP
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Lawrence Clark
Robert Eckinger
Michael Wade
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

**Hoffmann-La Roche Inc.**
Kevin Sullivan
Grace Rodriguez
John Shakow
King & Spalding LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006-4706

Edward S. Sledge, III
Archibald T. Reeves, IV
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama 36601

**Immunex Corporation**
David J. Burman
Kathleen M. O'Sullivan
Zoe Philippides
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099

W. Stancil Starnes
Starnes & Atchison LLP
7th Floor
100 Brookwood Place
Post Office Box 598512
Birmingham, AL 35259-8512

**IVAX Corporation**
**IVAX Pharmaceuticals, Inc.**
Bruce Wessel
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, California 90067-4276

George W. Walker, III
Copeland, Franco, Screws & Gill, P.A.
Montgomery, AL 36101-0347

**Johnson & Johnson**
**ALZA Corporation**
**Janssen Pharmaceutica Products, L.P.**
**McNeil-PPC, Inc.**
**Ortho Biotech Products, L.P.**
**Ortho-McNeil Pharmaceutical, Inc.**
William F. Cavanaugh
Andrew D. Schau
Erik Haas
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710

Robert F. Northcutt
James H. McLemore
Capell & Howard, P.C.
150 South Perry Street [36104]
Post Office Box 2069
Montgomery, Alabama 36102-2069
Telephone: (334) 241-8000
Telecopier: (334) 323-8888

**K-V Pharmaceutical Company**
Robert S. Litt
Justin Antonipillai
Michael Rinaldi
Arnold & Porter
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Lawrence Clark
Robert Eckinger
Michael Wade
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

**King Pharmaceuticals, Inc.**
**Monarch Pharmaceuticals, Inc.**
Gary Greenberg
Louis J. Scerra, Jr.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

Lisa Borden
Baker Donelson Bearman Caldwell & Berkowitz, P.C.
1600 SouthTrust Tower, 420 20th Street
Birmingham, Alabama 35203

Sam Blair
John Starnes
Baker Donelson Bearman Caldwell & Berkowitz, P.C.
165 Madison Avenue
Suite 2000
Memphis, TN 38103

**MedImmune, Inc.**
Steve Umin
James Hayes
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5901

Lee H. Copeland
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, Alabama 36101-0347

**Merck & Co., Inc.**
John Townsend
Robert Reznick
Robert Funkhouser
Hughes Hubbard & Reed LLP
1775 I Street N.W.
Washington, DC 20006-2401

Robert C. Brock
Robert Huffaker
Rushton, Stakely, Johnson & Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101-0270

**Mylan Laboratories Inc.**
**Mylan Pharmaceuticals Inc.**
**UDL Laboratories, Inc.**
Gary Greenberg
Louis J. Scerra, Jr.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

David Long-Daniels
Greenberg Traurig, LLP
3290 Northside Parkway, Suite 400
Atlanta, Georgia 30327

**Novartis Pharmaceuticals Corporation**
Saul Morgenstern
Jane W. Parver
Mark Godler
Kay Scholer LLP
425 Park Avenue
New York, New York 10022-3598

William D. Coleman
James N. Walter, Jr.
Capell & Howard, P.C.
Post Office Box 2069
Montgomery, Alabama 36102-2069

**Novo Nordisk**
Richard Raskin
Michael Doss
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

F.M. Haston, III
Bradly, Arant LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Organon Pharmaceuticals USA**
William Campos
David Covey
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street
New York, New York 10004

Edward S. Sledge, III
Archibald T. Reeves, IV
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama 36601

**Par Pharmaceutical, Inc.**
Richard Cooper
Paul K. Dueffert
Thomas J. Roberts
Catherine Levy
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005

George W. Walker
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, Alabama 36101-0347

**Pfizer Inc.**
**Agouron Pharmaceuticals, Inc.**
**Pharmacia Corporation**
**Pharmacia & Upjohn Company**
**G.D. Searle, LLC**
Scott Stempel
Morgan Lewis & Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

John C. Dodds
Kimberly K. Heuer
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, Pennsylvania 19103

Philip H. Butler
George R. Parker
Bradley, Arant, Rose & White LLP
Alabama Center for Commerce Bldg.
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104

**Purdue Pharma, L.P.**
Lori A. Schechter
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482

Harlan Prater
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200

**Roche Laboratories, Inc.**
Kevin Sullivan
Grace Rodriguez
John Shakow
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006-4706

Edward S. Sledge, III
Archibald T. Reeves, IV
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama 36601

**Sandoz, Inc.**
Wayne Cross
Michael Gallagher
Brendan Woodard
White & Case
1155 Avenue of the Americas
New York, New York 10036-2787

C. Clay Torbert, III
Capell & Howard, P.C.
150 South Perry Street
Montgomery, Alabama 36104

**Sanofi-Synthelabo Inc.**
Kevin Sullivan
Grace Rodriguez
John Shakow
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006-4706

Richard H. Gill
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, Alabama 36101-0347

**Schering-Plough Corporation**
**Warrick Pharmaceuticals Corporation**
Brien T. O'Connor
John T. Montgomery
Ropes & Gray LLP
One International Place
Boston, MA 02110

J. Steven Baughman
Christopher May
Ropes & Gray LLP
One Metro Center
700 12th Street N.W., Suite 900
Washington, D.C. 20005

John A. Henig, Jr.
Copeland, Franco, Screws & Gill, P.A.
P.O. Box 347
Montgomery, AL 36101-0347

**SmithKline Beecham Corporation**
**d/b/a GlaxoSmithKline**
Joseph P. Babington
HELMSING LEACH HERLONG NEWMAN & ROUSE
150 Government St.
Suite 2000
Mobile, Alabama 36602
Telephone: (251) 432-5521
Facsimile: (251) 432-0633

Mark H. Lynch
Geoffrey E. Hobart
Ronald G. Dove, Jr.
COVINGTON & BURLING
1201 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Frederick G. Herold
DECHERT LLP
1117 California Avenue
Palo Alto, CA 94304
Telephone: (650) 813-4930
Facsimile: (650) 813-4848

Thomas H. Lee II
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793
Telephone: (215) 994-2994
Facsimile: (215) 994-2222

Mark D. Seltzer
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850

Counsel for Defendant SmithKline Beecham Corporation dba GlaxoSmithKline

**Takeda Pharmaceuticals North America, Inc.**
Robert Stauffer
Anthony C. Porcelli
Jenner & Block LLP
1 IBM Plaza
Suite 4200
Chicago, Illinois 60611

Joseph C. Espy, III
Melton, Espy & Williams
Post Office Drawer 5130
Montgomery, Alabama 36103

**TAP Pharmaceutical Products, Inc.**
Toni Ann Citera
Jones Day
222 East 41st Street
New York, New York 10017-6702

James R. Daly
J. Ryan Mitchell
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601

Betsy Collins
Leah Poyntner
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

**TEVA Pharmaceutical Industries LTD.**
Elizabeth I. Hack
Elizabeth Finberg
Sonnenschein Nath & Rosenthal LLP
1301 K Street, NW
Suite 1600 East Tower
Washington, DC 20005

W. Joseph McCorkle, Jr.
Balch & Bingham, LLP
2 Dexter Avenue
Montgomery, AL 36104

F. Inge Johnstone
Balch & Bingham LLP
1710 6th Avenue North
P.O. Box 306
Birmingham, AL 35201-0306

**Watson Pharmaceuticals, Inc.**
**Watson Laboratories, Inc.**
**Watson Pharma, Inc.**
Douglas B. Farquhar
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005

Steven F. Casey
Balch & Bingham LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

**Wyeth Pharmaceuticals, Inc.**
**Wyeth, Inc.**
Craig Holden
Kelly Davidson
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, Maryland 21202-1643

Maibeth J. Porter
Lee E. Bains, Jr.
Maynard, Cooper & Gale, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

Peck Fox
Maynard, Cooper & Gale, P.C.
201 Monroe Street
Suite 1650
Montgomery, Alabama 36104-3720

**State of Alabama**
Troy King, Attorney General
State of Alabama
300 State House
11 South Union Street
Montgomery, Alabama 36130

Roger L. Bates
Hand, Arendall, L.L.C.
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203

Caine O'Rear III
Windy C. Bitzer
Hand Arendall, L.L.C.
Post Office Box 123
Mobile, Alabama 36601

Jere L. Beasley
W. Daniel Miles, III
Clinton C. Carter
Beasley, Allen Crow, Methvin,
Portis & Miles, PC
P. O. Box 4160
Montgomery, Alabama 36103-4160

**Exhibit A**
**List of Additional Defendants**

**Abbott Laboratories, Inc.**
Toni Ann Citera
Jones Day
222 East 41st Street
New York, New York 10017-6702

James R. Daly
J. Ryan Mitchell
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601

Betsy Collins
Leah Poynter
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

**Alcon Laboratories, Inc.**
Edward S. Sledge, III
Archibald Reeves, IV
McDowell Knight Roedder & Sledge, L.L.C.
63 South Royal Street
Suite 900
Mobile, Alabama 36602

**Allergan, Inc.**
Richard Raskin
Michael Doss
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

F.M. Haston, III
Bradley Arant LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Alpharma Inc.**
**Purepac Pharmaceutical Co.**
John R. Fleder
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, D.C. 20005

Steven F. Casey
Balch & Bingham LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

**Amgen Inc.**
Joseph H. Young
Steven F. Barley
Hogan & Hartson, LLP
111 S. Calvert Street, Suite 1600
Baltimore, Maryland 21202

Anthony A. Joseph
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

**Andrx Corporation**
**Andrx Pharmaceuticals, Inc.**
Robert J. Muldoon, Jr.
James W. Matthews
Katy E. Koski
Sherin Lodgen LLP
101 Federal Street
Boston, MA 02110

James H. Anderson
Beers, Anderson, Jackson, Patty
& Van Heest, P.C.
P.O. Box 1988
Montgomery, AL 36102

**AstraZeneca Pharmaceuticals LP**
**AstraZeneca LP**
D. Scott Wise
Michael Flynn
Kim Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

Tom Christian
Sharon Stuart
Christian & Small
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203

**Barr Laboratories, Inc.**
Karen N. Walker
Edwin John U
Barak Cohen
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005

Bruce F. Rogers
Bainbridge, Mims, Rogers & Smith LLP
600 Luckie Drive
Post Office Box 530886
Birmingham, Alabama 35253

**Baxter International**
**Baxter Healthcare Corporation**
Merle DeLancey
Tina Reynolds
Jason D. Wallach
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC 20037-1526

Rushton McClees
Sirote & Permutt, P.C.
2311 Highland Avenue
Birmingham, Alabama 35205

**Bayer Corporation**
**Bayer Pharmaceuticals Corporation**
**Bayer Healthcare, LLC**
Richard Raskin
Michael Doss
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

F.M. Haston, III
Bradley Arant LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Biovail Pharmaceuticals, Inc.**
F.M. Haston, III
Bradley Arant LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Boehringer Ingelheim Corporation**
**Boehringer Ingelheim Pharmaceuticals**
**Roxane Labs, Inc.**
Paul Coval
Douglas L. Rogers
Darrell A. H. Miller
Vorys Sater Seymour & Pease LLP
52 East Gay Street
Post Office Box 1008
Columbus, Ohio 43216-1008

Sandy Robinson
Cabaniss, Johnston, Gardner, Dumas & O'Neal
Post Office Box 2906
Mobile, Alabama 36652

**Bristol-Myers Squibb Co.**
Lyndon M. Tretter
Steven M. Edwards
James Zucker
Hogan & Hartson L.L.P.
875 Third Avenue
New York, New York 10022

Harlan I. Prater, IV
Lightfoot, Franklin & White, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200

**Dey, L.P.**
Paul F. Doyle
Christopher C. Palermo
Neil Merkl
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

Joseph W. Letzer
Gary M. London
Burr & Forman LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203

**Eisai, Inc.**
Brien T. O'Connor
E. Abim Thomas
Ropes & Gray LLP
One International Place
Boston, MA 02110

Julia Boaz Cooper
BRADLEY, ARANT, ROSE & WHITE, LLP
1819 5th Avenue North
Birmingham, Alabama 35203-2104

**Eli Lilly and Company**
William Davis
Mitz, Levin, Cohen, Ferris
Glovsky & Popeo
701 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004

Tabor R. Novak, Jr.
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

**Endo Pharmaceuticals, Inc.**
Jonathan L. Stern
Nathan Cortez
David Fauvre
Arnold & Porter LLP
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Lawrence Clark
Robert Eckinger
Gilbert C. Steindorff, IV
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

**ETHEX Corporation**
Robert S. Litt
Justin Antonipillai
Michael Rinaldi
Arnold & Porter LLP
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Lawrence Clark
Robert Eckinger
Gilbert C. Steindorff, IV
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

**Forest Laboratories, Inc.**
**Forest Pharmaceuticals, Inc.**
Peter Venaglia
Brian Rafferty
Dornbush Schaeffer, Strongin
& Weinstein, LLP
747 Third Avenue
New York, New York 10017

William Hardie
Johnstone Adams
Post Office Box 1988
Mobile, Alabama 36633-1988

**Fujisawa Healthcare, Inc.**
**Fujisawa USA, Inc.**
Kathleen McGuan
Andrew Hurst
Reed Smith LLP
1301 K Street, N.W.
Suite 1100, East Tower
Washington, DC 20005

Richard L. Sharff, Jr.
Bradley, Arant, Rose & White
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

**Genzyme Corporation**
Brien T. O'Connor
Eric Christofferson
Ropes & Gray LLP
One International Place
Boston, MA 02110

Julia Boaz Cooper
BRADLEY, ARANT, ROSE & WHITE, LLP
1819 5th Avenue North
Birmingham, Alabama 35203-2104

**Gilead Sciences, Inc.**
Robert S. Litt
Jessica L. Medina
Rebecca L. Dubin
Arnold & Porter LLP
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Lawrence Clark
Robert Eckinger
Gilbert C. Steindorff, IV
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

**Hoffmann-La Roche Inc.**
Kevin Sullivan
Grace Rodriguez
John Shakow
King & Spalding LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006-4706

Edward S. Sledge, III
Archibald T. Reeves, IV
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama 36601

**Immunex Corporation**
David J. Burman
Kathleen M. O'Sullivan
Zoe Philippides
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099

W. Stancil Starnes
Starnes & Atchison LLP
7th Floor
100 Brookwood Place
Post Office Box 598512
Birmingham, AL 35259-8512

**IVAX Corporation**
**IVAX Pharmaceuticals, Inc.**
Bruce Wessel
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, California 90067-4276

George W. Walker, III
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
Montgomery, AL 36101-0347

**Johnson & Johnson**
**ALZA Corporation**
**Janssen Pharmaceutica Products, L.P.**
**McNeil-PPC, Inc.**
**Ortho Biotech Products, L.P.**
**Ortho-McNeil Pharmaceutical, Inc.**
William F. Cavanaugh, Jr.
Andrew D. Schau
Erik Haas
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710

Robert F. Northcutt
James H. McLemore
Capell & Howard, P.C.
150 South Perry Street [36104]
Post Office Box 2069
Montgomery, Alabama 36102-2069

**K-V Pharmaceutical Company**
Robert S. Litt
Justin Antonipillai
Michael Rinaldi
Arnold & Porter LLP
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Lawrence Clark
Robert Eckinger
Gilbert C. Steindorff, IV
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

**King Pharmaceuticals, Inc.**
**Monarch Pharmaceuticals, Inc.**
Lisa Borden
Baker Donelson Bearman Caldwell & Berkowitz, P.C.
1600 SouthTrust Tower, 420 20th Street
Birmingham, Alabama 35203

Sam Blair
Baker Donelson Bearman Caldwell & Berkowitz, P.C.
165 Madison Avenue
Suite 2000
Memphis, TN 38103

Of Counsel:
Gary R. Greenberg
Louis J. Scerra, Jr.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

**Merck & Co., Inc.**
John Townsend
Robert Reznick
Robert Funkhouser
Hughes Hubbard & Reed LLP
1775 I Street N.W.
Washington, DC 20006-2401

Robert C. Brock
Robert Huffaker
Rushton, Stakely, Johnson & Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101-0270

**Mylan Laboratories Inc.**
**Mylan Pharmaceuticals Inc.**
**UDL Laboratories, Inc.**
David Long-Daniels
Greenberg Traurig, LLP
3290 Northside Parkway, Suite 400
Atlanta, Georgia 30327

Of Counsel:
Gary R. Greenberg
Louis J. Scerra, Jr.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

**Novo Nordisk**
Richard Raskin
Michael Doss
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

F.M. Haston, III
Bradly, Arant LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Organon Pharmaceuticals USA**
William Campos
David Covey
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street
New York, New York 10004

Edward S. Sledge, III
Archibald T. Reeves, IV
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama 36601

**Par Pharmaceutical, Inc.**
Richard M. Cooper
Paul K. Dueffert
Thomas J. Roberts
Catherine K. Levy
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005

George W. Walker
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, Alabama 36101-0347

**Pfizer Inc.**
**Agouron Pharmaceuticals, Inc.**
**Pharmacia Corporation**
**Pharmacia & Upjohn Company**
**G.D. Searle, LLC**
Scott Stempel
Morgan Lewis & Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

John C. Dodds
Kimberly K. Heuer
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, Pennsylvania 19103

Philip H. Butler
George R. Parker
Bradley, Arant, Rose & White LLP
Alabama Center for Commerce Bldg.
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104

**Purdue Pharma, L.P.**
Lori A. Schechter
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482

Harlan Prater
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200

**Roche Laboratories, Inc.**
Kevin Sullivan
Grace Rodriguez
John Shakow
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006-4706

Edward S. Sledge, III
Archibald T. Reeves, IV
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama 36601

**Sandoz, Inc.**
Wayne Cross
Michael Gallagher
Brendan Woodard
White & Case
1155 Avenue of the Americas
New York, New York 10036-2787

C. Clay Torbert, III
Capell & Howard, P.C.
150 South Perry Street
Montgomery, Alabama 36104

**Schering-Plough Corporation**
**Warrick Pharmaceuticals Corporation**
Brien T. O'Connor
John T. Montgomery
Ropes & Gray LLP
One International Place
Boston, MA 02110

J. Steven Baughman
Christopher May
Ropes & Gray LLP
One Metro Center
700 12th Street N.W., Suite 900
Washington, D.C. 20005
John A. Henig, Jr.
Copeland, Franco, Screws & Gill, P.A.
P.O. Box 347
Montgomery, AL 36101-0347

**SmithKline Beecham Corporation**
**d/b/a GlaxoSmithKline**
Joseph P. H. Babington
Patrick C. Finnegan
HELMSING LEACH HERLONG NEWMAN & ROUSE
150 Government St.
Suite 2000
Mobile, Alabama 36602

Mark H. Lynch
Geoffrey E. Hobart
Ronald G. Dove, Jr.
COVINGTON & BURLING
1201 Pennsylvania Avenue NW
Washington, D.C. 20004

Frederick G. Herold
DECHERT LLP
1117 California Avenue
Palo Alto, CA 94304

Thomas H. Lee II
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793

Mark D. Seltzer
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116

**Takeda Pharmaceuticals North America, Inc.**
Robert R. Stauffer
Anthony C. Porcelli
Jenner & Block LLP
1 IBM Plaza
Suite 4200
Chicago, Illinois 60611

Joseph C. Espy, III
Melton, Espy & Williams
Post Office Drawer 5130
Montgomery, Alabama 36103

**TAP Pharmaceutical Products, Inc.**
Toni Ann Citera
Jones Day
222 East 41st Street
New York, New York 10017-6702

James R. Daly
J. Ryan Mitchell
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601

Betsy Collins
Leah Poyntner
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

**Teva Pharmaceuticals USA**
Elizabeth I. Hack
T. Reed Stephens
Sonnenschein Nath & Rosenthal LLP
1301 K Street, NW
Suite 1600 East Tower
Washington, DC 20005

W. Joseph McCorkle, Jr.
Balch & Bingham, LLP
2 Dexter Avenue
Montgomery, AL 36104

F. Inge Johnstone
Balch & Bingham LLP
1710 6th Avenue North
P.O. Box 306
Birmingham, AL 35201-0306

**Watson Pharmaceuticals, Inc.**
**Watson Laboratories, Inc.**
**Watson Pharma, Inc.**
Douglas B. Farquhar
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005

Steven F. Casey
Balch & Bingham LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

**Wyeth Pharmaceuticals, Inc.**
**Wyeth, Inc.**
Craig Holden
Kelly Davidson
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, Maryland 21202-1643

Maibeth J. Porter
Lee E. Bains, Jr.
Maynard, Cooper & Gale, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

Peck Fox
Maynard, Cooper & Gale, P.C.
201 Monroe Street
Suite 1650
Montgomery, Alabama 36104-3720