**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:05cv647-M |
| | ) | |
| ABBOTT LABORATORIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S**
**MOTION TO DISMISS OR, IN THE ALTERNATIVE,**
**MOTION FOR A MORE DEFINITE STATEMENT**

Defendant Teva Pharmaceuticals USA, Inc. ("Teva") respectfully moves the Court for an order dismissing this action, pursuant to Rules 9(b), 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure, because the First Amended Complaint fails to state a claim against this Defendant upon which relief can be granted. In the alternative, Teva respectfully moves the Court to enter an order requiring a more definite statement of Plaintiff's claims, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, upon the ground that the First Amended Complaint is so vague or ambiguous with respect to the allegations against this Defendant that Teva cannot reasonably be required to frame a responsive pleading. As further grounds for this motion, Teva states the following:

1. Plaintiff's First Amended Complaint and each count asserted therein fail to state a claim against Teva upon which relief can be granted.

2. The First Amended Complaint – which purports to assert various claims for relief labeled as fraudulent misrepresentation (Count One), fraudulent suppression (Count Two), wantonness (Count Three) and unjust enrichment (Count Four), all of which are predicated on

the same alleged misrepresentation or suppression of pricing information – fails to identify and plead the essential elements of the date, time, circumstance and means of any alleged misrepresentation or suppression by Teva. In fact, the First Amended Complaint makes no particular or specific allegations against Teva that would constitute misrepresentation or suppression. Consequently, the First Amended Complaint fails to plead the purported fraud by Teva that underlies all of the claims in the First Amended Complaint with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, and should be dismissed pursuant to Rule 12(b)(6).

3. Count One of the First Amended Complaint fails to plead a claim for fraudulent misrepresentation with the particularity required by Rule 9(b) and therefore fails to state a claim because it fails to identify:

a. The specific products or transactions about which Teva allegedly made fraudulent representations;

b. The representations Teva allegedly made;

c. When and how such representations were allegedly made by Teva to Plaintiff;

d. Why or how such representations were false and misleading;

e. Whether and how Plaintiff claims to have reasonably relied upon each such misrepresentation to its detriment;

f. The nature and extent of any injury to Plaintiff that it alleges to have suffered as a result of such representations.

4. Count Two fails to state a claim for fraudulent suppression because it fails to plead the existence of a confidential relationship or other circumstances which would give rise to an obligation on the part of Teva to communicate or disclose pricing information of the type the First Amended Complaint purports to assert was "suppressed," and fails to plead such a claim with the particularity required by Rule 9(b) because it fails to identify:

a. The specific products or transactions as to which Teva allegedly fraudulently suppressed information;

b. The specific information Teva allegedly suppressed;

c. Why or how the allegedly suppressed information was necessary to Plaintiff;

d. Whether and how Plaintiff would have acted differently in the event the allegedly suppressed information had been made available to it;

e. The nature and extent of any injury to Plaintiff that it alleges to have suffered as a result of not having access to the allegedly suppressed information.

5. Count Three purports to assert a claim for wantonness predicated entirely on the alleged fraud purportedly set forth in Count One; because the underlying alleged fraud is not pled with the particularity required by Rule 9(b), Count Three also fails and should be dismissed pursuant to Rule 12(b)(6).

6. Count Three fails to state a claim for wantonness upon which relief can be granted under Alabama law, even in the unlikely event that the underlying allegations of fraud were deemed to meet the particularity requirements of Rule 9(b).

7. Count Four purports to assert a claim for unjust enrichment predicated entirely on the alleged fraud purportedly set forth in Count One; because the underlying alleged fraud is not pled with the particularity required by Rule 9(b), Count Four also fails and should be dismissed pursuant to Rule 12(b)(6).

8. Count Four fails to state a claim for unjust enrichment upon which relief can be granted under Alabama law, even in the unlikely event that the underlying allegations of fraud were deemed to meet the particularity requirements of Rule 9(b). Plaintiff does not allege that Teva received Plaintiff's alleged overpayment(s).

9. The First Amended Complaint fails to allege any plausible proximate causal link between any alleged misconduct by Teva and any injury to Plaintiff.

10. The allegations of the First Amended Complaint facially show that each of Plaintiff's claims is barred by the applicable statute of limitations, and, therefore, the First Amended Complaint fails to state a claim upon which relief could be granted, and is due to be dismissed pursuant to Rule 12(b)(6). The First Amended Complaint describes numerous lawsuits, claims and investigations that predate Plaintiff's filing of the original Complaint by more than two years. Thus, Plaintiff knew or through the exercise of reasonable diligence should have known of the facts allegedly supporting its potential claims more than two years prior to the filing of the original Complaint in this action.

11. The First Amended Complaint fails to join indispensable parties as required by Rule 19, Federal Rules of Civil Procedure, and is due to be dismissed pursuant to Rule 12 (b) (7).

WHEREFORE, Defendant Teva moves to dismiss the First Amended Complaint with prejudice; in the alternative, Defendant Teva moves the Court to order Plaintiff to file a more definite statement of its claims, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

Defendant Teva seeks leave to file a brief in support, or to join in and adopt the brief or briefs of other Defendants, on such schedule as the Court shall set, and requests oral argument on this matter.

Respectfully submitted this the 19th day of July, 2005.

*s/ F. Inge Johnstone*
One of the Attorney for Defendant,
Teva Pharmaceuticals USA

**OF COUNSEL:**

W. Joseph McCorkle, Jr. (MCC-056)
BALCH & BINGHAM LLP
The Winter Building
2 Dexter Avenue
Post Office Box 78
Montgomery, Alabama 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

F. Inge Johnstone (JOH-159)
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

Elizabeth I. Hack
T. Reed Stephens
SONNENSCHEIN NATH & ROSENTHAL LLP
1301 K Street, NW
Suite 600 East Tower
Washington, D.C. 20005
Telephone: (202) 408-9236
Facsimile: (202) 408-6399

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy thereof in the United States Mail, postage prepaid, and properly addressed to them or by email on this the 19th day of July, 2005.

*s/ F. Inge Johnstone*
OF COUNSEL

| | |
|---|---|
| Andrew Hurst | ahurst@reedsmith.com |
| Andy Schau | adschau@pbwt.com |
| Anthony A. Joseph | aaj@jbpp.com |
| Anthony C. Porcelli | aporcelli@jenner.com |
| Archibald Reeves, IV | areeves@mcdowellknight.com |
| Betsy Collins | bcollins@alston.com |
| Bill Cavanaugh | wfcavanaugh@pbwt.com |
| Brendan Woodard | bwoodard@whitecase.com |
| Brian Rafferty | rafferty@dsswlaw.com |
| Brien T. O'Connor | boconnor@ropesgray.com |
| Bruce F. Rogers | brogers@bmrslaw.com |
| Bruce Wessel | bwessel@irell.com |
| Carlos Provencio | cprovencio@shb.com |
| Christopher C. Palermo | cpalermo@kelleydrye.com |
| Christopher May | christopher.may@ropesgray.com |
| Clay Torbert | cct@chlaw.com |
| Craig Holden | scholden@ober.com |
| D. Scott Wise | d.wise@dpw.com |
| Darrell A. H. Miller | dahmiller@vssp.com |
| Dave Burman | dburman@perkinscoie.com |
| David Covey | david.covey@sdma.com |
| David Fauvre | david_fauvre@aporter.com |
| David Long-Daniels | long-danielsd@gtlaw.com |
| Douglas Farquhar | dbf@hpm.com |
| Douglas L. Rogers | dlrogers@vssp.com |
| E. Abim Thomas | athomas@ropesgray.com |
| Edward S. Sledge, III | esledge@mcdowellknight.com |
| Elizabeth Finberg | efinberg@sonnenschein.com |
| Elizabeth I. Hack | ehack@sonnenschein.com |
| Eric Christofferson | eric.christofferson@ropesgray.com |
| Erik Haas | ehaas@pbwt.com |
| Frederick Herold | frederick.herold@dechert.com |
| Gary Greenberg | greenbergg@gtlaw.com |
| Gary M. London | glondon@burr.com |
| Geoffrey Hobart | ghobart@hklaw.com |

George W. Walker walker@copelandfranco.com
Grace Rodriguez gmrodriguez@kslaw.com
Gregory Petouvis gmpetouvis@hhlaw.com
Hank Young jhyoung@hhlaw.com
Harlan I. Prater, IV hprater@lfwlaw.com
Inge Johnstone ijohnsto@balch.com
J. Rushton McClees rmcclees@sirote.com
J. Steven Baughman sbaughman@ropesgray.com
Jack Dodds jdodds@morganlewis.com
James Hayes jhayes@wc.com
James Matthews jwmatthews@sherin.com
James N. Walter, Jr. jnw@chlaw.com
James R. Daly jrdaly@jonesday.com
James Zucker jszucker@hhlaw.com
Jane W. Parver jparver@kayescholer.com
Jeremy Cole jpcole@jonesday.com
Jessica Medina jessica_medina@aporter.com
Joe Espy jespy@mewlegal.com
John A. Henig henig@copelandfranco.com
John R. Fleder jrf@hpm.com
John Shakow jshakow@kslaw.com
John Townsend townsend@hugheshubbard.com
Johnson Ansbro jansbro@orrick.com
Jonathan Sternjonathan_stern@aporter.com
Jonathon T. Rees jtrees@hhlaw.com
Joseph P. Babington jpb@helmsinglaw.com
Joseph W. Letzer jletzer@burr.com
Julia Cooper jcooper@walstonwells.com
Justin Antonipillai justin_antonipillai@aporter.com
Karen Walker kwalker@kirkland.com
Kathleen McGuan kmcguan@reedsmith.com
Katie O'Sullivan kosullivan@perkinscoie.com
Katy E. Koski kekoski@sherin.com
Kelly Davidson kjdavidson@ober.com
Kevin Sullivan krsullivan@kslaw.com
Kim Harris kim.harris@dpw.com
Lawrence Clark lawrence.clark@arlaw.com
Leah Poynter lpoynter@alston.com
Lee H. Copeland copeland@copelandfranco.com
Lisa Borden lborden@bakerdonelson.com
Lori A. Schechter lschechter@mofo.com
Louis J. Scerra, Jr. scerral@gtlaw.com
Lyndon Tretter lmtretter@hhlaw.com
March Lynch mlynch@cov.com
Mark Godler mgodler@kayescholer.com
Merle DeLancey delanceym@dsmo.com

Michael Doss mdoss@sidley.com
Michael Flynn mflynn@dpw.com
Michael Gallagher mgallagher@whitecase.com
Michael Mervis mmervis@proskauer.com
Michael Rinaldi michael_rinaldi@aporter.com
Michael Wade michael.wade@arlaw.com
Mike Koon mkoon@shb.com
Nathan Cortez nathan_cortez@aporter.com
Neil Merkl nmerkl@kelleydrye.com
Nicola Heskett nheskett@shb.com
Pamela Auerbach pauerbach@kirkland.com
Paul Coval pjcoval@vssp.com
Paul F. Doyle pdoyle@kelleydrye.com
Paul K. Dueffert pdueffert@wc.com
Peter Venaglia venaglia@dsswlaw.com
Philip H. Butler pbutler@bradleyarant.com
Rebecca Dubin rebecca_dubin@aporter.com
Richard Cooper rcooper@wc.com
Richard H. Gill gill@copelandfranco.com
Richard Mark rmark@orrick.com
Richard Raskin rraskin@sidley.com
Richard Sharff, Jr. rsharff@bradleyarant.com
Robert C. Brock rcb@rsjg.com
Robert Eckinger robert.eckinger@arlaw.com
Robert F. Northcutt rfn@chlaw.com
Robert Funkhouser funkhous@hugheshubbard.com
Robert Huffaker rah@rsjg.com
Robert J. Muldoon, Jr. rjmuldoon@sherin.com
Robert R. Stauffer rstauffer@jenner.com
Robert Reznick reznick@hugheshubbard.com
Robert S. Litt robert_litt@aporter.com
Ronald G. Dove, Jr. rdove@cov.com
Ronald Rauchberg rrauchberg@proskauer.com
Sam Blair sblair@bakerdonelson.com
Sandy Robinson sgr@cabaniss.com
Sara Rankin srankin@sidley.com
Saul Morgenstern smorgenstern@kayescholer.com
Scott Stempel sstempel@morganlewis.com
Sean Trende strende@kirkland.com
Sharon Stuart sdstuart@csattorneys.com
Sivan Korn skorn@orrick.com
Stan Starnes wss@starneslaw.com
Steve Barley sfbarley@hhlaw.com
Steve Casey scasey@balch.com
Steve Edwards smedwards@hhlaw.com
Steve Umin sumin@wc.com

| | |
|---|---|
| Lee Bains | lbains@mcglaw.com |
| Maibeth J. Porter | mporter@mcglaw.com |
| Peck Fox | pfox@mcglaw.com |
| Susan Avant | savant@balch.com |
| T Reed Stephens | rstephens@sonnenschein.com |
| Tabor Novak | tnovak@ball-ball.com |
| Thomas J. Roberts | troberts@wc.com |
| Tina Reynolds | reynoldst@dsmo.com |
| Tom Christian | twchristian@scattorneys.com |
| Toni-Ann Citera | tcitera@jonesday.com |
| Tripp Haston | thaston@bradleyarant.com |
| Wayne Cross | wcross@whitecase.com |
| William Campos | william.campos@sdma.com |
| William D. Coleman | wdc@chlaw.com |
| William D. Nussbaum | wdnussbaum@hhlaw.com |
| William Davis | wadavis@mintz.com |
| William Hardie | whh@johnstoneadams.com |
| Zoe Philippides | zphilippides@perkinscoie.com |

**State of Alabama**
Troy King, Attorney General
State of Alabama
300 State House
11 South Union Street
Montgomery, Alabama 36130

Roger L. Bates
Hand, Arendall, L.L.C.
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203

Caine O'Rear III
Windy C. Bitzer
Hand Arendall, L.L.C.
Post Office Box 123
Mobile, Alabama 36601

Jere L. Beasley
W. Daniel Miles, III
Clinton C. Carter
Beasley, Allen Crow, Methvin,
Portis & Miles, PC
P. O. Box 4160
Montgomery, Alabama 36103-4160