**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **STATE OF ALABAMA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 05-CV-647** |
| **ABBOTT LABORATORIES, INC., et al.,** | ) | |
| **Defendants.** | ) | |

**DEFENDANT KV PHARMACEUTICAL COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

KV Pharmaceutical Company ("KV") hereby submits this memorandum in support of its motion, filed April 25, 2005, to dismiss this Complaint as to KV. For the reasons discussed below, KV lacks even minimum contacts with the State of Alabama, and this Court should dismiss KV from this case.

## BACKGROUND

KV is a corporation organized under the laws of the State of Delaware, with its principal place of business in St. Louis County, Missouri. *See* Affidavit of Gerald R. Mitchell in Support of KV Pharmaceutical Company's Motion to Dismiss ("Mitchell Aff.") ¶ 3 (Exhibit A).[1] KV is the parent company of ETHEX Corporation ("ETHEX"),

---

[1] When considering a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), this Court may consider evidence and affidavits relating to the jurisdictional facts. *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000) *cert. denied*, 534 U.S. 827 (2001); *Portera v. Winn Dixie of Montgomery, Inc.*, 996 F. Supp. 1418, 1423 (M.D. Ala. 1998). *Accord Williams v. Skysite Commc'ns Corp.*, 781 So. 2d 241, 245 (Ala. Civ. App. 2000) ("Evidentiary matters may be freely submitted on a motion to dismiss that attacks jurisdiction.").

another defendant in this action. *See* Mitchell Aff. ¶ 9. ETHEX is the company that marketed and sold the drugs at issue in this complaint. *Id.*

KV does not regularly do business in Alabama, and it was not regularly doing business in Alabama at the time of the events alleged in this action or at any subsequent time. *Id.* ¶ 4. KV does not have offices or places of business in Alabama, does not maintain any bank accounts or telephone listings in Alabama, and has no agents, servants, or employees living or working in Alabama. *Id.* ¶¶ 5, 7. KV has never been qualified, authorized, licensed, or chartered to do business in Alabama. *Id.* ¶ 6. It has never maintained a post office box or a mailing address in Alabama. *Id.* ¶ 8. KV does not sell, nor has it ever sold, pharmaceutical products in the State of Alabama. *Id.* ¶ 10. Further, KV has never executed any contracts with the plaintiff. *Id.* ¶ 11.

**I. This Court Lacks Personal Jurisdiction Over KV.**

In order for KV to be subject to personal jurisdiction in Alabama courts, KV must have "minimum contacts" with the State of Alabama.[2] *Novak v. Benn*, 896 So. 2d 513, 516 (Ala. Civ. App.), *cert. denied*, No. 1031617 (Ala. 2004); *see* Ala. R. Civ. P. 4.2. In other words, KV's conduct and connection with Alabama must be such that it "should reasonably anticipate being haled into court" here. *Novak*, 896 So. 2d at 516 (quoting

---

[2] In determining whether this Court can exercise jurisdiction over the person of a defendant, the law of the forum state applies. Fed. R. Civ. P 4(e); *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998). Alabama Rule of Civil Procedure 4.2 permits the Alabama courts to exercise personal jurisdiction over nonresidents to the extent permissible under the federal constitution. *Williams*, 781 So. 2d at 245; *see also Seymour v. Bell Helmet Corp.*, 624 F. Supp. 146, 147 (M.D. Ala. 1985) ("The law of Alabama provides for personal jurisdiction to the limits of due process . . . ."). Under the federal constitution's Due Process Clause, the court may assume jurisdiction over a nonresident if he has constitutionally sufficient "minimum contacts" with the forum state. *Seymour*, 624 F. Supp. at 147; *Novak*, 896 So. 2d at 516.

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985)); *see also Madara v. Hall*, 916 F.2d 1510, 1516 (11th Cir. 1990). And where, as here, a defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to present sufficient evidence that establishes "a prima facie case of personal jurisdiction over a nonresident defendant." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2002) *cert. denied*, 534 U.S. 827 (2001); *Portera v. Winn Dixie of Montgomery, Inc.*, 996 F. Supp. 1418, 1423 (M.D. Ala. 1998) (citations omitted). *See also Ex parte Covington Pike Dodge, Inc.*, No. 1030382, 2004 WL 2914918, at *1 (Ala. Dec. 17, 2004) (plaintiff bears burden of proving that defendant has had requisite minimum contacts with the State of Alabama justifying personal jurisdiction) (citing *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002)); *Ex parte Alloy Wheels Int'l, Ltd.*, 882 So. 2d 819, 826 (Ala. 2003) (plaintiff's burden "to present evidence to establish minimum contacts").

Here, KV lacks contacts with the State of Alabama sufficient to justify the exercise either of general jurisdiction or specific jurisdiction. First, "general jurisdiction applies where a defendant's activities in the forum state are 'substantial' or 'continuous and systematic,' regardless of whether those activities gave rise to the lawsuit." *Ex parte Covington Pike Dodge, Inc.*, 2004 WL 2914918, at *2 (Ala. Dec. 17, 2004) (internal quotation marks and citation omitted); *accord Sherritt*, 216 F.3d at 1292; *Portera*, 996 F. Supp. at 1424-25. KV has no such contacts with Alabama. Among other things:

- KV has no offices in Alabama;
- KV does not regularly do business in Alabama;
- KV does not maintain any bank accounts or telephone listings in Alabama;

- KV has never maintained an Alabama post office box or mailing address;
- KV does not sell, nor has it ever sold, KV pharmaceutical products in Alabama;
- KV has never been qualified, authorized, licensed, or chartered to do business in Alabama; and
- KV has no registered agent for service of process in Alabama.

Put simply, KV has no systematic or continuous contacts with Alabama required to justify the exercise of personal jurisdiction over KV in this case. *See* Mitchell Aff. ¶¶ 3-11. Thus, there is no basis to assert general jurisdiction over KV in Alabama.

Second, where general jurisdiction is absent, a state may exert specific jurisdiction "when a defendant has had few contacts with the forum state, but those contacts gave rise to the lawsuit." *Ex parte Covington Pike Dodge, Inc.*, 2004 WL 2914918, at *2 (internal quotation marks and citation omitted); *accord Madara*, 916 F.2d at 1516. Even where a plaintiff attempts to establish specific jurisdiction, it must establish that the defendant "purposefully directed" that specific contact "toward the forum State," *Ex parte Covington Pike Dodge, Inc.*, 2004 WL 2914918, at *3; *accord Madara*, 916 F.2d at 1516, and, in any event, the exercise of personal jurisdiction must comport with "traditional notions of fair play and substantial justice," *Novak*, 896 So. 2d at 517 (internal quotation marks and citation omitted); *accord Sherritt*, 216 F.3d at 1291.

In this case, specific jurisdiction is also plainly absent. The pharmaceutical products at issue were sold by ETHEX Corporation, not KV. Mitchell Aff. ¶ 9. Thus, KV has not purposefully availed itself of the benefits of Alabama, the controversy does not arise out of any contacts with KV, and assertion of Alabama jurisdiction would therefore be unfair. Moreover, "[i]t is well established that as long as a parent and a subsidiary are separate and distinct corporate entities, the presence of one in a forum state

may not be attributed to the other," *Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000), *cert. denied*, 534 U.S. 827 (2001), and "jurisdiction over the parent may not be acquired on the basis of the local activities of the subsidiary," *Portera*, 996 F. Supp. at 1422 (citation omitted); *see also Lasalle Bank N.A. v. Mobile Hotel Props., LLC*, 274 F. Supp. 2d 1293, 1295-1300 (S.D. Ala. 2003); *Thompson v. Taracorp., Inc.*, 684 So. 2d 152, 158 (Ala. Civ. App. 1996) (stating corporate forms would be respected for the purposes of deciding whether personal jurisdiction existed over the parent), *cert. dismissed*, No. 1951490 (Ala. June 19, 1996); 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1069.4 (3d ed. 2002). ETHEX and KV are separate entities, and ETHEX was the entity that marketed and sold the drugs at issue in this case.

There is no basis for the exercise of personal jurisdiction over KV. And because KV lacks even "minimum contacts" with the State of Alabama, personal jurisdiction would violate the Due Process Clause of the U.S. Constitution. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). For these reasons, this Court should dismiss KV from this case.

## II. This Court Should Dismiss the Complaint against KV for the Reasons Stated by the Other Defendants.

The Complaint against KV should be dismissed pursuant to Rules 9(b) and 12 of the Federal Rules of Civil Procedure (or Rules 9(b) and 12 of the Alabama Rules of Civil Procedure), for the reasons stated in the Defendants' Joint Memorandum of Law in Support of Their Motion to Dismiss the First Amended Complaint, as well as the supplemental memoranda of the other defendants, to the extent those other supplemental memoranda are not inconsistent with anything herein.

## CONCLUSION

For each of these reasons, KV respectfully requests that it be dismissed from the case, that the First Amended Complaint be dismissed with prejudice, and/or that the plaintiff be required to provide a more definite statement.

Dated this 20th day of July, 2005

Gilbert C. Steindorff IV

Lawrence B. Clark
Robert D. Eckinger
Gilbert C. Steindorff, IV
ADAMS & REESE LLP
Concord Center
2100 Third Avenue North,
Suite 1100
Birmingham, Alabama 35203
Phone: (205) 250-5000
Fax: (205) 250-5034

*Of counsel:*
Robert S. Litt
Steven S. Diamond
Justin S. Antonipillai
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
Phone: (202) 942-5000
Fax: (202) 942-5999

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 20th day of July, 2005, filed the foregoing via the CM-ECF system, which will send notification of such filing to all counsel of record.

OF COUNSEL