**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **STATE OF ALABAMA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.: 2:05-cv-00647-VPM** |
| | * | |
| **ABBOTT LABORATORIES, INC, et al.,** | * | |
| | * | |
| | * | |
| **Defendants.** | * | |

**PLAINTIFF STATE OF ALABAMA'S**
**BRIEF IN SUPPORT OF MOTION TO REMAND**

Plaintiff, the State of Alabama ("the State"), submits the following brief in support of its motion to remand this case to the Circuit Court of Montgomery County, Alabama. As shown herein, this case should be remanded to the Circuit Court of Montgomery County, Alabama because the removal is untimely and, moreover, because this Court lacks subject matter jurisdiction over the action. Defendants' removal is sought solely for the purpose of delay, obfuscation, and illegitimate forum shopping. Defendants cite non-controlling, highly criticized, and abrogated case law in support of their removal, which further demonstrates the impropriety of Defendants' removal. Upon remand, an assessment of costs and attorneys' fees should be imposed against Defendants and in favor of the State pursuant to 28 U.S.C. § 1447(c).

## NATURE OF THE STATE ACTION

The State's complaint was filed on January 26, 2005, almost seven (7) months ago. The complaint asserted only state causes of action for fraudulent misrepresentation, wantonness, and unjust enrichment. The complaint was amended on April 13, 2005, adding another state cause of action for fraudulent suppression and supplementing the list of specifically named drugs. The complaint recites that the State's claims "involve claims arising exclusively under Alabama law" (First Amended Complaint, ¶ 103) and that "no federal claims are being asserted in this case." (First Amended Complaint, p. 37 n.6).

The State's claims arise out of the Defendants' fraudulent reporting of prescription drug prices to industry reporting services, which prices are relied upon and used by the State to provide Medicaid reimbursement to medical or pharmacy providers who have provided drugs to Medicaid patients. The State pays for these drugs as a state Medicaid benefit; the State does not make federal Medicare payments. The vast majority of the drugs covered by the complaint are reimbursed by State Medicaid only. With respect to the few drugs which are also eligible for federal Medicare Part B coverage, the State pays the individual patient's co-payment as a State Medicaid benefit only. Defendants' argument that federal question subject matter jurisdiction is conferred when the State pays a Medicaid patient's co-payment for a Medicare Part B drug is specious and utterly meritless.

## ARGUMENT

This lawsuit has been improperly removed to this Court and should be remanded to the Circuit Court of Montgomery County, Alabama, where it was originally filed. Contrary to the assertions in Defendants' removal petition, Defendants' removal is untimely and this Court lacks subject matter jurisdiction over the action because there is no federal question involved in this litigation.[1] Indeed, all of Plaintiff's claims are exclusively based on state law, and the Alabama state court, where this case was originally filed, is the proper forum.

### I. Defendants Bear a Significant Burden on Removal.

The standard for removal to federal court is stringent. The defendant, as the removing party, bears the significant burden of establishing federal jurisdiction over the litigation. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "Removal is a statutory privilege, rather than a right, and the removing party must comply with the procedural requirements mandated in the statute when desirous of availing the privilege." *Jerrell v. Kardoes Rubber Co.*, 348 F. Supp. 2d 1278, 1283 (M.D. Ala. 2004)(quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941)). Once a case has been removed to federal court, the non-removing party may move for remand which will be granted if "it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). Remand is also warranted when the removing party has failed to comply with the

---

[1] Defendants' removal is based exclusively on purported federal question jurisdiction. *See* Notice of Removal, p. 1.

statutory requirements for removal. *See, e.g., Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Circ. 1986)(ordering remand due to untimeliness of removal); *Adams v. Charter Communications VII, LLC,* 356 F. Supp. 2d 1268, 1273 (M.D. Ala. 2005)(granting motion to remand where removal was untimely); *Jerrell*, 348 F. Supp. 2d at 1283 (granting motion to remand where removal was untimely).

Because removal jurisdiction raises significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095; *Univ. of South Ala. v. Amer. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Indeed, the "letter of the law is clear and it requires strict construction of the language of the [removal] statute" and "all doubts about removal must be resolved in favor of remand." *Jerrell*, 348 F. Supp. 2d at 1281, 1283; *McCaslin v. Blue Cross and Blue Shield of Ala.*, 779 F. Supp. 1312, 1314 (N.D. Ala. 1991).

In this district, the Court has explained as follows:

> As a general principle, the removal statutes are to be construed narrowly. Thus, even though § 1446's time requirement is not jurisdictional, the time requirement is mandatory and must be strictly applied. Timely objection to a late petition for removal will therefore result in remand.

*Webster v. Dow United Tech. Composite Prods., Inc.*, 925 F. Supp. 727, 729 (M.D. Ala. 1996)(internal citations omitted); *Adams*, 356 F. Supp. 2d at 1272.

In this case, remand is warranted both because of a procedural defect due to Defendants' untimely filing of the notice of removal and because there is no federal question at issue and, therefore, this court lacks subject matter jurisdiction over the case.

## II. Defendants' Removal Is Untimely, Requiring Remand.

### A. Procedural background and timing.

The State filed its original complaint on January 26, 2005, in the Circuit Court of Montgomery County, Alabama, asserting three state law claims – fraudulent misrepresentation, wantonness, and unjust enrichment. The first service on Defendants occurred on January 31, 2005. *See Adams,* 356 F. Supp. 2d at 1272-73 (stating that Middle District of Alabama adheres to "first-served defendant rule" under which the thirty-day removal period begins to run for all defendants on the date the first defendant receives the initial complaint). Prior to any responsive pleadings being filed by Defendants, the State filed an Amended Complaint on April 13, 2005, adding a fourth state law claim, fraudulent suppression. The State also served, on April 13, 2005, interrogatories, requests for production, and deposition notices on Defendants.

Pursuant to an agreement between the parties, Defendants were granted an extension of time to file their responsive pleadings,[2] and on April 29, 2005, each Defendant (except four) filed a motion to dismiss or, in the alternative, for more definite statement. A case management order was entered by Montgomery County Circuit Court Judge Charles A. Price on May 11, 2005, and Defendants filed briefs in support of their motions to dismiss on June 28, 2005.

---

[2] The agreement was based in part on Defendants' commitment not to remove the case to federal court. In exchange, the State agreed to take no default action against the Defendants for untimely responses to the complaint. The State was not concerned that there was any proper basis for removal; rather the State was interested in avoiding the unnecessary delay and expense involved in an improper removal, as presented here.

Defendants filed their Notice of Removal on July 13, 2005, some 163 days after they were first served with the complaint. Defendants' improper removal is premised on the "other paper" provision of 28 U.S.C. § 1446(b), as the action was not removed within 30 days of service of the initial pleading.

**B. An unrelated judicial opinion is not an "other paper" pursuant to 28 U.S.C. § 1446(b) upon which removal can be based.**

Federal law limits the period in which a defendant may exercise his removal right from state to federal court. The second paragraph of 28 U.S.C. § 1446(b), under which Defendants attempt to travel, provides as follows:

> If the case stated by the initial pleading is not removable,[3] a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

Citing two non-binding district court opinions from other jurisdictions (one of which has been abrogated, as shown below), the Defendants contend that the Supreme Court's opinion in *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Manufacturing*, 545 U.S. __, 125 S. Ct. 2363 (June 13, 2005), is an "other paper from which it may first be ascertained" that this case is removable.[4] *See* Notice of Removal, ¶

[3] Defendants concede that this action was not removable when originally filed. *See* Notice of Removal, ¶ 12. Of course, neither is it removable now.

[4] Defendants alternatively argue that removal is timely because the 30-day clock has not yet started to run for Defendants which have not been served. *See* Notice of Removal, p. 6 n.2. This argument is directly contrary to the established law of this district – law which Defendants intentionally fail to cite or acknowledge. *See Adams*, 356 F. Supp. 2d at 1272-73 (stating that Middle District of Alabama adheres to "first-served defendant rule" under which the thirty-day removal period begins to run for all defendants on the date the first defendant receives the initial complaint).

14 (citing *Smith v. Burroughs Corp., et al.,* 670 F. Supp. 740, 741 (E.D. Mich. 1987) and *Davis v. Time Ins. Co.*, 698 F. Supp. 1317, 1321-22 (S.D. Miss. 1988)).

The issue, then, from a removal timing perspective, is whether the *Grable* decision, upon which Defendants exclusively rely, constitutes an "other paper" under 28 U.S.C. § 1446(b) upon which removal can be based.[5] As demonstrated below, an unrelated judicial opinion is not an "other paper" upon which removal may be based. Accordingly, Defendants' removal is untimely, and this action must be remanded to state court.

1. The widely accepted rule.

Many courts have examined and rejected the Defendants' argument that an order entered in another case may constitute an "order or other paper" pursuant to Section 1446(b). *Morsani v. Major League Baseball*, 79 F. Supp. 2d 1331, 1333-34 (M.D. Fla. 1999)(decision in unrelated case not "order or other paper"); *Lozano v. GPE Controls*, 859 F. Supp. 1036, 1038 (S.D. Tex. 1994)(the term "other paper" refers to papers generated within the specific state proceeding to be removed and not other unrelated judicial opinions that might suggest removability); *Kocaj v. Chrysler Corp.*, 794 F. Supp. 234, 236 (E.D. Mich. 1992)(circuit court of appeals decision was not "other paper" making action removable); *Holiday v. Travelers Ins. Co.,* 666 F. Supp. 1286, 1289-90 (W.D. Ark. 1987)(recent Supreme Court decisions were not "other papers" within meaning of Section 1446(b)); *Johansen v. Employee Benefit Claims, Inc.*, 668 F. Supp.

[5] Defendants' removal was filed near the close of business on July 13, 2005, exactly 30 days after the *Grable* opinion was released.

1294, 1296-97 (D. Minn. 1987)(Supreme Court decision is not an "order or other paper" making action removable; "other paper" refers solely to documents generated within the state court litigation itself); *Hollenbeck v. Burroughs Corp.*, 664 F. Supp. 280, 281 (E.D. Mich. 1987)(Supreme Court opinion in unrelated case did not constitute "order or other paper"); *Gruner v. Blakeman*, 517 F. Supp. 357, 360-61 (D. Conn. 1981)(subsequent decision in related case did not constitute "order or other paper"); *Avco Corp. v. Intern. Union*, 287 F. Supp. 132, 133 (D. Conn. 1968)("order or other paper" refers only to papers filed in proceeding itself, not to unrelated Supreme Court opinion); *see also O'Bryan v. Chandler*, 496 F.2d 403, 412 (10th Cir. 1974)(noting *Avco* was rightly decided); *Metropolitan Dade County v. TCI TKR of South Florida*, 936 F. Supp. 958, 959 (S.D. Fla. 1996)(Federal Communications Commission opinion was not an "order or other paper" making state court action removable).

Indeed, the plain language of the statute, referring to the "receipt by the defendant, through service or otherwise," implies the occurrence of an event <u>within the proceeding itself</u>; defendants do not ordinarily "receive" decisions entered in unrelated cases. *See Morsani*, 79 F. Supp. 2d at 1333. "In general, to constitute 'other paper,' the paper must result from the <u>voluntary act of a plaintiff</u> and give the defendant notice of the changed circumstances that now support federal jurisdiction." 16 James Wm. Moore et al., Moore's Federal Practice §107.30[3][e] (3d ed. 2005) (emphasis added). "*Other paper* is any other document that is part and parcel of the state court proceedings that has its origin and existence by virtue of the state court processes." *Id.*; *cf., e.g., Shields v. Washington Nat. Ins. Co.*, 2005 WL 1523556, at *2 (M.D. Ala. June 28, 2005)(deposition testimony

of plaintiff constituted "other paper" for purposes of the timing of removal under 28 U.S.C. § 1446(b)). Accordingly, courts consistently hold that publication of an order or opinion on a subject that might affect the ability to remove an unrelated state court suit does not qualify as an "order or other paper" for purposes of Section 1446(b).[6] *Morsani*, 79 F. Supp. 2d at 1333.

2. The cases cited by Defendants do not control the outcome of this action.

The two cases cited by Defendants, which are not binding on this Court and are contrary to the large body of law cited above, are anomalous and unpersuasive. In both cases, *Smith* and *Davis,* the courts reacted to the Supreme Court's decisions in *Pilot Life Ins. v. Dedeaux*, 481 U.S. 41 (1987) and *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987), which confirmed ERISA's broad preemption of state law claims. A compelling majority of courts, however, have not found the *Pilot Life* and *Metropolitan Life* decisions to constitute an "order or other paper" pursuant to 28 U.S.C. § 1446(b). *See, e.g., Johansen,* 668 F. Supp. at 1296 (Supreme Court's recent ERISA decisions did not give rise to a right of removal); *Holiday*, 666 F. Supp. at 1289-90 (same); *Hollenbeck*, 664 F. Supp. at 281(same). Moreover, the Eastern District of Michigan abandoned *Smith v. Burroughs Corp.*, the case upon which Defendants primarily rely, in ruling precisely to the contrary in *Kocaj v. Chrysler Corp.*, 794 F. Supp. 234 (E.D. Mich. 1992), a fact

[6] "This result is consistent with the well-established "voluntary/involuntary rule" applied to diversity cases removed pursuant to Section 1446(b). Under this rule, a state court case that is initially non-removable, but which subsequently becomes removable, may nevertheless not be removed unless the change that makes the case removable is the result of the plaintiff's voluntary act. In both federal question and diversity cases, therefore, Section 1446(b) restricts defendants from removing most cases when the circumstance potentially allowing removal arises through no consequence of the plaintiff's actions." *Morsani*, 79 F. Supp. 2d at 1333 n.5.

which Defendants fail to share with this Court in fearfully close violation of Rule 11 of the Federal Rules of Civil Procedure.

In sum, because the Supreme Court's decision in *Grable* is not an "other paper" under 28 U.S.C. § 1446(b), Defendants' removal of this action is untimely, and this case is due to be remanded to state court.

**C. The *Grable* decision is not a new pronouncement of federal law, and removal based on that decision is untimely.**

Defendants not only stretch (to the breaking point) to fit the *Grable* decision within the meaning of "other paper" under § 1446(b), but also further stretch the intent and purpose of § 1446(b) by suggesting that *Grable* triggered the time "from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b). Defendants do not argue, nor could they honestly suggest, that *Grable* is a new pronouncement of federal law. The Supreme Court itself said in *Grable* that the controlling principle of law has been "recognized for nearly 100 years." *Grable*, 125 S. Ct. at 2367.

Indeed, in *Grable*, the Supreme Court reaffirmed *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986), and held that the absence of a federal cause of action is evidence relevant to, but not dispositive of, federal question jurisdiction. *Grable*, 125 S. Ct. at 2370. This principle, reaffirmed in *Grable*, is consistent with binding Eleventh Circuit law which existed at the time this case was originally filed, which Defendants failed to cite to this Court. *See City of Huntsville v. City of Madison*, 24 F.3d 169, 174 (11th Cir. 1994)(interpreting *Merrell Dow* to allow for the possibility

that an "exceptional federal statute that does not provide for a private remedy . . . still raises a federal question substantial enough to confer federal question jurisdiction when it is an element of a state cause of action"). Thus, *Grable* provided no new legal ground previously unavailable in this circuit from which Defendants could have attempted to remove this case to federal court.[7] *See Grable*, 125 S. Ct. at 2369-70. As a result, Defendants' removal, far beyond the 30 days of initial service, is untimely.

## III. <u>This Court Lacks Subject Matter Jurisdiction Over the Underlying Action.</u>

Remand of this action is necessary for a second, independent reason – there is no federal question at issue in this litigation and, consequently, this Court lacks subject matter jurisdiction.

### A. This litigation does not involve a substantial question of federal law.

In *Grable*, the Supreme Court affirmed federal jurisdiction over the plaintiff's quiet title action, a traditional state law claim. In its analysis, the Court reiterated the limitations on federal jurisdiction when interpretation of a federal statute may be involved in a state claim. *See Grable*, 125 S. Ct. at 2367. The Court cautioned that a "federal issue" is not a "password opening federal courts to any state action embracing a point of federal law." *Id.* at 2367. In that case, however, the Court concluded that federal

[7] Defendants' argument is really that MDL Judge Saris misinterpreted existing federal law when she issued her opinion over two years ago, and that if she were to read *Grable* now, her opinion might change. Defendants' interpretation of when it could be "first . . . ascertained that the case is one which is or has become removable" falls far beyond the scope of timely removal contemplated by 28 U.S.C. § 1446(b), particularly when the applicable law has not changed.

Defendants' reliance on Judge Saris's opinion also demonstrates Defendants' true purpose in this removal – delay, obfuscation, and forum shopping. Defendants do not seek to avail themselves of federal court jurisdiction in this district; instead, they seek the comforts of Judge Saris's court in Boston. If federal question jurisdiction were the real issue, Defendants could have attempted to remove this case to this Court within 30 days of service of the initial complaint based on existing Eleventh Circuit law. They did not do so, and removal now is untimely.

jurisdiction was warranted because the interpretation of notification requirements under a federal IRS statute was "the only legal or factual issue contested in the case" and the government had a strong interest in the result. *Id.* at 2368. The Court further stated that "because it will be the rare state title case that raises a contested matter of federal law, federal jurisdiction to resolve genuine disagreement over federal tax title provisions will portend only a microscopic effect on the federal-state division of labor." *Id.* Both *Grable* itself and its recent progeny reaffirm the long-standing rule that reference to a federal statute for the purpose of defining a term or establishing a duty regarding a state tort claim does *not* generally raise a federal question for subject matter jurisdiction. *See Thomas v. Friends Rehabilitation Program, Inc.*, 2005 WL 1625054, at *3 (E.D. Pa. July 11, 2005).

The interpretation of "Average Wholesale Price" or "AWP" under the Medicare statute is, even under Defendants' best argument, only one of many issues which Defendants will seek to impose with regard to the state tort claims asserted. That question, however, even if appropriate, is clearly not the only or predominant legal or factual issue in the case.[8] In fact, other than pointing to Judge Saris's opinion, Defendants do not explain how or why interpretation of the Medicare statute is important, much less central, to this case. This Alabama litigation was filed in state court under exclusively state law theories. To the extent the interpretation of one term in a Medicare

---

[8] As noted above, most of the drugs at issue in this action were not even eligible for Medicare Part B coverage.

statute is necessary, the Alabama state court is capable of performing that legal function in connection with the state law claims.

This case is akin to Eleventh Circuit precedent in which federal question jurisdiction has been found lacking even though the interpretation of some federal act or statute was a necessary element of plaintiffs' state law claims. For example, in *City of Huntsville v. City of Madison*, 24 F.3d 169 (11th Cir. 1994), the plaintiff contended that federal question jurisdiction existed because the interpretation of a section of the federal Tennessee Valley Authority ("TVA") Act was "pivotal" to the contractual dispute between the parties. *Id.* at 172. Recognizing that the TVA Act did not provide a private remedy and concluding that the TVA Act was not "that rare [federal] statute" that raises a federal question "substantial enough to confer federal question jurisdiction when it is an element of a state cause of action," the court refused to exercise federal jurisdiction over the action. *Id.* at 174-75; *see also Jairath v. Dyer*, 154 F.3d 1280, 1283 (11th Cir. 1998)(concluding that removal jurisdiction was improperly exercised because proof of violation of the Americans with Disabilities Act, although a necessary element of the plaintiff's state-law discrimination claim, was an insufficiently substantial federal question). Similarly, here, to the extent any interpretation of the Medicare statute is required regarding Medicaid co-payments for Medicare Part B drugs, that interpretation (which would impact only a small portion of the State's claim) is not substantial enough to confer federal question jurisdiction over this case.

**B. This case is different from the cases currently pending in the multi-district litigation before Judge Saris.**

In support of their removal of this case, Defendants cite a number of cases filed throughout the country involving pharmaceutical pricing issues that have been removed and consolidated in the multi-district litigation in federal court in Boston. *See* Notice of Removal, ¶ 5 and n.1. The removal and consolidation of these cases do not support the removal of Alabama's case. In most of those actions, federal question jurisdiction was based on the assertion of federal claims, such as RICO and breach of federal Medicare Rebate agreements, or ERISA preemption principles. These cases are unlike Alabama's case wherein only four exclusively state-law claims are asserted and federal claims are disclaimed. *See* First Amended Complaint, ¶ 103 and p. 37 n.6 ("no federal claims are being asserted in this case.") Consequently, the cases cited by Defendants should not influence this Court's consideration of whether there is federal question jurisdiction over the State of Alabama's claims.

**IV. <u>The State is Entitled to an Award of Costs and Actual Expenses, Including Attorneys' Fees.</u>**

Upon remand, the State is entitled to an award of all costs and actual expenses, including attorney fees, incurred as a result of Defendants' improper removal. United States Code § 1447(c) provides that a party who is successful in securing the remand of an action to state court is entitled to payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of costs and expenses is appropriate because it would "further overall fairness given the nature of the case, the circumstances of the remand, and the effect on the

parties." *Caldwell v. United Ins. Co. of Am.*, 2001 WL 910409, *2 (M.D. Ala. Aug. 2, 2001).

"Prior to the Judicial Improvements and Access to Justice Act of 1988, courts normally focused on the presence or absence of good faith by the removing party when determining whether to tax costs and expenses." *Gardner v. Allstate Indem. Co.*, 147 F. Supp. 2d 1257, 1259 (M.D. Ala. 2001). However, currently "section 1447(c) makes no reference to the reasonableness of the removing party's actions. Rather, courts today must focus strictly on the existence of federal subject matter jurisdiction." *Id.* As stated by this District:

> [C]ourts should ask themselves two questions before awarding fees. First, was the removal erroneous? Second, was the non-removing party at fault for the erroneous removal? If the first answer is "yes" and the second is "no," then the court should permit recovery if such an award is fair under all circumstances, taking into account the public and private harms caused.

*Id.*

Federal courts routinely shift fees "in situations when the defendant removes the case and the plaintiff then persuades the district judge to remand the case because the removal was incorrect as a matter of law." Christopher R. McFadden, Removal, Remand, and Reimbursement Under 28 U.S.C. § 1447(C), 87 Marq. L. Rev. 123, 145 (Fall 2003) (hereinafter "McFadden"); *see Caldwell*, 2001 WL 910409 at *2; *Roughton v. Warner-Lambert Co.*, 2001 WL 910408, *2 (M.D. Ala. Aug. 2, 2001); *Colvin v. Am. Gen. Life & Accident Ins. Co.*, 2001 WL 391513, *1 (N.D. Ala. April 13, 2001); *Hoven v. Commercial Fed. Mortgage Corp.*, 2001 WL 228349, * 2 (S.D. Ala. Feb. 21, 2001); *Walker Petroleum v. CSX Transp.*, 2001 WL 102359, *2 (S.D. Ala. Jan. 12, 2001);

*Weldon v. Weyerhaeuser Co.*, 1994 WL 910951, *1 (N.D. Ala. Nov. 8, 1994); *Baldwin Co. E. Shore Hosp. Bd. v. Windham*, 706 F. Supp. 38, 40 (S.D. Ala. 1989). Where removal was incorrect as a matter of law, "the plaintiff should be reimbursed for the costs and fees spent seeking remand and opposing the erroneous removal." McFadden at 146.

"When the court ultimately remands, it follows that the removing party's improper actions, by their very nature, have wrought needless litigation costs upon the other party, upset the sensitive principles of federalism underlying our nation's dual court system, and frustrated judicial economy." *Id.*; *Caldwell*, 2001 WL 910409 at *2. "If the court refuses to award costs and fees, then it fails to deter erroneous removals initiated by the defendant and fails to protect the plaintiff's right to choose his forum." McFadden at 146; *see also Roughton*, 2001 WL 910408 at *1; *Gardner*, 147 F. Supp. 2d at 1264 ("[A] plaintiff is the master of his or her complaint."). To restore the plaintiff to its original position, it is only fair "to allow recovery of reasonable expenses associated with opposing the removal, seeking remand, and pursuing fees. Any lesser award would be incomplete, for it would force the plaintiff to internalize some of the costs needlessly imposed upon him." McFadden at 146-47.

Following the two-step test provided by the Middle District of Alabama, it is clear that attorney fees are appropriate in this case. First, the Defendants' removal was erroneous, as discussed above, because it was untimely filed, and because this court does not have subject matter jurisdiction. Second, the State is not at fault for the erroneous removal. There has been no change in the parties or the allegations of the State's complaint since the filing of either the original or amended complaint. Therefore, there

has been no action by the State that would suddenly create federal subject matter jurisdiction or allow additional time for the defendants to remove. The Defendants' actions have caused the State to incur needless litigation costs and efforts, are contrary to the principles of federalism, and are frustrating to judicial economy. The awarding of fees is important to deter erroneous removals and to protect the State's right to choose its forum. Because the Defendants' removal was both untimely and erroneous in that there is no federal question jurisdiction, the State should be reimbursed for costs and fees in seeking this remand and opposing the erroneous removal.

## CONCLUSION

Based on the foregoing, Defendants' removal is improper because it is untimely and this Court lacks subject matter jurisdiction over the action. Therefore, this case should be remanded to the Circuit Court of Montgomery County, Alabama right away to prevent any further delay or prejudice to the State. Costs and expenses, including attorneys' fees, should also be awarded to the State.

s/ Troy King
Troy King
ATTORNEY GENERAL

STATE OF ALABAMA
300 State House
11 S. Union Street
Montgomery, Alabama 36130

Email: tking@ago.state.al.us

s/ Jere L. Beasley
Jere L. Beasley (BEA020)
Deputy Attorney General
W. Daniel "Dee" Miles, III (MIL060)
Deputy Attorney General
Clinton C. Carter (CAR112)
Deputy Attorney General

**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160 (36103-4160)
272 Commerce Street
Montgomery, Alabama 36104
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

Email: jere.beasley@beasleyallen.com

dee.miles@beasleyallen.com

clint.carter@beasleyallen.com

s/ Roger L. Bates
Roger L. Bates (BAT006)
Deputy Attorney General
Caine O'Rear III (ORE003)
Deputy Attorney General
Windy C. Bitzer (BIT005)
Deputy Attorney General

**HAND ARENDALL, L.L.C.**
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
Telephone: (205) 324-4400
Facsimile: (205) 322-1163

Email: rbates@handarendall.com

**HAND ARENDALL, L.L.C.**
Post Office Box 123
Mobile, Alabama 36601
Telephone: (251) 432-5511
Facsimile: (251) 694-6375

Email: corear@handarendall.com

wbitzer@handarendall.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **James Harold Anderson; Joseph P. H. Babington; Lisa Wright Borden; Robert C. (Mike) Brock; Chad W. Bryan; Philip Henry Butler; Steven F. Casey; Thomas William Christian; Lawrence B. Clark; William D. Coleman; Betsy P. Collins; Julia Boaz Cooper; Lee Hall Copeland; Kelly Jeanne Davidson; William Asher Davis; Robert D. Eckinger; Joseph C. Espy, III; Patrick Conor Finnegan; Alvin Latham (Peck) Fox, Jr.; Robert Bruce Funkhouser; Charles Nelson Gill; Richard Hamilton Gill; William Huger Hardie, Jr.; Fred M. (Tripp) Haston, III; John Alec Henig, Jr.; Frederick Geroge Herold; Kimberly Kaye Heuer; S. Craig Holden; Robert A. Huffaker; Francis Inge Johnstone; Donald R. Jones, Jr.; Anthony Aaron Joseph; Joseph William Letzer; Robert S. Litt; Gary M. London; David Wayne Long-Daniels; Julian Rushton McClees; Walter Joseph McCorkle, Jr.; James H. McLemore; Derrick A. Mills; F. Chadwick Morriss; Robert F. Northcutt; Tabor Robert Novak, Jr.; George Robert Parker; Laura Howard Peck; Anthony C. Porcelli; Harlan Irby Prater, IV; Archibald Theodore Reeves, IV; Robert Philip Reznick; Sandra Grisham Robinson; Bruce F. Rogers; Stephen Jackson Rowe; Andrew D. Schau; Alexandra T. Schimmer; John D. Shakowki; Richard Lee Sharff, Jr.; Edward Sledge Sledge, III; William Stancil Starnes; Robert R. Stauffer; Gilbert Calvin Steindorff, IV; Sharon Donaldson Stuart; Kevin R. Sullivan; C. Clay Torbert, III; John Michael Townsend; George Walton Walker, III; James N. Walter, Jr.; Jason Robert Watkins; and Jarrod J. White**, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: **Justin S. Antonipillai; Steven F. Barley; J. Steven Baughman; Sam Blair; David J. Burman; Tiffany Cheung; Eric P. Christofferson; Toni-Ann Citera; Courtney A. Clark; Barak Cohen; Jonathan D. Cohen; Richard M. Cooper; Paul T. Coval; Wayne Cross; James R. Daly; Merle M. DeLancey, Jr.; Steven S. Diamond; John C. Dodds; Michael P. Doss; Ronald G. Dove, Jr.; Paul F. Doyle; Rebecca L. Dubin; Paul K. Dueffert; Steven M. Edwards; Douglas B. Farquhar; David D. Fauvre; John R. Fleder; Michael S. Flynn; Michael Gallagher;**

**Mark Godler; Gary R. Greenberg; Elizabeth I. Hack; Kimberley D. Harris; James V. Hayes; Nicola Heskett; Geoffrey E. Hobart; Andrew L. Hurst; Edwin John U; Michael L. Koon; Katy E. Koski; Brian Ledahl; Thomas H. Lee, II; Mark H. Lynch; James W. Matthews; Warren C. Matthews; Joseph G. Matye; Christopher May; Jessica L. Medina; Neil Merkl; J. Ryan Mitchell; John T. Montgomery; Saul Morgenstern; Robert J. Muldoon, Jr.; William D. Nussbaum; Brien T. O'Connor; Kathleen M. O'Sullivan; Christopher Palermo; Jane W. Parver; Carlos M. Pelayo; Gregory M. Petouvis; Zoe Philippides; Carlos Provencio; Brian Rafferty; Richard D. Raskin; Jonathan T. Rees; Daniel E. Reidy; Joel E. Richardson; Michael J. Rinaldi; Thomas J. Roberts; Grace M. Rodriguez; Louis J. Scerra, Jr.; Lori A. Schechter; Michael T. Scott; Mark D. Seltzer; John Starnes; Scott A. Stempel; T. Reed Stephens; Jonathan L. Stern; E. Abim Thomas; Lyndon M. Tretter; Steven M. Umin; James M. Vant; Peter J. Venaglia; Karen Walker; Jason D. Wallach; Bruce Wessel; D. Scott Wise; Brendan Woodard; and Joseph H. Young.**

s/ Jere L. Beasley
OF COUNSEL