**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| THE STATE OF ALABAMA<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES, INC., et al.,<br><br>Defendants. | ) | CASE NO. 2:05cv-647-T |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED RULING ON PLAINTIFF'S MOTION TO REMAND AND IN SUPPORT OF DEFENDANTS' MOTION TO STAY CONSIDERATION OF PLAINTIFF'S MOTION TO REMAND**

The defendants respectfully oppose plaintiff's motion for an expedited ruling on their motion to remand and move this Court to stay consideration of the remand motion pending the decision of the Judicial Panel on Multidistrict Litigation ("JPML") on whether this "tag-along" action should be transferred to the United States District Court for the District of Massachusetts for consolidated or coordinated pretrial proceedings.[1] This lawsuit raises many of the same legal and factual issues that are present in dozens of other average wholesale price ("AWP") actions

---

[1] Defendants consent to plaintiff's motion to stay its obligation to respond to defendants' motions to dismiss or alternatively for a more definite statement, which had been filed in state court prior to removal. Also prior to removal, a number of defendants had initiated discussions with plaintiff's counsel regarding organizing plaintiff's discovery and defendants' discovery of plaintiff and the parties had scheduled a meeting to continue such discussions, which plaintiff cancelled shortly after the removal was filed. These defendants stand ready to continue those discussions and, as they told plaintiff at that time, do not intend the removal or requested stay to preclude progress on discovery matters, which will have to be addressed regardless of what forum hears plaintiff's claims.

that have already been transferred to the Honorable Judge Patti B. Saris in Boston for consolidated and coordinated pretrial proceedings. *See generally In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456 ("AWP MDL"). Furthermore, on the same day defendants removed this action, they also removed ten similar cases brought by six other states.[2] Remand motions raising the same issues raised here have been (or will be) filed in those cases.[3]

The interests of judicial efficiency and consistency of decision will be strongly served if this Court stays its consideration of plaintiff's remand motion to permit this case to be transferred to the District of Massachusetts where Judge Saris, who has been handling the AWP litigation for more than three years, can rule on the jurisdictional issues present in this and the ten other recently removed state actions. Indeed, there are special and compelling circumstances why Judge Saris should be permitted to address the remand motion that has been filed in this case. Federal question jurisdiction exists in this case because the State of Alabama's claim to recover certain Medicare-related payments requires the resolution of the meaning of AWP in the federal Medicare statute and regulations and thus presents a substantial federal question. Despite the presence of a substantial federal question, however, this case was not removable when it was

---

2 *See* Notice of Removal, *Illinois v. Abbott Labs., Inc.* (N.D. Ill. July 13, 2005) (No. 05C 4056); Notice of Removal, *Kentucky v. Alpharma, Inc.* (E.D. Ky. July 13, 2005) (No. 05 CV 47); Notice of Removal, *Kentucky v. Abbott Labs., Inc.* (E.D. Ky. July 13, 2005) (No. 3:05-CV-48); Notice of Removal, *Kentucky v. Warrick Pharm. Corp.* (E.D. Ky. July 13, 2005) (No. 05-CV-49); Notice of Removal, *New York v. Aventis Pharm. Inc.* (N.D.N.Y. July 13, 2005) (No. 05-CV-0873); Notice of Removal, *New York v. GlaxoSmithKline plc* (N.D.N.Y. July 13, 2005) (No. 05-CV-0874); Notice of Removal, *New York v. Pharmacia Corp.* (N.D.N.Y. July 13, 2005) No. 05-CV-0872); Notice of Removal, *Pennsylvania v. TAP Pharm. Prods., Inc.* (E.D. Pa. July 13, 2005) (No. 05 CV 3605); Notice of Removal, *Wisconsin v. Abbott Labs, Inc.,* (W.D. Wis. July 13, 2005) (No. 05 C 0408 C); Notice of Removal, *Minnesota v. Pharmacia Corp.* (D. Minn. July 13, 2005) (No. 05-CV-1394).

3 As of this date, remand motions have been filed in the Illinois and Wisconsin cases. In the New York cases, plaintiff has written a letter to the court announcing its intention to file a remand motion.

filed because of a previous ruling by Judge Saris in a virtually identical case. *See State of Montana v. Abbott Labs.*, 266 F. Supp. 2d 250, 256 (D. Mass. 2003). In that case, Judge Saris ruled that, although state law claims seeking recovery for certain Medicare payments present a substantial federal question, such claims were not removable under *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986), because the Medicare statute creates no private cause of action. 266 F. Supp. 2d at 256. The Supreme Court's recent decision in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. _____, 125 S. Ct. 2363 (June 13, 2005), clarifies that a state law claim requiring the interpretation of a federal statute creates federal jurisdiction, even though the federal statute at issue does not create a private cause of action. *See id.* at 2368. Thus, having already decided that state law claims to recover Medicare payments present a substantial federal question, Judge Saris is uniquely qualified to decide whether *Grable* requires her to change her prior ruling on the jurisdictional issue.

The authority for a stay in this case is overwhelming, as ten district courts considering related AWP lawsuits issued stays and declined to rule on remand motions pending potential transfer to Judge Saris in Boston. In granting stays, these courts have reasoned that the "benefit of judicial economy and consistency among pretrial rulings outweighs any prejudice plaintiff may suffer as a result of a stay." *See, e.g.,* Ex. 1 at 3 (*Montana* Stay Order). *See* 28 U.S.C. § 1407.

# I. PROCEDURAL BACKGROUND

## A. The Alabama Action

On January 26, 2005, the State of Alabama filed a complaint in Circuit Court of Montgomery County, Alabama, against dozens of pharmaceutical manufacturers. The Complaint alleges that each defendant drug manufacturer caused Alabama's Medicaid program

to overpay for that company's pharmaceutical products by reporting inflated AWPs and other pricing information on which Alabama's Medicaid program bases its reimbursement rates for prescription drugs. Cplt. ¶¶ 107-119. In particular, the Complaint alleges that for Alabama Medicaid beneficiaries who are also qualified to receive federal Medicare benefits, Alabama Medicaid pays the Medicare beneficiaries' 20% co-payment under Medicare Part B, which until recently was based on AWP. Cplt. ¶¶ 109-10; *see also* 42 U.S.C. § 1395l(a); 1395u(o). The plaintiff further alleges that by reporting allegedly inflated AWP pricing information nationwide, each defendant has caused the Alabama Medicaid program to make inflated Medicare Part B co-payments. Cplt. ¶ 3. It seeks to recover the amounts allegedly overpaid for such co-payments. *Id.* The plaintiff asserts claims for fraudulent misrepresentation, fraudulent suppression, wantonness, and unjust enrichment and seeks various legal and equitable remedies.

When originally filed, this action was not removable because Judge Saris, as noted above, had ruled that AWP actions in which federal question jurisdiction was based on state law claims to recover certain Medicare payments were not removable because there is no private cause of action under the federal Medicare statute. *See Montana*, 266 F. Supp. 2d at 255-57 (discussing Minnesota's remand motion).[4] Defendants thus could not remove the instant case in good faith because it would have been transferred to Judge Saris, who had already made clear her opinion on the federal question issue. The Supreme Court's recent decision in *Grable*, however, establishes that Judge Saris's previous removal decision in the *State of Montana* action had been incorrect. Because the Supreme Court's decision in *Grable* rendered this case removable where

---

[4] In the *State of Montana*, Judge Saris considered separate but related AWP actions brought by the States of Montana, Minnesota, and Nevada. 266 F. Supp. 2d at 252.

it had previously not been removable, defendants removed this case to this federal court on July 13, 2005.[5]

Pursuant to MDL Rule 7.5(e), defendants filed a Notice of Related Action ("Tag-Along Notice") with the JPML on July 15, 2005, designating this case as a related tag-along action to these actions already transferred to the AWP MDL.[6] This action involves "common questions of fact" and shares similar complicated jurisdictional questions with the actions already transferred to the AWP MDL. Defendants expect that the JPML will issue a conditional transfer order as a matter of course in response to the filing of this notice of related action. *See* MDL Rule 7.4(a).[7]

### B. Numerous Actions Challenging AWP Pricing and Marketing Practices Have Been Transferred to the AWP MDL Proceeding.

Plaintiff's allegations that the defendant pharmaceutical companies improperly inflated the AWPs for their respective products share numerous "common issues of fact" with many similar actions filed earlier by other public and private parties. Like the Alabama action, these other cases allege that the defendants' AWP practices violate state statutes and common law and

---

[5] Removal is timely under 28 U.S.C. § 1446(b) because it was filed within thirty days of defendants' receipt of the United States Supreme Court's decision in *Grable*, which constitutes an "other paper from which it may first be ascertained that the case is . . . removable." *See Smith v. Burroughs Corp.*, 670 F. Supp. 740, 741 (E.D. Mich. 1987) (removal petition timely where defendants filed notice of removal within thirty days of Supreme Court decision rendering claim removable); *see also Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 267-68 (5th Cir. 2001) (holding that "other paper" for purposes of § 1446(b) removal need not be from same case); *Doe v. American Red Cross*, 14 F.3d 196, 201-02 (3d Cir. 1993) (holding "order" for purposes of § 1446(b) removal need not be from same case); *Davis v. Time Ins*., 698 F.Supp. 1917, 1921-22 (S.D. Miss. 1988); *but see Kocaj v. Chrysler Corp*., 794 F. Supp. 234, 236 (E..D. Mich. 1992). Although plaintiff sharply disputes the timeliness of removal, this is yet another issue in common with the ten other recently removed cases that would most efficiently be decided by Judge Saris.

[6] An amended tag-along notice was filed on July 18, 2005. Ex. 2.

[7] Under MDL Rule 7.4, "conditional transfer orders" are entered automatically once the Clerk of the Panel becomes aware of a "tag-along action," and these orders become final within fifteen days unless the plaintiff files an objection.

seek damages and other equitable relief. Indeed, in its own complaint, Alabama refers to these other lawsuits as involving "similar" allegations and as "parallel[]" to this one. First Amended Complaint, ¶¶ 120, 121. In April 2002, the JPML transferred sixteen then-pending cases to Judge Saris for coordinated or consolidated pretrial proceedings because "[c]entralization of all actions . . . in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation [and] avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *See In re Immunex Corp. Average Wholesale Price Litig.* (MDL No. 1453), 201 F. Supp. 2d 1378, 1380 (J.P.M.L. 2002) ("April 2002 Order").

Since the April 2002 Order, the JPML has transferred thirty-four related cases in order to "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *See* Ex. 3 at 1 (*Montana* and *Nevada* Transfer Orders).[8] The JPML has found

---

[8] *See Montana v. Abbott Labs.* 2002-12084 (Oct. 16, 2002) (No. 2002-12084); *Nevada v. Am. Home Prods. Corp.* (Oct. 16, 2002) (No. 2002-12086); *Swanston v. TAP Pharm. Prods., Inc.* (June 13, 2003) (No. 2003-11157); *California ex rel. Ven-A-Care of the Florida Keys, Inc., v. Abbott Labs., Inc.* (June 23, 2003) (No. 2003-11226); *County of Rockland v. Abbott Labs., Inc.* (Oct. 28, 2003); *Int'l Union of Operating Eng'rs, Local No. 68 Welfare Fund v. AstraZeneca, PLC* (Dec. 3, 2003) (No. 2004-11503); *County of Westchester v. Abbott Labs., Inc.* (Feb. 13, 2004) (No. 2004-10322); *City of New York v. Abbott Labs., Inc.* (Oct. 13, 2004) (No. 2004-12264); *County of Nassau v. Abbott Labs., Inc.* (Jan. 21, 2005) (No. 2005-10179); *County of Onondaga v. Abbott Labs., Inc.* (Mar. 24, 2005) (No. 2005-10599); *County of Washington v. Abbott Labs., Inc.* (May 31, 2005) (No. 2005-11180); *County of Rensselaer v. Abbott Labs., Inc.* (May 31, 2005) (No. 2005-11181); *County of Albany v. Abbott Labs., Inc.* (May 31, 2005) (No. 2005-11182); *County of Warren v. Abbott Labs., Inc.* (May 31, 2005) (No. 2005-11183); *County of Greene v. Abbott Labs., Inc.* (May 31, 2005) (No. 2005-11184); *County of Saratoga v. Abbott Labs., Inc.* (May 31, 2005) (No. 2005-11185); *County of Chenango v. Abbott Labs., Inc.* (May 31, 2005) (No. 2005-11186); *County of Broome v. Abbott Labs., Inc.* (May 31, 2005) (No. 2005-11187); *County of Tompkins v. Abbott Labs., Inc.* (May 31, 2005) (No. 2005-11188); *County of Cayuga v. Abbott Labs., Inc.* (May 31, 2005) (No. 2005-11189); *County of Herkimer v. Abbott Labs., Inc.* (May 31, 2005) (No. 2005-11190); *County of Oneida v. Abbott Labs., Inc.* (May 31, 2005) (No. 2005-11191); *County of St. Lawrence v. Abbott Labs., Inc.* (May 31, 2005) (No. 2005-11192); *County of Chautauqua v. Abbott Labs., Inc.* (May 31, 2005) (No. 2005-11193); *County of Allegany v. Abbott Labs., Inc.* (May 31, 2005) (No. 2005-11194); *County of*
(continued…)

that transfer "allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues" and "ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties." *Id.* at 2 (*Montana* and *Nevada* Transfer Orders). Even when plaintiffs have opposed transfer pending a decision on remand, the JPML has granted the transfer order, recognizing that any pending motions to remand could be resolved by the transferee judge. *Id.* (citing *In re Ivy*, 901 F.2d 7 (2d Cir. 1990) and *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)).

### C. District Courts In Other AWP Suits Have Repeatedly Issued Orders Staying Consideration of Remand Motions Pending Ruling by JPML on Transfer.

In ten earlier removed AWP lawsuits, district courts across the country have declined to rule on remand motions pending a ruling by the JPML on transfer.[9] For example, in an action

---

*Cattaraugus v. Abbott Labs., Inc.* (May 31, 2005) (No. 2005-11195); *County of Wayne v. Abbott Labs., Inc.* (May 31, 2005) (No. 2005-11196); *County of Monroe v. Abbott Labs., Inc.* (May 31, 2005) (No. 2005-11197); *County of Yates v. Abbott Labs., Inc.* (May 31, 2005) (No. 2005-11198); *County of Fulton v. Abbott Labs., Inc.* (June 23, 2005) (No. 2005-111368); *County of Putnam v. Abbott Labs., Inc.* (June 23, 2005) (No. 2005-111369); *County of Genesee v. Abbott Labs., Inc.* (June 23, 2005) (No. 2005-11370); *County of Steuben v. Abbott Labs., Inc.* (June 23, 2005) (No. 2005-11371); and *County of Niagara v. Abbott Labs., Inc.* (July 18, 2005).

[9] Specifically, district courts issued stays in the following AWP actions: (i) *Geller v. Abbott Labs., Inc.* (C.D. Cal. Mar. 21, 2002) (No. CV 02-00553 DDP) (Pregerson, J.) ("The Court finds that all factors, including the jurisdictional issues presented and the potentially expansive nature of this litigation, favor granting the stay"); (ii) *Montana v. Abbott Labs., Inc.* (D. Mont. June 21, 2002) (No. CV 02-09-H-DWM) (Molloy, J.) ("In this case, the benefit of judicial economy and consistency among pretrial rulings outweighs any prejudice plaintiff may suffer as a result of a stay."); (iii) *Nevada v. Abbott Labs., Inc.* (D. Nev. Jul. 26, 2002) (No. CV-N-02-80-ECR) (Reed, J.) ("Nevada I"); (iv) *Nevada v. Am. Home Prods., Inc.* (D. Nev. Jul. 26, 2002) (No. CV-N-02-202-ECR) (Reed, J.) ("Nevada II") (action identical to Nevada I but involving different defendants); (v) *Rice v. Abbott Labs., Inc.* (N.D. Cal. Nov. 26, 2002) (No. C 02-3925 MJJ) (Jenkins, J.); (vi) *Virag v. Allergan, Inc.* (C.D. Cal. Jan. 7, 2003) (No. 02-8417 RSWL) (Lew, J.); (vii) *Digel v. Abbott Labs., Inc.* (W.D. Tenn. Mar. 11, 2003) (No. 03-2109 Ma BRE) (Donald, J.); (viii) *Swanston v. TAP Pharm. Prods. Inc.* (D. Ariz. May 16, 2003) (No. 03-CV-62-PHX-SMM) (McNamee, J.); (ix) *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. AstraZeneca PLC* (D.N.J. July 23, 2003) (No. 03 CV 03230 (SRC)) (Chesler, J.); and (x) (continued…)

filed by the State of Montana, the district court granted defendants' motions to stay all proceedings — including plaintiff's motions to remand — pending a decision by the JPML on transfer to the AWP MDL because "the benefit of judicial economy and consistency among pretrial rulings outweighs any prejudice plaintiff may suffer as a result of a stay." Ex. 1, at 3 (*Montana* stay order). Likewise, in similar actions filed by the State of Nevada, the district court granted defendants' motion to stay proceedings "[b]ecause the jurisdictional issues are both complicated and likely to arise in other cases before the MDL Panel," making a stay "the most appropriate course of action." *See* Ex. 4, at 13-14 (*Nevada* stay order).[10] In the AWP action filed by the State of Wisconsin, which is one of the cases that was removed on the same day that the defendants removed this action, the district court has already stayed proceedings in order to "avoid potentially unnecessary work," *Wisconsin v. Abbott Labs., Inc.*, Order (No. 05-C-408-C) (July 20, 2005).[11] *See* Ex. 5 (Wisconsin stay order).

---

*County of Erie v. Abbott Labs., Inc.* (W.D.N.Y. June 1, 2005) (No. 05-CV-6203T (SC)) (Telesca, J.).

[10] There is only one AWP case where the district court ruled on a remand motion before the case was transferred to Judge Saris. *See Wisconsin v. Abbott Labs., Inc.,* Case No. 04-C-477-C, 2004 WL 2055717 (W.D. Wis. Sept. 9, 2004). That case is readily distinguishable, however, because removal was based on a ground asserted in no other AWP case, and the court found "there is no apparent overlap between the jurisdictional issue presented in this case and the jurisdictional issues raised in other cases that have been transferred to Judge Saris." *Id.* Here, however, the identical jurisdictional issue is presented in this case, the ten cases of six other states that were moved on the same day, and cases on which Judge Saris has previously ruled.

[11] This Court has also granted a defendant's request for a stay in cases where transfer to an MDL court is pending. *See, e.g., King v. Merck & Co., Inc.*, Order (M.D. Ala. No. 2:05cv165-T) (Apr. 26, 2005); *James v. Merck & Co., Inc.*, Order (M.D. Ala. No. 3:05cv366-T) (Apr. 22, 2005); *Christian v. Bayer Corp.*, Order (M.D. Ala. No. 03-T-843-E)(Sept. 17, 2003); *Bennett v. Bayer Corp.*, Order (M.D. Ala. No. 03-T-134-N) (Mar. 10, 2003); *Wheeler v. Bayer Corp.*, Order (M.D. Ala. No. 3-T-137-N)(Mar. 10, 2003); *Richardson v. Bayer Corp.*, Order (M.D. Ala. No. 03-T-131-N)(Feb. 21, 2003); *Baldwin v. Bayer Corp.*, Order (M.D. Ala. No. 03-T-067-N)(Feb. 14, 2003); *Reeves v. Bayer AG*, Order (M.D. Ala. No. 02-T-1402-N)(Feb. 7, 2003); and *Johnson v. Bayer Corp.*, Order (M.D. Ala. No. 02-T-639-S)(July 31, 2002).

## II. ARGUMENT

Like the district courts in ten prior AWP lawsuits, this Court should stay action on plaintiff's remand motion pending transfer of this case for consolidated and coordinated pretrial proceedings before Judge Saris, who is familiar with the common factual and legal issues relating to the alleged AWP scheme and has previously considered the federal question and removal issues in this case. A stay of proceedings would promote judicial economy, avoid inconsistent rulings by different district courts, and avoid prejudice to both the plaintiff and defendant pharmaceutical companies.

Moreover, under any circumstances, the Court should deny plaintiff's request that remand be decided on an "expedited" basis without full briefing in accordance with the normal schedule set forth for such important issues. While plaintiff is free to dispute the basis for removal, the fact is that the court most familiar with the issues presented in this case has already ruled that the claims plaintiff purports to assert here raise a substantial federal question. In light of that ruling, defendants' view that *Grable* confers federal jurisdiction over this particular complaint is certainly a good faith position on an issue deserving of full briefing and careful consideration by whichever court is most appropriate to do so. Balancing the benefits of coordinating the many AWP cases against plaintiff's desire to litigate in its home courts should not be undertaken in a hurry on less than a full briefing record.

### A. The Court Has The Inherent Power To Stay Proceedings In The Interests of Judicial Economy and Uniformity.

This Court's power to stay its proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay

proceedings as an incident to its power to control its own docket."). Granting a stay pending a decision by the JPML to transfer the action "is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citation omitted).[12]

Federal courts and the JPML have consistently recognized that such stays are proper even when the federal court's jurisdiction is challenged on remand, leaving such jurisdictional challenges to be resolved by the MDL court. *See, e.g.*, *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (recognizing authority to stay action despite pending remand motion); *In re Amino Acid Lysine Antitrust Litig.*, 910 F. Supp. 696, 700 (J.P.M.L. 1995) (ordering consolidation and transfer and recognizing that "the pending motion to remand . . . can be presented to and decided by the transferee judge"); *Med. Soc'y v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 91 (S.D.N.Y. 2001) (declining to decide motion to remand pending transfer decision by the MDL Panel); *Aikins v. Microsoft Corp.*, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) (declining to decide motion to remand pending transfer decision by the MDL Panel); *Johnson v. AMR Corp.*, 1996 WL 164415, at *3-*4 (N.D. Ill. Apr. 3, 1996) (staying ruling on jurisdictional motion pending transfer decision by the JPML). As demonstrated above, courts have granted such stays in AWP cases.

**B. A Stay Would Promote Judicial Economy and Efficiency.**

Most courts have granted motions to stay when there is the potential for an inefficient use of judicial resources, as is the case where transfer by the JPML is pending. *See, e.g.*, *Rivers*, 980 F. Supp. at 1362 ("[A] majority of courts have concluded that it is often appropriate to stay

---

12 *See also Walker v. Merck & Co., Inc.*, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) ("In considering a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties."); *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) ("Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case.").

preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved.”). As discussed above, the judges in the Montana and Nevada AWP actions found that these interests weighed in favor of a stay. Ex. 1, at 3 (*Montana* Stay Order) (“[T]he benefit of judicial economy and consistency among pretrial rulings outweighs any prejudice plaintiff may suffer as a result of a stay.”); Ex. 4 at 14 (*Nevada* Stay Order) (“On the question of judicial economy, this factor appears to weigh in favor of a stay.”). Absent a stay, this Court “would have to familiarize itself with the legal and factual intricacies of a case” that has already been mastered by the MDL court. *See* Ex. 6, at 5 (*Rice* stay order).

In particular, judicial economy would also be served by having Judge Saris decide the remand motions filed in this and the other state cases that have been removed on identical grounds. As discussed above, in very similar cases brought by the States of Minnesota, Montana, and Nevada, Judge Saris previously held that state law claims relating to Medicare Part B co-payments present a “substantial federal question.” *State of Montana*, 266 F. Supp. at 255 (“[A]n essential element” of the state law claim “is proof of a discrepancy between the AWPs reported by [defendant] and the meaning of AWP under the Medicare statute.”). She nevertheless remanded Minnesota’s suit, because the Medicare statute did not create a private right of action for claims related to the reporting of AWPs. *Id.* at 257 ("*Merrell Dow* requires a finding that the federal issue is not substantial enough to create federal jurisdiction.”). The Supreme Court’s decision in *Grable*, however, establishes that a private right of action is not required to confer federal jurisdiction. *Grable*, 125 S. Ct. at 2368. Thus, having already decided whether state law claims relating to Medicare Part B co-payments present a “substantial federal question,” Judge Saris will only have to reconsider her decision about *Merrell Dow’s*

requirements. In contrast, absent a stay, this Court will have to devote time and effort to the consideration of the jurisdictional issues raised by the plaintiff's motion for remand. By granting the requested stay, this Court can avoid unnecessarily duplicating Judge Saris' efforts and use its resources to attend to other cases on its docket.

Assuming that there is federal jurisdiction in this case, permitting it to be transferred to the District of Massachusetts would promote judicial economy by allowing all other substantive pretrial issues in the AWP cases to be handled by Judge Saris, who has been dealing with AWP issues for over three years. Judge Saris has devoted substantial time and resources to analyzing the numerous jurisdictional, factual, and legal issues that have been raised in these AWP cases and is familiar with the legal and factual intricacies presented by the other AWP cases, including those brought by other States alleging violations of state law.[13]

### C. A Stay Will Prevent Inconsistent Decisions On Common Factual And Legal Issues, Including Remand.

A stay also will avoid inconsistent decisions in this case and in the ten other AWP actions that were removed on the same day and present the identical jurisdictional issues raised by plaintiff's remand motion. As the JPML recognized long ago, the "remedial aim" of the multidistrict litigation statute is "to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions." *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 491-92 (J.P.M.L. 1968). Toward this end,

---

[13] *See, e.g.*, *In re Pharm. Indus. Average Wholesale Price Litig.* (D. Mass. Apr. 8, 2005) (MDL No. 1456, No. 01-12257-PBS) (Ex. 7); *In re Pharm. Indus. Average Wholesale Price Litig.*, 2004 WL 2387125 (D. Mass. Oct. 26, 2004); *In re Pharm. Indus. Average Wholesale Price Litig.*, 339 F. Supp. 2d 165 (D. Mass. 2004); *In re Pharm. Indus. Average Wholesale Price Litig.*, 321 F. Supp. 2d 187 (D. Mass. 2004); *In re Pharm. Indus. Average Wholesale Price Litig.*, 309 F. Supp. 2d 165 (D. Mass. 2004); *In re Pharm. Indus. Average Wholesale Price Litig.*, 307 F. Supp. 2d 196 (D. Mass. 2004); *In re Pharm. Indus. Average Wholesale Price Litig.*, 307 F. Supp. 2d 190 (D. Mass. 2004).

district courts regularly stay pretrial proceedings to avoid potentially inconsistent rulings on pretrial matters.[14] Furthermore, assuming that there is federal jurisdiction, consolidation of the several state cases before Judge Saris will avoid inconsistent rulings on the meaning of "AWP" in the federal Medicare statute and regulations — an issue that is raised by all of the recently removed state cases as well as the cases already before Judge Saris.

**D. A Stay Will Avoid Prejudice To All Parties.**

Plaintiff will suffer little if any prejudice if this case is stayed. Issuance of the transfer order is imminent, and tag-along proceedings generally move quickly. *See, e.g., Good*, 5 F. Supp. 2d at 809 (granting a stay where "a stay pending a final decision by the MDL Panel would likely be brief"); *Tench v. Jackson Nat'l Life Ins. Co.*, 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999) (granting a stay as plaintiff would suffer no prejudice from the short delay). Other courts have similarly concluded that the long-run benefits of a stay greatly outweigh the minimal short-run costs of a delay. *See Rosenfeld v. Hartford Fire Ins. Co.*, 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988) ("While [plaintiffs] may suffer some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost."); *Egon v. Del-Val Fin. Corp.*, 1991 WL 13726, at *1 (D.N.J. Feb. 1, 1991) ("[E]ven if a temporary stay can be characterized as a delay

---

[14] *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (recognizing that "[c]onsistency as well as economy is thus served" when proceedings are stayed pending transfer); *Rivers*, 980 F. Supp. at 1360-61 (concluding that, *inter alia*, the potential for conflicting decisions weighed in favor of a stay); *Good*, 5 F. Supp. 2d at 807 (granting a stay pending a transfer decision by the JPML because "[t]he purpose of such transfers is . . . to eliminate the potential for conflicting pretrial rulings"); *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("judicial economy and prejudice to defendant[] weigh heavily in favor of [a] stay" when defendant may be forced to litigate similar motions that may result in conflicting rulings); *Med. Soc.*, 187 F. Supp. 2d at 92 (granting stay of all proceedings, including remand motion, because "there are significant economies in having a single court decide a jurisdictional question which has arisen and presumably will continue to arise in cases around the nation.").

prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay.").

In contrast, denying the stay would result in hardship and inequity to defendants because they will be "forced to litigate the same jurisdictional issues, as well as other substantive and procedural issues, multiple times in multiple courts" while they wait for transfer to the AWP MDL to become final. Ex. 6, at 6 (*Rice* stay order). All but a few of the defendants in this action are currently participating in the MDL proceedings before Judge Saris. A stay of this action pending its transfer to the MDL will allow these defendants to address both the jurisdictional issues and subsequent pretrial matters in a coordinated and consolidated fashion, rather than piecemeal, and will avoid unnecessary duplication of their discovery efforts.

Although defendants are seeking a stay of judicial action on plaintiff's remand motion (and consent to plaintiff's request to stay action on the pending motions to dismiss), defendants do not intend the requested stay to slow the ongoing discovery process that has already begun in state court. While a decision on transfer is pending, a number of defendants intend to continue to discuss discovery matters with the plaintiff and seek to coordinate ongoing discovery in the AWP MDL with the discovery sought by the plaintiff in this action.

**CONCLUSION**

For the reasons stated above, the Court should grant the motion to stay and, in any event, deny plaintiff's request that the Court decide plaintiff's motion to remand on a shortened schedule and truncated record, without giving the dozens of individual defendants in this action an opportunity to be heard.

**Abbott Laboratories, Inc.**

/s/Betsy Collins
Betsy Collins
Leah Poynter
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

Toni Ann Citera
Jones Day
222 East 41st Street
New York, New York 10017-6702

Daniel E. Reidy
James R. Daly
Jeremy P. Cole
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601

**Alcon Laboratories, Inc.**

/s/Edward S. Sledge, III
Edward S. Sledge, III
Archibald Reeves, IV
McDowell Knight Roedder & Sledge, L.L.C.
63 South Royal Street
Suite 900
Mobile, Alabama 36602

**Allergan, Inc.**

/s/F.M. Haston, III
F.M. Haston, III
Bradley Arant LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

Richard Raskin
Michael Doss
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

**Alpharma, Inc.**
**PurePac Pharmaceutical Co.**

/s/Steven F. Casey
Steven F. Casey
Balch & Bingham LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

John R. Fleder
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, D.C. 20005

Donald R. Jones, Jr.
Donald R. Jones, Jr., P.C.
2000 Interstate Park Drive
Suite 104
Montgomery, Alabama 36109

**Amgen Inc.**

/s/Anthony A. Joseph

Anthony A. Joseph
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

Joseph H. Young
Steven F. Barley
Hogan & Hartson, LLP
111 S. Calvert Street, Suite 1600
Baltimore, Maryland 21202

**Andrx Corporation**
**Andrx Pharmaceuticals, Inc.**

/s/James H. Anderson
James H. Anderson
Beers, Anderson, Jackson, Patty
& Van Heest, P.C.
P.O. Box 1988
Montgomery, AL 36102

Robert J. Muldoon, Jr.
James W. Matthews
Katy E. Koski
Sherin Lodgen LLP
101 Federal Street
Boston, MA 02110

**AstraZeneca Pharmaceuticals LP**
**AstraZeneca LP**

/s/Thomas Christian
Thomas Christian
Sharon Stuart
Christian & Small
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203

D. Scott Wise
Michael Flynn
Kimberley Harris
Carlos Pelayo
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

**Aventis Pharmaceuticals Inc.**

/s/Richard H. Gill
Richard H. Gill
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
Post Office Box 347
Montgomery, Alabama 36101-0347

Carlos Provencio
Shook Hardy & Bacon L.L.P.
Hamilton Square
600 14th Street, N.W.
Suite 800
Washington, D.C. 20005-2004

Michael Koon
Joseph Matye
Nicola Heskett
Shook Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108

**Aventis Behring, LLC**
**ZLB Behring, LLC**

/s/Richard H. Gill
Richard H. Gill
C. Nelson Gill
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
Post Office Box 347
Montgomery, Alabama 36101-0347

William D. Nussbaum
Jonathan T. Rees
Gregory Petouvis
Hogan & Hartson, LLP
555 Thirteenth Street, NW
Washington, DC 20004

**Barr Laboratories, Inc.**

/s/Bruce F. Rogers
Bruce F. Rogers
Bainbridge, Mims, Rogers & Smith LLP
600 Luckie Drive
Post Office Box 530886
Birmingham, Alabama 35253

Karen Walker
Pamela Auerbach
Sean Trende
Barak Cohen
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005

**Baxter International**
**Baxter Healthcare Corporation**

/s/J. Rushton McClees
J. Rushton McClees
Sirote & Permutt, P.C.
2311 Highland Avenue
Birmingham, Alabama 35205

**Bayer Corporation**
**Bayer Pharmaceuticals Corporation**
**Bayer Healthcare, LLC**

/s/F.M. Haston, III
F.M. Haston, III
Bradley Arant LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203

Richard Raskin
Michael Doss
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

**Biovail Pharmaceuticals, Inc.**

/s/F.M. Haston, III

F.M. Haston, III
Bradley Arant LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Boehringer Ingelheim Corporation**
**Boehringer Ingelheim Pharmaceuticals**
**Roxane Labs, Inc.**

/s/Sandy Robinson
Sandy Robinson
Jarrod J. White
Cabaniss, Johnston, Gardner, Dumas & O'Neal
Post Office Box 2906
Mobile, Alabama 36652

Paul Coval
Douglas L. Rogers
Darrell A.H. Miller
Alexandra T. Schimmer
Vorys Sater Seymour & Pease LLP
52 East Gay Street
Post Office Box 1008
Columbus, Ohio 43216-1008

**Bristol-Myers Squibb Co.**

/s/Harlan I. Prater, IV

Harlan I. Prater, IV
Stephen J. Rowe
Derrick A. Mills
Lightfoot, Franklin & White, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200

Lyndon M. Tretter
Steven M. Edwards
James Zucker
Hogan & Hartson L.L.P.
875 Third Avenue
New York, New York 10022

**Dey, L.P.**

/s/Joseph W. Letzer
Joseph W. Letzer
Gary M. London
Burr & Forman LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203

Warren C. Matthews
Burr & Forman, LLP
201 Monroe St., Suite 1950
Montgomery, AL 36104

**Eisai, Inc.**

/s/Julia Boaz Cooper
Julia Boaz Cooper
Bradley, Arant, Rose & White, LLP
1819 5th Avenue North
Birmingham, Alabama 35203-2104

Brien T. O'Connor
E. Abim Thomas
Ropes & Gray LLP
One International Place
Boston, MA 02110

**Eli Lilly and Company**

/s/Tabor R. Novak, Jr.
Tabor R. Novak, Jr.
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

William Davis
Mitz, Levin, Cohen, Ferris
Glovsky & Popeo
701 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004

**Endo Pharmaceuticals, Inc.**

/s/Lawrence Clark
Lawrence Clark
Robert Eckinger
Michael Wade
Gilbert Steindorff
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

Jonathan Stern
David Fauvre
Arnold & Porter
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

**ETHEX Corporation**

/s/Lawrence Clark
Lawrence Clark
Robert Eckinger
Michael Wade
Gilbert Steindorff
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

Robert S. Litt
Steven Diamond
Justin Antonipillai
Michael Rinaldi
Arnold & Porter
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

**Forest Laboratories, Inc.**
**Forest Pharmaceuticals, Inc.**

/s/William Hardie
William Hardie
Johnstone, Adams, Bailey, Gordon & Harris, LLC
Post Office Box 1988
Mobile, Alabama 36633-1988

Peter Venaglia
Brian Rafferty
Dornbush Schaeffer, Strongin
& Weinstein, LLP
747 Third Avenue
New York, New York 10017

**Fujisawa Healthcare, Inc.**
**Fujisawa USA, Inc.**

/s/Richard L. Sharff, Jr.
Richard L. Sharff, Jr.
Bradley, Arant, Rose & White
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

Kathleen McGuan
Michael T. Scott
Andrew Hurst
Reed Smith LLP
1301 K Street, N.W.
Suite 1100, East Tower
Washington, DC 20005

**Genzyme Corporation**

/s/Julia Boaz Cooper
Julia Boaz Cooper
Bradley, Arant, Rose & White, LLP
1819 5th Avenue North
Birmingham, Alabama 35203-2104

Brien T. O'Connor
Eric Christofferson
Ropes & Gray LLP
One International Place
Boston, MA 02110

**Gilead Sciences, Inc.**

/s/Lawrence Clark
Lawrence Clark
Robert Eckinger
Gilbert Steindorff
Michael Wade
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

Robert S. Litt
Rebecca Dubin
Joel Richardson
Jessica Medina
Arnold & Porter LLP
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

**Hoffmann-La Roche Inc.**

/s/Edward S. Sledge, III
Edward S. Sledge, III
Archibald T. Reeves, IV
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama 36601

Kevin Sullivan
Grace Rodriguez
John Shakow
King & Spalding LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006-4706

**Immunex Corporation**

/s/W. Stancil Starnes
W. Stancil Starnes
Starnes & Atchison LLP
7th Floor
100 Brookwood Place
Post Office Box 598512
Birmingham, AL 35259-8512

David J. Burman
Kathleen M. O'Sullivan
Zoe Philippides
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099

**IVAX Corporation**
**IVAX Pharmaceuticals, Inc.**

/s/George W. Walker, III
George W. Walker, III
Copeland, Franco, Screws & Gill, P.A.
P.O. Box 347
Montgomery, AL 36101-0347

Bruce Wessel
Brian Ledahl
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, California 90067-4276

**Johnson & Johnson**
**ALZA Corporation**
**Janssen Pharmaceutica Products, L.P.**
**McNeil-PPC, Inc.**
**Ortho Biotech Products, L.P.**
**Ortho-McNeil Pharmaceutical, Inc.**

/s/Robert F. Northcutt
Robert F. Northcutt
James H. McLemore
Capell & Howard, P.C.
150 South Perry Street [36104]
Post Office Box 2069
Montgomery, Alabama 36102-2069

Andrew D. Schau
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710

**K-V Pharmaceutical Company**

/s/Lawrence Clark
Lawrence Clark
Robert Eckinger
Gilbert Steindorff
Michael Wade
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

Robert S. Litt
Steven Diamond
Justin Antonipillai
Michael Rinaldi
Arnold & Porter
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

**Defendant KV Pharmaceutical Company has filed a motion to dismiss for lack of personal jurisdiction and continues to dispute jurisdiction.**

**King Pharmaceuticals, Inc.**
**Monarch Pharmaceuticals, Inc.**

/s/Lisa Borden
Lisa Borden
Baker Donelson Bearman Caldwell & Berkowitz, P.C.
1600 SouthTrust Tower, 420 20th Street
Birmingham, Alabama 35203

Gary Greenberg
Louis J. Scerra, Jr.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

Sam Blair
John Starnes
Baker Donelson Bearman Caldwell & Berkowitz, P.C.
165 Madison Avenue
Suite 2000
Memphis, TN 38103

**MedImmune, Inc.**

/s/Lee H. Copeland
Lee H. Copeland
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, Alabama 36101-0347

Steve Umin
James Hayes
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5901

**Merck & Co., Inc.**

/s/Robert C. Brock
Robert C. Brock
Robert Huffaker
F. Chadwick Morriss
Rushton, Stakely, Johnson & Garrett, P.A.
P.O. Box 270
Montgomery, AL 3610-0270

John Townsend
Robert Reznick
Robert Funkhouser
Hughes Hubbard & Reed LLP
1775 I Street N.W.
Washington, DC 20006-2401

**Mylan Laboratories Inc.**
**Mylan Pharmaceuticals Inc.**
**UDL Laboratories, Inc.**

/s/David Long-Daniels
David Long-Daniels
Greenberg Traurig, LLP
3290 Northside Parkway, Suite 400
Atlanta, Georgia 30327

Gary Greenberg
Louis J. Scerra, Jr.
Jonathan D. Cohan
James M. Vant
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

**Novartis Pharmaceuticals Corporation**

/s/William D. Coleman
William D. Coleman (COL030)
James N. Walter, Jr. (WAL021)
Capell & Howard, P.C.
Post Office Box 2069
Montgomery, Alabama 36102-2069

Saul Morgenstern
Jane W. Parver
Mark Godler
Kay Scholer LLP
425 Park Avenue
New York, New York 10022-3598

**Novo Nordisk**

/s/F.M. Haston, III
F.M. Haston, III
Bradly, Arant LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

Richard Raskin
Michael Doss
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

**Organon Pharmaceuticals USA**

/s/Edward S. Sledge, III
Edward S. Sledge, III
Archibald T. Reeves, IV
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama 36601

William Campos
David Covey
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street
New York, New York 10004

**Par Pharmaceutical, Inc.**

/s/George W. Walker
George W. Walker
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, Alabama 36101-0347

Richard Cooper
Paul K. Dueffert
Thomas J. Roberts
Catherine Levy
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005

**Pfizer Inc.**
**Agouron Pharmaceuticals, Inc.**
**Pharmacia Corporation**
**Pharmacia & Upjohn Company**
**G.D. Searle, LLC**

/s/Philip H. Butler
Philip H. Butler
George R. Parker
Bradley, Arant, Rose & White LLP
Alabama Center for Commerce Bldg.
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104

Scott Stempel
Morgan Lewis & Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

John C. Dodds
Kimberly K. Heuer
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, Pennsylvania 19103

**Purdue Pharma, L.P.**

/s/Harlan Prater

Harlan Prater
Stephen J. Rowe
Derrick A. Mills
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200

Lori A. Schechter
Tiffany Cheung
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482

**Roche Laboratories, Inc.**

/s/Edward S. Sledge, III

Edward S. Sledge, III
Archibald T. Reeves, IV
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama 36601

Kevin Sullivan
Grace Rodriguez
John Shakow
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006-4706

**Sandoz, Inc.**

/s/C. Clay Torbert, III
C. Clay Torbert, III
Chad W. Bryan
Capell & Howard, P.C.
150 South Perry Street
Montgomery, Alabama 36104

Wayne Cross
Michael Gallagher
Brendan Woodard
White & Case
1155 Avenue of the Americas
New York, New York 10036-2787

**Sanofi-Synthelabo Inc.**

/s/Richard H. Gill
Richard H. Gill
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, Alabama 36101-0347

Kevin Sullivan
Grace Rodriguez
John Shakow
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006-4706

**Schering-Plough Corporation**
**Warrick Pharmaceuticals Corporation**

/s/John A. Henig, Jr.
John A. Henig, Jr.
Copeland, Franco, Screws & Gill, P.A.
P.O. Box 347
Montgomery, AL 36101-0347

Brien T. O'Connor
John T. Montgomery
Ropes & Gray LLP
One International Place
Boston, MA 02110

J. Steven Baughman
Christopher May
Ropes & Gray LLP
One Metro Center
700 12th Street N.W., Suite 900
Washington, D.C. 20005

**SmithKline Beecham Corporation**
**d/b/a GlaxoSmithKline**

/s/Joseph P. Babington
Joseph P. Babington
Patrick C. Finnegan
Jason R. Watkins
Helmsing Leach Herlong Newman & Rouse
150 Government St.
Suite 2000
Mobile, Alabama 36602

Mark H. Lynch
Geoffrey E. Hobart
Ronald G. Dove, Jr.
Covington & Burling
1201 Pennsylvania Avenue NW
Washington, D.C. 20004

Frederick G. Herold
Dechert LLP
1117 California Avenue
Palo Alto, CA 94304

Thomas H. Lee II
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793

Mark D. Seltzer
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

**Takeda Pharmaceuticals North America, Inc.**

/s/Joseph C. Espy, III
Joseph C. Espy, III
Melton, Espy & Williams
Post Office Drawer 5130
Montgomery, Alabama 36103

Robert Stauffer
Anthony C. Porcelli
Jenner & Block LLP
1 IBM Plaza
Suite 4200
Chicago, Illinois 60611

**TAP Pharmaceutical Products, Inc.**

/s/Betsy Collins

Betsy Collins
Leah Poyntner
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

Toni Ann Citera
Jones Day
222 East 41st Street
New York, New York 10017-6702

Daniel E. Reidy
James R. Daly
Jeremy P. Cole
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601

**TEVA Pharmaceutical Industries LTD.**

/s/W. Joseph McCorkle, Jr.
W. Joseph McCorkle, Jr.
Balch & Bingham, LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104

F. Inge Johnstone
Balch & Bingham LLP
1710 6th Avenue North
P.O. Box 306
Birmingham, AL 35201-0306

Elizabeth I. Hack
Elizabeth Finberg
T. Reed Stephens
Sonnenschein Nath & Rosenthal LLP
1301 K Street, NW
Suite 1600 East Tower
Washington, DC 20005

**Watson Pharmaceuticals, Inc.**
**Watson Laboratories, Inc.**
**Watson Pharma, Inc.**

/s/Steven F. Casey

Steven F. Casey
Balch & Bingham LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

Douglas B. Farquhar
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005

**Wyeth Pharmaceuticals, Inc.**
**Wyeth, Inc.**

/s/Peck Fox
Peck Fox
Maynard, Cooper & Gale, P.C.
201 Monroe Street
Suite 1650
Montgomery, Alabama 36104-3720

Craig Holden
Kelly Davidson
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, Maryland 21202-1643

Maibeth J. Porter
Lee E. Bains, Jr.
Maynard, Cooper & Gale, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and that, in accordance with an agreement among defense counsel, I have served a copy of the same by electronic mail upon counsel for each of the remaining parties on the same date:

Troy King, Attorney General
State of Alabama
300 State House
11 South Union Street
Montgomery, Alabama 36130

Roger L. Bates
Hand, Arendall, L.L.C.
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203

Caine O'Rear III
Windy C. Bitzer
Hand Arendall, L.L.C.
Post Office Box 123
Mobile, Alabama 36601

Jere L. Beasley
W. Daniel Miles, III
Clinton C. Carter
Beasley, Allen Crow, Methvin,
Portis & Miles, PC
P. O. Box 4160
Montgomery, Alabama 36103-4160

/s/James N. Walter, Jr.
Of Counsel