# EXHIBIT 1

JUN 24 2002

FILED
MISSOULA, MT

2002 JUN 21 PM 5 02

PATRICK E DUFFY CLERK
BY GAYLE A. REUTERDAHL
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| THE STATE OF MONTANA, ex rel. MIKE McGRATH, Attorney General,<br><br>Plaintiff,<br><br>-vs-<br><br>ABBOTT LABORATORIES, INC; AMERICAN HOME PRODUCTS CORPORATION; AMGEN INC.; ASTRAZENECA; AVENTIS PHARMA; CHIRON; BAXTER PHARMACEUTICAL PRODUCTS, INC.; BRISTO-MYERS SQUIBB COMPANY; DEY, INC.; SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE CORPORATION; PHARMACIA CORPORATION; HOECHST MARION ROUSSEL, INC.; IMMUNEX CORPORATION; ELI LILLY AND COMPANY; SCHERING-PLOUGH CORP.; PHARMACIA & UPJOHN COMPANY; SMITHKLINE BEECHAM CORPORATION; WARRICK PHARMACEUTICALS CORPORATION; AND DOES 1-100; DOES 101-125; DOES 126-150; DOES 151-200,<br><br>Defendants. | CV 02-09-H-DWM<br><br>ORDER |

This action was originally filed in the Montana First Judicial District in Lewis and Clark County, Montana. Defendants

removed it to federal court, from which it was conditionally transferred by the Judicial Panel on Multidistrict Litigation ("Panel") to the District of Massachusetts pursuant to the Panel's order governing transfer of all cases involving claims that pharmaceutical corporations inflated the average wholesale price of Medicare covered prescription drugs. In re Immunex Corporation Average Wholesale Price Litigation, ___ F. Supp. ___, 2002 W.L. 857692 (Jud. Pan. Mult. Lit. 2002).

Plaintiff has filed a motion to remand the action to state court. Defendants Smithkline Beecham Corporation d/b/a Glaxosmithkline, Pharmacia Corporation and Pharmacia & Upjohn Company ask the Court to stay consideration of the motion to remand pending a decision in the MDL proceedings. The other Defendants join in the motion.

A pending transfer order does not limit the Court's authority to rule on the motion to remand. McCrary v. Bayer Corporation, 2002 WL 1308588 (E.D.La. 2002). Whether to grant a stay is within the Court's discretion. Id. In deciding whether to rule, district courts should take into account whether the motion to remand involves issues unique to the action or whether it raises issues likely to arise in other actions in the transferee district should transfer be ordered.

In addition to judicial efficiency, a key purpose of consolidating cases before the Panel is to promote consistent

rulings on pretrial matters. In this case, the benefit of judicial economy and consistency among pretrial rulings outweighs any prejudice plaintiff may suffer as a result of a stay. Therefore, a stay pending the Panel's final decision on transfer is the best course of action.

Accordingly, IT IS HEREBY ORDERED Defendants' Motions to Stay (dkt #57, dkt #64) are GRANTED.

IT IS FURTHER ORDERED that consideration of Plaintiffs' Motion to Remand (dkt # 45) is STAYED pending the Panel's final ruling on transfer.

DATED this 21st day of June, 2002.

Donald W. Molloy, Chief Judge
United States District Court

# EXHIBIT 2

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**In Re Pharmaceutical Industry Average Wholesale Price Litigation** ) ) ) )

**MDL Docket No. 1456**

## AMENDED NOTICE OF RELATED ACTIONS

Pursuant to Rule 7.5(e) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation (the "Panel"), Defendant SmithKline Beecham Corporation, d/b/a GlaxoSmithKline ("GSK"), hereby notifies the Panel of the pendency of the potential "tag-along" actions noted below and identified on the attached Schedule:

A. **State of Minnesota** v. **Pharmacia Corporation**, United States District Court for the District of Minnesota, Case No. 05-CV-1394, Judge Paul A. Magnuson, Magistrate Judge Raymond L. Erickson.

This action was filed in state court on or around June 18, 2002, and removed to the United States District Court for the District of Minnesota on July 13, 2005. Copies of the Complaint and the Notice of Removal are attached as Exhibits 1 and 2 respectively. This action involves common questions of fact with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL No. 1456. The State of Minnesota's Complaint makes the same allegations as those in cases that are already part of MDL No. 1456. Accordingly, GSK respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.[1]

---

[1] Defendant Pharmacia Corporation initially removed this action to the United States District Court for the District of Minnesota on June 28, 2002, and the Panel transferred it to MDL No. (continued…)

B. **People of the State of New York** v. **GlaxoSmithKline, P.L.C., et al.**, United States District Court for the Northern District of New York, Case No. 05-CV-0874, Judge Norman A. Mordue, Magistrate Judge David R. Homer.

This action was filed in state court on or around February 13, 2003, and removed to the United States District Court for the Northern District of New York on July 13, 2005. Copies of the Complaint (without exhibits) and the Notice of Removal are attached as Exhibits 3 and 4 respectively. This action involves common questions of fact with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL No. 1456. The State of New York's Complaint makes the same allegations as those in cases that are already part of MDL No. 1456. Accordingly, GSK respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.[2]

C. **People of the State of New York** v. **Pharmacia Corporation**, United States District Court for the Northern District of New York, Case No. 05-CV-0872, Judge Norman A. Mordue, Magistrate Judge David R. Homer.

This action was filed in state court on or around February 13, 2003, and removed to the United States District Court for the Northern District of New York on July 13, 2005. Copies of the Complaint (without exhibits) and the Notice of Removal are attached as Exhibits 5 and 6 respectively. This action involves common questions of fact with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL No. 1456.

---

1456 on December 11, 2002. Judge Saris remanded this action back to state court on August 20, 2003. Defendant Pharmacia has again removed this action to federal court.

[2] Defendant GSK initially removed this action to the United States District Court for the Northern District of New York on March 12, 2003, and the Panel transferred it to MDL No. 1456 on July 16, 2003. Judge Saris remanded this action back to state court on September 30, 2003. Defendant GSK has again removed this action to federal court.

The State of New York's Complaint makes the same allegations as those in cases that are already part of MDL No. 1456. Accordingly, GSK respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.[3]

**D. <u>People of the State of New York</u> v. <u>Aventis Pharmaceuticals, Inc.</u>**, United States District Court for the Northern District of New York, Case No. 05-CV-0873, Judge Norman A. Mordue, Magistrate Judge David R. Homer.

This action was filed in state court on or around February 26, 2003, and removed to the United States District Court for the Northern District of New York on July 13, 2005. Copies of the Complaint and the Notice of Removal (without exhibits) are attached as Exhibits 7 and 8 respectively. This action involves common questions of fact with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL No. 1456. The State of New York's Complaint makes the same allegations as those in cases that are already part of MDL No. 1456. Accordingly, GSK respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.[4]

**E. <u>Commonwealth of Kentucky</u> v. <u>Abbott Laboratories, Inc.</u>**, United States District Court for the Eastern District of Kentucky, Case No. 3:05-CV-48, Judge Karen K. Caldwell.

This action was filed in state court on or around September 15, 2003, and removed to the United States District Court for the Eastern District of Kentucky on July 13, 2005. Copies of the

---

[3] Defendant Pharmacia initially removed this action to the United States District Court for the Northern District of New York on March 11, 2003, and the Panel transferred it to MDL No. 1456 on July 16, 2003. Judge Saris remanded this action back to state court on September 30, 2003. Defendant Pharmacia has again removed this action to federal court.

[4] Defendant Aventis initially removed this action to the United States District Court for the Northern District of New York on March 13, 2003, and the Panel transferred it to MDL No. 1456 on July 16, 2003. Judge Saris remanded this action back to state court on September 30, 2003. Defendant Aventis has again removed this action to federal court.

Amended Complaint and the Notice of Removal are attached as Exhibits 9 and 10 respectively. This action involves common questions of fact with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL No. 1456. The Commonwealth of Kentucky's Complaint makes the same allegations as those in cases that are already part of MDL No. 1456. Accordingly, GSK respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.

F. **Commonwealth of Kentucky v. Warrick Pharmaceuticals Corporation, et al.**, United States District Court for the Eastern District of Kentucky, Case No. 05-CV-49, Judge Karen K. Caldwell.

This action was filed in state court on or around September 15, 2003, and removed to the United States District Court for the Eastern District of Kentucky on July 13, 2005. Copies of the Amended Complaint and the Notice of Removal are attached as Exhibits 11 and 12 respectively. This action involves common questions of fact with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL No. 1456. The Commonwealth of Kentucky's Complaint makes the same allegations as those in cases that are already part of MDL No. 1456. Accordingly, GSK respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.

G. **Commonwealth of Pennsylvania v. TAP Pharmaceutical Products, Inc., et al.**, United States District Court for the Eastern District of Pennsylvania, Case No. 05-CV-3604, Judge Juan R. Sanchez.

This action was filed in state court on March 10, 2004, and removed to the United States District Court for the Eastern District of Pennsylvania on July 13, 2005. Copies of the Corrected Amended Civil Action Complaint and the Notice of Removal are attached as Exhibits 13 and 14

respectively. This action involves common questions of fact with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL No. 1456. The Commonwealth of Pennsylvania's Complaint makes the same allegations as those in cases that are already part of MDL No. 1456. Accordingly, GSK respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.

**H.** **State of Wisconsin v. Abbott Laboratories, Inc., et al.**, United States District Court for the Western District of Wisconsin, Case No. 05-C-408-C, Judge Barbara A. Crabb.

This action was filed in state court on June 3, 2004, and removed to the United States District Court for the Western District of Wisconsin on July 13, 2005. Copies of the First Amended Complaint (without exhibits) and the Notice of Removal are attached as Exhibits 15 and 16 respectively. This action involves common questions of fact with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL No. 1456. The State of Wisconsin's Complaint makes the same allegations as those in cases that are already part of MDL No. 1456. Accordingly, GSK respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.[5]

**I.** **Commonwealth of Kentucky v. Alpharma, Inc., et al.**, United States District Court for the Eastern District of Kentucky, Case No. 3:05CV-047, Judge Karen K. Caldwell.

This action was filed in state court on November 4, 2004, and removed to the United States District Court for the Eastern District of Kentucky on July 13, 2005. Copies of the

---

[5] Defendant Bayer Corp. initially removed this action to the United States District Court for the Western District of Wisconsin on July 14, 2004. Judge Barbara A. Crabb remanded this action back to state court on October 5, 2004, while the Panel's conditional transfer order (CTO-17) was pending. Defendants have again removed this action to federal court.

Complaint (without exhibits) and the Notice of Removal are attached as Exhibits 17 and 18 respectively. This action involves common questions of fact with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL No. 1456. The Commonwealth of Kentucky's Complaint makes the same allegations as those in cases that are already part of MDL No. 1456. Accordingly, GSK respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.

J. **State of Alabama** v. **Abbott Laboratories, Inc., et al.**, United States District Court for the Middle District of Alabama, Case No. 2:05-CV-647-M, Magistrate Judge Vanzetta P. McPherson.

This action was filed in state court on January 26, 2005, and removed to the United States District Court for the Middle District of Alabama on July 13, 2005. Copies of the First Amended Complaint and the Notice of Removal are attached as Exhibits 19 and 20 respectively. This action involves common questions of fact with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL No. 1456. The State of Alabama's Complaint makes the same allegations as those in cases that are already part of MDL No. 1456. Accordingly, GSK respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.

K. **People of the State of Illinois** v. **Abbott Laboratories, et al.**, United States District Court for the Northern District of Illinois, Case No. 05-C-4056, Judge Charles R. Norgle, Magistrate Judge Jeffrey Cole.

This action was filed in state court on February 7, 2005, and removed to the United States District Court for the Northern District of Illinois on July 13, 2005. Copies of the Complaint (without exhibits) and the Notice of Removal are attached as Exhibits 21 and 22 respectively.

This action involves common questions of fact with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL No. 1456. The State of Illinois's Complaint makes the same allegations as those in cases that are already part of MDL No. 1456. Accordingly, GSK respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.

Respectfully submitted,

Mark H. Lynch
Geoffrey E. Hobart
Ronald G. Dove, Jr.
COVINGTON & BURLING
1201 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Frederick G. Herold
DECHERT LLP
1117 California Avenue
Palo Alto, CA 94304
Telephone: (650) 813-4930
Facsimile: (650) 813-4848

Thomas H. Lee II
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793
Telephone: (215) 994-2994
Facsimile: (215) 994-2222

Mark D. Seltzer
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Telephone: (617) 523-2700

Facsimile: (617) 523-6850

*Attorneys for Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline*

July 18, 2005

# SCHEDULE OF RELATED ACTIONS

A. State of Minnesota v. Pharmacia Corporation, United States District Court for the District of Minnesota, Case No. 05-CV-1394, Judge Paul A. Magnuson, Magistrate Judge Raymond L. Erickson.

B. People of the State of New York v. GlaxoSmithKline, P.L.C., GlaxoWellcome, Inc., and SmithKline Beecham Corporation, United States District Court for the Northern District of New York, Case No. 05-CV-0874, Judge Norman A. Mordue, Magistrate Judge David R. Homer.

C. People of the State of New York v. Pharmacia Corporation, United States District Court for the Northern District of New York, Case No. 05-CV-0872, Judge Norman A. Mordue, Magistrate Judge David R. Homer.

D. People of the State of New York v. Aventis Pharmaceuticals, Inc., United States District Court for the Northern District of New York, Case No. 05-CV-0873, Judge Norman A. Mordue, Magistrate Judge David R. Homer.

E. Commonwealth of Kentucky v. Abbott Laboratories, Inc., United States District Court for the Eastern District of Kentucky, Case No. 3:05-CV-48, Judge Karen K. Caldwell.

F. Commonwealth of Kentucky v. Warrick Pharmaceuticals, et al., United States District Court for the Eastern District of Kentucky, Case No. 05-CV-49, Judge Karen K. Caldwell.

G. Commonwealth of Pennsylvania v. TAP Pharmaceutical Products, Inc., Abbott Laboratories, AstraZeneca PLC, Zeneca Holdings, Inc., AstraZeneca Pharmaceuticals LP, AstraZeneca LP, Bayer AG, Bayer Corporation, SmithKline Beecham Corporation d/b/a GlaxoSmithKline, Pfizer, Inc., Pharmacia Corporation, Johnson & Johnson, Alza Corporation, Centocor, Inc., Ethicon, Inc., Janssen Pharmaceutical Productions, L.P., McNeil-PPC, Inc., Ortho Biotech, Inc., Ortho Biotech Products, L.P., Ortho-McNeil Pharmaceutical, Inc., Amgen, Inc., Immunex Corporation, Bristol-Myers Squibb Company, Baxter International Inc., Baxter Healthcare Corporation, Immuno-U.S., Inc., Aventis Pharmaceuticals, Inc., Aventis Behring, L.L.C., Hoechst Marion Roussel, Inc., Boehringer Ingelheim Corporation, Boehringer Ingelheim Pharmaceuticals, Inc., Ben Venue Laboratories, Inc., Bedford Laboratories, Roxane Laboratories, Schering-Plough Corporation, Warrick Pharmaceuticals Corporation, Schering Sales Corporation, Dey, Inc., United States District Court for the Eastern District of Pennsylvania, Case No. 05-CV-3604, Judge Juan R. Sanchez.

H. State of Wisconsin v. Amgen Inc., Abbott Laboratories, AstraZeneca Pharmaceuticals, LP, AstraZeneca, LP, Aventis Pharmaceuticals, Inc., Aventis Behring, LLC n/k/a ZLB Behring, Baxter International, Inc., Bayer Corporation, Ben Venue Laboratories, Inc., Boehringer Ingelheim Corporation, Boehringer Ingelheim Pharmaceuticals, Inc., Bristol-Myers Squibb Company, Dey, Inc., Immunex Corporation, Ivax Corporation, Ivax

Pharmaceuticals, Inc., Janssen Pharmaceutical Products, LP, Johnson & Johnson, Inc., McNeil-PPC, Inc., Merck & Company, Inc., Mylan Laboratories, Inc., Mylan Pharmaceuticals, Inc., Novartis Pharmaceuticals Corporation, Ortho Biotech Products, LP, Ortho-McNeil Pharmaceutical, Inc., Pharmacia, Pfizer, Inc., Roxane Laboratories, Inc., Sandoz, Inc. f/k/a Geneva Pharmaceuticals, Inc., Schering-Plough Corporation, Sicor Pharmaceuticals, Inc. f/k/a Gensia Secor Pharmaceuticals, Inc., SmithKlineBeecham Corporation d/b/a GlaxoSmithKline, TAP Pharmaceutical Products, Inc., Teva Pharmaceutical Industries, Ltd., Warrick Pharmaceuticals Corporation, Watson Pharma, Inc. f/k/a Schein Pharmaceuticals, Inc., and Watson Pharmaceuticals, Inc., United States District Court for the Western District of Wisconsin, Case No. 05-C-408-C, Judge Barbara A. Crabb.

I. Commonwealth of Kentucky v. Alpharma, Inc., Amgen, Inc., AstraZeneca Pharmaceuticals LP, AstraZeneca, LP, Aventis Pharmaceuticals, Inc., Aventis Behring, LLC n/k/a ZLB Behring, B. Braun of America, Inc., B. Braun McGaw f/k/a McGaw, Inc., Barr Pharmaceuticals, Inc., Baxter International, Inc., Bayer Corporation, Ben Venue Laboratories, Inc., Boehringer Ingelheim Corporation, Boehringer Ingelheim Pharmaceuticals, Inc., Bristol-Myers Squibb Company, Forest Laboratories, Inc., Immunex Corporation, Ivax Corporation, Ivax Pharmaceuticals, Inc., Janssen Pharmaceutical Products, LP, Johnson & Johnson, Inc., McNeill-PPC, Inc., Merck & Company, Inc., Mylan Laboratories, Inc., Mylan Pharmaceuticals, Inc., Novartis Pharmaceuticals Corporation, NovoPharm USA, Inc., Ortho Biotech Products LP, Ortho-McNeill Pharmaceutical, Inc., Par Pharmaceutical Companies, Inc., Pfizer, Inc., Pharmacia, Purepac Pharmaceutical Co., Roxane Laboratories, Inc., Sandoz, Inc. f/k/a Geneva Pharmaceuticals, Inc., Sicor Pharmaceuticals, Inc., f/k/a Gensia Sicor Pharmaceuticals, Inc., SmithKlineBeecham Corporation d/b/a GlaxoSmithKline, TAP Pharmaceutical Products, Inc., Teva Pharmaceutical Industries, Ltd., Watson Pharma, Inc., and Watson Pharmaceuticals, Inc., United States District Court for the Eastern District of Kentucky, Case No. 3:05CV-047, Judge Karen K. Caldwell.

J. State of Alabama v. Abbott Laboratories, Inc., Agouron Pharmaceuticals, Inc., Alcon Laboratories, Inc., Allergan, Inc., Alpharma, Inc., Alza Corporation, Amgen, Inc., Andrx Corporation, Andrx Pharmaceuticals, Inc., AstraZeneca Pharmaceuticals LP, AstraZeneca LP, Aventis Pharmaceuticals, Inc., Aventis Behring, L.L.C., Barr Laboratories, Inc., Baxter Healthcare Corporation, Baxter International, Inc., Bayer Corporation, Bayer Pharmaceuticals Corporation, Bayer Healthcare, LLC, Biovail Pharmaceuticals, Inc., Boehringer Ingelheim Corporation, Boehringer Ingelheim Pharmaceuticals, Inc., Bristol-Myers Squibb Company, Dey, L.P., Eisai, Inc., Eli Lilly and Company, Endo Pharmaceuticals, Inc., Ethex Corporation, Forest Laboratories, Inc., Forest Pharmaceuticals, Inc., Fujisawa Healthcare, Inc., Fujisawa USA, Inc., G.D. Searle, L.L.C., Genzyme Corporation, Gilead Sciences, Inc., GlaxoSmithKline P.L.C., Glaxo Wellcome, Inc., Hoffman-LaRoche, Inc., Immunex Corporation, Ivax Corporation, Ivax Pharmaceuticals, Inc., Janssen Pharmaceutica Products, LP, Johnson & Johnson, Inc., K-V Pharmaceutical Company, King Pharmaceuticals, Inc., McNeill-PPC, Inc., Med-Immune, Inc., Merck & Co., Inc., Monarch Pharmaceuticals, Inc., Mylan Laboratories, Inc., Mylan Pharmaceuticals, Inc., Novartis Pharmaceuticals Corporation, Novo Nordisk

Pharmaceuticals, Inc., Organon Pharmaceuticals USA, Inc., Ortho Biotech Products LP, Ortho-McNeill Pharmaceutical, Inc., Par Pharmaceutical, Inc., Pfizer, Inc., Pharmacia Corporation, Pharmacia & Upjohn Company Corporation, Purdue Pharma, L.P., Purepac Pharmaceutical Co., Roche Laboratories, Inc., Roxane Laboratories, Inc., Sandoz, Inc., Sanofi-Synthelabo, Inc., Schering-Plough Corporation, SmithKlineBeecham Corporation, Takeda Pharmaceuticals North America, Inc., TAP Pharmaceutical Products, Inc., Teva Pharmaceutical USA, Inc., UDL Laboratories, Inc., Warrick Pharmaceuticals Corporation, Watson Laboratories, Inc., Watson Pharma, Inc., and Watson Pharmaceuticals, Inc., Wyeth, Inc., Wyeth Pharmaceuticals, Inc., ZLB Behring, L.L.C., United States District Court for the Middle District of Alabama, Case No. 2:05-CV-647-M, Magistrate Judge Vanzetta P. McPherson.

**K.** People of the State of Illinois v. Abbott Laboratories, Alpharma, Inc., Alpha Therapeutic Corp., Amgen Inc., AstraZeneca Pharmaceuticals LP, AstraZeneca LP, Aventis Pharmaceuticals, Inc., Aventis Behring, LLC n/k/a ZLB Behring, B. Braun of America, Inc., Barr Pharmaceuticals, Inc., Baxter International, Inc., Bayer Corp., Ben Venue Laboratories, Inc., Boehringer Ingelheim Corp., Boehringer Ingelheim Pharmaceuticals, Inc., Bristol-Myers Squibb Co., Chiron Corp., Dey, Inc., Elkins-Sinn, Inc., Forest Laboratories, Inc., Immunex Corp., Ivax Corp., Ivax Pharmaceuticals, Inc., Janssen Pharmaceutical Products, LP, Johnson & Johnson, McGaw, Inc., McNeill-PPC, Inc., Merck & Co., Inc., Mylan Laboratories, Inc., Mylan Pharmaceuticals, Inc., Novartis Pharmaceuticals Corp., NovoPharm USA, Inc., Ortho Biotech Products LP, Ortho-McNeill Pharmaceutical, Inc., Par Pharmaceutical Cos., Inc., Pfizer, Inc., Pharmacia Corp., Purepac Pharmaceutical Co., Roxane Laboratories, Inc., Sandoz, Inc. f/k/a Geneva Pharmaceuticals, Inc., Schering-Plough Corp., Sicor Pharmaceuticals, Inc., f/k/a Gensia Sicor Pharmaceuticals, Inc., SmithKlineBeecham Corp. d/b/a GlaxoSmithKline, TAP Pharmaceutical Products, Inc., Teva Pharmaceuticals USA, Inc., Warrick Pharmaceutical Industries, Ltd., Watson Pharma, Inc. f/k/a Schein Pharmaceuticals, Inc., and Watson Pharmaceuticals, Inc., United States District Court for the Northern District of Illinois, Case No. 05-C-4056, Judge Charles R. Norgle, Magistrate Judge Jeffrey Cole.

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2005, I caused a true and correct copy of Defendant GSK's Amended Notice of Related Actions to be served on all co-counsel by electronic service and on the attorneys listed below by first-class mail, postage prepaid.

Mike Hatch, Attorney General
Michael J. Vanselow, Asst. Attorney General
Ann M. Bildtsen, Asst. Attorney General
445 Minnesota Street, Suite 1100
St. Paul, MN 55101-2128

Rose E. Firestein
Assistant Attorney General
Bureau of Consumer Frauds and Protection
120 Broadway, 3rd Floor
New York, NY 10271

Thomas W. Corbett, Jr., Attorney General
Alexis L. Barbieri, Exec. Dep. Attorney General
Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

James A. Donohue, III
Chief Deputy Attorney General
Antitrust Section
14th Floor, Strawberry Square
Harrisburg, PA 17120

Donald E. Haviland
Shanin Specter
Louis C. Riccardi
1525 Locust Street, 19th Floor
Philadelphia, PA 19102

Peggy A. Lautenschlager, Attorney General
Michael R. Bauer, Asst. Attorney General
Cynthia R. Hirsch, Asst. Attorney General
Frank D. Remington, Asst. Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857

Charles Barnhill
William P. Dixon
Elizabeth J. Eberle
Miner, Barnhill & Galland, P.C.
44 East Mifflin Street, Suite 803
Madison, WI 53703

Gregory D. Stumbo, Attorney General
Janet M. Graham, Asst. Dep. Attorney General
Barbara Maines Whaley, Asst. Attorney General
Todd E. Leatherman, Asst. Attorney General
Robert S. Jones, Asst. Attorney General
Scott C. Sutherland, Asst. Attorney General
Pamela J. Murphy, Asst. Attorney General
C. David Johnston, Asst. Attorney General
Office of Attorney General
1024 Capital Center Drive
Frankfort, KY 40601

Roger L. Bates
Hand Arendall, L.L.C.
1200 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

Caine O'Rear III
Windy C. Bitzer
Hand Arendall, L.L.C.
P.O. Box 123
Mobile, AL 36601

Jere L. Beasley
W. Daniel "Dee" Miles, III
Clinton C. Carter
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160

Judson H. Miner
Charles Barnhill, Jr.
George F. Galland, Jr.
Jeffrey I. Cummings
Robert S. Libman
Mami Willenson
Miner, Barnhill & Galland
14 W. Erie St.
Chicago, IL 60610

Benjamin C. Weinberg
Paul J. Gaynor
David F. Buysse
Assistant Attorneys General
100 W. Randolph St.
Chicago, IL 60601

Jason R. Litow
Attorney for GlaxoSmithKline

# EXHIBIT 3

FILE COPY

E-SERVED 10/21/2002 03:49 PM EDT AWP-MDL No.1456

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

CHAIRMAN:
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

MEMBERS:
Judge John F. Keenan
United States District Court
Southern District of New York

Judge Morey L. Sear
United States District Court
Eastern District of Louisiana

Judge Bruce M. Selya
United States Court of Appeals
First Circuit

Judge Julia Smith Gibbons
United States Court of Appeals
Sixth Circuit

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

DIRECT REPLY TO:

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax: [202] 502-2888

http://www.jpml.uscourts.gov

October 16, 2002

TO INVOLVED COUNSEL

Re: MDL-1456 -- In re Pharmaceutical Industry Average Wholesale Price Litigation

*State of Montana, etc. v. Abbott Laboratories, et al.*, D. Montana, C.A. No. 6:02-9
*State of Nevada v. Abbott Laboratories, Inc., et al.*, D. Nevada, C.A. No. 3:02-80
*State of Nevada v. American Home Products Corp., et al.*, D. Nevada, C.A. No. 3:02-202

Dear Counsel:

For your information, I am enclosing a copy of an order filed today by the Judicial Panel on Multidistrict Litigation involving this matter.

Very truly,

Michael J. Beck
Clerk of the Panel

By [signature]
Deputy Clerk

Enclosure

JPML Form 34B

E-SERVED
10/21/2002
03:49 PM EDT
AWP-MDL No. 1456

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 16 2002

FILED
CLERK'S OFFICE

***DOCKET NO. 1456***

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION*

***State of Montana, etc. v. Abbott Laboratories, et al.*, D. Montana, C.A. No. 6:02-9**
***State of Nevada v. Abbott Laboratories, et al.*, D. Nevada, C.A. No. 3:02-80**
***State of Nevada v. American Home Products, et al.*, D. Nevada, C.A. No. 3:02-202**

***BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL***

## *TRANSFER ORDER*

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by the State plaintiffs in these actions to vacate the Panel's orders conditionally transferring these actions to the District of Massachusetts for inclusion in the Section 1407 proceedings occurring there in this docket. Responding defendants favor inclusion of these actions in Section 1407 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact with the actions in this litigation previously transferred to the District of Massachusetts, and that transfer of these actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We note that the pending motions to remand the actions to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the District of Massachusetts was a proper Section 1407 forum for actions concerning whether (either singly or as part of a conspiracy) the pharmaceutical defendants engaged

---

* Judges Sear and Selya did not participate in the decision of this matter. In light of the fact that three other Panel members could be members of the putative classes in this litigation, i) these Panel members have renounced any claim as putative class members, and in any event ii) the Panel is invoking the Rule of Necessity to decide the matter now before it. *In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

E-SERVED
10/21/2002
03:49 PM EDT
AWP-MDL No. 1456



in fraudulent marketing, sales and/or billing schemes by unlawfully inflating the average wholesale price of certain prescription drugs in order to increase the sales of these drugs to health care professionals and thereby boost the pharmaceutical companies' profits. *See In re Pharmaceutical Industry Average Wholesale Price Litigation*, 201 F.Supp.2d 1378 (J.P.M.L. 2002).

Plaintiffs' objection to Section 1407 transfer is based primarily on the ground that these actions do not share sufficient questions of fact with previously centralized actions to warrant inclusion in Section 1407 proceedings. We disagree. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *See In re StarLink Corn Products Liability Litigation*, 157 F.Supp.2d 1378 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Patti B. Saris for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# EXHIBIT 4

ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BEFORE THE HONORABLE EDWARD C. REED, JR., DISTRICT JUDGE

---000---

| | |
|---|---|
| STATE OF NEVADA, PLAINTIFF, -VS- AMERICAN HOME PRODUCTS, INC., ET AL., DEFENDANTS. | NO. CV-N-02-202-ECR(RAM)<br>JULY 26, 2002<br>RENO, NEVADA |
| STATE OF NEVADA, PLAINTIFF, -VS- ABBOTT LABORATORIES, INC., ET AL., DEFENDANTS. | NO. CV-N-02-80-ECR(RAM) |

DECISION OF THE COURT

APPEARANCES:

FOR THE PLAINTIFF: BY TELEPOHONE: L. TIMOTHY TERRY, ESQUIRE; DAVID WASICK, ESQUIRE; SEAN MATT, ESQUIRE

FOR THE DEFENDANTS: IMMUNEX CORPORATION: BRUCE BEESLEY, ESQUIRE

| | |
|---|---|
| DEY, INC. | J. THOMAS SUSICH, ESQUIRE |
| ASTRAZENECA | ELLEN WINOGRAD, ESQUIRE |
| BY TELEPHONE:<br>FOR THE DEFENDANTS: | |
| GLAXCOSMITHKLINE | ROBERT HUBBELL, ESQUIRE<br>MATTHEW LARRABEE, ESQUIRE |
| ASTRAZENECA | KIM HARRIS, ESQUIRE<br>ERIC GAILL, ESQUIRE |
| BAXTER | MATTHEW ROSSI, ESQUIRE |
| CHIRON CORPORATION | RONALD L. CASTLE, ESQUIRE |
| SCHERING-PLOUGH | DAVID POTTER, ESQUIRE |
| BRISTOL-MYERS SQUIB | LYNDON TRETTER, ESQUIRE<br>LEE GODDARD, ESQUIRE |
| ELI LILLY COMPANY | WILLIAM DAVIS, ESQUIRE |
| BAYER CORPORATION | KIMBERLY DUNN, ESQUIRE |
| ABBOTT LABORATORIES | CHRISTOHER COOK, ESQUIRE<br>BOB JENKINS, ESQUIRE |
| TAP PHARMACEUTICALS | LEE ANN RUSSO, ESQUIRE |
| DEY, INC. | LISA LEWIS, ESQUIRE |
| AMERICAN HOME PRODUCTS | CRAIG HOLDEN, ESQUIRE<br>DAVID FRANCIS, ESQUIRE |
| AMGEN | JOSEPH YOUNG, ESQUIRE |

REPORTED BY:

CATHY M. WORKEN, CCR, RPR
OFFICIAL COURT REPORTER
400 SOUTH VIRGINIA STREET
RENO, NEVADA 89501
(775) 324-6777

COMPUTER-ASSISTED TRANSCRIPTION

RENO, NEVADA, FRIDAY, JULY 26, 2002, 1:30 P.M.

---000---

THE COURT: MS. CLERK, DO YOU HAVE SOME OF THE ATTORNEYS ON THE TELEPHONE?

THE CLERK: YES, YOUR HONOR.

THERE ARE SEVERAL ATTORNEYS ON THE TELEPHONE. I WOULD ASK COUNSEL ON THE TELEPHONE PLEASE STATE YOUR APPEARANCES.

MR. MATT: SEAN MATT, LAW FIRM OF HAGENS BERMAN, SEATTLE, SPECIAL COUNSEL TO THE STATE OF NEVADA. GOOD AFTERNOON, YOUR HONOR.

MR. HUBBELL: THIS IS ROBERT HUBBELL, HELLER, EHRMAN, WHITE & McAULIFFE, FOR GLAXCOSMITHKLINE.

MS. HARRIS: THIS IS KIM HARRIS FROM DAVIS, POLK & WARDELL FOR ASTRAZENECA PHARMACEUTICALS.

MR. ROSSI: THIS IT MATT ROSSI FROM AKIN, GUMP, STRAUSS, HAUER & FELD, FOR DEFENDANT BAXTER.

MR. CASTLE: RONALD L. CASTLE, ARENT, FOX, KINTNER, PLOTKIN & KAHN, FOR CHIRON CORPORATION.

MR. POTTER: THIS IS DAVID POTTER, ROPES AND GRAVES FOR SCHERING-PLOUGH.

MR. TRETTER: LYNDON TRETTER OF HOGAN & HARTSON FOR BRISTOL-MYERS SQUIBB.

MR. DAVIS: WILLIAM DAVIS FOR ELI LILLY & COMPANY.

MS. DUNN: KIMBERLY DUNN OF REALTA (PHON), BROWN & WOOD FOR BAYER CORPORATION.

MS. GODDARD: LEE GODDARD FROM McDONALD CARANO ALSO FOR BRISTOL-MYERS SQUIBB.

MR. COOK: CHRISTOPHER COOK FROM JONES DAY FOR ABBOTT LABORATORIES.

MS. RUSSO: LEE ANN RUSSO FROM JONES DAY FOR TAP PHARMACEUTICALS PRODUCTS, INC.

MS. LEWIS: LISA LEWIS FROM COUDERT BROTHERS FOR DEY, INC.

MR. HOLDEN: CRAIG HOLDEN FROM OBERT TAYLOR. FOR AMERICAN HOME PRODUCTS.

MR. FRANCIS: DAVID FRANCIS, LAS VEGAS COUNSEL FOR AMERICAN HOME PRODUCTS.

MR. GAILL: ERIC GAILL FROM DAVIS POLK ALSO FOR ASTRAZENECA.

MR. YOUNG: JOSEPH YOUNG, HOGAN & HARTSON FOR AMGEN.

MR. LARRABEE: GOOD AFTERNOON, YOUR HONOR, MATTHEW LARRABEE FROM HELLER EHRMAN FOR GLAXOSMITHKLINE.

MR. JENKINS: BOB JENKINS FROM BURTON, BARTLETT & GLOGOVAC FOR ABBOTT LABORATORIES AND TAFT HOLDINGS, INC.

THE COURT: IS THAT THE FULL ROLL CALL, MS. CLERK?

THE CLERK: THAT SOUNDS LIKE THAT'S IT, YOUR HONOR.

THE COURT: I'M ASSUMING THAT ALL OF YOU CAN HEAR ME.

THE COURT AT THIS TIME IS PREPARED TO ANNOUNCE ITS DECISION.

I DIDN'T TAKE THE ROLL OF THE MANY ATTORNEYS WHO ARE IN THE COURTROOM, I INDICATED PREVIOUSLY IT DIDN'T MAKE ANY DIFFERENCE WHETHER YOU WERE HERE OR NOT OR WERE HERE BY TELEPHONE, THAT'S NOT GOING TO AFFECT THE DECISION IN ANY WAY, AND THERE ARE ATTORNEYS ON BOTH SIDES HERE PRESENT IN THE COURTROOM.

WE ARE AT THIS TIME PREPARED TO ANNOUNCE OUR DECISION ON THE PENDING MOTIONS NOW BEFORE THE COURT.

THESE CASES INVOLVE THE STATE OF NEVADA VERSUS ABBOTT LABORATORIES AND NUMEROUS OTHER DEFENDANTS, THAT'S CASE NUMBER CV-N-02-0080.

I WILL BE REFERRING TO THAT CASE AS THE ABBOTT CASE.

THE SECOND CASE INVOLVES STATE OF NEVADA VERSUS AMERICAN HOME PRODUCTS AND NUMEROUS OTHER DEFENDANTS, AND THAT CASE IS NUMBER 02 -- THAT'S CV-N-02--202.

I'LL BE REFERRING TO THAT CASE AS THE AMERICAN HOME CASE.

ARGUMENTS WERE PRESENTED TO THE COURT ON JULY 23 IN

RESPECT TO THESE MOTIONS.

THE MOTIONS ARE IN THE ABBOTT CASE DOCKET NUMBER 88 TO RECONSIDER OUR PREVIOUSLY ENTERED STAY ORDER, DOCKET NUMBER 79.

WE ALSO HEARD ARGUMENTS IN THE ABBOTT CASE ON THE MOTION TO REMAND, WHICH IS DOCKET NUMBER 19.

IN THE AMERICAN HOME CASE WE HEARD ARGUMENTS ON MOTION TO STAY, DOCKET NUMBER 25, AND A MOTION TO REMAND, DOCKET NUMBER 30. ALL.

MOTIONS IN BOTH CASES WERE FULLY BRIEFED AND THE COURT CONSIDERED ALL THE PAPERS ON FILE, AS WELL AS THE ORAL ARGUMENTS.

THE ORAL ARGUMENTS, AS I COMMENTED AT THE END OF THE ARGUMENTS WERE OUTSTANDING. IT ISN'T EVERYDAY IN THIS COURT THAT WE HEAR WELL PREPARED, WELL PRESENTED ARGUMENT SUCH AS WE HEARD ON JULY 23RD. IT'S A TREAT FOR THE COURT TO HAVE THE FINE LAWYERS WHO ARE IN THIS CASE ON BOTH SIDES.

THE ARGUMENTS WERE VERY USEFUL, THEY HELPED US TO UNDERSTAND SOME THINGS THAT WE'RE NOT QUITE SO FAMILIAR WITH, PARTICULARLY WHERE AN MDL STAY MAY BE APPROPRIATE, AND THE MEDICARE AND MEDICAID PROGRAMS.

WE FREQUENTLY BUMP INTO MDL, BUT I THINK THIS CASE HAS TAUGHT US QUITE A BIT ABOUT MDL THAT WE DID NOT UNDERSTAND BEFORE.

THESE CASES PRESENT A DIFFICULT DILEMMA WHICH

REQUIRES US TO BALANCE TWO COMPETING ASPECTS OF THE FEDERAL COURT SYSTEM.

ON THE ONE HAND WE ARE CALLED TO EXAMINE OUR JURISDICTION OVER THIS CASE. THIS IS AN INQUIRY THAT HAS BEEN REFERRED TO AS A FIRST AND FUNDAMENTAL QUESTION FOR A COURT, CITING STEEL COMPANY VERSUS CITIZENS FOR A BETTER ENVIRONMENT, 523 U.S. 83, AT 94, AND AT 101-2,, 1998.

THE STATE HAS MADE A STRONG AND PERSUASIVE ARGUMENT, PUTTING FORTH THIS AS A FIRST CONSIDERATION FOR US.

ON THE OTHER HAND, WE ARE FACED WITH THE FACT THAT THIS CASE EXISTS WITHIN THE REALM OF MULTIDISTRICT LITIGATION, WHICH I WILL REFER TO GENERALLY AS MDL.

MDL PLACES GREAT EMPHASIS ON CONSISTENCY OF DECISIONS, CONSERVATION OF JUDICIAL RESOURCES, AND EFFICIENCY OF THE COURT PROCESS.

THE COURT VIEWS THIS SITUATION SOMEWHAT LIKE THE PROVERBIAL CHICKEN AND EGG QUESTION.

IF PENDING BEFORE US WERE ONLY A SIMPLE NON-COMPLEX MOTION INVOLVING JURISDICTION, WE WOULD HAVE LITTLE TROUBLE DETERMINING HOW TO PROCEED.

IF THERE WERE NO COMPLEX OR DIFFICULT JURISDICTIONAL PROBLEM OUR DECISION ON A STAY WOULD BE MUCH EASIER.

IT IS THE INTERSECTION OF THESE TWO IMPORTANT CONSIDERATIONS THAT CAUSES THE DIFFICULTY IN ANALYSIS OF THIS

CASE.

THE PRINCIPAL PURPOSE OF MDL IS TO ENSURE THAT MULTIPLE CASES AROUND THE COUNTRY OF NATIONAL IMPORTANCE WHICH RAISE SIMILAR ISSUES MAY BE DECIDED IN A CONSISTENT AND EFFICIENT MANNER.

IN DETERMINING WHETHER TO STAY THESE CASES PENDING THE MDL DECISION ON TRANSFER, WE CONSIDER THE FOLLOWING FACTORS WHICH APPEAR TO BE SPECIFIC TO MDL CONSIDERATION:

ONE, CONSISTENCY OF JUDICIAL OUTCOME.

TWO, EFFICIENT RESOLUTION OF THE ISSUES.

THREE, JUDICIAL ECONOMY.

FOUR, CONVENIENCE OF THE PARTIES AND WITNESSES.

FIVE, THE COMPLEXITY OF THE JURISDICTIONAL ISSUES.

AND SIX, THE SUFFICIENT LIKELIHOOD THAT THE ISSUES WILL ARISE IN MDL.

SEE FOR EXAMPLE, KOHL, K-O-H-L, VERSUS AMERICAN HOME PRODUCTS CORP, 78 FED. SUPP. 2d 885, WESTERN DISTRICT OF ARKANSAS, 1999.

STATING THAT THE COURT CONSIDERS "WHETHER THE ISSUES ARE EASILY CAPABLE OF ARISING IN MULTIPLE CASES, WHETHER THE ISSUES INVOLVE QUESTIONS OF LAW IN FACT WHICH RELATE TO THE CASES ALREADY TRANSFERRED TO MDL, AND WHETHER IT WOULD SERVE JUDICIAL ECONOMY TO HAVE THE QUESTIONS RESOLVED BY A SINGLE COURT:

THESE FACTORS WE HAVE LISTED ARE DRAWN FROM

NUMEROUS CASES HOWEVER, THOSE ARE CASES WHICH HAVE CONSIDERED STAYS PENDING POSSIBLE TRANSFER TO A MULTIDISTRICT COURT.

IN OUR ANALYSIS WE ALSO CONSIDER THE FOLLOWING FACTORS APPLICABLE IN GENERAL TO CONSIDERATION OF STAY MOTIONS:

ONE, THE POTENTIAL PREJUDICE TO THE NON-MOVING PARTY.

TWO, THE HARDSHIP AND INEQUITY TO THE MOVING PARTY IF THE ACTION IS NOT STAYED.

AND THREE, THE JUDICIAL RESOURCES THAT WOULD BE SAVED BY AVOIDING DUPLICATIVE LITIGATION.

A DISTRICT COURT HAS THE INHERENT POWER TO STAY ITS PROCEEDINGS, RIVERS VERSUS WALT DISNEY COMPANY, 980 FED. SUPP. 1358, AT 1360, CENTRAL DISTRICT, 1997.

THIS POWER IS INCIDENTAL TO THE POWER INHERENT IN EVERY COURT TO CONTROL THE DISPOSITION OF THE CAUSES ON ITS DOCKET, CITING LANDIS VERSUS NORTH AMERICAN COMPANY, 299 U.S. 248 AT 254, 1936.

THE POWER TO STAY IS NOT ELIMINATED BY A PENDING MOTION TO TRANSFER BEFORE A MULTIDISTRICT LITIGATION PANEL.

THE RULES OF PROCEDURE OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, RULE 1.5, CITING SMITH VERSUS MAIL BOXES ETC. U.S.A., INCORPORATED, 191 FED. SUPP. 2d 1155, AT 1157, EASTERN DISTRICT OF CALIFORNIA, 2002, RIVERS, 980 FED. SUPP. AT 1360.

WE HAVE EXAMINED MANY CASES WHICH SEEM TO INDICATE THAT JURISDICTIONAL ISSUES SHOULD BE RESOLVED FIRST.

SEE FOR EXAMPLE, SHERWOOD VERSUS MICROSOFT, 91 FED. SUPP. 2d 1196, MIDDLE DISTRICT OF TENNESSEE, 2000.

TORTOLA RESTAURANTS, L.P. VERSUS KIMBERLY-CLARK CORPORATION, 987 FED. SUPP. 1186, NORTHERN DISTRICT OF CALIFORNIA, 1997.

AETNA VERSUS HOECHST, THAT'S H-O-E-C-H-S-T, I'M NOT GOING TO TRY TO PRONOUNCE THE SECOND NAME, I'LL SPELL IT, A-K-T-I-E-N-G-E-S-E-L-L-S-C-H-A-F-T, 54 FED. SUPP. 2d 1042, DISTRICT OF KANSAS, 1999.

FARKAS VERSUS BRIDGESTONE/FIRESTONE, INCORPORATED, 113 FED. SUPP. 2d 1107, WESTERN DISTRICT OF KENTUCKY, 2000.

SMITH VERSUS MAIL BOXES, ETC., 1991, FED. SUPP. 2d 1155, 1157, EASTERN DISTRICT OF CALIFORNIA, 2002.

THAT LATTER CASE COLLECTS CASES WHERE JURISDICTIONAL ISSUES WERE ADDRESSED BEFORE ANY MOTIONS TO STAY.

WE HAVE ALSO EXAMINED MANY CASES THAT INDICATE THAT JURISDICTION SHOULD BE DETERMINED IN THESE CIRCUMSTANCES IN THE MULTIDISTRICT COURT, SEE FOR EXAMPLE, WEINKE VERSUS MICROSOFT, 84 FED. SUPP. 2d 989, EASTERN DISTRICT OF WISCONSIN, 2000, STATING THAT BECAUSE MULTIPLE ACTIONS WERE COMMENCED AND PENDING TRANSFER TO MDL WITH THE SAME ISSUES AS THE PRESENT CASE THE COURT WOULD STAY PENDING TRANSFER IN THE

INTEREST OF JUDICIAL ECONOMY AND TO AVOID INCONSISTENT RESULTS.

IVY V DIAMOND SHAMROCK CHEMICALS COMPANY, 901 F.2d 7, SECOND CIRCUIT, 1990.

MEDICAL SOCIETY OF STATE OF NEW YORK VERSUS CONNECTICUT GENERAL CORPORATION, 187 FED. SUPP. 2d 89, SOUTHERN DISTRICT OF NEW YORK, 2001.

RIVERS VERSUS WALT DISNEY COMPANY, 980 FED. SUPP. 1358, CENTRAL DISTRICT OF CALIFORNIA, 1997.

GOOD VERSUS PRUDENTIAL INSURANCE COMPANY OF AMERICA, 5 FED. SUPP. 2d 804, NORTHERN DISTRICT OF CALIFORNIA, 1998.

PORTNOY VERSUS ZENITH LAB, 1987, WL 10236, DISTRICT OF COLUMBIA, WHICH STAYED CASES FOR PURPOSES OF COORDINATION OF RELATED CASES AND BECAUSE OF MINIMAL DELAY.

HAVING SAID THAT, WE NEXT CONSIDER WHETHER THE ISSUES PRESENTED HERE WOULD LIKELY ARISE IN MDL.

IF THE ISSUES HERE ARE UNIQUE ONLY TO THIS CASE, THIS FACTOR WOULD WEIGH STRONGLY IN FAVOR OF DENYING A STAY AND PROCEEDING TO DECIDE THE JURISDICTIONAL QUESTION.

THERE DOES NOT SEEM TO BE ANY REAL DEBATE THAT THE UNDERLYING FACTUAL ALLEGATIONS CONCERNING THE ALLEGED MANIPULATIONS OF THE AVERAGE WHOLESALE PRICE AND MEDICAID BEST PRICES ARE LIKELY TO, AND IN FACT HAVE ARISEN IN THE CASES CURRENTLY CONSOLIDATED BEFORE JUDGE SARIS WHO PRESIDES

OVER THE POTENTIAL MDL TRANSFEREE COURT.

THE DEBATE SEEMS TO BE OVER WHETHER THE SPECIFIC JURISDICTIONAL QUESTIONS HERE WILL BE PRESENTED TO JUDGE SARIS.

WITH RESPECT TO AMERICAN HOME WE CONCLUDE THAT THE QUESTION OF WHETHER THE CLAIMS MADE HERE ARISE UNDER FEDERAL LAW IS LIKELY TO BE BEFORE JUDGE SARIS IN CONNECTION WITH CASES PENDING BEFORE THE MDL COURT.

JUDGE MALLOY IN MONTANA RECENTLY STAYED A VERY SIMILAR CASE IN MONTANA PENDING POSSIBLE TRANSFER TO MDL.

THE ORAL ARGUMENTS BROUGHT OUT THE FACT THAT A SIMILAR CASE TO THE MONTANA AND NEVADA CASES HAS BEEN FILED IN MINNESOTA.

THE MORE DIFFICULT ISSUE IS WHETHER THE QUESTION OF SEPARATE AND INDEPENDENT CLAIMS WILL ARISE BEFORE JUDGE SARIS.

THERE MAY WELL BE A QUESTION AS TO THIS PARTICULAR ISSUE.

AS POINTED OUT DURING THE HEARINGS, THE COMBINATION OF ONE FEDERAL CLAIM PLUS MULTIPLE NONREMOVABLE CLAIMS, PLUS FAILURE OF ALL PARTIES TO JOIN IN THE REMOVAL IS NOT A COMMON SITUATION TO BE FOUND IN THIS COURT.

SECTION 1441(c) WAS INVOKED IN THE AMERICAN HOME CASE AS A REASON FOR REMOVAL.

WE CANNOT TELL IF THIS SPECIFIC ISSUE HAS ARISEN OR

WILL ARISE IN CONNECTION WITH OTHER MDL CASES, BUT THE PRESENTATION OF THAT ISSUE BY ITSELF IS NOT IN OUR VIEW DETERMINATIVE OF HOW WE SHOULD DECIDE THE STAY ISSUE.

IT APPEARS TO THIS COURT THAT THIS CASE MOST CLOSELY RESEMBLES MEDICAL SOCIETY AND IVY IN THAT BOTH ABBOTT AND AMERICA HOME PRESENT COMPLICATED ISSUES LIKELY TO ARISE BEFORE JUDGE SARIS.

THIS CASE IS ALSO LIKE MYERS VERSUS BAYER, 143 FED. SUPP. 2d 1044, AT 1049, WESTERN DISTRICT OF WISCONSIN, 2001, WHERE THE DISTRICT COURT'S CONCLUSION WAS THAT BECAUSE THE JURISDICTIONAL ISSUE APPEARS FACTUALLY OR LEGALLY DIFFICULT AND BOTH DIFFICULT AND SIMILAR OR IDENTICAL TO THOSE CASES TRANSFERRED OR LIKELY TO BE TRANSFERRED THAT IT WOULD GRANT A STAY AND ALLOW THE MULTIDISTRICT COURT TO DETERMINE THE JURISDICTIONAL QUESTION.

OUR CASE PRESENTS A VIRTUALLY IDENTICAL SITUATION TO MYERS IN OUR VIEW.

IN ABBOTT WHETHER THE CLAIMS AGAINST GSK ARE SEPARATE AND INDEPENDENT UNDER 1441(c) IS INDEED A DIFFICULT ISSUE.

LIKEWISE IN AMERICAN HOME WHETHER THE MEDICAID FRAUD CLAIM ARISES UNDER FEDERAL LAW IS ALSO A DIFFICULT ISSUE.

BECAUSE THE JURISDICTIONAL ISSUES ARE BOTH COMPLICATED AND LIKELY TO ARISE IN OTHER CASES BEFORE THE MDL

PANEL, WE BELIEVE A STAY IS THE MOST APPROPRIATE COURSE OF ACTION FOR THESE CASES.

IT DOES APPEAR THAT THE CORE OF THE ISSUES BEFORE THIS COURT HAVE ARISEN OR ARE LIKELY TO ARISE IN CASES TRANSFERRED TO THE MDL COURT.

THE CLAIMED MANIPULATION OF THE AVERAGE WHOLESALE PRICE AND THE MEDICAID BEST PRICES ARE FACTUALLY AT THE HEART OF THESE CASES. THE OVERLAP IS SUBSTANTIAL.

THIS IS NOT TO SAY THAT THERE MAY NOT BE DISCRETE ISSUES UNIQUE TO THESE CASES WHICH MAY BE UNLIKE OTHER ISSUES BEFORE THE MDL COURT.

THESE FACTORS OF CONSISTENCY AND EFFICIENCY WEIGH IN FAVOR OF GRANTING A STAY.

IF ANY SUBSTANTIAL NUMBER OF THE ISSUES PRESENTED HERE ARE LIKELY TO ARISE BEFORE JUDGE SARIS, THEN ALLOWING HER TO DETERMINE THEM IN ALL OF THE CASES WILL CERTAINLY PROMOTE CONSIDERATION OF CONSISTENCY. IT WILL ALSO BE MORE EFFICIENT TO HAVE ONE JUDGE CONSIDER ALL OF THE ISSUES.

ON THE QUESTION OF JUDICIAL ECONOMY, THIS FACTOR APPEARS TO WEIGH IN FAVOR OF A STAY.

IF MDL TRANSFERS THE CASES THEN JUDGE SARIS WILL BE THE ONE TO EXPEND THE TIME AND RESOURCES TO DETERMINE THE JURISDICTIONAL QUESTION.

JUDGE SARIS WILL BE CONSIDERING THESE JURISDICTIONAL ISSUES IN OTHER CASES.

IT WOULD DEFEAT THE PURPOSE OF MULTIDISTRICT CONSOLIDATION WERE WE TO TAKE THE TIME SEPARATELY TO CONSIDER THESE QUESTIONS.

WE DO RECOGNIZE THE PERSUASIVE ARGUMENT OF THE STATE, ADOPTED BY SOME COURTS, THAT A DETERMINATION OF THE JURISDICTION FIRST ACTUALLY PROMOTE JUDICIAL ECONOMY BECAUSE IT ALLOWS THE CASE TO PROCEED IN THE PROPER FORM.

HOWEVER, WE CONCLUDE IN THESE CASES, WHERE THE JURISDICTIONAL ISSUES ARE DIFFICULT AND LIKELY TO ARISE IN THE MDL CASES, A STAY IS PROPER.

THE COURT IN MEDICAL SOCIETY SAID, AND I PARAPHRASE THIS A LITTLE BIT, IF THE UNDERLYING JURISDICTIONAL ISSUE INVOLVES A QUESTION OF LAW OR FACT NOT BOUND UP WITH THOSE INVOLVED IN THE MULTIDISTRICT LITIGATION, OR IF IT WERE FAIRLY OBVIOUS, SUCH AS WHETHER THE PARTIES WERE COMPLETELY DIVERSE, THE PREFERENCE WOULD BE TO RULE ON JURISDICTION IN THE FIRST INSTANCE AND NOT TO WAIT FOR THE MDL PANEL'S TRANSFER DECISION.

IN THE VIEW OF THE COURT IF THE JURISDICTIONAL ISSUES WERE SLAM DUNK WE WOULD LIKELY NOT DECIDE THE MOTIONS AS WE ARE DOING.

IT IS TO A CONSIDERABLE EXTENT THE COMPLEXITY AND DIFFICULTY OF THESE ISSUES AND THE LIKELIHOOD THAT THE SAME OR SIMILAR ISSUES WILL COME BEFORE THE MDL COURT WHICH MAKES OUR DECISION COME OUT AS IT DOES.

I MIGHT NOTE THERE THAT OF COURSE THE TRANSFER IS UP TO THE MDL PANEL, AND I'M NOT TRYING TO DECIDE THAT IN ANY WAY, BUT I THINK WHETHER WE STAY OR NOT DEPENDS ON WHAT MAY LIKELY HAPPEN BEFORE THE MDL PANEL, OR WHAT COULD HAPPEN THERE.

THEY MAY DECIDE TO SEND THESE CASES BACK TO US AND NOT TRANSFER THEM, AND WE'RE PREPARED TO PROCEED SHOULD THAT OCCUR. THAT'S THEIR DECISION TO MAKE.

AND OUR STAY WILL SIMPLY WAIT TO SEE WHAT THEIR DECISION IS.

THE ISSUE OF CONVENIENCE OF THE PARTIES AND WITNESSES IS NEXT.

THIS FACTOR MIGHT WEIGH TO SOME EXTENT AGAINST A STAY. IT LIKELY WILL BE AN ISSUE THAT THE MDL PANEL WILL CONSIDER IN DETERMINING WHETHER TO TRANSFER THE CASES.

CLEARLY IT WOULD BE MORE CONVENIENT FOR THE STATE AND ITS WITNESSES IN NEVADA TO HAVE THE CASES DECIDED IN THIS COURT.

THIS CANNOT, HOWEVER, BE SAID NECESSARILY FOR THE DEFENDANTS OR DEFENSE WITNESSES.

AT THIS POINT WE CAN'T REALLY TELL WHERE CONVENIENCE LIES.

IF THE CASE IS TRANSFERRED TO THE MDL COURT THE STATE WILL HAVE TO PROCEED IN MASSACHUSETTS, YET, AS I WILL COMMENT A LITTLE BIT FURTHER LATER, WITH RAPID AND READY

TRAVEL AND COMMUNICATION IN THIS DAY AND AGE THIS DOES NOT SEEM TO BE A TRULY UNREASONABLE BURDEN.

BASED ON CONSIDERATION OF THESE FACTORS, AND WE HAVE CONCLUDED THAT A STAY IS THE CORRECT COURSE OF ACTION, A STAY WILL PROMOTE CONSISTENCY, EFFICIENCY AND JUDICIAL ECONOMY PENDING WHATEVER IS DECIDED BY THE MDL PANEL.

IT DOES NOT APPEAR TO THE COURT THAT THE STATE WILL SUFFER ANY REAL PREJUDICE IF JUDGE SARIS RATHER THAN A FEDERAL JUDGE IN NEVADA DECIDES THESE ISSUES OF JURISDICTION.

WE DON'T ANTICIPATE THE STATE WOULD BE AFFORDED ANY HOMETOWN ADVANTAGE HERE, AND WE DON'T ANTICIPATE IT WILL BE A DISADVANTAGE TO BE BEFORE JUDGE SARIS, EVEN THOUGH SHE'S NOT A JUDGE SITTING WITHIN THE STATE OF NEVADA AND WILL BE ADDRESSING NEVADA LAW.

AND AS I MENTIONED PREVIOUSLY, WE DON'T FIND IT PARTICULARLY PERSUASIVE THAT THE STATE OF NEVADA WILL BE PREJUDICED BY HAVING TO TRAVEL TO BOSTON TO LITIGATE THE CASE SHOULD THAT TRANSFER OCCUR.

THE SPECIAL COUNSEL FOR THE STATE OF NEVADA APPARENTLY MAINTAINS OFFICES IN BOSTON AND WILL BE IN BOSTON ALREADY FOR THE OTHER CASES.

WE ALSO DO NOT BELIEVE THAT ANY DELAY IN THESE CASES OCCASIONED BY OUR STAY OR BY TRANSFER BY THE MDL WILL UNDULY PREJUDICE THE STATE.

THE MDL PANEL WILL HEAR THE CASES ACCORDING TO THE

INFORMATION PROVIDED AT THE HEARINGS LIKELY IN SEPTEMBER, AND WILL DETERMINE WHETHER TO ENTER A TRANSFER ORDER.

THE ISSUES HAVE BEEN FULLY BRIEFED AND IF THE CASES ARE TRANSFERRED TO THE MDL COURT IT SHOULDN'T TAKE THE TRANSFEREE COURT TOO MUCH LONGER THAN IT WOULD TAKE THIS COURT TO DECIDE THESE ISSUES.

THEREFORE, MS. CLERK, YOU WILL ENTER THE FOLLOWING ORDERS:

THE MINUTES HERE SHOULD BE FILED IN BOTH CASES AND SHOULD BEAR BOTH HEADINGS.

IN THE ABBOTT CASE, WHICH IS STATE OF NEVADA VERSUS ABBOTT LABORATORIES, ET AL., CV-N-02-0080, IT IS ORDERED THAT THE MOTION FOR RECONSIDERATION, NUMBER 88, IS DENIED.

THE CASE CONTINUES TO BE STAYED PENDING A DECISION ON TRANSFER BY THE MDL PANEL.

IN THE AMERICAN HOME CASE, WHICH IS STATE OF NEVADA VERSUS AMERICAN HOME PRODUCTS, ET AL., CV-N-02-0202, REFERRED TO AS THE AMERICAN HOME CASE, IT IS HEREBY ORDERED THAT THE MOTION FOR STAY, NUMBER 25, IS GRANTED.

THIS CASE IS STAYED PENDING A DECISION ON TRANSFER BY THE MDL PANEL.

AGAIN, I THANK COUNSEL FOR YOUR HELP AND WE WILL STAND ADJOURNED.

(COURT ADJOURNED, 2:00 P.M.)

I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE PROCEEDINGS HELD IN THE ABOVE-ENTITLED ACTION.

2-31-02
DATE

CATHY M. WORKEN, CCR, RPR
OFFICIAL COURT REPORTER
400 SOUTH VIRGINIA STREET
RENO, NEVADA 89501
(775) 324-6777

---000---

WORD INDEX

**0**

02
[1] 5:22 <01:38>

**1**

1.5
[1] 9:22 <01:46>
101-2
[1] 7:7 <01:41>
10236
[1] 11:13 <01:49>
1042
[1] 10:10 <01:47>
1044
[1] 13:9 <01:52>
1049
[1] 13:9 <01:52>
1107
[1] 10:13 <01:48>
113
[1] 10:13 <01:48>
1155
[2] 9:23 <01:46> 10:15 <01:48>
1157
[2] 9:24 <01:46> 10:15 <01:48>
1186
[1] 10:6 <01:47>
1196
[1] 10:4 <01:47>
1358
[2] 9:14 <01:46> 11:9 <01:49>
1360
[2] 9:14 <01:46> 9:25 <01:47>
143
[1] 13:8 <01:52>
1441(c
[2] 12:23 <01:52> 13:19 <01:53>
187
[1] 11:6 <01:49>
19
[1] 6:6 <01:39>
191
[1] 9:23 <01:46>
1936
[1] 9:18 <01:46>
1987
[1] 11:13 <01:49>
1990
[1] 11:4 <01:49>
1991
[1] 10:14 <01:48>
1997
[3] 9:14 <01:46> 10:7 <01:47> 11:9 <01:49>
1998
[2] 7:7 <01:41> 11:12 <01:49>
1999
[2] 8:18 <01:44> 10:11 <01:47>
1:30
[1] 3:1

**2**

2000
[3] 10:4 <01:47> 10:13 <01:48> 10:23 <01:48>
2001
[2] 11:7 <01:49> 13:9 <01:52>
2002
[4] 1:8 3:1 9:24 <01:46> 10:15 <01:48>
23
[1] 5:25 <01:39>
23RD
[1] 6:16 <01:40>
248
[1] 9:18 <01:46>
25
[2] 6:8 <01:39> 18:19 <02:02>
254
[1] 9:18 <01:46>
26
[2] 1:8 3:1
299
[1] 9:17 <01:46>
2:00
[1] 18:24 <02:02>
2d
[10] 8:17 <01:44> 9:23 <01:46> 10:4 <01:47> 10:10 <01:47> 10:13 <01:48> 10:14 <01:48> 10:22 <01:48> 11:6 <01:49> 11:11 <01:49> 13:9 <01:52>

**3**

30
[1] 6:9 <01:39>

**4**

400
[2] 2:23 19:4

**5**

5
[1] 11:11 <01:49>
523
[1] 7:7 <01:41>
54
[1] 10:10 <01:47>

**7**

7
[1] 11:4 <01:49>
775
[2] 2:24 19:5
78
[1] 8:17 <01:44>
79
[1] 6:4 <01:39>

**8**

804
[1] 11:11 <01:49>
83
[1] 7:7 <01:41>
84
[1] 10:22 <01:48>
88
[2] 6:2 <01:39> 18:13 <02:01>
885
[1] 8:17 <01:44>
89
[1] 11:6 <01:49>
89501
[2] 2:23 19:5

**9**

901
[1] 11:3 <01:49>
91
[1] 10:3 <01:47>
94
[1] 7:7 <01:41>
980
[3] 9:13 <01:45> 9:24 <01:46> 11:8 <01:49>
987
[1] 10:6 <01:47>
989
[1] 10:22 <01:48>

**A**

ABBOTT
[12] 1:16 2:14 4:6 4:22 <01:36> 5:16 <01:38> 5:18 <01:38> 6:2 <01:39> 6:5 <01:39> 13:5 <01:52> 13:18 <01:53> 18:11 <02:01> 18:12 <02:01>
ABOVE-ENTITLED
[1] 19:2
ACCORDING
[1] 17:25 <02:00>
ACTION
[4] 9:9 <01:45> 14:2 <01:53> 17:4 <01:59> 19:2
ACTIONS
[1] 10:23 <01:48>
ADDRESSED
[1] 10:17 <01:48>
ADDRESSING
[1] 17:14 <01:59>
ADJOURNED
[2] 18:23 <02:02> 18:24 <02:02>
ADOPTED
[1] 15:5 <01:55>
ADVANTAGE
[1] 17:11 <01:59>
AETNA
[1] 10:8 <01:47>
AFFECT
[1] 5:10 <01:37>
AFFORDED
[1] 17:10 <01:59>
AFTERNOON
[2] 3:11 4:19 <01:36>
AGE
[1] 17:1 <01:58>
AKIN
[1] 3:16
AKTIENGESELLSCHAFT
[1] 10:10 <01:47>
AL
[4] 1:10 1:16 18:12 <02:01> 18:17 <02:01>
ALLEGATIONS
[1] 11:22 <01:50>
ALLEGED
[1] 11:22 <01:50>
ALLOW
[1] 13:14 <01:53>
ALLOWING
[1] 14:15 <01:54>
ALLOWS
[1] 15:7 <01:55>
AMERICA
[2] 11:11 <01:49> 13:6 <01:52>
AMERICAN
[15] 1:10 2:17 4:12 <01:36> 4:14 <01:36> 5:21 <01:38> 5:23 <01:39> 6:7 <01:39> 8:16 <01:44> 9:17 <01:46> 12:5 <01:50> 12:23 <01:52> 13:21 <01:53> 18:16 <02:01> 18:17 <02:01> 18:18 <02:01>
AMGEN
[2] 2:19 4:18
ANALYSIS

[2] 7:25 <01:43> 9:3 <01:45>
ANN
[2] 2:15 4:7 <01:36>
ANNOUNCE
[2] 5:5 <01:37> 5:13 <01:38>
ANTICIPATE
[2] 17:10 <01:59> 17:11 <01:59>
APPEAR
[3] 8:8 <01:43> 14:3 <01:54> 17:7 <01:59>
APPEARANCES
[2] 1:20 3:8 <01:35>
APPLICABLE
[1] 9:4 <01:45>
APPROPRIATE
[2] 6:20 <01:40> 14:1 <01:53>
ARENT
[1] 3:18
ARGUMENT
[3] 6:15 <01:40> 7:9 <01:42> 15:4 <01:55>
ARGUMENTS
[8] 5:25 <01:39> 6:5 <01:39> 6:7 <01:39> 6:12 <01:40> 6:13 <01:40> 6:14 <01:40> 6:18 <01:40> 12:11 <01:51>
ARISE
[10] 8:15 <01:44> 11:17 <01:50> 12:6 <01:51> 12:15 <01:51> 13:1 <01:52> 13:6 <01:52> 13:25 <01:53> 14:4 <01:54> 14:15 <01:54> 15:9 <01:56>
ARISEN
[3] 11:24 <01:50> 12:25 <01:52> 14:4 <01:54>
ARISES
[1] 13:22 <01:53>
ARISING
[1] 8:20 <01:44>
ARKANSAS
[1] 8:18 <01:44>
ASPECTS
[1] 7:1 <01:41>
ASSUMING
[1] 5:3 <01:37>
ASTRAZENECA
[4] 2:2 2:6 3:15 4:16
ATTORNEYS
[4] 3:4 <01:35> 3:6 <01:35> 5:7 <01:37> 5:11 <01:37>

AVERAGE
[2] 11:2[illegible] <[illegible]> 14:[illegible] <[illegible]>
AVOID
[1] 11:[illegible] <[illegible]>
AVOIDING
[1] 9:11 <[illegible]>

B

BALANCE
[1] 7:1 <[illegible]>
BARTLETT
[1] 4:2[illegible] <[illegible]>
BASED
[1] 17:[illegible] <[illegible]>
BAXTER
[2] 2:7 3:17 <[illegible]>
BAYER
[3] 2:1[illegible] 4:[illegible] <[illegible]> 13:[illegible] <[illegible]>
BEAR
[1] 18:1[illegible] <[illegible]>
BEESLEY
[1] 1:24
BERMAN
[1] 3:1[illegible] <[illegible]>
BEST
[2] 11:24 <[illegible]> 14:7 <[illegible]>
BETTER
[1] 7:[illegible] <[illegible]>
BIT
[3] 6:2[illegible] <[illegible]> 15:1[illegible] <[illegible]> 16:25 <[illegible]>
BOB
[2] 2:14 4:21 <[illegible]>
BOSTON
[3] 17:1[illegible] <[illegible]> 17:2[illegible] <[illegible]> 17:20 <[illegible]>
BOUND
[1] 15:1[illegible] <[illegible]>
BOXES
[2] 9:2[illegible] <[illegible]> 10:14 <[illegible]>
BRIDGESTONE/FIRESTONE
[1] 10:1[illegible] <[illegible]>
BRIEFED
[2] 6:1[illegible] <[illegible]> 18:3 <[illegible]>
BRISTOL-MYERS
[3] 2:1[illegible] 3:23 <[illegible]> 4:4
BROTHERS
[1] 4:9
BROUGHT
[1] 12:11 <[illegible]>
BROWN

[1] 4:2 <01:36>
BRUCE
[1] 1:24
BUMP
[1] 6:22 <01:41>
BURDEN
[1] 17:2 <01:58>
BURTON
[1] 4:21 <01:36>

C

CALIFORNIA
[5] 9:24 <01:46> 10:7 <01:47> 10:15 <01:48> 11:9 <01:49> 11:12 <01:49>
CANNOT
[2] 12:25 <01:52> 16:19 <01:58>
CAPABLE
[1] 8:20 <01:44>
CARANO
[1] 4:4
CASE
[32] 5:17 <01:38> 5:18 <01:38> 5:19 <01:38> 5:20 <01:38> 5:22 <01:38> 5:23 <01:39> 5:24 <01:39> 6:2 <01:39> 6:5 <01:39> 6:7 <01:39> 6:17 <01:40> 6:22 <01:41> 7:4 <01:41> 7:11 <01:42> 8:1 <01:43> 10:16 <01:48> 10:25 <01:48> 11:18 <01:50> 12:10 <01:51> 12:12 <01:51> 12:24 <01:52> 13:4 <01:52> 13:8 <01:52> 13:16 <01:53> 15:7 <01:55> 16:23 <01:58> 17:17 <02:00> 18:11 <02:01> 18:14 <02:01> 18:16 <02:01> 18:18 <02:01> 18:20 <02:02>
CASES
[37] 5:15 <01:38> 6:10 <01:39> 6:25 <01:41> 8:3 <01:43> 8:6 <01:43> 8:20 <01:44> 8:22 <01:44> 9:1 <01:45> 9:1 <01:45> 10:1 <01:47> 10:16 <01:48> 10:19 <01:48> 11:14 <01:49> 11:15 <01:50> 11:25 <01:50> 12:8 <01:51> 12:12 <01:51> 13:1 <01:52> 13:12 <01:53> 13:25 <01:53> 14:2 <01:53>

14:4 <01:54> 14:8 <01:54> 14:10 <01:54> 14:16 <01:55> 14:21 <01:55> 14:25 <01:55> 15:8 <01:55> 15:10 <01:56> 16:6 <01:57> 16:15 <01:58> 16:17 <01:58> 17:21 <02:00> 17:23 <02:00> 17:25 <02:00> 18:3 <02:00> 18:9 <02:01>
CASTLE
[3] 2:8 3:18 3:18
CAUSES
[2] 7:25 <01:43> 9:16 <01:46>
CENTRAL
[2] 9:14 <01:46> 11:9 <01:49>
CERTAINLY
[1] 14:16 <01:55>
CERTIFY
[1] 19:1
CHEMICALS
[1] 11:3 <01:49>
CHICKEN
[1] 7:17 <01:42>
CHIRON
[2] 2:8 3:19
CHRISTOHER
[1] 2:14
CHRISTOPHER
[1] 4:5 <01:36>
CIRCUIT
[1] 11:4 <01:49>
CIRCUMSTANCES
[1] 10:20 <01:48>
CITING
[3] 7:6 <01:41> 9:17 <01:46> 9:22 <01:46>
CITIZENS
[1] 7:6 <01:41>
CLAIM
[2] 12:20 <01:51> 13:22 <01:53>
CLAIMED
[1] 14:6 <01:54>
CLAIMS
[4] 12:6 <01:51> 12:15 <01:51> 12:20 <01:51> 13:18 <01:53>
CLARK
[1] 10:5 <01:47>
CLEARLY
[1] 16:16 <01:58>
CLERK
[5] 3:3 <01:34> 3:5 <01:35> 4:25 <01:37> 5:1 <01:37> 18:7

<02:00>
CLOSELY
[1] 13:5 <01:52>
COLLECTS
[1] 10:16 <01:48>
COLUMBIA
[1] 11:14 <01:49>
COMBINATION
[1] 12:19 <01:51>
COMMENCED
[1] 10:24 <01:48>
COMMENT
[1] 16:25 <01:58>
COMMENTED
[1] 6:13 <01:40>
COMMON
[1] 12:21 <01:51>
COMMUNICATION
[1] 17:1 <01:58>
COMPANY
[8] 2:12 3:25 7:6 <01:41> 9:13 <01:45> 9:17 <01:46> 11:3 <01:49> 11:8 <01:49> 11:10 <01:49>
COMPETING
[1] 7:1 <01:41>
COMPLETELY
[1] 15:15 <01:56>
COMPLEX
[2] 7:18 <01:42> 7:21 <01:43>
COMPLEXITY
[2] 8:13 <01:44> 15:22 <01:56>
COMPLICATED
[2] 13:6 <01:52> 13:25 <01:53>
CONCERNING
[1] 11:22 <01:50>
CONCLUDE
[2] 12:5 <01:50> 15:8 <01:55>
CONCLUDED
[1] 17:4 <01:59>
CONCLUSION
[1] 13:10 <01:52>
CONNECTICUT
[1] 11:6 <01:49>
CONNECTION
[2] 12:7 <01:51> 13:1 <01:52>
CONSERVATION
[1] 7:14 <01:42>
CONSIDER
[6] 8:7 <01:43> 9:3 <01:45> 11:16 <01:50> 14:18 <01:55> 15:2 <01:55> 16:15 <01:58>
CONSIDERABLE
[1] 15:22 <01:56>
CONSIDERATION
[5] 7:9 <01:42> 8:8 <01:43> 9:4 <01:45> 14:17 <01:55> 17:3 <01:58>
CONSIDERATIONS
[1] 7:25 <01:43>
CONSIDERED
[2] 6:11 <01:40> 9:1 <01:45>
CONSIDERING
[1] 14:24 <01:55>
CONSIDERS
[1] 8:19 <01:44>
CONSISTENCY
[5] 7:13 <01:42> 8:9 <01:43> 14:12 <01:54> 14:17 <01:55> 17:5 <01:59>
CONSISTENT
[1] 8:4 <01:43>
CONSOLIDATED
[1] 11:25 <01:50>
CONSOLIDATION
[1] 15:2 <01:55>
CONTINUES
[1] 18:14 <02:01>
CONTROL
[1] 9:16 <01:46>
CONVENIENCE
[3] 8:12 <01:44> 16:11 <01:57> 16:22 <01:58>
CONVENIENT
[1] 16:16 <01:58>
COOK
[3] 2:14 4:5 <01:36> 4:5 <01:36>
COORDINATION
[1] 11:14 <01:49>
COPY
[1] 19:1
CORE
[1] 14:3 <01:54>
CORP
[1] 8:17 <01:44>
CORPORATION
[7] 1:24 2:8 2:13 3:19 4:2 <01:36> 10:6 <01:47> 11:6 <01:49>
CORRECT
[2] 17:4 <01:59> 19:1
COUDERT
[1] 4:9
COUNSEL
[5] 3:7 <01:35> 3:10 <01:35> 4:14 <01:36> 17:15 <02:00> 18:22 <02:00>
COUNTRY
[1] 8:3 <01:43>
COURSE
[3] 14:1 <01:55> 16:1 <01:57> 17:4 <01:59>
COURT
[42] 1:1 1:15 2:22 3:3 <01:36> 4:24 <01:36> 5:3 <01:37> 5:5 <01:37> 5:14 <01:38> 5:25 <01:39> 6:11 <01:40> 6:15 <01:40> 6:16 <01:40> 7:2 <01:40> 7:6 <01:40> 7:15 <01:42> 7:16 <01:42> 8:15 <01:44> 8:24 <01:45> 9:2 <01:45> 9:12 <01:45> 9:16 <01:46> 10:21 <01:48> 10:25 <01:48> 12:1 <01:50> 12:8 <01:51> 12:22 <01:51> 13:4 <01:52> 13:14 <01:53> 14:4 <01:54> 14:5 <01:54> 14:11 <01:54> 15:11 <01:56> 15:19 <01:56> 15:24 <01:57> 16:18 <01:58> 16:23 <01:58> 17:7 <01:59> 18:4 <02:00> 18:5 <02:00> 18:6 <02:00> 18:24 <02:02> 19:4
COURT'S
[1] 13:10 <01:52>
COURTROOM
[2] 5:8 5:12
COURTS
[1] 15:5 <01:55>
CRAIG
[2] 2:17 4:11 <01:36>
CV-N-02--202
[1] 5:22 <01:39>
CV-N-02-0080
[2] 5:17 <01:38> 18:12 <02:01>
CV-N-02-0202
[1] 18:17 <02:00>
CV-N-02-202-ECR(RAM
[1] 1:7
CV-N-02-80-ECR(RAM
[1] 1:13

D

DATE
[1] 19:3
DAVID
[5] 1:22 2:9 2:18 3:20 <01:35> 4:13 <01:36>
DAVIS
[5] 2:12 3:14 <01:35> 3:24 <01:35> 3:24 <01:35> 4:15 <01:36>
DEBATE
[2] 11:21 <01:50> 12:2 <01:50>
DECIDE
[6] 11:20 <01:50> 13:3 <01:52> 15:20 <01:56> 16:2 <01:57> 16:6 <01:57> 18:6 <02:00>
DECIDED
[3] 8:4 <01:43> 16:17 <01:58> 17:6 <01:59>
DECIDES
[1] 17:9 <01:59>
DECISION
[12] 1:19 5:6 <01:37> 5:10 <01:37> 5:14 <01:38> 7:22 <01:43> 8:7 <01:43> 15:18 <01:56> 15:25 <01:57> 16:8 <01:57> 16:10 <01:57> 18:14 <02:01> 18:20 <02:02>
DECISIONS
[1] 7:14 <01:42>
DEFEAT
[1] 15:1 <01:55>
DEFENDANT
[1] 3:17 <01:35>
DEFENDANTS
[7] 1:11 1:17 1:24 2:3 5:16 <01:38> 5:21 <01:38> 16:20 <01:58>
DEFENSE
[1] 16:20 <01:58>
DELAY
[2] 11:15 <01:50> 17:22 <02:00>
DENIED
[1] 18:13 <02:01>
DENYING
[1] 11:19 <01:50>
DETERMINATION
[1] 15:5 <01:55>
DETERMINATIVE
[1] 13:3 <01:52>
DETERMINE
[4] 13:14 <01:53> 14:16 <01:55> 14:22 <01:55> 18:2 <02:00>
DETERMINED

[1] 10:20 <01:48>
DETERMINING
[3] 7:20 <01:43> 8:6 <01:43> 16:15 <01:58>
DEY
[3] 2:1 2:16 4:10
DIAMOND
[1] 11:3 <01:49>
DIFFERENCE
[1] 5:9 <01:37>
DIFFICULT
[8] 6:25 <01:41> 7:21 <01:43> 12:14 <01:51> 13:11 <01:53> 13:12 <01:53> 13:19 <01:53> 13:22 <01:53> 15:9 <01:56>
DIFFICULTY
[2] 7:25 <01:43> 15:23 <01:56>
DILEMMA
[1] 6:25 <01:41>
DISADVANTAGE
[1] 17:12 <01:59>
DISCRETE
[1] 14:9 <01:54>
DISNEY
[2] 9:13 <01:45> 11:8 <01:49>
DISPOSITION
[1] 9:16 <01:46>
DISTRICT
[19] 1:1 1:2 1:3 8:17 <01:44> 9:12 <01:45> 9:14 <01:46> 9:24 <01:46> 10:4 <01:47> 10:6 <01:47> 10:11 <01:47> 10:13 <01:48> 10:15 <01:48> 10:22 <01:48> 11:7 <01:49> 11:9 <01:49> 11:11 <01:49> 11:13 <01:49> 13:9 <01:52> 13:10 <01:52>
DIVERSE
[1] 15:16 <01:56>
DOCKET
[6] 6:2 <01:39> 6:3 <01:39> 6:6 <01:39> 6:8 <01:39> 6:9 <01:39> 9:17 <01:46>
DRAWN
[1] 8:25 <01:45>
DUNK
[1] 15:20 <01:56>
DUNN
[3] 2:13 4:1 4:1
DUPLICATIVE
[1] 9:11 <01:45>
DURING
[1] 12:19 <01:51>

E

EASIER
[1] 7:23 <01:43>
EASILY
[1] 8:20 <01:44>
EASTERN
[3] 9:24 <01:46> 10:15 <01:48> 10:22 <01:48>
ECONOMY
[6] 8:11 <01:44> 8:23 <01:45> 11:1 <01:49> 14:19 <01:55> 15:6 <01:55> 17:6 <01:59>
EDWARD
[1] 1:3
EFFICIENCY
[3] 7:14 <01:42> 14:12 <01:54> 17:5 <01:59>
EFFICIENT
[3] 8:5 <01:43> 8:10 <01:44> 14:18 <01:55>
EGG
[1] 7:17 <01:42>
EHRMAN
[2] 3:13 4:20
ELI
[2] 2:12 3:24 <01:35>
ELIMINATED
[1] 9:19 <01:46>
ELLEN
[1] 2:2
EMPHASIS
[1] 7:13 <01:42>
END
[1] 6:13 <01:40>
ENSURE
[1] 8:2 <01:43>
ENTER
[2] 18:2 <02:00> 18:7 <02:00>
ENTERED
[1] 6:3 <01:39>
ENVIRONMENT
[1] 7:7 <01:41>
ERIC
[2] 2:6 4:15 <01:36>
ESQUIRE
[24] 1:21 1:22 1:22 1:24 2:1 2:2 2:4 2:5 2:6 2:6 2:7 2:8 2:9 2:10 2:11 2:12 2:13 2:14 2:14 2:15 2:16 2:17 2:18 2:19
ET
[4] 1:10 1:16 18:12 <02:01> 18:17 <02:01>
ETC
[2] 9:23 <01:46> 10:14 <01:48>
EVERYDAY
[1] 6:14 <01:40>
EXAMINE
[1] 7:3 <01:41>
EXAMINED
[2] 10:1 <01:47> 10:19 <01:48>
EXAMPLE
[3] 8:16 <01:44> 10:3 <01:47> 10:21 <01:48>
EXISTS
[1] 7:11 <01:42>
EXPEND
[1] 14:22 <01:55>
EXTENT
[2] 15:22 <01:56> 16:13 <01:57>

F

F.2d
[1] 11:3 <01:49>
FACED
[1] 7:10 <01:42>
FACT
[5] 7:10 <01:42> 8:21 <01:44> 11:24 <01:50> 12:11 <01:51> 15:13 <01:56>
FACTOR
[3] 11:19 <01:50> 14:19 <01:55> 16:13 <01:57>
FACTORS
[5] 8:8 <01:43> 8:25 <01:45> 9:4 <01:45> 14:12 <01:54> 17:3 <01:58>
FACTUAL
[1] 11:22 <01:50>
FACTUALLY
[2] 13:11 <01:53> 14:7 <01:54>
FAILURE
[1] 12:21 <01:51>
FAIRLY
[1] 15:15 <01:56>
FAMILIAR
[1] 6:19 <01:40>
FARKAS
[1] 10:12 <01:47>
FAVOR
[3] 11:19 <01:50> 14:13 <01:54> 14:20 <01:55>
FED
[14] 8:17 <01:44> 9:13 <01:45> 9:23 <01:46> 9:24 <01:46> 10:3 <01:47> 10:6 <01:47> 10:10 <01:47> 10:13 <01:48> 10:14 <01:48> 10:22 <01:48> 11:6 <01:49> 11:8 <01:49> 11:11 <01:49> 13:8 <01:52>
FEDERAL
[5] 7:1 <01:41> 12:6 <01:51> 12:20 <01:51> 13:22 <01:53> 17:9 <01:59>
FELD
[1] 3:17 <01:35>
FILE
[1] 6:11 <01:40>
FILED
[2] 12:12 <01:51> 18:9 <02:01>
FINE
[1] 6:17 <01:40>
FIRM
[1] 3:9 <01:35>
FIRST
[5] 7:5 <01:41> 7:9 <01:42> 10:2 <01:47> 15:6 <01:55> 15:17 <01:56>
FIVE
[1] 8:13 <01:44>
FOLLOWING
[3] 8:7 <01:43> 9:3 <01:45> 18:7 <02:00>
FOREGOING
[1] 19:1
FORM
[1] 15:7 <01:55>
FORTH
[1] 7:9 <01:42>
FOUR
[1] 8:12 <01:44>
FOX
[1] 3:18
FRANCIS
[3] 2:18 4:13 <01:36> 4:13 <01:36>
FRAUD
[1] 13:22 <01:53>
FREQUENTLY
[1] 6:22 <01:41>
FRIDAY
[1] 3:1
FULL
[1] 4:24 <01:36>
FULLY

[2] 6:10 <01:39> 18:3 <02:00>
FUNDAMENTAL
[1] 7:5 <01:41>

G

GAILL
[3] 2:6 4:15 <01:36> 4:15 <01:36>
GENERAL
[2] 9:4 <01:45> 11:6 <01:49>
GENERALLY
[1] 7:12 <01:42>
GLAXCOSMITHKLINE
[2] 2:4 3:13
GLAXOSMITHKLINE
[1] 4:20
GLOGOVAC
[1] 4:22 <01:36>
GODDARD
[3] 2:11 4:3 <01:36> 4:3 <01:36>
GRANT
[1] 13:13 <01:53>
GRANTED
[1] 18:19 <02:02>
GRANTING
[1] 14:13 <01:54>
GRAVES
[1] 3:21 <01:35>
GREAT
[1] 7:13 <01:42>
GSK
[1] 13:18 <01:53>
GUMP
[1] 3:17 <01:35>

H

HAGENS
[1] 3:9 <01:35>
HAND
[2] 7:3 <01:41> 7:10 <01:42>
HARDSHIP
[1] 9:8 <01:45>
HARRIS
[3] 2:6 3:14 <01:35> 3:14 <01:35>
HARTSON
[2] 3:23 <01:35> 4:17 <01:36>
HAUER
[1] 3:17 <01:35>
HEADINGS
[1] 18:10 <02:01>
HEAR
[3] 5:4 <01:37> 6:15 <01:40> 17:25 <02:00>
HEARD
[3] 6:5 <01:39> 6:7 <01:39> 6:16 <01:40>
HEARINGS
[2] 12:19 <01:51> 18:1 <02:00>
HEART
[1] 14:7 <01:54>
HELD
[1] 19:1
HELLER
[2] 3:12 <01:35> 4:20
HELP
[1] 18:22 <02:02>
HELPED
[1] 6:18 <01:40>
HEREBY
[2] 18:18 <02:01> 19:1
HOECHST
[2] 10:8 <01:47> 10:8 <01:47>
HOGAN
[2] 3:22 4:17 <01:36>
HOLDEN
[3] 2:17 4:11 <01:36> 4:11 <01:36>
HOLDINGS
[1] 4:23 <01:36>
HOME
[15] 1:10 2:17 4:12 <01:36> 4:14 <01:36> 5:21 <01:38> 5:23 <01:39> 6:7 <01:39> 8:17 <01:44> 12:5 <01:50> 12:23 <01:52> 13:6 <01:52> 13:21 <01:53> 18:16 <02:01> 18:17 <02:01> 18:18 <02:01>
HOMETOWN
[1] 17:11 <01:59>
HONOR
[4] 3:5 <01:35> 3:11 4:19 <01:36> 5:2
HONORABLE
[1] 1:3
HUBBELL
[3] 2:4 3:12 <01:35> 3:12 <01:35>

I

IDENTICAL
[2] 13:12 <01:53> 13:16 <01:53>
IMMUNEX
[1] 1:24
IMPORTANCE
[1] 8:3 <01:43>
IMPORTANT
[1] 7:24 <01:43>
INC
[7] 1:10 1:16 2:1 2:16 4:8 4:10 4:23 <01:36>
INCIDENTAL
[1] 9:15 <01:46>
INCONSISTENT
[1] 11:1 <01:49>
INCORPORATED
[2] 9:23 <01:46> 10:12 <01:47>
INDEED
[1] 13:19 <01:53>
INDEPENDENT
[2] 12:15 <01:51> 13:19 <01:53>
INDICATE
[2] 10:1 <01:47> 10:19 <01:48>
INDICATED
[1] 5:8 <01:37>
INEQUITY
[1] 9:8 <01:45>
INFORMATION
[1] 18:1 <02:00>
INHERENT
[2] 9:12 <01:45> 9:15 <01:46>
INQUIRY
[1] 7:4 <01:41>
INSTANCE
[1] 15:17 <01:56>
INSURANCE
[1] 11:10 <01:49>
INTEREST
[1] 11:1 <01:49>
INTERSECTION
[1] 7:24 <01:43>
INVOKED
[1] 12:23 <01:52>
INVOLVE
[2] 5:15 <01:38> 8:21 <01:44>
INVOLVED
[1] 15:14 <01:56>
INVOLVES
[2] 5:20 <01:38> 15:13 <01:56>
INVOLVING
[1] 7:19 <01:42>
ISSUE
[11] 12:14 <01:51> 12:18 <01:51> 12:25 <01:52> 13:2 <01:52> 13:3 <01:52> 13:11 <01:53> 13:20 13:23 15:12 <01:56> 16:11 <01:57> 16:14 <01:58>
ISSUES
[26] 8:4 <01:43> 8:10 <01:44> 8:13 <01:44> 8:14 <01:44> 8:20 <01:44> 8:21 <01:44> 10:2 <01:47> 10:17 <01:48> 10:24 <01:48> 11:17 <01:50> 11:18 <01:50> 13:6 <01:52> 13:24 <01:53> 14:3 <01:54> 14:10 <01:54> 14:10 <01:54> 14:14 <01:54> 14:18 <01:55> 14:25 <01:55> 15:9 <01:56> 15:20 <01:56> 15:23 <01:56> 15:24 <01:57> 17:9 <01:59> 18:3 <02:00> 18:6 <02:00>
ITSELF
[1] 13:2 <01:52>
IVY
[2] 11:3 <01:49> 13:5 <01:52>

J

JENKINS
[3] 2:14 4:21 <01:36> 4:21 <01:36>
JOIN
[1] 12:21 <01:51>
JONES
[2] 4:5 <01:36> 4:7 <01:36>
JOSEPH
[2] 2:19 4:17 <01:36>
JR
[1] 1:3
JUDGE
[15] 1:3 11:25 <01:50> 12:3 <01:50> 12:7 <01:51> 12:9 <01:51> 12:15 <01:51> 13:7 <01:52> 14:15 <01:54> 14:18 <01:55> 14:21 <01:55> 14:24 <01:55> 17:8 <01:59> 17:9 <01:59> 17:12 <01:59> 17:13 <01:59>
JUDICIAL
[10] 7:14 <01:42> 8:9 <01:43> 8:11 <01:44> 8:23 <01:45> 9:10 <01:45> 9:21 <01:46> 11:1 <01:49> 14:19 <01:55> 15:6 <01:55> 17:5 <01:59>
JULY
[4] 1:8 3:1 5:25 <01:39> 6:16 <01:40>
JURISDICTION

[6] 7:4 <01:41> 7:19 <01:42> 10:20 <01:48> 15:6 <01:55> 15:16 <01:56> 17:9 <01:59>
JURISDICTIONAL [14] 7:22 <01:43> 8:13 <01:44> 10:2 <01:47> 10:17 <01:48> 11:20 <01:50> 12:3 <01:50> 13:11 <01:53> 13:15 <01:53> 13:24 <01:53> 14:23 14:25 <01:55> 15:9 <01:56> 15:12 <01:56> 15:19 <01:56>

K

KAHN [1] 3:19
KANSAS [1] 10:11 <01:47>
KENTUCKY [1] 10:13 <01:48>
KIM [2] 2:6 3:14 <01:35>
KIMBERLY [3] 2:13 4:1 10:5 <01:47>
KIMBERLY-CLARK [1] 10:5 <01:47>
KINTNER [1] 3:19
KOHL [2] 8:16 <01:44> 8:16 <01:44>

L

L.P. [1] 10:5 <01:47>
LAB [1] 11:13 <01:49>
LABORATORIES [6] 1:16 2:14 4:6 4:22 <01:36> 5:16 <01:38> 18:12 <02:01>
LANDIS [1] 9:17 <01:46>
LARRABEE [3] 2:5 4:19 <01:36> 4:20
LAS [1] 4:13 <01:36>
LATTER [1] 10:16 <01:48>
LAW [6] 3:9 <01:35> 8:21 <01:44> 12:7 <01:51> 13:22 <01:53> 15:13 <01:56> 17:14 <01:59>
LAWYERS [1] 6:17 <01:40>
LEE [4] 2:11 2:15 4:3 <01:36> 4:7 <01:36>
LEGALLY [1] 13:11 <01:53>
LEWIS [3] 2:16 4:9 4:9
LIES [1] 16:22 <01:58>
LIKELIHOOD [2] 8:14 <01:44> 15:23 <01:56>
LIKELY [13] 11:17 <01:50> 11:24 <01:50> 12:7 <01:51> 13:6 <01:52> 13:13 <01:53> 13:25 <01:53> 14:4 <01:54> 14:15 <01:54> 15:9 <01:56> 15:20 <01:56> 16:4 <01:57> 16:14 <01:58> 18:1 <02:00>
LIKEWISE [1] 13:21 <01:53>
LILLY [2] 2:12 3:24 <01:35>
LISA [2] 2:16 4:9
LISTED [1] 8:25 <01:45>
LITIGATE [1] 17:17 <02:00>
LITIGATION [5] 7:12 <01:42> 9:11 <01:45> 9:20 <01:46> 9:22 <01:46> 15:14 <01:56>
LYNDON [2] 2:10 3:22

M

MAIL [2] 9:22 <01:46> 10:14 <01:48>
MAINTAINS [1] 17:20 <02:00>
MALLOY [1] 12:9 <01:51>
MANIPULATION [1] 14:6 <01:54>
MANIPULATIONS [1] 11:23 <01:50>
MANNER [1] 8:5 <01:43>
MASSACHUSETTS [1] 16:24 <01:58>
MATT [4] 1:22 3:9 <01:35> 3:9 <01:35> 3:16
MATTHEW [3] 2:5 2:7 4:20
McAULIFFE [1] 3:13
McDONALD [1] 4:3 <01:36>
MDL [33] 6:20 <01:40> 6:22 <01:41> 6:23 <01:41> 7:12 <01:42> 7:13 <01:42> 8:2 <01:43> 8:7 <01:43> 8:8 <01:43> 8:15 <01:44> 8:22 <01:44> 10:24 <01:48> 11:17 <01:50> 12:1 <01:50> 12:8 <01:51> 12:10 <01:51> 13:1 <01:52> 13:25 <01:53> 14:5 <01:54> 14:11 <01:54> 14:21 <01:55> 15:10 <01:56> 15:17 <01:56> 15:24 <01:57> 16:2 <01:57> 16:4 <01:57> 16:14 <01:58> 16:23 <01:58> 17:6 <01:59> 17:23 <02:00> 17:25 <02:00> 18:4 <02:00> 18:15 <02:01> 18:21 <02:02>
MEDICAID [4] 6:21 <01:41> 11:23 <01:50> 13:21 <01:53> 14:7 <01:54>
MEDICAL [3] 11:5 <01:49> 13:5 <01:52> 15:11 <01:56>
MEDICARE [1] 6:21 <01:41>
MENTIONED [1] 17:15 <01:59>
MICROSOFT [2] 10:3 <01:47> 10:22 <01:48>
MIDDLE [1] 10:4 <01:47>
MIGHT [2] 16:1 <01:57> 16:13 <01:57>
MINIMAL [1] 11:15 <01:50>
MINNESOTA [1] 12:13 <01:51>
MINUTES [1] 18:9 <02:01>
MONTANA [3] 12:9 <01:51> 12:10 <01:51> 12:12 <01:51>
MOST [2] 13:4 <01:52> 14:1 <01:53>
MOTION [7] 6:6 <01:39> 6:8 <01:39> 6:8 <01:39> 7:19 <01:42> 9:20 <01:46> 18:13 <02:01> 18:19 <02:02>
MOTIONS [7] 5:14 <01:38> 6:1 <01:39> 6:2 <01:39> 6:10 <01:39> 9:5 <01:45> 10:17 <01:48> 15:20 <01:56>
MOVING [2] 9:6 <01:45> 9:8 <01:45>
MULTIDISTRICT [8] 7:11 <01:42> 9:2 <01:45> 9:20 <01:46> 9:22 <01:46> 10:21 <01:48> 13:14 <01:53> 15:1 <01:55> 15:14 <01:56>
MULTIPLE [4] 8:3 <01:43> 8:20 <01:44> 10:23 <01:48> 12:20 <01:51>
MYERS [2] 13:8 <01:52> 13:17 <01:53>

N

NAME [1] 10:9 <01:47>
NATIONAL [1] 8:3 <01:43>
NECESSARILY [1] 16:19 <01:58>
NEVADA [19] 1:2 1:6 1:9 1:12 2:23 3:1 3:10 <01:35> 5:15 <01:38> 5:20 <01:38> 12:12 <01:51> 16:17 <01:58> 17:9 <01:59> 17:13 <01:59> 17:14 <01:59> 17:16 <01:59> 17:19 <02:00> 18:11 <02:01> 18:16 <02:01> 19:5
NEW [2] 11:5 <01:49> 11:7 <01:49>
NEXT [2] 11:16 <01:50> 16:12 <01:57>
NON [2] 7:18 <01:42> 9:6 <01:45>
NON-COMPLEX [1] 7:18 <01:42>

NON-MOVING [1] 9:6 <01:45>
NONREMOVABLE [1] 12:20 <01:51>
NORTH [1] 9:17 <01:46>
NORTHERN [2] 10:6 <01:47> 11:11 <01:49>
NOTE [1] 16:1 <01:57>
NUMBER [10] 5:17 <01:38> 5:22 <01:38> 6:2 <01:39> 6:4 <01:39> 6:6 <01:39> 6:8 <01:39> 6:9 <01:39> 14:14 <01:54> 18:13 <02:01> 18:19 <02:02>
NUMEROUS [3] 5:16 <01:38> 5:21 <01:38> 9:1 <01:45>

O

OBERT [1] 4:11 <01:36>
OBVIOUS [1] 15:15 <01:56>
OCCASIONED [1] 17:23 <02:00>
OCCUR [2] 16:8 <01:57> 17:18 <02:00>
OFFICES [1] 17:20 <02:00>
OFFICIAL [2] 2:22 19:4
ONE [6] 7:3 <01:41> 8:9 <01:43> 9:6 <01:45> 12:20 <01:51> 14:18 <01:55> 14:22 <01:55>
ORAL [3] 6:11 <01:40> 6:13 <01:40> 12:11 <01:51>
ORDER [2] 6:3 <01:39> 18:2 <02:00>
ORDERED [2] 18:12 <02:01> 18:18 <02:01>
ORDERS [1] 18:8 <02:01>
OUTCOME [1] 8:9 <01:43>
OUTSTANDING [1] 6:14 <01:40>
OVERLAP [1] 14:8 <01:54>

P

P.M. [1] 3:1
PANEL [10] 9:20 <01:46> 9:21 <01:46> 14:1 <01:53> 16:2 <01:57> 16:4 <01:57> 16:14 <01:58> 17:6 <01:59> 17:25 <02:00> 18:15 <02:01> 18:21 <02:02>
PANEL'S [1] 15:17 <01:56>
PAPERS [1] 6:11 <01:40>
PARAPHRASE [1] 15:11 <01:56>
PARTICULAR [1] 12:17 <01:51>
PARTICULARLY [2] 6:20 <01:40> 17:16 <01:59>
PARTIES [4] 8:12 <01:44> 12:21 <01:51> 15:15 <01:56> 16:11 <01:57>
PARTY [2] 9:7 <01:45> 9:8 <01:45>
PENDING [12] 5:14 <01:38> 7:18 <01:42> 8:6 <01:43> 9:2 <01:45> 9:19 <01:46> 10:24 <01:48> 10:25 <01:48> 12:8 <01:51> 12:10 <01:51> 17:6 <01:59> 18:14 <02:01> 18:20 <02:02>
PERSUASIVE [3] 7:8 <01:42> 15:4 <01:55> 17:16 <01:59>
PHARMACEUTICALS [3] 2:15 3:15 4:8
PHON [1] 4:1
PLACES [1] 7:13 <01:42>
PLAINTIFF [3] 1:7 1:14 1:21
PLOTKIN [1] 3:19
PLOUGH [1] 3:21 <01:35>
PLUS [2] 12:20 <01:51> 12:20 <01:51>
PM [1] 18:24 <02:02>
POINT [1] 16:21 <01:58>
POINTED [1] 12:19 <01:51>
POLK [2] 3:15 4:15 <01:36>
PORTNOY [1] 11:13 <01:49>
POSSIBLE [2] 9:2 <01:45> 12:10 <01:51>
POTENTIAL [2] 9:6 <01:45> 12:1 <01:50>
POTTER [3] 2:9 3:20 <01:35> 3:20 <01:35>
POWER [4] 9:12 <01:45> 9:15 <01:46> 9:15 <01:46> 9:19 <01:46>
PREFERENCE [1] 15:16 <01:56>
PREJUDICE [3] 9:6 <01:45> 17:8 <01:59> 17:24 <02:00>
PREJUDICED [1] 17:17 <02:00>
PREPARED [4] 5:5 <01:37> 5:13 <01:38> 6:15 <01:40> 16:7 <01:57>
PRESENT [4] 5:11 <01:37> 6:25 <01:41> 10:25 <01:48> 13:6 <01:52>
PRESENTATION [1] 13:2 <01:52>
PRESENTED [5] 5:25 <01:39> 6:15 <01:40> 11:17 <01:50> 12:3 <01:50> 14:14 <01:54>
PRESENTS [1] 13:16 <01:53>
PRESIDES [1] 11:25 <01:50>
PREVIOUSLY [3] 5:8 <01:37> 6:3 <01:39> 17:15 <01:59>
PRICE [2] 11:23 <01:50> 14:7 <01:54>
PRICES [2] 11:24 <01:50> 14:7 <01:54>
PRINCIPAL [1] 8:2 <01:43>
PROBLEM [1] 7:22 <01:43>
PROCEDURE [1] 9:21 <01:46>
PROCEED [4] 7:20 <01:43> 15:7 <01:55> 16:7 <01:57> 16:24 <01:58>
PROCEEDING [1] 11:20 <01:50>
PROCEEDINGS [2] 9:13 <01:45> 19:1
PROCESS [1] 7:15 <01:42>
PRODUCTS [8] 1:10 2:17 4:8 4:12 <01:36> 4:14 <01:36> 5:21 <01:38> 8:17 <01:44> 18:17 <02:01>
PROGRAMS [1] 6:21 <01:41>
PROMOTE [3] 14:17 <01:55> 15:6 <01:55> 17:5 <01:59>
PRONOUNCE [1] 10:9 <01:47>
PROPER [2] 15:7 <01:55> 15:10 <01:56>
PROVERBIAL [1] 7:17 <01:42>
PROVIDED [1] 18:1 <02:00>
PRUDENTIAL [1] 11:10 <01:49>
PURPOSE [2] 8:2 <01:43> 15:1 <01:55>
PURPOSES [1] 11:14 <01:49>
PUTTING [1] 7:9 <01:42>

Q

QUESTIONS [4] 8:21 <01:44> 8:23 <01:45> 12:3 <01:50> 15:3 <01:55>
QUITE [2] 6:19 <01:40> 6:23 <01:41>

R

RAISE [1] 8:4 <01:43>
RAPID [1] 16:25 <01:58>
RATHER [1] 17:8 <01:59>
READY

[1] 16:25 <01:58>
**REAL**
[2] 11:21 <01:50> 17:8 <01:59>
**REALLY**
[1] 16:21 <01:58>
**REALM**
[1] 7:11 <01:42>
**REALTA**
[1] 4:1
**REASON**
[1] 12:24 <01:52>
**RECENTLY**
[1] 12:9 <01:51>
**RECOGNIZE**
[1] 15:4 <01:55>
**RECONSIDER**
[1] 6:3 <01:39>
**RECONSIDERATION**
[1] 18:13 <02:01>
**REED**
[1] 1:3
**REFER**
[1] 7:12 <01:42>
**REFERRED**
[2] 7:5 <01:41> 18:17 <02:01>
**REFERRING**
[2] 5:18 <01:38> 5:23 <01:39>
**RELATE**
[1] 8:22 <01:44>
**RELATED**
[1] 11:15 <01:50>
**REMAND**
[2] 6:6 <01:39> 6:8 <01:39>
**REMOVAL**
[2] 12:21 <01:51> 12:24 <01:52>
**RENO**
[4] 1:9 2:23 3:1 19:5
**REPORTED**
[1] 2:22
**REPORTER**
[2] 2:22 19:4
**REQUIRES**
[1] 7:1 <01:41>
**RESEMBLES**
[1] 13:5 <01:52>
**RESOLUTION**
[1] 8:10 <01:44>
**RESOLVED**
[2] 8:24 <01:45> 10:2 <01:47>
**RESOURCES**
[3] 7:14 <01:42> 9:10 <01:45> 14:22 <01:55>
**RESPECT**
[2] 6:1 <01:39> 12:5 <01:50>
**RESTAURANTS**
[1] 10:5 <01:47>
**RESULTS**
[1] 11:2 <01:49>
**RIVERS**
[3] 9:13 <01:45> 9:24 <01:46> 11:8 <01:49>
**ROBERT**
[2] 2:4 3:12 <01:35>
**ROLL**
[2] 4:24 <01:36> 5:7 <01:37>
**RONALD**
[2] 2:8 3:18
**ROPES**
[1] 3:20 <01:35>
**ROSSI**
[3] 2:7 3:16 3:16
**RPR**
[2] 2:22 19:3
**RULE**
[3] 9:22 <01:46> 15:16 <01:56>
**RULES**
[1] 9:21 <01:46>
**RUSSO**
[3] 2:15 4:7 <01:36> 4:7 <01:36>

**S**

**SARTS**
[10] 11:25 <01:50> 12:4 <01:50> 12:7 <01:51> 12:16 <01:51> 13:7 <01:52> 14:15 <01:54> 14:21 <01:55> 14:24 <01:55> 17:8 <01:59> 17:12 <01:59>
**SAVED**
[1] 9:11 <01:45>
**SCHERING**
[1] 3:21 <01:35>
**SCHERING-PLOUGH**
[2] 2:9 3:21 <01:35>
**SEAN**
[2] 1:22 3:9 <01:35>
**SEATTLE**
[1] 3:10 <01:35>
**SECOND**
[3] 5:20 <01:38> 10:9 <01:47> 11:4 <01:49>
**SECTION**
[1] 12:23 <01:52>
**SEE**
[4] 8:16 <01:44> 10:3 <01:47> 10:21 <01:48>
16:9 <01:57>
**SEEM**
[3] 10:1 <01:47> 11:21 <01:50> 17:2 <01:58>
**SEND**
[1] 16:6 <01:57>
**SEPARATE**
[2] 12:15 <01:51> 13:19 <01:53>
**SEPARATELY**
[1] 15:2 <01:55>
**SEPTEMBER**
[1] 18:1 <02:00>
**SERVE**
[1] 8:23 <01:45>
**SEVERAL**
[1] 3:6 <01:35>
**SHAMROCK**
[1] 11:3 <01:49>
**SHERWOOD**
[1] 10:3 <01:47>
**SIDES**
[2] 5:11 <01:37> 6:17 <01:40>
**SIMILAR**
[5] 8:4 <01:43> 12:10 <01:51> 12:12 <01:51> 13:12 <01:53> 15:24 <01:57>
**SIMPLE**
[1] 7:18 <01:42>
**SIMPLY**
[1] 16:9 <01:57>
**SINGLE**
[1] 8:24 <01:45>
**SITTING**
[1] 17:13 <01:59>
**SITUATION**
[3] 7:16 <01:42> 12:22 <01:51> 13:16 <01:53>
**SIX**
[1] 8:14 <01:44>
**SLAM**
[1] 15:20 <01:56>
**SMITH**
[2] 9:22 <01:46> 10:14 <01:48>
**SOCIETY**
[3] 11:5 <01:48> 13:5 <01:52> 15:11 <01:56>
**SOMEWHAT**
[1] 7:16 <01:42>
**SOUNDS**
[1] 5:1 <01:37>
**SOUTH**
[2] 2:23 19:4
**SOUTHERN**
[1] 11:7 <01:49>
**SPECIAL**
[2] 3:10 <01:35> 17:19 <02:00>
**SPECIFIC**
[3] 8:8 <01:43> 12:2 <01:50> 12:25 <01:52>
**SPELL**
[1] 10:9 <01:47>
**SQUIB**
[1] 2:10
**SQUIBB**
[2] 3:23 <01:35> 4:4
**STAND**
[1] 18:23 <02:02>
**STATE**
[19] 1:6 1:12 3:7 <01:35> 3:10 <01:35> 5:15 <01:38> 5:20 <01:38> 7:8 <01:42> 11:5 <01:49> 15:5 <01:55> 16:16 <01:58> 16:24 <01:58> 17:7 <01:59> 17:10 <01:59> 17:13 <01:59> 17:16 <01:59> 17:19 <02:00> 17:24 <02:00> 18:11 <02:01> 18:16 <02:01>
**STATES**
[1] 1:1
**STATING**
[2] 8:19 <01:44> 10:23 <01:48>
**STAY**
[24] 6:3 <01:39> 6:8 <01:39> 6:20 <01:40> 7:22 <01:43> 8:6 <01:43> 9:4 <01:45> 9:12 <01:45> 9:19 <01:46> 10:18 <01:48> 10:25 <01:48> 11:19 <01:50> 13:3 <01:52> 13:14 <01:53> 14:1 <01:53> 14:13 <01:54> 14:20 <01:55> 15:10 <01:56> 16:3 <01:57> 16:9 <01:57> 16:14 <01:58> 17:4 <01:59> 17:5 <01:59> 17:23 <02:00> 18:19 <02:02>
**STAYED**
[5] 9:9 <01:45> 11:14 <01:49> 12:9 <01:51> 18:14 <02:01> 18:20 <02:02>
**STAYS**
[1] 9:2 <01:45>
**STEEL**
[1] 7:6 <01:41>
**STRAUSS**
[1] 3:1[illegible]

STREET [2] 2:23 19:4
STRONG [1] 7:8 <01:42>
STRONGLY [1] 11:19 <01:50>
SUBSTANTIAL [2] 14:8 <01:54> 14:14 <01:54>
SUFFER [1] 17:8 <01:59>
SUFFICIENT [1] 8:14 <01:44>
SUPP [14] 8:17 <01:44> 9:14 <01:46> 9:23 <01:46> 9:25 <01:47> 10:4 <01:47> 10:6 <01:47> 10:10 <01:47> 10:13 <01:48> 10:14 <01:48> 10:22 <01:48> 11:6 <01:49> 11:8 <01:49> 11:11 <01:49> 13:9 <01:52>
SUSICH [1] 2:1
SYSTEM [1] 7:2 <01:41>

T

TAFT [1] 4:22 <01:36>
TAP [2] 2:15 4:8
TAUGHT [1] 6:23 <01:41>
TAYLOR [1] 4:11 <01:36>
TELEPHONE [5] 2:3 3:4 <01:35> 3:6 <01:35> 3:7 <01:35> 5:10 <01:37>
TELEPOHONE [1] 1:22
TENNESSEE [1] 10:4 <01:47>
TERRY [1] 1:21
THEREFORE [1] 18:7 <02:00>
THOMAS [1] 2:1
THREE [2] 8:11 <01:44> 9:10 <01:45>
TIMOTHY [1] 1:21
TORTOLA [1] 10:5 <01:47>
TRANSCRIPTION [1] 2:25
TRANSFER [15] 8:7 <01:43> 9:2 <01:45> 9:20 <01:46> 10:24 <01:48> 10:25 <01:48> 12:10 <01:51> 15:18 <01:56> 16:1 <01:57> 16:7 <01:57> 16:15 <01:58> 17:18 <02:00> 17:23 <02:00> 18:2 <02:00> 18:15 <02:01> 18:20 <02:02>
TRANSFEREE [2] 12:1 <01:50> 18:5 <02:00>
TRANSFERRED [6] 8:22 <01:44> 13:13 <01:53> 13:13 <01:53> 14:5 <01:54> 16:23 <01:58> 18:4 <02:00>
TRANSFERS [1] 14:21 <01:55>
TRAVEL [2] 17:1 <01:58> 17:17 <02:00>
TREAT [1] 6:16 <01:40>
TRETTER [3] 2:10 3:22 3:22
TROUBLE [1] 7:19 <01:42>
TRUE [1] 19:1
TRULY [1] 17:2 <01:58>
TRY [1] 10:9 <01:47>
TRYING [1] 16:2 <01:57>
TWO [4] 7:1 <01:41> 7:24 <01:43> 8:10 <01:44> 9:8 <01:45>

U

U.S. [1] 9:17 <01:46>
UNDER [3] 12:6 <01:51> 13:19 <01:53> 13:22 <01:53>
UNDERLYING [2] 11:22 <01:50> 15:12 <01:56>
UNDULY [1] 17:24 <02:00>
UNIQUE [2] 11:18 <01:50> 14:10 <01:54>
UNITED [1] 1:1
UNLIKE [1] 14:10 <01:54>
UNREASONABLE [1] 17:2 <01:58>
UP [2] 15:13 <01:56> 16:2 <01:57>
USA [1] 9:23 <01:46>
USEFUL [1] 6:18 <01:40>

V

VEGAS [1] 4:13 <01:36>
VERSUS [20] 5:15 <01:38> 5:20 <01:38> 7:6 <01:41> 8:16 <01:44> 9:13 <01:45> 9:17 <01:46> 9:22 <01:46> 10:3 <01:47> 10:5 <01:47> 10:8 <01:47> 10:12 <01:47> 10:14 <01:48> 10:21 <01:48> 11:5 <01:49> 11:8 <01:49> 11:10 <01:49> 11:13 <01:49> 13:8 <01:52> 18:11 <02:01> 18:17 <02:01>
VIEW [3] 13:2 <01:52> 13:17 <01:53> 15:19 <01:56>
VIEWS [1] 7:16 <01:42>
VIRGINIA [2] 2:23 19:4
VIRTUALLY [1] 13:16 <01:53>
VS [2] 1:9 1:15

W

WAIT [2] 15:17 <01:56> 16:9 <01:57>
WALT [2] 9:13 <01:45> 11:8 <01:49>
WARDELL [1] 3:15
WASICK [1] 1:22
WEIGH [4] 11:19 <01:50> 14:12 <01:54> 14:20 <01:55> 16:13 <01:57>
WEINKE [1] 10:21 <01:48>
WESTERN [3] 8:17 <01:44> 10:13 <01:48> 13:9 <01:52>
WHITE [1] 3:13
WHOLESALE [2] 11:23 <01:50> 14:6 <01:54>
WILLIAM [2] 2:12 3:24 <01:35>
WINOGRAD [1] 2:2
WISCONSIN [2] 10:23 <01:48> 13:9 <01:52>
WITNESSES [4] 8:12 <01:44> 16:12 <01:57> 16:17 <01:58> 16:20 <01:58>
WL [1] 11:13 <01:49>
WOOD [1] 4:2 <01:36>

Y

YORK [2] 11:5 <01:49> 11:7 <01:49>
YOUNG [3] 2:19 4:17 <01:36> 4:17 <01:36>

Z

ZENITH [1] 11:13 <01:49>

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE STATE OF WISCONSIN,

Plaintiff, ORDER

v. 05-C-408-C

ABBOTT LABORATORIES, INC., et al.,

Defendants.

---

On July 13, 2005, defendants jointly removed this lawsuit to federal court for the second time under the aegis of *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. ___, 125 S. Ct. 2363, 2368 (June 13, 2005). Defendants have announced their intention to seek transfer to the multi-district litigation proceeding *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, pending in the United States District Court for the District of Massachusetts.

To avoid potentially unnecessary work, the court will allow the parties approximately 60 days to obtain "tag-along" status in the AWP MDL. In the event this case still is pending in this court on September 19, 2005, the court will begin the process of scheduling it out through trial.

Entered this 20th day of July, 2005.

BY THE COURT:

STEPHEN L. CROCKER
Magistrate Judge

Copy of this document has been provided to: All Counsel
BBC
this 21st day of July 2005
by CAKorth
C.A. Korth, Secretary to
Magistrate Judge Crocker

# EXHIBIT 6

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN RICE, on behalf of himself, all others similarly situated, and the general public,

Plaintiff,

v.

ABBOTT LABORATORIES, INC., et al.

Defendants.

No. C 02-3925 MJJ

**ORDER GRANTING DEFENDANT SMITHKLINE BEECHAM CORPORATION'S MOTION TO STAY**

## INTRODUCTION

Before this Court is SmithKline Beecham Corporation's (doing business as GlaxoSmithKline) ("Defendant"),[1] Motion to Stay All Proceedings ("Motion"), including consideration of John Rice's ("Plaintiff") motion for remand, pending a ruling by the Judicial Panel on Multidistrict Litigation ("JMPL") on Defendant's motion to transfer and consolidate.

## FACTUAL BACKGROUND

On July 12, 2002, Plaintiff filed a representative and class action complaint based on violations of California Business and Professions Code section 7200 in Superior Court of the State of

[1] Several other Defendants join this motion.

United States District Court
For the Northern District of California

California, Alameda County.[2] Plaintiff alleges that the pharmaceutical companies named in the complaint, including Defendant, fraudulently manipulated the Average Wholesale Price ("AWP")—the standard which governs how much physicians and hospitals are reimbursed for selling these companys' products (including those covered by Medicare and Medicaid)—in order to unjustly enrich themselves at the expense of consumers and the government. *See* Complaint ¶¶ 2, 73-76.

On August 14, 2002, Defendant removed the action to federal court in this district based on federal question jurisdiction, pursuant to 28 U.S.C. § 1441 (a)-(b). The next day, Defendant filed a notice of related action with the JPML requesting that the action be transferred to Judge Patti B. Saris in the United States District Court for District of Massachusetts as part of Multidistrict Litigation ("MDL") 1456.[3] *See* Larrabee Decl., Exh. I. On August 19, 2002, Plaintiff filed a motion to remand the case to state court. Defendant subsequently filed this Motion to Stay the action, including consideration of the remand motion, until the JPML rules on Defendant's motion to transfer.

On September 18, 2002, the JMPL issued a conditional transfer order in this case. *See* Reply to Opposition to Motion ("Reply") at 1 (citing Declaration of Carol Lynn Thompson in Support of Reply to Opposition to Motion ("Thompson Decl."), Exh. D). Plaintiff timely filed a notice of opposition to the conditional transfer order, which will be considered at the JPML hearing session in January.

**LEGAL STANDARD**

The pendency of a conditional transfer order before the JPML "does not affect or suspend orders and pretrial proceeding in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of the court." JMPL Rule 1.5. At the same time, a court maintains its inherent power to stay its proceedings. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Generally, when

---

[2] The class is defined as: "All persons or entities in the State of California who paid directly, made co-payments for, or became obligated to pay the costs of pursuant to an insurance plan, Medicare B pharmaceuticals manufactured and sold by defendants, their subsidiaries, agents, and/or co-conspirators during the period January 1, 1995 and continuing through the present (the "Class Period"). Excluded from this class are government entities, the defendants, the defendants' parent companies, subsidiaries, and affiliates." Complaint ¶ 62.

[3] On April 30, 2002, the JMPL transferred and consolidated sixteen AWP actions before Judge Saris under the caption *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456. As of October 30, 2002, twenty-eight AWP cases have been transferred and consolidated before Judge Saris. In at least four of these cases, the district court stayed the action(s) pending the JPML's decision on transfer. *See* Larrabee Decl., Exh. A (*Geller v. Abbott Laboratories* Order), Exh. B (*State of Montana v. Abbott Laboratories* Order), Exh. C (*State of Nevada v. American Home Products* and *State of Nevada v. Abbott Laboratories* Order)

reviewing a motion to stay, the court considers the: (1) economy of judicial resources; (2) potential prejudice to the non-moving party; and (3) hardship and inequity to moving party if the stay is not granted. *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C.D. Cal. 1997).

However, there are additional concerns when a case is implicated in multidistrict litigation, and the requested stay would delay determination of jurisdictional issues. Under these circumstances, a court should first make a preliminary assessment of the merits of the jurisdictional issues. If the issues are factually or legally difficult, the court should then determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding. *Meyers v. Bayer AG*, 143 F.Supp.2d 1044, 1049 (E.D. Wisc. 2001). "Only if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred should the court...consider the motion to stay." *Id.*; *see also Medical Society of the State of New York v. Connecticut General Corp.* 187 F.Supp.2d 89, 92 (S.D.N.Y. 2001) ("If the underlying jurisdictional issue involved questions of law or fact not bound up with those involved in the multidistrict...litigation, or if it were fairly obvious...my preference would be to rule on jurisdiction in the first instance and not wait for the MDL Panel's transfer decision."). The purpose of this inquire is to determine which court is in the best position to decide the jurisdiction issue–the original district court or the MDL court. *See Medical Society*, 187 F.Supp.2d at 92.

## ANALYSIS

### A. Preliminary Assessment of Jurisdictional Issue

A preliminary assessment of the jurisdictional issue presented in Plaintiff's motion to remand reveals that it cannot easily be disposed of by this Court. First, as in *Medical Society* (187 F.Supp.2d at 92), the remand motion here presents a complicated jurisdictional issue involving the application of ERISA preemption to state law claims. *Compare, e.g., Villareal v. Chysler Corp.*, 1996 WL 116832 (N.D. Cal. 1996) (denying defendant's request to stay consideration of remand where the jurisdictional issue was whether plaintiffs' satisfied the amount in controversy requirement for diversity jurisdiction); *Tortola Restaurant, L.P. v. Kimberley-Clark Corp.*, 987 F.Supp. 1186 (N.D. Cal. 1997) (same). Moreover, in order to rule on Plaintiff's motion, the Court would have to delve in the factual intricacies of the alleged AWP scheme as well as healthcare reimbursement issues. Based on these legal and factual complexities,

the Court must move to the second prong of the *Meyers* test and determine whether the jurisdictional issue presented in this case is similar to the jurisdictional issues presented in some of the MDL cases, or potential MDL cases.

**B. Commonality of Jurisdictional Issues**

As of October 30, 2002, twenty-eight AWP actions have been transferred and consolidated before Judge Saris in the District of Massachusetts under the caption *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456. Moreover, at least three district courts in this circuit have stayed consideration of motions to remand in AWP cases pending the JPML's transfer ruling. *See* Motion at 5 (citing Larrabee Decl., Exh. A (*Geller* Order), Exh. B (*Montana* Order), Exh. C (*Nevada I* and *II* Order). Each of these cases was subsequently transferred to the MDL proceedings.[4]

More importantly, the exact same jurisdictional issue presented in the this case is currently before the MDL court in *Geller*. *See* Larrabee Decl., Exh. A (*Geller* Order), Exh. D (JPML's initial transfer order). In *Geller*, plaintiff filed a state court action in Los Angeles alleging that several pharmaceutical companies, including Defendant, violated section 7200 of the California Business and Professions Code by manipulating the AWP of certain pharmaceuticals. *See* Larrabee Decl., Exh. J (*Geller* Complaint) at p. 2. Defendant (SmithKline Beecham) removed the case to federal court in the Central District of California. *See* Larrabee Decl., Exh. A (*Geller* Order) at p. 2. Although plaintiff filed a motion to remand, the court issued an order to stay the proceedings until the JPML ruled on Defendant's motion to transfer. *See* Larrabee Decl., Exh A (*Geller* Order) at p. 14.

"*Geller* was subsequently consolidated and transferred to Judge Patti B. Saris and the United States District Court for the District of Massachusetts." Larrabee Decl., Exh. M (Hangens Berman Letter); *see also* Larrabee Decl., Exh. D (JPML's initial transfer order). Notwithstanding this consolidation, the plaintiff has expressed her intent to renew her motion to remand before Judge Saris. *See*

---

[4] *Geller* was transferred as part of the JPML's initial transfer order on April 30, 2002. *See* Larrabee Decl., Exh. D (JPML's initial transfer order). On October 16, 2002, the JMPL issued an order transferred the *Montana*, *Nevada I*, and *Nevada II* to the MDL proceedings. *See* MDL 1456, October 16, 2002 Transfer Order.



United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

*id.* Thus, Judge Saris will already be deciding a jurisdictional issue identical to the one presented here.[5]

C. Propriety of Staying these Proceeding

1. Judicial Economy and Uniformity

Under these circumstance, issuing a stay would promote judicial economy and uniformity. *See Good v. Prudential Ins. Co.*, 5 F.Supp.2d 804, 809 (N.D. Cal. 1998) ("Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case."). To begin, if this Court were to rule on Plaintiff's motion to remand, it would have to familiarize itself with the legal and factual intricacies of a case that has already been conditionally transferred to Judge Saris in the District of Massachusetts. The inefficiency of this endeavor is underscored by the fact that Judge Saris will be hearing identical or similar jurisdictional issues in at least four other AWP cases already transferred and consolidated in MDL 1456 (including one case brought under the same California statute at issue in this case).[6]

In addition to the waste of judicial resources, there is also the possibility of conflicting pretrial rulings. *See In Re Multidistrict Private Civil Treble Damage Litigation Involving Plumbing Fixtures*, 298 F.Supp. 484, 491-92 (J.P.M.L 1968) ("The purpose of Section 1407...is to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions.").

2. Balancing of Hardships

The Court must now consider the (1) prejudice that would be suffered by the non-moving party if the stay were granted, and (2) hardship and inequity to the moving party if the action is not stayed. *See Rivers*, 980 F.Supp. at 1360. This is essential a balancing of hardships.

Here, Plaintiff does not assert that it will suffer any prejudice if the action is stayed pending the JPML's transfer decision. Rather, Plaintiff simply contends that "Defendants have not demonstrated that

---

[5] Moreover, since this action was filed, two nearly identical AWP actions have been filed in San Francisco Superior Court and removed to this district. *See* Thompson Decl., Exh A (*Thompson v. Abbott Laboratories* Complaint); *Turner v. Abbott Laboratories*, C 02-5006 MJJ. In *Thompson*, defendant Abbott Laboratories has already filed notice of related action with the JPML. *See* Thompson Decl., Exh. A (*Thompson* Notice of Related Action).

[6] In addition, if the stay is denied and the case is subsequently transferred, any case management decisions would have to be duplicated by the MDL court. *See Rivers*, 980 F.Supp. at 1360-61; *see also* Larrabee Decl., Exh. A (*Geller* Order) at 12. Moreover, if the Court were to rule on more substantive motions, "there are no guarantees that an order by this Court would not later be vacated and this Court's invesment of time and resources would not have been in vain." *See id.*

they would suffer any 'hardship' or 'inequity' should this Court rule on the pending motion to remand." Opp. at 3. The Court disagrees. If the stay is denied, Defendant and the other pharmaceutical companies named in this action will be "forced to litigate the same jurisdictional issues, as well as other substantive and procedural issues, multiple times in multiple courts while they wait for the [conditional transfer order] to become final." Reply at 12. On the other hand, Plaintiff would only suffer a few months delay.

## CONCLUSION

For the reasons mentioned above, Defendant's motion to stay is GRANTED. The Court will not consider Plaintiff's motion to remand at this time.

IT IS SO ORDERED.

Dated: November 26, 2002

/s/
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

# EXHIBIT 7

E-SERVED 04/08/05 06:02 PM ET AWP-MDL No.1456

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION**

**THIS DOCUMENT RELATES TO:**

County of Suffolk v. Abbott Laboratories, et al.
Civ. Action No. 1:03-cv-10643

**MDL NO. 1456**
**CIVIL ACTION NO. 01-12257-PBS**

**MEMORANDUM AND ORDER**

April 8, 2005

Saris, U.S.D.J.

In ruling on the Defendants' motions to dismiss, the Court required Suffolk to present more particular information about its allegation that the published Average Wholesale Price ("AWP") for each drug was fraudulent. Specifically, Suffolk was asked to provide its basis for calculating a spread between the published AWP and the actual average price at which the drug is sold by wholesalers. See In re Pharm. Indus. Average Wholesale Price Litig., No. 01-12257, 2004 WL 2387125, at *2 (D. Mass. Oct. 26, 2004).

Suffolk presented the affidavit of Aaron Hovan, an associate at Kirby McInerney & Squire LLP, who explained that his technique for calculating the spread was to compare the published AWP with what he calculated as an actual average wholesale price for each drug. He first obtained a sampling of retail prices from four

E-SERVED
04/08/05
06:02 PM ET
AWP-MDL No.1456

online drug stores. Relying on a statement in an article comparing the Canadian and American drug systems, he assumed that retail prices for American drugs are on average 1.27 times their wholesale prices. See John R. Graham & Beverly A. Robson, Prescription Drug Prices in Canada and the United States - Part 1: A Comparative Survey, n.1, at http://oldfraser.lexi.net/publications/pps/42/s7_notes.html#FN_03 (last modified Aug. 23, 2000). He confirmed the reasonableness of this ratio with several of Suffolk's industry experts. He then used this average difference between actual wholesale and retail prices to obtain the estimated actual sale prices found in the Complaint. Suffolk compared this "actual sale price" to AWP minus 10%, the rate contained in New York's reimbursement formula, to obtain the alleged spread.

This method is not sufficient to plead allegations of fraud with particularity. In light of the fact that there are approximately 60,000 prescription drugs in the United States, the use of the purported average difference between wholesale and retail, 1.27, to calculate the actual wholesale prices for each drug is inadequate.

E-SERVED
04/08/05
06:02 PM ET
AWP-MDL No.1456

**ORDER**

The motion to dismiss the remaining AWP claims against the "Suffolk 13" and Defendants Amgen, Inc., Chiron Corporation, Fujisawa Pharmaceutical Company, Ltd., Johnson & Johnson, Warrick Pharmaceuticals, and Wyeth for failure to comply with Rule 9(b) is **ALLOWED**.

**S/PATTI B. SARIS**
United States District Judge