**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **STATE OF ALABAMA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.: 2:05-cv-00647-T** |
| | * | |
| **ABBOTT LABORATORIES, INC, et al.,** | * | |
| | * | |
| | * | |
| **Defendants.** | * | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO**
**DEFENDANTS' MOTION TO STAY**

Plaintiff, the State of Alabama, respectfully opposes Defendants' Motion to Stay Consideration of Plaintiff's Motion to Remand. Out of respect for this Court, Plaintiff does not reargue that Defendants' removal was grossly untimely and that this Court lacks subject matter jurisdiction over this action, as previously and fully presented to this Court in Plaintiff's Motion to Remand, Plaintiff's Brief in Support of Motion to Remand, Plaintiff's Motion for Expedited Ruling, and Plaintiff's Motion to Stay Any Ruling on Defendants' Motions to Dismiss.[1] Rather, Plaintiff seizes this opportunity to point out to this Court, for the first time in this cause, that it has been the consistent practice of the Middle District of Alabama to swiftly remand cases that have been

---

[1] Plaintiff does, however, adopt each and every argument stated in those pleadings as grounds in support of this Opposition to Defendants' Motion to Stay.

removed on weak grounds all in an effort to posture a hopeful transfer by the Judicial Panel on Multidistrict Litigation of an alleged "tag-along."

This Court has long recognized the rule followed by many other courts that motions to remand should be resolved prior to any transfer. *See McGrew v. Schering-Plough Corp.*, 2001 WL 950790, at *3 (D. Kan. Aug. 6, 2001)("For purposes of judicial economy, the jurisdictional issue should be resolved immediately. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended."); *Craft v. United Ins. Co. of Am.*, 2002 WL 32509283, at *1 (S.D. Miss. Jan. 17, 2002)("[M]otions to remand are [to] be considered prior to disposing of motions to stay pending MDL transfer.").

As stated in *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001):

> [A] court should first give preliminary scrutiny to the merits of the motion to remand. If this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court.

The *Meyers* methodology has been widely adopted by numerous courts. *See Moton v. Bayer Corp.*, 2005 WL 1653731, at *2 n.5 (S.D. Ala. July 8, 2005)(attached hereto as Exhibit S) and cases cites therein. This Court's practice of swiftly remanding cases when jurisdiction is obviously lacking predates *Meyers* and its methodology (see case cited below), but it is a sound and proven method of preserving the limited jurisdiction of the federal courts.

## Middle District Precedent

This Court dealt with a similar situation involving removal/remand, motions to stay, and an MDL proceeding, back in March and April of 1997. This Court acted under the *Meyers* method before it was even recognized as a "method" and swiftly remanded some 16 cases, declared defendant's motion to stay as moot, and rejected defendant's argument regarding a pending MDL.

In 1997, the Prudential Insurance Company of America attempted a maneuver similar to that which the Defendants have attempted to utilize in this case -- removing cases based on frivolous grounds, attempting to delay the cases long enough for the MDL to issue a conditional order, and having the cases transferred to the MDL to achieve an indefinite delay. Prudential removed 16 cases to this very Court, orally argued to this Court the issues of "similarity," and begged this Court to issue a stay on any ruling on the Plaintiff's Motion to Remand.

This Court wisely rejected Prudential's arguments and relied on the opinion of Chief Judge Butler from the Southern District of Alabama in the case of *Baldwin v. Prudential Insurance Company*, Civil Action No. 96-1264-CB-M (S.D. Ala. March 19, 1997)(attached hereto as Exhibit A), and remanded the 16 Prudential cases back to their respective state circuit courts from which they were removed. *Harris v. The Prudential Ins. Co. of America*, Civil Action 97-T-263-E (M.D. Ala. April 16, 1997)(attached hereto as Exhibit B); *Smith v. The Prudential Ins. Co. of America*, Civil Action No. 97-T-265-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit C); *Jones v. The Prudential Ins. Co. of America*, Civil Action No. 97-T-238-N (M.D. Ala.

April 16, 1997)(attached hereto as Exhibit D); *Murphy v. The Prudential Ins. Co. of America*, Civil Action No. 97-T-274-S (M.D. Ala. April 16, 1997)(attached hereto as Exhibit E); *Jones v. The Prudential Ins. Co. of America*, Civil Action No. 97-T-266-S (M.D. Ala. April 16, 1997)(attached hereto as Exhibit F); *Leroy v. The Prudential Ins. Co. of America*, Civil Action No. 97-T-367-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit G); *Wilson v. The Prudential Ins. Co. of America*, Civil Action No. 97-T-325-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit H); *Hyde v. The Prudential Ins. Co. of America*, Civil Action No. 97-T-269-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit I); *Turner v. The Prudential Ins. Co. of America*, Civil Action No. 97-T-282-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit J); *Jones v. The Prudential Ins. Co. of America*, Civil Action No. 97-T-238-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit K); *Brower v. The Prudential Ins. Co. of America*, Civil Action No. 97-T-276-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit L); *Smith v. The Prudential Ins. Co. of America*, Civil Action No. 97-T-275-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit M); *Turnipseed v. The Prudential Ins. Co. of America*, Civil Action No. 97-T-273-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit N); *Mosley v. The Prudential Ins. Co. of America,* Civil Action No. 97-T-272-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit O); *Fenn v. The Prudential Ins. Co. of America*, Civil Action No. 97-T-270-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit P); and *Pittman v. The Prudential Ins. Co. of America*, Civil Action No. 97-T-267-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit Q).

More recently, this Court faced yet another similar situation in the case of *Godwin v. The Mutual Life Insurance Company of New York*, Civil Action No. 03-T-1258-N (M.D. Ala. Feb. 5, 2004)(attached hereto as Exhibit R), wherein the plaintiff filed a motion to remand, and this Court summarily remanded the case to state court within 15 days of that filing. In that case, the defendants removed the case in an effort to delay the proceeding and attempted to obtain an MDL transfer before this Court could rule on the plaintiff's motion to remand. The Court moved swiftly because there was no basis for subject matter jurisdiction in federal court. *See also Moton v. Bayer Corp.,* supra (Exhibit S).

**A Stay Is Not Warranted Because Defendants' Removal Was Untimely and This Court Lacks Subject Matter Jurisdiction Over the Action.**

Defendants ignore long standing law in this circuit that the "plaintiff is still master of his own claim" and that "federal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Plaintiff has not stated any federal cause of action in this case, and Defendants' removal was untimely. These arguments are addressed at length in Plaintiff's Brief in Support of its Motion to Remand, but it must be further stated that for those very same reasons the Defendants' Motion to Stay should be denied. Simply, this Court does not have subject matter jurisdiction over this action. Because there is no subject matter jurisdiction, to stay these proceedings when the Court clearly lacks jurisdiction is contrary to the purpose and spirit of the removal/remand statutes. To allow a stay when this Court does not have subject matter jurisdiction simply perpetuates federal interference in a case

properly brought in the state court and defeats the long standing proposition of limited federal jurisdiction.

**Conclusion**

For all of the reasons stated herein, and including those stated in Plaintiff's Brief in Support of Motion to Remand, Motion for Expedited Ruling, and Motion to Stay Any Ruling on Defendants' Motions to Dismiss, Plaintiff requests that this Court deny Defendants' Motion to Stay and further requests that this Court grant Plaintiff's Motion to Remand, sending this case back to the Circuit Court for Montgomery County, Alabama, from which it was improperly removed.

s/ Troy King

Troy King
ATTORNEY GENERAL

STATE OF ALABAMA
300 State House
11 S. Union Street
Montgomery, Alabama 36130

Email: tking@ago.state.al.us

s/ Jere L. Beasley
Jere L. Beasley (BEA020)
Deputy Attorney General
W. Daniel "Dee" Miles, III (MIL060)
Deputy Attorney General
Clinton C. Carter (CAR112)
Deputy Attorney General

**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160 (36103-4160)
272 Commerce Street
Montgomery, Alabama 36104
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

Email: jere.beasley@beasleyallen.com

dee.miles@beasleyallen.com

clint.carter@beasleyallen.com

s/ Roger L. Bates

Roger L. Bates (BAT006)
Deputy Attorney General
Caine O'Rear III (ORE003)
Deputy Attorney General
Windy C. Bitzer (BIT005)
Deputy Attorney General

**HAND ARENDALL, L.L.C.**
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
Telephone: (205) 324-4400
Facsimile: (205) 322-1163

Email: rbates@handarendall.com

**HAND ARENDALL, L.L.C.**
Post Office Box 123
Mobile, Alabama 36601
Telephone: (251) 432-5511
Facsimile: (251) 694-6375

Email: corear@handarendall.com

wbitzer@handarendall.com

# CERTIFICATE OF SERVICE

I hereby certify that on **August 8, 2005**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **James Harold Anderson; Justin Sanjeeue Antonipillai; Joseph P. H. Babington; Lee E. Bains, Jr.; Steven Francis Barley; Sam Berry Blair, Jr.; Lisa Wright Borden; Robert C. (Mike) Brock; Chad W. Bryan; Philip Henry Butler; Steven F. Casey; Tiffany Cheung; Thomas William Christian; Eric Paul Christofferson; Courtney A. Clark; Lawrence B. Clark; Barak Cohen; William D. Coleman; Betsy P. Collins; Julia Boaz Cooper; Richard Melvyn Cooper; Lee Hall Copeland; Wayne Alan Cross; Kelly Jeanne Davidson; William Asher Davis; Merle Miller DeLancey, Jr.; Steven Samuel Diamond; Michael P. Doss; Ronald G. Dove, Jr.; Rebecca Lynne Dubin; Robert D. Eckinger; Joseph C. Espy, III; David Douglas Fauvre; Patrick Conor Finnegan; Michael Sean Flynn; Alvin Latham (Peck) Fox, Jr.; Robert Bruce Funkhouser; John Michael Gallagher; Charles Nelson Gill; Richard Hamilton Gill; Mark D. Godler; William Huger Hardie, Jr.; Kimberley Denise Harris; Fred M. (Tripp) Haston, III; Christopher Fred Heinss; John Alec Henig, Jr.; Frederick Geroge Herold; Kimberly Kaye Heuer; Geoffrey D. Hobart; S. Craig Holden; Robert A. Huffaker; Francis Inge Johnstone; Donald R. Jones, Jr.; Anthony Aaron Joseph; Michael Lee Koon; Katy Ellen Koski; Joseph William Letzer; Robert S, Litt; Gary M. London; David Wayne Long-Daniels; Warren Carroll Matthews; Joseph George Matye; Julian Rushton McClees; Walter Joseph McCorkle, Jr.; James H. McLemore; Derrick A. Mills; Saul P. Morgenstern; F. Chadwick Morriss; Robert F. Northcutt; Tabor Robert Novak, Jr.; Brien T. O'Connor; Kathleen Murray O'Sullivan; George Robert Parker; Jane W. Parver; Laura Howard Peck; Carlos Manuel Pelayo; Nancy L. Perkins; Anthony C. Porcelli; Maibeth Jernigan Porter; Leah Poynter; Harlan Irby Prater, IV; Carlos Enrique Provencio; Richard D. Raskin; Archibald Theodore Reeves, IV; Robert Philip Reznick; Sandra Grisham Robinson; Graciela Maria Rodriguez; Bruce F. Rogers; Stephen Jackson Rowe; Andrew David Schau; Lori A. Schechter; Alexandra T. Schimmer; John D. Shakow; Richard Lee Sharff, Jr.; Edward Sledge Sledge, III; John B. Starnes; William Stancil Starnes; Robert R. Stauffer; Gilbert Calvin Steindorff, IV; Scott Alan Stempel; Jonathan Louis Stern; Sharon Donaldson Stuart; Kevin Richard Sullivan; E. Abim Thomas; C. Clay Torbert, III; John Michael Townsend; Edwin John U; George Walton Walker, III; Karen Natalie Walker; Jason Drew Wallach; James N. Walter, Jr.; Jason Robert Watkins; Jarrod J. White; D. Scott Wise**; and **Joseph Harrison Young**, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: **J. Steven Baughman; David J. Burman; Toni-Ann Citera; Jonathan D. Cohen; Paul T. Coval; James R. Daly; John C. Dodds; Paul F. Doyle; Paul K. Dueffert; Steven M. Edwards; Douglas B. Farquhar; John R. Fleder; Sarah Anne Franklin; Gary**

**R. Greenberg; Elizabeth I. Hack; James V. Hayes; Nicola Heskett; Andrew L. Hurst; Brian Ledahl; Thomas H. Lee, II; Jason R. Litow; Mark H. Lynch; James W. Matthews; Christopher May; Jessica L. Medina; Neil Merkl; J. Ryan Mitchell; John T. Montgomery; Robert J. Muldoon, Jr.; William D. Nussbaum; Christopher Palermo; Mona M. Patel; Gregory M. Petouvis; Zoe Philippides; Brian Rafferty; Jonathan T. Rees; Daniel E. Reidy; Joel E. Richardson; Thomas J. Roberts; Louis J. Scerra, Jr.; Michael T. Scott; Mark D. Seltzer; T. Reed Stephens; Lyndon M. Tretter; Steven M. Umin; James M. Vant; Peter J. Venaglia; Bruce Wessel;** and **Brendan Woodard**.

s/ Jere L. Beasley
OF COUNSEL