U.S. DISTRICT COURT
SO. DIST. ALA.
MOBILE

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MAR 19 10 20 AM '97
FILED
CLERK'S OFFICE

PL-REMOVAL + REMAND

RECEIVED MAR 1 9 1

| | | |
|---|---|---|
| LYNN BALDWIN, ET AL., | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| v. | ) | 96-1264-CB-M |
| THE PRUDENTIAL INSURANCE CO., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the motion to remand filed by plaintiffs Lynn and Karl Baldwin (tab 4), and the motion to stay filed by defendant Prudential Insurance Company of America ("Prudential") (tab 3). After careful consideration of the motions and the parties' written submissions, the Court GRANTS the motion to remand and DENIES the motion to stay for the reasons set forth below.

I. Procedural Background

This dispute arises out of the sale of various insurance policies by the defendants to the plaintiffs.[1] This case has a rather complicated procedural history, but for the purpose of ruling on the two motions before the Court, a brief summary will suffice. Prudential has been named as the defendant in a number of suits throughout the country comparable to the instant action. Many of these cases have been transferred and consolidated in the United States District Court

[1]The individual defendants are all citizens of the State of Alabama for jurisdictional purposes.

PLAINTIFF'S EXHIBIT
A

for the District of New Jersey pursuant to 28 U.S.C. § 1407(a) by the Judicial Panel on Multidistrict Litigation ("MDL Panel"). Included in the consolidated cases is a class action pending against Prudential. In the Fall, 1996, the plaintiffs received notices from the United States District Court for the District of New Jersey concerning the pendency of the class action. The notice informed the plaintiffs of their right to "opt out" of the class action. The plaintiffs decided to opt out of the proceedings, and on November 14, 1996, the plaintiffs filed their original complaint in the Circuit Court of Mobile County, Alabama, asserting the following state law causes of action: (1) false representation, (2) concealment and suppression, (3) conversion, (4) breach of fiduciary duty, and (5) civil conspiracy.

On December 23, the defendants removed this case to this Court, and on December 27, the defendants filed a "notice of related action" with the MDL Panel. The defendants informed the MDL Panel that the instant action represents a potential "tag-along action" to the cases already pending in the District of New Jersey. On December 31, the defendants filed the motion to stay now under consideration, asking this Court "to stay all proceedings in this matter pending review by the [MDL Panel]" (tab 3). On January 10, 1997, the MDL Panel issued a conditional transfer order.[2] The plaintiffs filed a notice of opposition to the proposed transfer, and the MDL Panel scheduled a hearing to consider the propriety of the transfer on

---

[2]The Court notes that the issuance of a conditional transfer order does not affect the jurisdiction of this Court to consider the underlying motions. "The pendency of a . . . conditional transfer order . . . does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Rule of Procedure of the Judicial Panel on Multidistrict Litigation 18.

March 21, 1997.[3]

On January 22, the plaintiffs filed the motion to remand now under consideration. On February 7, the plaintiffs filed their brief in opposition to the defendants' motion to stay, and on February 14, the defendants filed their brief in opposition to the plaintiffs' motion to remand. The Court finds that both motions are now ripe for its review.

## I. Legal Analysis

### A. The Plaintiff's Motion to Remand

Unless Congress expressly provides otherwise, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); see also Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356 (11th Cir. 1996) ("Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court."). Furthermore, "[a] removing defendant has the burden of proving the existence of federal jurisdiction." Tapscott, 77 F.3d at 1356. The defendants do not contend that this Court has original jurisdiction because the case involves [1] a federal question pursuant to 28 U.S.C. § 1331 or [2] parties of diverse citizenship pursuant to 28 U.S.C. §

---

[3]According to the Rules of Procedure of the MDL Panel, "Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court," and "[t]he Clerk of the Panel . . . shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof." Rule of Procedure of the Judicial Panel on Multidistrict Litigation 12(a) and (e). If a party opposing the transfer files a notice of opposition with the Clerk of the Panel during this fifteen-day period, "the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel." Id. at Rule 12(c).

1332. Rather, the defendants proffer a rather novel theory to support their contention that this Court has original jurisdiction in this case.

The defendants contend that the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), – when read in conjunction with the removal statute, 28 U.S.C. § 1441(a) – confers removal jurisdiction on this Court.[4] In support of their contention, the defendants put forth the following syllogism. First, original federal jurisdiction exists in at least some of the cases currently pending before the United States District Court for the District of New Jersey. Second, the instant action forms part of the same "case or controversy" as those cases for which federal jurisdiction exists. Therefore, this Court has supplemental jurisdiction over the instant action, and as a result, the case has been properly removed to this Court. Because this is the defendants' only argument to support this Court's removal jurisdiction, the sole issue before this Court is whether 28 U.S.C. § 1367(a) standing alone confers removal jurisdiction upon the Court.

In response, the plaintiffs cite a host of cases which reject the defendant's argument, including a recent decision by the Sixth Circuit addressing the exact issue before this Court.

---

[4]28 U.S.C. § 1337(a) reads as follows:

> [e]xcept as provided in subsection (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1337(a).

See Ahearn v. Charter Township of Bloomfield, 100 F.3d 451 (6th Cir. 1996). In rejecting an argument analogous to the one advanced by the defendants, the Sixth Circuit held as follows:

> The action before us was filed in state court. The removal statute allows removal only of a "civil action brought in a State court of which the district courts have *original jurisdiction* . . . ." 28 U.S.C. § 1441(a) (emphasis added). The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, . . . and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, . . . *even if the action which the defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction*, . . . and even if removal would be efficient.
>
> [T]he plaintiffs in a nondiversity action are masters of their complaint and may avoid federal subject-matter jurisdiction by relying exclusively on state law . . . . At the time of removal, the plaintiffs' complaint asserted no claim giving the district court diversity or federal-question jurisdiction, . . . so the plaintiffs have properly avoided federal subject-matter jurisdiction.
>
> Without proper removal, a state-court action does not belong in federal court in the first place, and it is wrong to even consider supplemental jurisdiction . . . . Neither the facts nor the claims in the action before us "are so related to claims in the action" over which the federal district court already has "original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). But even if they were so related, that would not transform them into claims over which the federal district court has original jurisdiction.

Id. at 456 (emphasis added) (some citations omitted); see also In re Estate of Tabas, 879 F. Supp. 464, 467 (E.D. Pa. 1995) ("[T]he supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action."); Sebring Homes v. T.R. Arnold & Associates, Inc., 927 F. Supp. 1098, 1101 (N.D. Ind. 1995) ("The supplemental jurisdiction statute does not confer original jurisdiction on claims or suits," and "[s]ection 1367 provides no original jurisdiction over a separate, but related suit, and does not authorize removal from state court to federal court pursuant to § 1441."); Zewe v. Law Firm of Adams & Reese, 852 F. Supp. 516, 520 (E.D.

La. 1993) (rejecting the defendant's argument "that this court has supplemental jurisdiction under 28 U.S.C. § 1367 over the claims [the plaintiff] asserted in his state court suit because they are so factually related to claims in the federal class action that they form part of the same case or controversy," because "a district court does not have supplemental jurisdiction under 28 U.S.C. § 1367 to entertain the merits of claims in a state court suit which was removed without original jurisdiction.").

The plaintiffs also cite a number of identical cases – cases in which Prudential has removed an action from state court in an effort to have the action consolidated with the cases now pending in the District of New Jersey – in which District Courts have rejected the precise argument proffered by Prudential in the case *sub judice*. See, e.g., Rutt v. Prudential Ins. Co. Of America, No. CIV.A. 96-3658, 1996 WL 278819, at *3 (E.D. Pa. 1996 May 23, 1996) ("Prudential's only basis for federal subject matter jurisdiction of this action is its assertion that the original jurisdiction of the District of New Jersey confers supplemental jurisdiction of this action on, apparently, all district courts," but "supplemental jurisdiction, by its terms, is not original jurisdiction, and, therefore cannot satisfy the jurisdictional prerequisite of § 1441(a)."); Clark v. Prudential Ins. Co. Of America, No. LR-C-96-590 (E.D. Ark. Sept. 12, 1996) ("Defendants have pointed the Court to no authority for the proposition that a federal district court may properly invoke supplemental jurisdiction in the absence of any jurisdiction *in that same court*," and "[t]he supplemental jurisdiction statute provides supplemental jurisdiction to a federal district court only when there is some basis of original jurisdiction."); Wall v. Prudential Ins. Co. Of America, No. CV-96-TMP-2846-W (N.D. Ala. Nov. 13, 1996) ("[T]he supplemental jurisdiction statute, § 1367, does not create original federal

jurisdiction that will support removal of a state action for which no other jurisdictional basis exists," and "[s]ection 1367 does nothing more than extend federal jurisdiction that already exists; it does not create federal jurisdiction where it did not otherwise exist."). The Court finds the reasoning underlying the above cases highly persuasive.

Like many of the above courts, this Court begins its analysis by noting that Congress has expressly authorized the removal of "any civil action brought in a State court of which the district courts of the United States have *original jurisdiction.*" 28 U.S.C. § 1441(a) (emphasis added). There can be no dispute that this Court lacks original jurisdiction to hear this case. The parties are not diverse, and the plaintiffs assert no claim arising under federal law. Nevertheless, the defendants contend that -- because the United States District Court for the District of New Jersey has original jurisdiction to hear some of the related cases now pending before it -- this Court has supplemental jurisdiction over the instant action, and therefore the case has been properly removed. This view ignores the plain language of the removal statute which requires the Court to have *original* -- as opposed to supplemental, ancillary, pendent, appellate, etc. -- jurisdiction over the action. See Cole v. Prudential Ins. Co. Of America, No. CV-96-7171-MRP (C.D. Cal. 1997) ("When a state court complaint contains not a single claim over which a federal court has original jurisdiction, removal would clearly contradict section 1441(a) which only authorizes the removal of those cases that fall within the original jurisdiction of the federal district courts.").

The defendants' argument also ignores the plain language of the supplemental jurisdiction statute.

> Supplemental jurisdiction is, by its very nature, not original but additional; that is, it relies on the existence of some other original basis of jurisdiction. A case may not be brought in federal court on the grounds of supplemental jurisdiction alone. By definition, such jurisdiction must be attached to another basis of jurisdiction.

Palmer v. Hospital Auth. of Randolph County, 22 F.3d 1559, 1565 (11th Cir. 1994). The defendants' argument also fails because it ignores the distinction between "claims" and "actions" found in the supplemental jurisdiction statute. Again, § 1367(a) states that "in any civil *action* of which the district courts have *original jurisdiction*, the district courts shall have supplemental jurisdiction over all other *claims* . . . ." 28 U.S.C. § 1367(a) (emphasis added). The plain meaning of this provision is that -- if the Court has original jurisdiction over an *action* -- the Court has supplemental jurisdiction over related *claims*. Again, there is no dispute that this Court has no original jurisdiction over this *action*. The fact that some other District Court has jurisdiction over some *actions* involving Prudential does not confer supplemental jurisdiction upon this Court to hear a related *action*, and nothing in § 1367(a) suggests otherwise. See In re Estate of Tabas, 879 F. Supp. at 467 ("On its face [§ 1367(a)] distinguishes between actions and claims. Section 1367 allows plaintiffs to bring federal claims in federal court even though combined with state-law claims that would not otherwise be within a federal court's jurisdiction. The statute itself is not, however, an independent source of removal jurisdiction."); Holt v. Lockheed Support Systems, Inc., 835 F. Supp. 325, 329 (W.D. La. 1993) (Section 1367(a) -- which applies "to supplemental claims within the *same case* as the original jurisdiction claim" -- does not apply when the Court is "dealing with two separate, yet related cases."); Sebring Homes, 927 F. Supp. at 1101 (quoting USA One BV & USA Two BV v. Delmont Fire Protection Serv. Inc., No. 93-1320, 1993 WL 140514

(E.D. Pa. May 3, 1993)) ("By its terms, § 1367 'contemplates supplemental jurisdiction arising only from claims within a single action.'"); Wall, No. CV-96-TMP-2846-W ("It is certainly not enough [for the District Court to have jurisdiction] to say that a district court in New Jersey has some consolidated cases against Prudential and, therefore, this court should assume supplemental jurisdiction over the plaintiff's state-law claims."). Thus, after examining the removal statute, the supplemental jurisdiction statute, and the relevant case law, the Court finds that the defendants' removal in this case was improper, because the plaintiff's complaint contains no claim which is within this Court's original jurisdiction.

B. The Defendants' Motion to Stay

Prudential asks this Court to stay all proceedings – including resolution of the plaintiffs' motion to remand – until the MDL Panel determines whether to transfer this case to the District of New Jersey. In support of its motion, Prudential contends that similar remand motions are pending in cases already transferred to that district. Prudential argues that, by granting the stay and allowing all of the remand issues to be resolved in one setting, the Court would promote consistency, conserve judicial resources, and avoid duplicative discovery. Finally, Prudential cites several cases – including two in this district – in which the Courts have granted the requested stay under identical circumstances.[2] With all due respect to those Courts and the policy considerations identified by Prudential, the Court finds more compelling reasons not to stay these proceedings.

The Court notes that the plaintiffs exercised their right to opt out of the class action and pursue their claims individually. More importantly, the plaintiffs chose to pursue their claims in state court. It is axiomatic that "[f]ederal courts are courts of limited jurisdiction," and that "plaintiff is still the master of his own claim." Burns v. Windor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). To allow this case to be transferred to the District of New Jersey unnecessarily burdens the plaintiffs' right to proceed in the forum of their choosing. Even if the District Court in New Jersey ultimately remanded the case to the Circuit Court of Mobile County, Alabama, the plaintiffs would nevertheless be forced to pursue their claim in a forum not of their choosing one thousand miles from home. In light of the clearly improper removal of this case, such circumstances are simply intolerable. See Cole, No. CV-96-7171-MRP ("As a matter of simple fairness, [plaintiff] should not be required to go to New Jersey to object to this Court's exercise of jurisdiction over his lawsuit.").

Finally, Congress has provided that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This Court has determined that it lacks subject matter jurisdiction to hear this case, and pursuant to Congress' mandate, the Court is remanding the case. To stay these proceedings when the Court clearly lacks subject matter jurisdiction is contrary to Congress' intent. Furthermore, it perpetuates federal interference in a case properly brought in state court and runs afoul of the tradition of limited federal jurisdiction.

## III. Conclusion

For the aforementioned reasons, the Court **DENIES** the defendants' motion to stay and **GRANTS** the plaintiff's motion to remand. This case is **REMANDED** to the Circuit Court of

Mobile County, Alabama, for any further proceedings.

It is so **ORDERED.**

**DONE** this the 19th day of March, 1997.

CHIEF DISTRICT JUDGE

FILED

APR 1 6 1997

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| ELDRICK HARRIS, SR., | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 97-T-263-E |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., | ) | |
| Defendants. | ) | |

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiff on March 10, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Macon County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

---

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4/16/97

PLAINTIFF'S EXHIBIT B

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 16th day of April, 1997.

UNITED STATES DISTRICT JUDGE

FILED

APR 16 1997

THOMAS C. CAVER, CL

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

MICHAEL CURTIS SMITH, )
Plaintiff, )
v. ) CIVIL ACTION NO. 97-T-265-N
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., )
Defendants. )

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiff on March 10, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

---

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4/16/97

PLAINTIFF'S EXHIBIT C

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 16th day of April, 1997.

UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED

APR 16 1997

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF AL

| | | |
|---|---|---|
| DANIEL JONES,<br>Plaintiff,<br>v.<br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,<br>Defendants. | ) | CIVIL ACTION NO. 97-T-279-N |

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiff on March 10, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

---

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4/16/97

PLAINTIFF'S EXHIBIT D

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 16th day of April, 1997.

UNITED STATES DISTRICT JUDGE

FILED
APR 16 1997
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

CHRISTOPHER D. MURPHY,
Plaintiff,
v.
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,
Defendants.

CIVIL ACTION NO. 97-T-274-S

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiff on March 10, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Henry County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

---

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4/16/97

PLAINTIFF'S EXHIBIT E

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 16th day of April, 1997.

UNITED STATES DISTRICT JUDGE

FILED

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

APR 16 1997

THOMAS C. CAVER, CL

GARY JONES,

Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,

Defendants.

CIVIL ACTION NO. 97-T-266-S

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiff on March 10, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Henry County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

---

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4/16/97

PLAINTIFF'S EXHIBIT 5

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 16th day of April, 1997.

UNITED STATES DISTRICT JUDGE

FILED

APR 1 6 1997

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

THOMAS C. CAVER, CLERK
BY [signature]
DEPUTY CLERK

| | | |
|---|---|---|
| LESLIE LEROY, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 97-T-367-N |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., | ) | |
| Defendants. | ) | |

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court that this cause is remanded to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 17, 1997, is denied.

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4/1

PLAINTIFF'S EXHIBIT G

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 16th day of April, 1997.

UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED
APR 16 1997
THOMAS C. CAVER, CL

PATRICIA C. WILSON,

Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,

Defendants.

CIVIL ACTION NO. 97-T-325-N

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiff on March 10, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4/16/97

PLAINTIFF'S EXHIBIT H

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 16th day of April, 1997.

UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED
APR 1 6 1997 YAW
CLERK
U. S. DISTRICT COUR'
MIDDLE DIST. OF AL

| | | |
|---|---|---|
| WILLIE RUTH HYDE,<br>Plaintiff,<br>v.<br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,<br>Defendants. | ) | CIVIL ACTION NO. 97-T-269-N |

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiff on March 10, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Elmore County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

---

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4/16/97

PLAINTIFF'S EXHIBIT
I

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 16th day of April, 1997.

UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED
APR 16 1997
CLERK
U.S. DIST. COURT
MIDDLE DIST. OF ALA
DEPUTY CLERK, BY [illegible]

| | | |
|---|---|---|
| WILLIAM AND DORIS TURNER, | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION NO. 97-T-282-N |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., | ) | |
| Defendants. | ) | |

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiffs on March 10, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Montgomery County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

---

*Defendant Prudential Insurance Company of America argues that, because plaintiffs allege a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4/16/97

PLAINTIFF'S EXHIBIT
J

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 16th day of April, 1997.

UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

FILED
APR 16 1997
THOMAS C. CAVER, CLERK
BY [signature] DEPUTY CLERK

JAMES J. JONES, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO. 97-T-238-N
)
THE PRUDENTIAL INSURANCE )
COMPANY OF AMERICA, et al., )
)
Defendants. )

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997)(a copy of which is attached),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiff on March 17, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Macon County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 14, 1997, is denied.

---

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4/1

PLAINTIFF'S EXHIBIT K

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 16th day of April, 1997.

UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED
APR 16 1997
THOMAS C. CAVER, CL

ROBERT L. BROWDER,

Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,

Defendants.

CIVIL ACTION NO. 97-T-276-N

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiff on March 10, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

---

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence," not an additional claim or claims.

EOD 4/16/97

PLAINTIFF'S EXHIBIT L

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 16th day of March, 1997.

UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED
APR 16 1997
THOMAS C. CAVER, CLERK

JAMES C. SMITH and
ELIZABETH A. SMITH,

Plaintiffs,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, et al.,

Defendants.

CIVIL ACTION NO. 97-T-275-N

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiffs on March 10, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

---

*Defendant Prudential Insurance Company of America argues that, because plaintiffs allege a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4/16/97

PLAINTIFF'S EXHIBIT
M

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 16th day of April, 1997.

UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED

APR 16 1997

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA

| | |
|---|---|
| ROBERT TURNIPSEED,<br><br>Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,<br><br>Defendants. | CIVIL ACTION NO. 97-T-273-N |

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiff on March 10, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Pike County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

---

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4/16/97

PLAINTIFF'S EXHIBIT 10

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 16th day of April, 1997.

UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED
APR 16 1997
CLERK
U.S. DIST. COURT
MIDDLE DIST. OF ALA
DEPUTY CLERK, BY [signature]

JOHN H. MOSELEY and BONNIE MOSELEY,

Plaintiffs,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,

Defendants.

CIVIL ACTION NO. 97-T-272-N

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiffs on March 10, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Montgomery County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

*Defendant Prudential Insurance Company of America argues that, because plaintiffs allege a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4/16/97

PLAINTIFF'S EXHIBIT
O

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 16th day of April, 1997.

UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED
APR 1 6 1997 YDW
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF AL

BESSIE A. FENN,
Plaintiff,
v.
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,
Defendants.

CIVIL ACTION NO. 97-T-270-N

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiff on March 10, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4/16/97

PLAINTIFF'S EXHIBIT
P

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 16th day of April, 1997.

UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED
APR 16 1997
THOMAS C. CAVER, CLERK
BY ______
DEPUTY CLERK

ANNIE R. PITTMAN, )
Plaintiff, )
v. ) CIVIL ACTION NO. 97-T-267-N
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., )
Defendants. )

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiff on March 10, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4

PLAINTIFF'S EXHIBIT
Q

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 16th day of April, 1997.

UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED

FEB 5 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

ZACKERAL D. GODWIN and ROSALYN E. GODWIN,

Plaintiffs,

v.

THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, et al.,

Defendants.

CIVIL ACTION NO. 03-T-1258-N

ORDER

This lawsuit, which was removed from state to federal court based on diversity-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. First, the court agrees with plaintiffs that there has not been fraudulent joinder of any resident defendant (that is, plaintiffs have colorable claims against such a defendant), Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). Second, the court agrees with plaintiffs that there has not been fraudulent misjoinder of any resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360

EOD 2-5-04

15

PLAINTIFF'S EXHIBIT K

(11th Cir. 1996); see also Wright v. Metropolitan Life Ins. Co., 74 F. Supp 2d 1150 (M.D. Ala. 1999) (Thompson, J.) (the fact that the plaintiff asserted the same claims against both the resident and non-resident defendants suggested that the plaintiff may not have sought to join the resident defendant with the specific intent to defeat removal jurisdiction).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on January 20, 2004 (Doc. No. 8), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama.

It is further ORDERED that all other pending motions are denied as moot.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 5th day of February, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

Westlaw.



Only the Westlaw citation is currently available.

United States District Court,
S.D. Alabama, Northern Division.
Erma MOTON, Plaintiff,
v.
BAYER CORPORATION, Defendant.
**Civ.A. 05-0310-WSM.**

July 8, 2005.

Anthony D. Birchfield, Jr., Frank Woodson, Melissa Ann Prickett, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, AL, Russell F. Bozeman, Gibbs, Sellers, Vance & Bozeman, Camden, AL, for Plaintiff.

James W. Gewin, Fred M. Haston, III, John David Owen, Bradley, Arant, Rose & White, Birmingham, AL, for Defendant.

ORDER

STEELE, J.

*1 This matter is before the Court on the defendant's motion to stay, (Doc. 11), and the plaintiff's motion to remand. (Doc. 13). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs 13-14, 19-21), and the motions are ripe for resolution. After carefully considering the foregoing materials, the Court concludes that the motion to stay is due to be denied and that the motion to remand is due to be granted.

BACKGROUND

The defendant manufactured the cholesterol drug Baycol, which the plaintiff was prescribed. In August 2004, she sued the defendant in the District Court of Wilcox County, seeking $10,000 in compensatory and punitive damages as a result of the defendant's alleged wrongdoing. Following a bench trial, the court awarded the plaintiff $10,000 (the highest award possible in district court), from which decision the defendant promptly appealed.

In circuit court, the defendant propounded requests for admission, in response to which the plaintiff denied that she could not and would not recover damages in excess of $10,000. (Doc. 1, Exhibit C). The defendant then removed to federal court, claiming jurisdiction based on diversity of citizenship. The plaintiff's motion to remand denies that the defendant has met its burden of establishing that the amount in controversy exceeds $75,000. She also argues that removal was untimely.

Multidistrict litigation concerning Baycol claims was commenced in December 2001 in the District of Minnesota ("the MDL"). A conditional transfer order in this case was entered on June 9, 2005, but the plaintiff filed a notice of opposition, which remains pending with the MDL panel. The defendant argues that proceedings in this action, including consideration of the plaintiff's motion to remand, should be stayed pending transfer to the MDL. In the alternative, it argues that the motion to remand should be denied on its merits.

I. Motion to Stay.

The defendant argues that a **stay** should issue, despite the pendency of a ripe motion to **remand,** in order to serve the "interests of judicial economy and consistency." (Doc. 11 at 7). In support of this proposition, the defendant cites two decisions in which the **MDL** Court denied motions to remand that were based on the amount in controversy. (*Id.*)

If the plaintiff's motion to remand raised intricate legal or quasi-legal issues, and if the MDL Court were already more familiar with those issues than this Court, the interests of judicial economy might be advanced by allowing the MDL Court to bring its expertise to bear on the pending motion to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



PLAINTIFF'S EXHIBIT S

remand. [FN1] However, as reflected in Part II, the motion to remand presents only a simple, garden-variety attack on the amount in controversy. This Court has resolved similar challenges perhaps two dozen times over the past few years, applying familiar legal principles in the process. This Court will experience no economy by withholding ruling on the motion to remand, and it could scarcely economize the resources of the MDL Court to add this motion to its already heavy burden. [FN2]

FN1. The MDL Court has issued three opinions resolving motions to remand based on grounds other than amount in controversy. (Doc. 11 at 5 n. 2). Those decisions are of course irrelevant to whether the MDL Court is unusually qualified to determine issues concerning amount in controversy.

FN2. According to the conditional transfer order, over 6,700 cases have been transferred to the MDL Court. According to the defendant, more are to come. (Doc. 11 at 4). The MDL Court has issued over 140 orders, "has not finished its discovery and other pre-trial work and is still actively managing such issues." (*Id.* at 7 & n. 2).

*2 Moreover, and as demonstrated in Part II, it is plain that the defendant has not met its burden of showing the requisite amount in controversy. Given the clarity of the result, it would not further the interests of judicial economy to tie up the resources of the MDL Court and the parties simply to obtain the same result in that forum rather than this one.

Similarly, the interests of consistency of result are not impaired by the Court's resolution of the motion to remand, because there is no indication that the MDL Court would decide the motion differently than this Court. The proper resolution of the motion is plain and not susceptible of reasonable dispute. Moreover, as discussed in Part II, the two MDL decisions cited by the defendant involved different facts and so do not suggest that the MDL Court would deny remand in this simple case. The defendant's specter of "multiple courts issu [ing] conflicting orders under similar facts," (Doc. 19 at 10), thus has no application here. [FN3]

FN3. Citing cases and transfer orders, the defendant repeatedly notes that motions to remand "can" be resolved by an MDL court. (Doc. 11 at 3-4 & n. 1; Doc. 19 at 5, 7-8). To borrow the defendant's language, (Doc. 19 at 9), this is but a "truism" that does nothing to establish that the MDL Court *should* resolve this particular motion to remand.

Many courts have concluded that motions to remand should always, or usually, be resolved prior to transfer. [FN4] The Court need not go so far, but it does accept the proposition that "[a] court should first give preliminary scrutiny to the merits of the motion to remand" and that, "[i]f this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court." *Meyers v. Bayer AG,* 143 F.Supp.2d 1044, 1049 (E.D.Wis.2001). [FN5] Because the plaintiff's motion to remand is facially meritorious, the Court elects to resolve that motion before considering the defendant's motion to stay.

FN4. *See, e.g., McGrew v. Schering-Plough Corp.,* 2001 WL 950790 at *3 (D.Kan.2001); *Craft v. United Insurance Co.,* 2002 WL 32509283 at * 1 (S.D.Miss.2002)(collecting cases from Tennessee, West Virginia, Pennsylvania, New Jersey, New York, California and Wisconsin).

FN5. The *Meyers* methodology has been widely adopted. *See Hotseller v. Pfizer, Inc.,* 2005 WL 756224 at *2 (S.D.Ind.2005); *Wisconsin v. Abbott Laboratories,* 2004 WL 2055717 at *1 (W.D.Wis.2004); *Brock v. Stolt-Nielsen SA,* 2004 WL 1837934 at *2 (N.D.Cal.2004); *Nekritz v. Canary Capital Partners, LLC,* 2004 WL 1462035 at *2 (D.N.J.2004); *Conroy v. Fresh Del Monte Produce, Inc.,* 325 F.Supp.2d 1049,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1053-54 (N.D.Cal.2004); *New Mexico State Investment Council v. Alexander*, 317 B.R. 440, 443-44 (D.N.M.2004); *Chinn v. Belfer*, 2002 WL 31474189 at *3 (D.Or.2002); *Board of Trustees v. Worldcom, Inc.*, 244 F.Supp.2d 900, 902-03 (N.D.Ill.2002)("When the merits of a remand motion are easy, a decision requires little judicial time and a stay would merely postpone the inevitable," and the "threat of inconsistent judgments ... is de minimus"); *see also Illinois Municipal Retirement Fund v. Citigroup, Inc.*, 391 F.3d 844, 852 (7th Cir.2004)("Though some district courts stay proceedings during the interim following a conditional transfer order, ..., this is not required where the court concludes that it lacks subject matter jurisdiction.")

II. Motion to Remand.

When a complaint demands a specific sum below $75,000, the defendant may not remove unless it appears to a "legal certainty" that the plaintiff's claim exceeds this threshold. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). To do so, the defendant must show that "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than $[75],000." *Id.* at 1096.

On the other hand, "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir.1996), *overruled on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000). Under *Tapscott*, a defendant must show that, if the plaintiff prevails on liability, she will more likely than not be awarded over $75,000. [FN6]

FN6. *E.g.*, *Hitch v. Laws*, 2000 WL 1005888 at *2 (S.D.Ala.2000)("Defendants can discharge the burden 'by presenting sufficient evidence that a verdict rendered in favor of [plaintiffs] would exceed $75,000.' ") (quoting *Holman v. Montage Group*, 79 F.Supp.2d 1328, 1330 (S.D.Ala.1999); *accord Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F.Supp. 1388, 1393 (M.D.Ala.1998)("In a diversity action where the plaintiff has not made a specific request for damages, the ultimate question the court addresses is whether a defendant has established by a preponderance of the evidence that should the plaintiff prevail on a particular claim, the plaintiff, more likely than not, will recover in excess of the federal jurisdictional prerequisite.").

Although the complaint still demanded the sum certain of $10,000 as of the time of removal, the Court will assume that the lower, *Tapscott* standard applies, since the plaintiff had responded to the defendant's requests for admission by denying that her claim was limited to $10,000. [FN7] The defendant, however, has failed to carry even this lighter burden.

FN7. The Court will also assume that removal was timely, since it was accomplished within 30 days after receipt of these responses.

*3 The defendant first notes that the complaint seeks compensatory damages for pain and suffering and mental anguish, as well as punitive damages. (Doc. 19 at 12). True enough, but virtually every personal injury complaint demands such damages; merely listing them furnishes no grounds for predicting the amount of such damages a successful plaintiff will likely recover.

The defendant next cites to the plaintiff's trial testimony that her "complaints ... against Bayer about Baycol" are that she "had pain and weakness in [her] leg and [her] back." (Doc. 1, Exhibit B at 20; Doc. 19 at 12). While the plaintiff clarified that she experienced these symptoms in both upper and lower legs and in her lower back, (Doc. 1, Exhibit B

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

at 20-21), nothing in this testimony describes the degree or intensity of her pain and weakness, and nothing in this testimony could support an inference that she experienced any mental anguish other than that necessarily incident to some undescribed degree of leg pain and weakness. While the plaintiff's vague testimony makes it likely that, if successful at trial, she will be awarded *some* amount for pain and suffering and mental anguish, it does not make it likely that she will be awarded a significant sum. Given that the defendant had full opportunity to cross-examine the plaintiff concerning her damages (a privilege rarely afforded defendants before removing), its failure to extract anything more than this bland testimony is strongly persuasive that the plaintiff is likely to be awarded only modest compensatory damages.

Next, the defendant points to the complaint's claim for losses that the plaintiff "will likely incur in the future." (Doc. 19 at 12). The complaint, however, is not the last word on the subject. The plaintiff asserts in brief that she experienced her symptoms only "for several weeks" and then "fully recovered." (Doc. 13 at 3; Doc. 20 at 2). The defendant, whose ability to cross-examine the plaintiff prior to removal renders it uniquely qualified to challenge such a statement if incorrect, has not done so. The Court concludes that the plaintiff is not likely to be awarded any damages for future losses.

The defendant also finds significance in the plaintiff's statement in her motion to remand that her injuries were "serious." (Doc. 19 at 12). Were there no better evidence of the degree of her problems, this adjective might weigh in the estimation of the amount in controversy. However, the plaintiff has been examined and cross-examined at trial without any testimony being adduced or presented to this Court which could support the conclusion that her injuries were such as to make a substantial award likely. The defendant's inability to identify any such evidence despite its extensive probing reflects that no such evidence exists and renders hollow any reliance on the plaintiff's brief to support the amount in controversy.

The defendant cites a district court opinion concluding that the amount in controversy in a Baycol case exceeded $75,000 based on allegations of "significant muscle problems." *Hester v. Bayer Corp.*, Civil Action 01-D-1301-N (M.D.Ala.2001). (Doc. 19 at 13). The Court reached this conclusion based solely on an award in a single medical products liability case. (Slip op. at 8-9.) Since *Hester* was decided, however, the Eleventh Circuit has made plain that "mere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of [a defendant's] assertion" that the amount in controversy in a particular case exceeds $75,000. *Federated Mutual Insurance Co. v. McKinnon Motors LLC*, 329 F.3d 805, 809 (11th Cir.2003). [FN8] Whatever persuasive force *Hester* might have carried previously was drained by *McKinnon Motors*.

FN8. At least some of the reasons for this judicial skepticism are readily apparent. First, many factors influence the award of damages, and these factors are ordinarily heavily fact-intensive. Second, reliance on published appellate opinions predictably skews the results because appeals are more likely after a large award than a smaller one. This slant becomes more pronounced when the defendant selectively reports only those published awards favoring its position.

*4 Undeterred, the defendant points out that the MDL Court has twice denied motions to remand based on the amount in controversy (Doc. 19 at 15-16). In *Keyser v. Bayer Corp.*, MDL No. 1431, Case No. 02-440, the plaintiff alleged damages from "rhabomyolysis and acute renal failure, ... disability, ... loss of capacity, expense of hospitalization, medical and nursing care, loss of earnings and loss of ability to earn money," in addition to pain and suffering and mental anguish. (Slip op. at 1-2). These extreme and varied damages certainly satisfied the amount in controversy, but they are so far removed from those in this case as to render comparison meaningless.

Likewise, in *Amari v. Bayer Corp.*, MDL No.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1431, Case No. 02-1351, the plaintiff alleged injuries including "nausea, fever, dark urine, headaches, digestive problems, fatigue and drowsiness" in addition to the pain and weakness at issue herein. (Slip op. at 1).

The defendant focuses on the co-plaintiff in *Amari*. Plaintiff Barnes alleged "a number of physical maladies, including muscle pain and stiffness, weakness in her legs and general fatigue." (Slip op. at 1). Once again, however, the identified symptoms were more numerous than those of the instant plaintiff, who did not testify to stiffness or fatigue. Moreover, her symptoms lasted only a few weeks, while Barnes' difficulties persisted nine months. (*Id.* ). In addition, the MDL Court did not purport to list all of the plaintiffs' alleged damages, using instead the non-exclusive terms "such as" and "including." ( *Id.* ). Finally, the decision in *Amari* was based only on the allegations of the complaint, while in this case the decision reflects the defendant's inability to identify evidence supporting a probability of significant damages even after taking the plaintiff's testimony under oath.

The defendant thus turns to the plaintiff's demand for punitive damages. (Doc. 19 at 12, 17). Of course, "[t]he mere fact that [a] plaintiff seeks punitive damages does not mean that the federal jurisdictional minimum is satisfied." *Walker Petroleum v. CSX Transportation, Inc.*, 2001 WL 102359 at *1 (S.D.Ala.2001). The two most reliable predictors of a punitive damages award are the amount of compensatory damages and the egregiousness of the defendant's conduct. As noted, the defendant has failed to present evidence from which it may be inferred that the plaintiff is likely to be awarded substantial compensatory damages. With respect to the quality of its alleged misconduct, the defendant relies solely on certain words included in the complaint--terms of art that are legal prerequisites to any award of punitive damages under Alabama law and which shed no light on the probable amount of such an award in this case.

Finally, the defendant rallies behind the plaintiff's responses to requests for admission. (Doc. 19 at 17). However, a plaintiff's "refus[al] to stipulate that [her] damages do not exceed and will not exceed the sum of $75,000.00 ... standing alone does not satisfy [the defendant's] burden of proof on the jurisdictional issue," because "[t]here are several reasons why a plaintiff would not so stipulate." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir.2001). The defendant's problem is even greater, because the plaintiff did not refuse to admit that her damages do not exceed $75,000 but only that her damages do not exceed $10,000. That is, the plaintiff's responses are perfectly consistent with damages below the jurisdictional threshold and do nothing to suggest that they are greater.

*5 As in most cases, it remains possible that the plaintiff will be awarded more than $75,000 should she prevail. Mere possibility, however, is not enough to carry the defendant's burden of supporting removal. Because the defendant has failed to show by a preponderance of the evidence that the plaintiff will more likely than not be awarded damages exceeding the jurisdictional threshold, removal was improper and remand is required.

CONCLUSION

For the reasons set forth above, the defendant's motion to stay is denied and the plaintiff's motion to remand is granted. This action is remanded to the Circuit Court of Wilcox County.

DONE and ORDERED.

2005 WL 1653731 (S.D.Ala.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.