**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **STATE OF ALABAMA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.: 2:05-cv-00647-T** |
| | * | |
| **ABBOTT LABORATORIES, INC, et al.,** | * | |
| | * | |
| | * | |
| **Defendants.** | * | |

**PLAINTIFF'S REPLY**
**IN SUPPORT OF MOTION TO EXPEDITE**

Plaintiff, the State of Alabama, files this Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion for Expedited Ruling on Plaintiff's Motion to Remand. While this Court has not specifically granted Plaintiff's Motion for an expedited ruling, the Court has in effect "quasi" granted the Plaintiff's Motion by forcing all parties to respond to all motions thus far in this case no later than today's date August 8, 2005. Because the Court has acted expeditiously on these removal/remand pleadings, Plaintiff's Reply to Defendants' Response regarding the Plaintiff's Motion for an Expedited Ruling demands brevity.

In Defendants' Reponses to the Plaintiff's Motion for an Expedited Ruling, Defendants in effect argue for a **delay**. Defendants justify arguing for a delay from this Court all in an effort to ask that the "AWP MDL" Judge, Judge Saris, be

allowed to rule on the Plaintiff's Motion to Remand. They further support this position by claiming that there are "common issues of facts," all of which concerned federal question jurisdiction. However, Defendants' position is not only unwarranted, it lacks legal merit.

First and foremost, Plaintiff has specifically pled only state causes of action, and has stated on four occasions in both the Complaint and the Amended Complaint that it does not state federal causes of action. See Plaintiff's Complaint p. 29, ¶ 103, and p. 34 in footnote 6; See Plaintiff's Amended Complaint p. 31, and p. 37, footnote 6. In fact, the Defendants concede on page 4 of their Brief entitled *Defendants' Memorandum in Opposition to Plaintiff's Motion for Expedited Ruling on Plaintiff's Motion to Remand and in Support of Defendants' Motion to Stay Consideration of Plaintiff's Motion to Remand*, that "[t]he Plaintiff asserts claims for fraudulent misrepresentation, fraudulent suppression, wantonness, and unjust enrichment and seeks various legal and equitable remedies." Therefore, it appears that both Plaintiff and Defendants agree that the Plaintiff has not stated any federal claims in its Complaint, and/or Amended Complaint.

As stated in *Meyers v. Bayer, A.G.*, 143 Fed.Supp.2d. 1044, 1049 (E.D.Wis.2001):

> [A] court should first give preliminary scrutiny to the merits of the motion to remand. If this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court.

As stated in Plaintiff's previous Brief, the *Meyers* methodology has been widely adopted by numerous courts. See *Moton v. Bayer Corp.*, 2005 W L 1653731, at * 2 n.5 (S.D.Ala. July 8, 2005)(Attached as Exhibit S to Plaintiff's Brief in Opposition to Defendants' Motion to Stay) and cases cited therein. Again, as previously discussed in the Plaintiff's Brief in Opposition to Defendants' Motion to Stay (filed in conjunction with this Motion), this Court has adopted the *Meyers* methodology and has on countless occasions swiftly remanded cases where jurisdiction did not exist on the face of the plaintiff's complaint. Therefore, on this method alone, the Plaintiff's Motion to Remand should be granted, and the request for an expedited ruling was more than justified based on the *Meyers* method.

Secondly, the Defendants contend that the United States Supreme Court recent decision in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. _____, 125 Sup.Crt.2363 (June 13, 2005), provides them with "other paper" which establishes a basis for removal.[1] The Defendants contend that *Grable* clarifies the state law claim requiring the interpretation of a federal statute creates federal jurisdiction, even though the federal statute issued does not create a private cause of action. See *Grable* at 2368. The Defendants

---

[1] Plaintiff vehemently disputes the application of the "other paper" exception to the timelessness of the removal as well as federal question jurisdiction and has briefed fully these issues previously in the Plaintiff's Brief in Support of Plaintiff's Motion to Remand. For the sake of brevity, Plaintiff does not repeat those arguments, but simply refers the Court to those pleadings.

somehow claim that the previous Orders of Remand issued by the "AWP MDL" Judge, Judge Saris, were incorrectly decided and that *Grable* somehow requires her to change her prior ruling on the jurisdictional issue. This argument is grossly flawed and has been eloquently stated in the Plaintiff's prior submissions, namely Plaintiff's Memorandum Brief in Support of its Motion to Remand. However, what is so glaringly erroneous about Defendants' position is that *Grable* in no shape, form, or fashion overruled in anyway the case Judge Saris relied upon, *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Unless and until the United States Supreme Court overrules *Merrell Dow* supra, the Defendants' argument miserably fails.

**More Middle District Precedent for Remand**

Plaintiff has cited over overwhelming authority to this Court mandating that the Plaintiff's Motion to Remand be granted, and that costs be taxed to Defendants. See *Plaintiff's Brief in Opposition to Defendants' Motions to Stay,* Exhibits A – S. However, Plaintiff has located yet another Middle District of Alabama case, specifically authored by this very Court, whereby defendant attempted to remove the plaintiff's case, delay the case long enough for an MDL conditional transfer order, all in an effort to have the plaintiff's case delayed indefinitely. However, the Court in *Mattie Wright v. Metropolitan Life Ins. Co.*, 2:99-CV-01241 (M.D.Ala. November 23, 1999), this Court once again followed the *Meyers* methodology and swiftly remanded the case back to the state court from which it was removed because no federal jurisdiction existed on the face of

the plaintiff's compliant. (See *Wright v. Metropolitan Life Ins. Co.*, supra, attached hereto as Exhibit T). Plaintiff cites this case to the Court as additional authority in support of Plaintiff's Motion to Remand, Motion for Expedited Ruling, Motions to Stay Any Ruling on Defendants' Motions to Dismiss, and in opposition to Defendants' Motions to Stay and as part of this Reply to Defendants' Response Concerning the Plaintiff's Motion for Expedited Ruling.

**Conclusion**

For all the reasons stated herein, Plaintiff urges this Court for an expedited **ruling** on the Plaintiff's Motion to Remand.

s/ Troy King

Troy King
ATTORNEY GENERAL

STATE OF ALABAMA
300 State House
11 S. Union Street
Montgomery, Alabama 36130

Email: tking@ago.state.al.us

s/ Jere L. Beasley
Jere L. Beasley (BEA020)
Deputy Attorney General
W. Daniel "Dee" Miles, III (MIL060)
Deputy Attorney General
Clinton C. Carter (CAR112)
Deputy Attorney General

**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160 (36103-4160)
272 Commerce Street
Montgomery, Alabama 36104
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

Email: jere.beasley@beasleyallen.com

dee.miles@beasleyallen.com

clint.carter@beasleyallen.com

s/ Roger L. Bates
Roger L. Bates (BAT006)
Deputy Attorney General
Caine O'Rear III (ORE003)
Deputy Attorney General
Windy C. Bitzer (BIT005)
Deputy Attorney General

**HAND ARENDALL, L.L.C.**
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
Telephone: (205) 324-4400
Facsimile: (205) 322-1163

Email: rbates@handarendall.com

**HAND ARENDALL, L.L.C.**
Post Office Box 123
Mobile, Alabama 36601
Telephone: (251) 432-5511
Facsimile: (251) 694-6375

Email: corear@handarendall.com

wbitzer@handarendall.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **August 8, 2005**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **James Harold Anderson; Justin Sanjeeue Antonipillai; Joseph P. H. Babington; Lee E. Bains, Jr.; Steven Francis Barley; Sam Berry Blair, Jr.; Lisa Wright Borden; Robert C. (Mike) Brock; Chad W. Bryan; Philip Henry Butler; Steven F. Casey; Tiffany Cheung; Thomas William Christian; Eric Paul Christofferson; Courtney A. Clark; Lawrence B. Clark; Barak Cohen; William D. Coleman; Betsy P. Collins; Julia Boaz Cooper; Richard Melvyn Cooper; Lee Hall Copeland; Wayne Alan Cross; Kelly Jeanne Davidson; William Asher Davis; Merle Miller DeLancey, Jr.; Steven Samuel Diamond; Michael P. Doss; Ronald G. Dove, Jr.; Rebecca Lynne Dubin; Robert D. Eckinger; Joseph C. Espy, III; David Douglas Fauvre; Patrick Conor Finnegan; Michael Sean Flynn; Alvin Latham (Peck) Fox, Jr.; Robert Bruce Funkhouser; John Michael Gallagher; Charles Nelson Gill; Richard Hamilton Gill; Mark D. Godler; William Huger Hardie, Jr.; Kimberley Denise Harris; Fred M. (Tripp) Haston, III; Christopher Fred Heinss; John Alec Henig, Jr.; Frederick Geroge Herold; Kimberly Kaye Heuer; Geoffrey D. Hobart; S. Craig Holden; Robert A. Huffaker; Francis Inge Johnstone; Donald R. Jones, Jr.; Anthony Aaron Joseph; Michael Lee Koon; Katy Ellen Koski; Joseph William Letzer; Robert S, Litt; Gary M. London; David Wayne Long-Daniels; Warren Carroll Matthews; Joseph George Matye; Julian Rushton McClees; Walter Joseph McCorkle, Jr.; James H. McLemore; Derrick A. Mills; Saul P. Morgenstern; F. Chadwick Morriss; Robert F. Northcutt; Tabor Robert Novak, Jr.; Brien T. O'Connor; Kathleen Murray O'Sullivan; George Robert Parker; Jane W. Parver; Laura Howard Peck; Carlos Manuel Pelayo; Nancy L. Perkins; Anthony C. Porcelli; Maibeth Jernigan Porter; Leah Poynter; Harlan Irby Prater, IV; Carlos Enrique Provencio; Richard D. Raskin; Archibald Theodore Reeves, IV; Robert Philip Reznick; Sandra Grisham Robinson; Graciela Maria Rodriguez; Bruce F. Rogers; Stephen Jackson Rowe; Andrew David Schau; Lori A. Schechter; Alexandra T. Schimmer; John D. Shakow; Richard Lee Sharff, Jr.; Edward Sledge Sledge, III; John B. Starnes; William Stancil Starnes; Robert R. Stauffer; Gilbert Calvin Steindorff, IV; Scott Alan Stempel; Jonathan Louis Stern; Sharon Donaldson Stuart; Kevin Richard Sullivan; E. Abim Thomas; C. Clay Torbert, III; John Michael Townsend; Edwin John U; George Walton Walker, III; Karen Natalie Walker; Jason Drew Wallach; James N. Walter, Jr.; Jason Robert Watkins; Jarrod J. White; D. Scott Wise;** and **Joseph Harrison Young**, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: **J. Steven Baughman; David J. Burman; Toni-Ann**

**Citera; Jonathan D. Cohen; Paul T. Coval; James R. Daly; John C. Dodds; Paul F. Doyle; Paul K. Dueffert; Steven M. Edwards; Douglas B. Farquhar; John R. Fleder; Sarah Anne Franklin; Gary R. Greenberg; Elizabeth I. Hack; James V. Hayes; Nicola Heskett; Andrew L. Hurst; Brian Ledahl; Thomas H. Lee, II; Jason R. Litow; Mark H. Lynch; James W. Matthews; Christopher May; Jessica L. Medina; Neil Merkl; J. Ryan Mitchell; John T. Montgomery; Robert J. Muldoon, Jr.; William D. Nussbaum; Christopher Palermo; Mona M. Patel; Gregory M. Petouvis; Zoe Philippides; Brian Rafferty; Jonathan T. Rees; Daniel E. Reidy; Joel E. Richardson; Thomas J. Roberts; Louis J. Scerra, Jr.; Michael T. Scott; Mark D. Seltzer; T. Reed Stephens; Lyndon M. Tretter; Steven M. Umin; James M. Vant; Peter J. Venaglia; Bruce Wessel;** and **Brendan Woodard**.

s/ Jere L. Beasley
OF COUNSEL